

**RONALD D. COLEMAN**
973-264-9611
RCOLEMAN@COLEMANLAW-PC.COM
50 PARK PLACE | NEWARK NJ 07102

February 20, 2025

**BY ECF**

Hon. Margo K. Brodie. U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn New York 11201

                Re:  Mercante v. Tarzia
                     Civil Action No. 1:24-cv-08471

Dear Judge Brodie:

      We represent defendant Jeff Tarzia in the referenced matter and submit this correspondence pursuant to your pre-motion letter requirement.

      Defendant seeks to file a motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(2) based on lack of personal jurisdiction and Fed. R. Civ. P. 12(b)(6) for failure to state a claim as well as appropriate relief under New York's Anti-SLAPP statute, N.Y. Civ. Rts. L. § 70-a. We briefly outline our anticipated submission below.

      1.    **Lack of Personal Jurisdiction**  The Complaint acknowledges that the defendant, Mr. Tarzia, is resident of California. There are no allegations, nor could there be, that he conducts business in this State. Plaintiff's jurisdictional allegations amount essentially to an allegation that Mr. Tarzia has "directed" his conduct toward plaintiff, a New York resident, which has resulted in the generation by him of revenue.

      Courts routinely recognize that "placing allegedly defamatory content on the internet and making it accessible to the public does not constitute the transaction of business in New York, even when it is likely that the material will be read by New Yorkers." *Kingstown Cap. Mgmt. L.P. v. CPI Prop. Grp., S.A.*, 205 A.D.3d 467, 467 (2022). Here the Complaint's jurisdiction allegations track § 302(a)(3)(ii) of the CPLR, providing for personal jurisdiction over a non-domiciliary "who commits a tortious act without the state causing injury to person or property within the state, **except as to a cause of action for defamation of character arising from the act**, (ii) expects or should reasonably expect the act to have consequences in the state and derives

Hon. Margo K. Brodie. U.S.D.J.
February 20, 2025
Page 2 of 3

substantial revenue from interstate or international commerce" (emphasis added.) The CPLR, in other words, explicitly exempts defamation claims from the operation of New York's long-arm jurisdiction. Plaintiff, therefore, cannot as a matter of law establish jurisdiction over Mr. Tarzia because "[t]here is no basis to exercise 'long-arm' jurisdiction over . . . nondomiciliary defendants . . . under CPLR 302(a)(2) or (3) where, as here, the only tort alleged to have been committed [is] defamation of character." *Pontarelli v. Shapero*, 231 A.D.2d 407, 410 (1st Dept. 1996).

    2.    **Failure to State a Claim**  The Complaint includes many allegations concerning political and social "culture war" topics. It also contains a great deal of political rhetoric and polemic, the inclusion of which is hard to justify.[1] Focusing, however, on the factual allegations against Mr. Tarzia, it is clear that the claims against him are legally deficient. "Although Plaintiffs' claims include, in addition to defamation, tortious interference with prospective economic advantage, trade libel, and injurious falsehood, all of these causes of action sound in defamation." *Reich v. Lopez*, 38 F. Supp. 3d 436, 458 (S.D.N.Y. 2014), aff'd, 858 F.3d 55 (2d Cir. 2017).

Plaintiff is a public figure and thus bears the burden of plausibly alleging all required elements of defamation including actual malice. Truth, of course, "is an absolute, unqualified defense to a civil defamation action and 'substantial truth' suffices to defeat a charge of libel." *Henry v. Fox News Network LLC*, 629 F. Supp. 3d 136, 146 (S.D.N.Y. 2022). "Conclusory allegations that the statements were 'false' are insufficient to survive a motion to dismiss because a plaintiff is required 'to plead facts that, if proven, would allow a reasonable person to consider the statement false.'" *Id.* The Complaint seeks relief for both *per quod* and *per se* defamation but fails adequately to allege specific special damages as required under the *per quod* standard.

As an initial matter, "courts have emphasized the generally informal and unedited nature of" communications in Internet forums, which "leads readers [to] give less credence to allegedly defamatory remarks published on the Internet than to similar remarks made in other contexts." *Ganske v. Mensch*, 480 F. Supp. 3d 542, 553 (S.D.N.Y. 2020) (cleaned up). All the allegations of the Complaint must be considered in this context.

The operative allegations here are ¶¶ 181 and 182, which allege that defendant referred to plaintiff as a "whore" and that she herself claimed to have once been a "sex worker" who performed sex acts "for money." Regarding the allegation of ¶ 181, defendant submits that the word "whore," in the highly charged social media landscape of the mid-2020's, is susceptible of many meanings and not defamatory *per se*. *See*, e.g., *Conti v. Doe*, No. 17-CV-9268 (VEC), 2019 WL 952281, at *6 (S.D.N.Y. Feb. 27, 2019); *Small Bus. Bodyguard Inc. v. House of Moxie, Inc.*, 230 F. Supp. 3d 290, 312 (S.D.N.Y. 2017).

---

[1] Examples include, "Mercante wrote an article debunking a right-wing myth" (¶ 60); "The reaction from reactionaries was predictable" (¶ 61).

Hon. Margo K. Brodie. U.S.D.J.
February 20, 2025
Page 3 of 3

In any event, plaintiff's own online content establishes that, as a matter of law, she cannot establish either that the characterization of her as a "whore"—that is, "a woman who has multiple sexual partners" or is "sexually promiscuous"[2]—was either damaging to her reputation or even false, as shown in the screenshot at right of just one exemplary post by her on X.



As to more explicit allegations of ¶ 182, the full context of defendant's statements is provided by various online posts by plaintiff herself. To meet her burden under New York law, her allegations must plausibly allege not only that the description of plaintiff regarding sex work as well as the exchange of sexual favors for were false, but that defendant knew they were false, or was recklessly indifferent regarding their falsity, when he made them.





Defendant submits that in light of the Twitter / X posts shown above, plaintiff cannot meet this burden; that each and every claim for relief in the Complaint suffers from comparable deficiencies; that plaintiffs do not have a plausible path to amending the Complaint; and that New York's anti-SLAPP law entitles defendant to relief including attorneys' fees and costs. See, *Bobulinski v. Tarlov*, No. 24-CV-2349 (JPO), 2024 WL 4893277, at *16 (S.D.N.Y. Nov. 26, 2024).

Respectfully submitted,

Ronald D. Coleman

---

[2] Merriam-Webster online dictionary, "Whore," found at https://www.merriam-webster.com/dictionary/whore.