

February 28, 2025

Hon. Margo K. Brodie, U.S.D.J.
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn New York 11201

By Electronic Filing.

Re:    <strong>Mercante v. Tarzia, 24-cv-08471</strong>

Dear Judge Brodie:

My firm, with co-counsel, represents Plaintiff in the case above.  I write, per the Court's rules, to respond to Defendant's pre-motion conference letter (ECF No. 7).  As set out below, Plaintiff intends to exercise her amendment as-of-right under Rule 15(a)(1)(B) both to address some of what Defendant raises and to address some post filing conduct that bears on the claims.  However, Plaintiff also addresses the substance because some of the theories advanced are meritless.  If the Court has any preference on how to sequence amendments so as to conserve time and resources, but also allow Plaintiff to fully respond to the actual theories Defendant presents for dismissal, Plaintiff would appreciate that guidance.

## I.    Defendant's Personal Jurisdiction Arguments are Meritless.

First, Defendant's argument the Court lacks jurisdiction is odd, because Defendant's website — where he made some of the statements at issue in the defamation claims — is hosted by Wix.com, which has its primary office in Manhattan.  And Wix's terms of service have a New York court choice of venue and jurisdiction, noting any litigation relating to Wix's services "shall be brought in, and you hereby consent to them being decided exclusively by, a court of competent jurisdiction located in New York, New York."[1]  So, by choosing Wix as his hosting platform with its venue and choice-of-law clause, Defendant has "purposefully avail[ed] himself of the privilege of conducting activities within the forum State" and "invok[ed] the benefits and protections of its laws." *Gianetta v. Johnson*, No. 20 CIV. 9016 (PAE), 2021 WL 2593305, at *8 (S.D.N.Y. Jun. 24, 2021), quoting *McKee Elec. Co. v. Rauland-Borg Corp.*, 20 N.Y.2d 377, 382 (1967). That is, there were "purposeful business transactions have taken place in New York giving rise to the cause of action" and jurisdiction.  *Legros v. Irving*, 38 A.D.2d 53, 55 (1st Dep't 1971); *see, e.g., Fischbarg v Doucet*, 38 AD3d 270, 275 (1st Dept 2007) (jurisdiction over an out-of-state individual who only e-mailed, phoned, faxed and mailed into New York).

For the non-defamation claims, things are easier.  G/O Media, the parent company of Alyssa's former employer, Kotaku, is located in New York.  And Defendant conducted a harassment

---

[1] https://www.wix.com/about/terms-of-use



campaign — labeled "#EndKotaku" — directed at the employees of a New York business and that New York business itself, for the (accomplished) purpose of, among other things, ending Plaintiff's career there. And on the prima facie tort/stochastic harassment claims,[2] Defendant's statements that he recognizes the publication of private information necessarily and inevitably leads to such harassment (ECF No. 1 ¶ 107), plus his celebratory behavior after just such events occurred (*e.g.,* ECF No. 1 ¶¶ 136, 152, 161), show he specifically targeted the harassment to reach Plaintiff *in New York*. His conduct makes no sense otherwise.

And even today, Defendant continues to appear on a New York-based streaming internet program called "The Hypnocast."[3] Defendant has appeared on the "Hypnocast" show, which streams from the host's home in Long Island, New York, at least half a dozen times, frequently discussing Plaintiff. And in August of 2024, the host announced that Defendant would become a "permanent panel member" of the weekend edition of the program, known as the "Saturday Night Hypnocast."[4] Confirming the connection to this case, when the host announced Defendant's addition to the Saturday night panel, the advertisement for the segment featured Defendant flanked by mirrored, edited images of Plaintiff. Defendant's presence as a "permanent panel member" on a New York show — one connected to his harassment of Plaintiff — is for specific jurisdiction (particularly when combined with the above).

## II. Plaintiff States Claims in a Variety of Torts.

Defendant seeks to file a motion to dismiss, essentially exclusively briefing defamation doctrine. While some claims overlap, in particular, Plaintiff's harassment and prima facie tort claims are based on separate statements and acts — not merely the same defamatory statement as the defamation claim. Plaintiff is not claiming the personal details like her address and so on that Defendant shared are false; nor is she solely claiming reputational harm from the harassment. That places this case outside the "narrow" rule Defendants cite, because "where the alleged harm suffered by the plaintiff is not *precisely* the same as that caused by defamation" -- namely, harm to the plaintiff's reputation -- the Court should decline to construe a claim as one for defamation." *Lindner v IBM Corp.,* 2008 US Dist LEXIS 47599, at *43 (SDNY June 18, 2008) (cleaned up; emphasis in original; collecting cases).

