# Coleman Law Firm, p.c.

RONALD D. COLEMAN
973 264 9611
RCOLEMAN@COLEMANLAW-PC.COM
50 PARK PLACE | NEWARK NJ 07102

Admitted in New York and New Jersey

May 9, 2025

**BY ECF**

Hon. Margo K. Brodie. U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn New York 11201

        **Re:**    Mercante v. Tarzia
                  <u>Civil Action No. 1:24-cv-08471</u>

Dear Judge Brodie:

We represent defendant Jeff Tarzia in the referenced matter and submit this correspondence pursuant to Your Honor's pre-motion letter requirement.

Defendant wishes to file a motion to dismiss the Second Amended Complaint ("SAC") pursuant to Fed. R. Civ. P. 12(b)(2) based on lack of personal jurisdiction and Fed. R. Civ. P. 12(b)(6) for failure to state a claim as well as appropriate relief under New York's Anti-SLAPP statute, N.Y. Civ. Rts. L. § 70-a.

The SAC has been tailored in an attempt to address the deficiencies identified by defendant in the original complaint, particularly in terms of specificity, legal sufficiency, and alternative claims. That attempt, however, falls short, and in some respects has resulted in a pleading that is actually legally weaker that the original. We briefly address the issues below.

**1. <u>Personal Jurisdiction</u>.** Like the original, the SAC acknowledges that Mr. Tarzia is resident of California. Plaintiff has added allegations, to the original allegations that Mr. Tarzia "directed" his conduct toward plaintiff in New York resident and that his website can be used in New York, a series of novel allegations that Mr. Tarzia has friends in New York, none of whom are defendants, but who also allegedly harass the plaintiff. The SAC also alleges that because Mr. Tarzia publishes his website using a service in New York called Wix which, in turn, has a forum-selection clause designating New York. None of these allegations provide valid grounds for asserting personal jurisdiction under CPLR 302(a)(2)

Hon. Margo K. Brodie. U.S.D.J.  May 9, 2025
Page 2 of 4

or (3) where, as here, the only tort alleged to have been committed [is] defamation of character." *Pontarelli v. Shapero*, 231 A.D.2d 407, 410 (1st Dept. 1996).

**2. Failure to State a Claim**  The SAC expands its raft of allegations concerning political and social "culture war" topics and, like its predecessor, is jammed with political rhetoric and polemic, but these add nothing to remedy the pleading deficiencies of the first Complaint.

As a threshold matter, defendant respectfully submits again that the SAC epitomes the kind of pleading referred to by this Court in *Reich v. Lopez* when it wrote, "Although Plaintiffs' claims include, in addition to defamation, tortious interference with prospective economic advantage, trade libel, and injurious falsehood, all of these causes of action sound in defamation."  38 F. Supp. 3d 436, 458 (S.D.N.Y. 2014), *aff'd*, 858 F.3d 55 (2d Cir. 2017). "New York courts treat harm stemming from injury to reputation as sounding in defamation, and do not recognize separate torts as additional causes of action." *Morrison v. Nat'l Broad. Co.*, 19 N.Y.2d 453, 227 (N.Y. 1967), *quoted in, Goldman v. Barrett*, 733 F. App'x 568, 570 (2d Cir. 2018).

Plaintiff has shifted her emphasis away from that found in the original Complaint, the operative allegations of which were that defendant referred to plaintiff as a "whore" and a "sex worker," constituting an actionable offense to plaintiff's reputation for chastity. The SAC, in contrast, acknowledges – as it must in response to the proof laid out in defendant's motion to dismiss – that plaintiff has admitted saying both of these things about herself. Now, however, the gravamen of plaintiff's *per se* claim is that defendant falsely accused her of committing the crime of prostitution (¶¶ 148-164).

Again: Plaintiff admits that she has been a "sex worker" (¶ 147), which is defined as "a person whose work involves sex acts *especially* : a person who engages in sexual intercourse in exchange for pay."[1]  She also acknowledges that she "has frequently spoken on the topic of sex work and does not consider sex work to be improper." (¶ 146)



Yet her defamation case rests on the premise that when she posted the tweet above, defendant not only **could not** have reasonably interpreted it to mean that plaintiff exchanged in sex for money, but that Mr. Tarzia **must have known** that she had never done so and was **intentionally lying** when he said she had.

This argument is not sustainable as a matter of law.

---

[1] *Id.*, "Sex worker" found at https://www.merriam-webster.com/dictionary/sex%20worker.

Hon. Margo K. Brodie. U.S.D.J.  May 9, 2025
Page 2 of 4

The SAC also includes an unusual "argument" at ¶¶ 362-363 in anticipation of an obvious problem raised by another of plaintiff's tweets, shown below:



Responding to the intuitive inference from the above post that, in fact, plaintiff **has** engaged in sex work – as that term is universally understood – the SAC posits the following:

> 362. Tarzia will also likely argue that a December 21, 2023, tweet from Mercante that she should "go back to sex work" because "at least then when I get fucked a lot I'll get paid well for it." This statement is followed by a laughing emoji with its tongue hanging out.

> 363. This statement is obviously a joke.

The argument that a laughing emoji makes it "obvious" that what preceded was "just a joke" is a dubious one that has been found wanting in innumerable contexts. In fact, the obvious interpretation of this emoji is that plaintiff was making fun of her own double-entendre – a double meaning that, again, relies **entirely** on the reader understanding "sex work" not to mean, as the SAC claims, "selling erotic pictures." (¶147). The SAC should be dismissed with prejudice.

**Anti-SLAPP Sanctions.** Unfortunately, it is evidently not obvious to plaintiff that pursuing this flimsy claim is no joke. That is why, in addition to seeking dismissal of the SAC, defendant will also ask the Court for sanctions because this meritless lawsuit is an "action involving public petition and participation" prohibited by NYCRL § 76-a(1)(a)(2). Attorneys' fees "**shall be recovered** upon a demonstration . . . that [an action involving public petition and participation] . . . was commenced or continued without a substantial basis in fact and law." NYCRL § 70-a(1)(a) (emphasis added).

This is such an action, and its lack of substance will be readily demonstrated by defendant's proposed motion. Anti-SLAPP sanctions will vindicate the entire policy and purpose behind New York's law, and send an importance message to litigants seeking to chill speech and score political points by prosecuting meritless lawsuits such as this one.

Respectfully submitted,

Ronald D. Coleman