**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

<table>
<tr><td>
ALYSSA MERCANTE.,

     *Plaintiff*,

  *v.*

JEFF TARZIA,

     *Defendant*.
</td></tr>
</table>

Case No.: 1:24-cv-08471

---

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S**
**MOTION TO STAY DISCOVERY PENDING RESOLUTION**
**OF MOTIONS TO DISMISS AND FOR ANTI-SLAPP SANCTIONS**

---

Ronald D. Coleman
COLEMAN LAW FIRM, P.C.
50 Park Place, Suite 1105
Newark, NJ  07102
973-264-9611
rcoleman@colemanlaw-pc.com
*Attorney for Defendant*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ......................................................................................................... iii

LEGAL ARGUMENT ................................................................................................................. 1

I.    LEGAL STANDARD................................................................................................. 1

II.   A STAY OF DISCOVERY IS APPROPRIATE PENDING RESOLUTION OF THE
MOTION TO DISMISS UNDER FRCP 12(b)(2) AND 12(b)(6)...................................................... 2

III.  A STAY OF DISCOVERY IS CONSISTENT WITH NEW YORK'S ANTI-SLAPP LAW
AND PROMOTES THE POLICY OF NEW YORK STATE. ...................................................... 4

IV.  ALL OTHER FACTORS JUSTIFY A STAY OF DISCOVERY. ........................................ 4

CONCLUSION............................................................................................................................. 5

## TABLE OF AUTHORITIES

**Cases**

*Amron v. 3M Minn. Mining & Mfg. Co.*, No. 23-CV-08959 (PKC)(JMW), 2024 U.S. Dist. LEXIS 12759 (E.D.N.Y. Jan. 24, 2024) ...................................................................... 3

*Barrett v. Arena Grp. Holdings, Inc.*, No. 24-CV-673 (DEH), 2024 U.S. Dist. LEXIS 83156 (S.D.N.Y. May 7, 2024)............................................................................................ 4

*Blankenship v. Trump*, Civil Action No. 2:19-cv-00549, 2020 U.S. Dist. LEXIS 25302 (S.D. W. Va. Feb. 13, 2020) ...................................................................................... 3

*Chesney v. Valley Stream Union Free Sch. Dist.* No. 24, 236 F.R.D. 113, 115 (E.D.N.Y. 2006)........................................................................................................ 1, 2

*Coral Crystal, LLC v. Fed. Ins. Co.*, No. 17 Civ. 1007, 2021 U.S. Dist. LEXIS 53296 (S.D.N.Y. Jan. 11, 2021)............................................................................................ 4

*Diamond Ranch Acad., Inc. v. Filer*, No. 2:14-CV-751-TC, 2015 WL 5446824 (D. Utah Sept. 15, 2015) ............................................................................................... 4

*Estate of Luis A. Nunez-Polanco v. Boch Toyota, Inc.*, No. 3:03cv2251 (WWE), 2004 U.S. Dist. LEXIS 18411, at *5 (D. Conn. July 21, 2004)......................................... 3

*Gallagher v. Philipps*, No. 20-CV-0993-JLS(BLM), 2021 WL 5563680 (S.D. Cal. Apr. 22, 2021)................................................................................................................ 5

*Hachette Distribution, Inc. v. Hudson Cty. News Co.*, 136 F.R.D. 356, 358 (E.D.N.Y. 1991) ......................................................................................................................... 2

*Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ............................................................ 1

*Murphy v. Onondaga Cty.*, No. 18 Civ. 1218, 2022 U.S. Dist. LEXIS 48996, 2022 WL 819281 (N.D.N.Y. Mar. 18, 2022) ........................................................................ 4

*O'Reilly v. Inc. Vill. of Rockville Ctr.*, 2024 U.S. Dist. LEXIS 8388 (E.D.N.Y. May 8, 2024) ........................................................................................... 3

*Psychic Readers Network, Inc. v. A&E TV Networks LLC*, No. 24-CV-8155 (DEH), 2025 U.S. Dist. LEXIS 91190, at *4-5 (S.D.N.Y. May 13, 2025) ................................ 2

*Sali v. Zwanger & Pesiri Radiology Grp., LLP*, No. 19-CV-00275, 2022 U.S. Dist. LEXIS 48699 (E.D.N.Y. Jan. 10, 2022) ........................................................................ 3

*Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367 (S.D.N.Y. 2002) ...................................................................................................... 2

*Squicciarini v. Vill. of Amityville*, 2019 U.S. Dist. LEXIS 85521, 2019 WL 2191371 (E.D.N.Y. May 21, 2019) ............................................................................................ 4

**Statutes**

NYCRL § 76-a ................................................................................................................. 4

**Rules**

Fed. R. Civ. P. 12(b)(6)...................................................................................................... 1, 3

Fed. R, Civ. P. 12(b)(2)...................................................................................................... 1, 2

C.P.L.R. § 3211................................................................................................................... 4

## INTRODUCTION

Defendant respectfully submits this memorandum of law in support of the motion to stay discovery pending resolution of the motion to dismiss under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), as well as the motion for sanctions under New Yorks anti-SLAPP law. A stay of discovery is warranted because the pending motions, if granted, would dispose of the entire case, and discovery is not necessary to resolve these motions.

