Hon. Margo K. Brodie
August 28, 2025
Page 1

**KAMERMAN, UNCYK, SONIKER & KLEIN P.C.**
COUNSELORS AT LAW
1700 BROADWAY, 16TH FLOOR
NEW YORK, NEW YORK 10019

(212) 400-4930

Hon. Margo K. Brodie, U.S.D.J.
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn New York 11201

August 28, 2025

Your Honor:

  My firm, with co-counsel, represents Plaintiff in the case above. I write in response to Defendant's motion for a Local Rule 37.2 conference or to stay discovery, noted at ECF No. 29.[1]

  As set out below, the Court should deny the motion. A discovery stay – even when sought to accommodate weighty rights, like those implicated in the Fifth Amendment – is "an extraordinary remedy," and "the person seeking a stay bears the burden of establishing its need." *Louis Vuitton Malletier S.A. v LY USA, Inc.*, 676 F3d 83, 98 (2d Cir 2012).[2] It is black letter law that "discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed." *Dance Theatre of Harlem, Inc. v ChromaDiverse, Inc.*, 2025 US Dist LEXIS 143231, at *3-4 (SDNY July 26, 2025). But that is essentially all Defendant offers: He barely discusses anything specific to the case and relies almost entirely on the supposed strength of the motion to dismiss. Since he is wrong about that factor, the motion should be denied.

## ARGUMENT

### I. Defendant has not carried his burden to show good cause for a stay.

  A motion to dismiss does not automatically stay discovery. *See Dance Theatre of Harlem,* 2025 US Dist LEXIS 143231 at *3-4; *see also, Brooks v. Macy's, Inc.*, 2010 WL 5297756 at *1 (S.D.N.Y. Dec. 21, 2010); *Moran v. Flaherty*, 1992 WL 276913 at *1 (SDNY. Sept. 25, 1992). To obtain a stay, a movant carries the burden of showing "good cause." *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, 2009 WL 2777076 at *1 (S.D.N.Y. Sept. 1, 2009). And "good cause" can only be determined by looking at the particular circumstances and posture of each case. *Alford v. City of N.Y.*, 2012 WL

---

[1] Local Civil Rule 37.2 requires a litigant to first request an informal conference with the Court by letter-motion before filing a any formal discovery motion. The Court's Individual Practice and Rules seem intended to adopt current Local Rule 37.2, though it cross-references 37.**3**. *See, e.g.,* ECF No. 26 at 1 n. 1 (the Parties' joint 26(f) report, noting that "Local Civil Rules 37.3 and 6.4 have both been withdrawn" and the parties were "essentially proposing a schedule for the letter practice that would have been required by prior Local Civil Rule 37.3(c)"). While Defendant ultimately filed a full motion, it likely would not exceed the applicable page limit (clocking in at 5 double spaced pages), so Plaintiff is filing a letter response as if Defendant had filed an ordinary Local Rule 37.2 request.

[2] Unless otherwise noted, in quotations from cases, internal quotation marks and citations are omitted, alterations are adopted, and capitalization is adjusted. Pincites are to internal pagination unless specified.

Hon. Margo K. Brodie
August 28, 2025
Page 2

947498 at *1 (E.D.NY. Mar. 20, 2012). Where the movant uses a motion to dismiss as the basis for a stay, good cause depends on three factors: "(1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion." *Brooks*, 2010 WL 5297756 at *2.

### A. The first two factors disfavor a stay or are neutral.

Defendant correctly identifies the three factors (Defendants' Memorandum of Law ("DMOL") at 1), but essentially does not comment after that on either the breadth of discovery or prejudice.[3] That is particularly significant because Plaintiff had already served discovery before Defendant filed his motion to stay. The discovery served is not particularly burdensome, nor is there any prejudice beyond the ordinary burden of federal litigation. Defendant's failure to identify any "particular circumstances" on either of the first two factors – which are what the Court "must look to" – means that these factors disfavor the stay, because the default is no stay. *Alford*, 2012 US Dist LEXIS 37876, at *2. And to the extent there are any particular burdens that accompany a specific part of discovery, those may be addressed as they come up – and may even be resolved by agreement.[4] *See, e.g., Brooks v Macy's, Inc.*, 2010 US Dist LEXIS 135415, at *6 (SDNY Dec. 21, 2010) (discovery stay "granted to the extent defendant seeks to stay deposition discovery" and "denied in all other respects").

### B. There are no substantial reasons in support of dismissal and Defendant essentially conceded the § 79-n claim is well-pled.

Eschewing the first two factors, Defendant argues that he "makes a strong showing that the plaintiff's claims are unmeritorious." DMOL at 2, *quoting Psychic Readers Network, Inc. v. A&E TV Networks LLC*, 2025 U.S. Dist. LEXIS 91190, at *4-5 (S.D.N.Y. May 13, 2025). A "strong showing" *is* required (*id.*) – but Defendant has not made one. Moreover, as Defendant's cases show, the core question is whether the motion "could dispose of the case" (DMOL at 2), as opposed to simply narrowing the legal (but not factual) issues is important — and as shown below, Defendant has effectively conceded Plaintiff's § 79-n claim must move forward.