Next, Defendant inserts the word "whore" into the statements at issue, where the actual statements are purely factual: "Alyssa Mercante ... [was] sucking dicks for money." ECF No. 1 ¶ 182[5]; *see also, id.* ¶ 181 ("Like what [Plaintiff] does[,] sucking dicks in her off time for money?"); ¶¶ 92-

---

[2] While, at least arguably, the gravamen of some of Plaintiffs' claims overlaps with the defamation, *see* ECF No. 7 at 2 n. 1, that is not true for the prima facie tort/stochastic harassment claim, as explained below.
[3] https://www.youtube.com/@Hypnoticc/streams
[4] https://x.com/RealHypnotic1/status/1820883173363908738
[5] While it is in quotes repeatedly throughout Defendant's letter, importantly, "whore" does not appear in the complaint anywhere. "Whorification" appears, but it was not Defendant said *about* Plaintiff, it was what triggered Defendant's more specific claim: "'Whorification'? What's that? Like what @alyssa_merc does sucking dicks in her off time for money?" ECF No. 1 ¶ 181. In that context, Defendant's resort to a dictionary in his letter is particularly strange, since he provides his own contextual definition.

COHEN&GREEN



25. While use of the word "whore" as an insult might be "susceptible of many meanings,"[6] the same is not true of "sucking dicks for money." ECF No. 7 at 2. Defendant's other arguments about substantial truth also rely on this elision: Presumably, Defendant is not actually making the argument that anyone is free to accuse "a woman who has multiple sexual partners" of engaging in specific sex acts for money. ECF No. 7 at 3.[7],[8]

Last, Plaintiff has sufficiently pled actual malice, regardless of whether it is required.[9] But Plaintiff's planned amendments also address this including by alleging that Defendant gave necessarily false explanations by Defendant for the source of his claim Plaintiff was "sucking dicks for money before working at Kotaku." ECF No. 1 ¶ 182, *see* n. 10 above.

<u>Conclusion</u>

The real question is what next. Plaintiff intends to amend, to at least make the decision on the motion easier. But given the (lack of) content in Defendant's letter, much of the purpose of Rule 15(a)(1)(B) is not served by an amendment without more detail on exactly why Defendant thinks the complaint is ill-pled. If, for example, Defendant's argument really is the sexist[10] saw that anyone who "has multiple sexual partners" may be freely accused of specific sex acts for money — or is an argument that Defendant is so sexist he believes that — then there is little need to amend. ECF No. 7 at 3. On the other hand, one hopes there is a little more meat on those bones — and Plaintiff would like to amend to address that meat.[11] The Court's Individual Practices do not specify whether amendment as of right should follow a pre-motion letter or a full motion.

Thus, while Plaintiff intends to amend, she would appreciate the Court's indication on whether it would prefer Plaintiff do so before or after a full motion — or perhaps a slightly better explained pre-motion letter.

---

[6] Even that is not clear — though the cases suggesting otherwise are at least a little dated. *See, e.g., Doran v Priddy*, 538 F Supp 454, 455 (D Kan 1981).

[7] To the extent Defendant is, that argument is based in sexism, not defamation law. Indeed, even people who have previously engaged in full-service sex work cannot freely be accused of actively participating in it. *Da Silva v Time Inc.*, 908 F Supp 184, 187 (SDNY 1995).

[8] The screenshot where Plaintiff says "I sucked dick" in response to "How do did you get into the gaming industry?" postdates the statements at issue. ECF No. 7 at 3. The comment is specifically *referencing* the pervasive accusation Defendant spread. Linear time prevents Defendant's claim to have relied on it. Plaintiff's intended amendments include Defendant's false claim he relied on this in making the statements.

[9] Defendant's counsel appeared on a stream and said Plaintiff is "not particularly prominent" in her field, seemingly undercutting the public figure argument. *See* Stream, January 20, 2025, "Ron Coleman joins to talk Alyssa Mercante Lawsuit," at approx. 01:12:41. Additionally, Mr. Coleman and Defendant publicly discussed the substance of their communications on litigation strategy, likely waiving privilege.

[10] Defendants appear to concede New York law applies. It is relevant, then, that New York's courts have said defamation doctrine needs to be read away from sexist, "outdated assumptions," like the one that women are likely to lie about sexual assault. *Sagaille v Carrega*, 194 AD3d 92, 93 (1st Dept 2021).

[11] Plaintiff attempted to address this informally, and to discuss the theory of dismissal in substance, to inform amendments and save the parties and the Court time and resources. Defendant decided he would rather not.

COHEN&GREEN                                                                     Page 3 of 4

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



Respectfully submitted,

/s/
_____

J. Remy Green
 *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiff*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

COHEN&GREEN

Page 4 of 4