## LEGAL ARGUMENT

### I.    LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). While the mere filing of a dispositive motion in and of itself does not halt discovery obligations in federal court, they may be paused upon a showing of good cause. *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006).

In evaluating whether a stay of discovery pending resolution of a motion to dismiss is appropriate, courts typically consider: "(1) whether the Defendants has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Id.* (citation omitted). "Courts also may take into consideration the nature and complexity of the action, whether some or all of the Defendants have joined in the request for a stay, and the posture or stage of the litigation." *Id.* (citation omitted).

> To assist in this determination, the Court is guided by the following factors, none of which is singly dispositive: the type of motion and whether it is a challenge as a "matter of law" or to the "sufficiency" of the allegations; the nature and complexity of the action; whether counterclaims and/or cross-claims have been interposed; whether some or all of the defendants join in the request for a stay; the posture or

1

stage of the litigation; the expected extent of discovery in light of the number of parties and complexity of the issues in the case; and any other relevant circumstances.

*Hachette Distribution, Inc. v. Hudson Cty. News Co.*, 136 F.R.D. 356, 358 (E.D.N.Y. 1991) (citations omitted).

A stay is appropriate where, as here, defendants have "substantial arguments for dismissal of many, if not all, of the claims asserted." *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002). "[I]n resolving a motion to stay discovery, the Court's focus is on whether the defendant makes a strong showing that the plaintiff's claims are unmeritorious and presents substantial arguments for dismissal, not whether the arguments will ultimately be successful." *Psychic Readers Network, Inc. v. A&E TV Networks LLC*, No. 24-CV-8155 (DEH), 2025 U.S. Dist. LEXIS 91190, at *4-5 (S.D.N.Y. May 13, 2025) (cleaned up).

## II.    A STAY OF DISCOVERY IS APPROPRIATE PENDING RESOLUTION OF THE MOTION TO DISMISS UNDER FRCP 12(b)(2) AND 12(b)(6).

Courts in this Circuit have recognized that staying discovery is appropriate when a motion to dismiss raises threshold issues, such as jurisdiction or the sufficiency of the pleadings that could dispose of the case. See, e.g., *Amron v. 3M Minn. Mining & Mfg. Co.*, No. 23-CV-08959 (PKC)(JMW), 2024 U.S. Dist. LEXIS 12759 (E.D.N.Y. Jan. 24, 2024); *O'Reilly v. Inc. Vill. of Rockville Ctr.*, 2024 U.S. Dist. LEXIS 8388 (E.D.N.Y. May 8, 2024).

As a threshold matter, the defendant's motion to dismiss raises substantial jurisdictional that, if resolved in the defendants favor, would dispose of the entire case. Mr. Tarzia has demonstrated that the Court lacks personal jurisdiction over him because, as a California resident, New York does not have sufficient contacts with him to satisfy the state's long-arm statute or the requirements of due process. Because plaintiff has failed to make a prima facie showing of personal jurisdiction in response to Mr. Tarzia's 12(b)(2) motion, a discovery stay – even regarding the

2

limited topic of personal jurisdiction – is appropriate. See, *Estate of Luis A. Nunez-Polanco v. Boch Toyota, Inc.*, No. 3:03cv2251 (WWE), 2004 U.S. Dist. LEXIS 18411, at *5 (D. Conn. July 21, 2004).

Similarly, moving under Fed. R. Civ. P. 12(b)(6), Mr. Tarzia has demonstrated that the plaintiff claims fail to state a plausible claim for relief. "A stay to resolve such a case-dispositive motion is appropriate because "a finding in defendant's favor could completely resolve the case without any need for discovery." *Blankenship v. Trump*, Civil Action No. 2:19-cv-00549, 2020 U.S. Dist. LEXIS 25302, at *5 (S.D. W. Va. Feb. 13, 2020) (granting stay). *Accord*, *Sali v. Zwanger & Pesiri Radiology Grp., LLP*, No. 19-CV-00275, 2022 U.S. Dist. LEXIS 48699, at *16 (E.D.N.Y. Jan. 10, 2022) (defendants' motion to dismiss "has the potential to dismiss the entire action, and a stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue").