*First,* even strong personal jurisdiction arguments cannot favor a stay, because they do not address the merits. Defendant leads both the underlying motion and this motion with such arguments (*see, e.g.*, DMOL at 2-3), but those arguments cannot dispose of the case.[5] Rather, if

---

[3] Defendant says in passing that "discovery is likely to involve third parties located around the country," but does not explain why that is so — or why, in the age of the internet, even if discovery involved third party requests out of state, that would be beyond the norm. DMOL at 5. But as of now, there are no third party requests, and Plaintiff would be open to a stay of third-party discovery if any third-party discovery takes place and those parties believe it is burdensome. *See also,* n. 4, below. Similarly, he says without elaboration that discovery "would impose unnecessary burdens and costs on the parties and the Court" and "only serve[s] to increase the costs and burdens of litigation," but offers no reason those costs and burdens are anything other than the norm. *Id.* at 3 and 5.

[4] Plaintiff has no objection to discussing partial stays with Defendant. But Defendant did not raise those in the relevant meet and confer.

[5] A similar instance of leading with weak arguments — relevant because the standard here involves a peek at the strength of the motion to dismiss — is in Defendant's reply on the motion to dismiss: Defendant leads his reply with a (new) argument the Court may consider *months* old tweets outside the four corners of the complaint. ECF No. 24 at 1-2. But the "leading federal case" he cites (*id.*) is explicit that "tweets posted in the days and months prior to" the statements at issue "do not offer the same immediate relevance" and may not be raised on a motion to dismiss. *Ganske v Mensch*, 480 F

Hon. Margo K. Brodie
August 28, 2025
Page 3

Defendant is correct that he is not subject to jurisdiction in New York, his motion would only result in the case moving to California where it would continue. *Accord, e.g., Adacel, Inc. v Adsync Tech., Inc.*, 2018 US Dist LEXIS 199435, at *4 (M.D. Fla. Nov. 26, 2018) (denying stay, because "Defendant's motion to dismiss, if granted, is not case dispositive," and "Defendant has not explained, and the Court fails to comprehend, how a change in venue will" limit discovery).

*Second*, Defendant declares that he "demonstrated in his motion to dismiss, that all of plaintiff's claims sound in defamation" (DMOL at 3), but that ignores the black letter rule that "where the alleged harm suffered by the plaintiff is not **precisely** the same as that caused by defamation" – namely, harm to the plaintiff's reputation – "the Court should decline to construe a claim as one for defamation." *Lindner v IBM Corp.*, 2008 U.S. Dist. LEXIS 47599, at *43 (S.D.N.Y. June 18, 2008) (emphasis in original). *See also,* ECF No. 23 at 23-24. And that is fatal to Defendant's argument, because the complaint is explicit that certain claims "do[] not seek any damages for injury to reputation, or from the falsity of Tarzia's statement[s]," and for that matter, do not seek liability for *statements* at all. SAC ¶ 408; *see also, id.,* ¶¶ 20 and 414.

*Third,* and relatedly, Defendant's reply on the underlying motion seemingly concedes he has waived dismissal of the § 79-n claim and the prima facie tort claim – at least, if he is wrong that the only damages sought are defamation damages. *See, e.g.,* ECF No. 23 at 24-29; 29-30. That is, faced with Plaintiff's extensive treatment of (for example) the elements of § 79-n (*id.* at 24-29) and argument that Defendant waived and conceded these issues (*e.g., id.* at 25 (arguing Defendant "concedes" that "the conduct alleged satisfies N.Y. Pen. L. § 240.25") Defendant **did not even mention** § 79-n in his reply, and **does not deny he waived these arguments**, even with quite a few pages to spare. ECF No. 24 at 1-10. So, with both elements of a § 79-n claim conceded –(1) bias based on a specified category[6] and conduct that satisfies § 240.25 – Defendant cannot show his motion "could dispose of the case" (DMOL at 2), because he has conceded, at the *very* least, that the § 79-n claim will survive.

*Last*, though Defendant raises the state procedural rule that an anti-SLAPP motion stays discovery, he seems to acknowledge that rule does not apply under *Erie* – plus he does not cite any in-Circuit cases. DMOL at 4. His policy argument (citing out of Circuit cases) that "the same discretionary considerations that usually govern a motion for stay of discovery" incorporate a state anti-SLAPP law" has been rejected by the Second Circuit: "The idea that the more stringent requirement of the anti-SLAPP standard is a beneficial 'supplement' to the Federal Rules is a policy argument—and fatal, because the more permissive standards of the Federal Rules likewise reflect policy judgments as to what is sufficient." *La Liberte v Reid*, 966 F3d 79, 88 (2d Cir 2020).

For the reasons above, the Court should deny the motion for a stay.

---

Supp 3d 542, 546 (SDNY 2020) ("solely" considering context from the same day as the statements at issue). At the risk of stating the obvious, an argument citing cases that expressly reject what they are cited for is not a strong one.

[6] Even if bias were ill-pled to start (it is not, and *see, e.g.,* ECF No. 23 at 28 n. 28), as if to put an exclamation point on the issue, just after the motion was filed, Defendant and his counsel made publicly clear precisely the bias § 79-n requires: Defendant's counsel tweeted at a politician, calling him a "FAGG*T" for his political stances (in a meme), and Defendant retweeted it and connected it to this case with an unironic declaration that he is "extremely confident in my choice of who is representing me." *See* Ex. 1.

Hon. Margo K. Brodie
August 28, 2025
Page 4

                      Respectfully submitted,

                      _____/s/_____
                      Lane Haygood
                      **KAMERMAN UNCYK SONIKER & KLEIN P.C.**
                      1700 Broadway
                      New York, New York 10019
                      Tel: (212) 400-4930
                      lhaygood@kusklaw.com

                      J. Remy Green
                          *Honorific/Pronouns: Mx., they/their/them*
                      **COHEN&GREEN P.L.L.C.**
                      1639 Centre St., Suite 216
                      Ridgewood, New York 11385

                      *Attorneys for Plaintiff*