The same is true here, especially considering, as defendant demonstrated in his motion to dismiss, that all of plaintiff's claims sound in defamation.

> [D]iscovery on Plaintiff's defamation claim—which the parties stated would involve at least some claim-specific witnesses—need not proceed at this time. Courts in this district have held that "Plaintiff cannot use discovery as a tool to plausibly plead his defamation claim. He must state a plausible claim capable of surviving a motion to dismiss to 'unlock the doors of discovery.'" *Coral Crystal, LLC v. Fed. Ins. Co.*, No. 17 Civ. 1007, 2021 U.S. Dist. LEXIS 5329, 2021 WL 84308, at *6 (S.D.N.Y. Jan. 11, 2021) (quoting *Squicciarini v. Vill. of Amityville*, 2019 U.S. Dist. LEXIS 85521, 2019 WL 2191371, at *2 (E.D.N.Y. May 21, 2019)); *accord Murphy v. Onondaga Cty.*, No. 18 Civ. 1218, 2022 U.S. Dist. LEXIS 48996, 2022 WL 819281, at *16 (N.D.N.Y. Mar. 18, 2022).

*Barrett v. Arena Grp. Holdings, Inc.*, No. 24-CV-673 (DEH), 2024 U.S. Dist. LEXIS 83156, at *3 (S.D.N.Y. May 7, 2024).  Allowing discovery to proceed while the pending motion are before the Court would impose unnecessary burdens and costs on the parties and the Court.

3

**III.    A STAY OF DISCOVERY IS CONSISTENT WITH NEW YORK'S ANTI-SLAPP LAW AND PROMOTES THE POLICY OF NEW YORK STATE.**

New York's anti-SLAPP law, NYCRL § 76-a, provides additional grounds for staying discovery. The law is designed to protect defendants from meritless lawsuits that chill the exercise of free speech on matters of public interest. Under the law, defendants are entitled to recover attorney's fees if the action is found to lack a substantial basis in fact and law. NYCRL § 76-a(1)(a)(2). New York law also provides for an automatic stay upon the filing of a motion to dismiss on anti-SLAPP grounds. N.Y. C.P.L.R. § 3211.

As set out in Mr. Tarzia's motion to dismiss, Plaintiff's claims are meritless and were brought to chill his exercise of  free speech. Although the consensus is that state law provisions for automatic stays under anti-SLAPP regimes do not bind federal courts, the same discretionary considerations that usually govern a motion for stay of discovery apply.  Thus, courts have found discovery stays appropriate in anti-SLAPP diversity contexts cases to prevent the chilling effect of protracted litigation and to ensure that defendants are not subjected to unnecessary discovery burdens. "Trial judges should refrain from ordering 'unnecessary, expensive and burdensome' discovery proceedings 'if it appears from the SLAPP motion there are significant issues as to falsity or publication—issues which the plaintiff should be able to establish without discovery." *Diamond Ranch Acad., Inc. v. Filer*, No. 2:14-CV-751-TC, 2015 WL 5446824, at *3 (D. Utah Sept. 15, 2015) (citations omitted). See also, *Gallagher v. Philipps*, No. 20-CV-0993-JLS(BLM), 2021 WL 5563680, at *2 (S.D. Cal. Apr. 22, 2021); *Foley v. Pont*, No. 2:11-CV-01769-ECR, 2012 WL 2503074, at *7 (D. Nev. June 27, 2012).

**IV.    ALL OTHER FACTORS JUSTIFY A STAY OF DISCOVERY.**

Besides "the type of motion and whether it is a challenge as a 'matter of law' or to the 'sufficiency' of the allegations"—which is addressed in section II above—all the other factors

4

cited by this Court in *Hachette Distribution*, *supra*, favor the granting of a stay here. The nature and complexity of the action are such that discovery will, as is clear from the pleadings, implicate very wide-ranging and inevitably contentious discovery. No counterclaims or cross-claims have been interposed. It is early in the litigation. Discovery is likely to involve third parties located around the country. Moreover, the defendants motion to dismiss and motion for sanctions are based on the pleadings and documentary evidence, which are sufficient to resolve the issues raised. Allowing discovery to proceed would not aid the court in resolving these motions and would only serve to increase the costs and burdens of litigation.

## CONCLUSION

For the foregoing reasons, the defendant respectfully requests that the court grant the motion to stay discovery pending resolution of the motion to dismiss under Fed. R. Civ. P. 12(b)(2) and 12(b)(6) and the motion for sanctions under New Yorks anti-SLAPP law.

_____
                Ronald D. Coleman

COLEMAN LAW FIRM, P.C.
50 Park Place, Suite 1105
Newark, NJ  07102
973-264-9611
rcoleman@colemanlaw-pc.com
*Attorney for Defendant*

August 25, 2025