COHEN & GREEN

September 12, 2025

Hon. Margo K. Brodie, U.S.D.J.
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn New York 11201

By Electronic Filing.

**Re: Mercante v. Tarzia, 24-cv-08471**

Dear Judge Brodie:

As the Court may recall, my firm, with co-counsel, represents Plaintiff in the case above. I write jointly with counsel for Defendant, pursuant to the Court's September 2, 2025 Minute Order to provide a status report — and, as set out below, a proposed Order resolving the issues raised in ECF Nos. 31 and 32.

Accordingly, unless the Court has specific issues it would like to discuss at the status conference scheduled later this month, the parties believe it can be canceled, and the parties can file a proposed discovery plan (accounting for the partial stays agreed to below) in the coming weeks.

After meeting and conferring, the parties have agreed as follows — and ask the Court to So Order this letter as the resolution to the motion in ECF No. 31:

1. Discovery is not stayed, except as set out below. Accordingly, the motion is granted in part and denied in part.

2. Notwithstanding that, resolution of this motion, on consent, does not bar either party from seeking a different stay later on or to lift the stays herein, upon a showing of good cause. Any objections to individual requests — for example, on the burden of a particular request — are reserved and not waived.

3. Third party discovery is stayed until the resolution of the pending motion to dismiss (ECF No. 22).

4. The parties will meet and confer on depositions, should the case reach that stage before ECF No. 22 is resolved.

5. Any requests for admission ("RFAs") are stayed for 30 days, and the parties shall meet and confer before serving any RFAs to the extent they wish to serve any before resolution of the pending motion to dismiss.

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t: (929) 888.9480 · f: (929) 888.9457 · FemmeLaw.com

6. Plaintiff's discovery requests shall be deemed served as of September 29, 2025; Defendant shall serve his first round of discovery requests on that same date.

7. Production of any document that is a copy of something publicly available on the internet shall be presumptively stayed until resolution of ECF No. 22. If some issue arises on this front, the parties shall meet and confer on resolution, and write the Court if there is an impasse.

Additionally, the parties ask the Court to So Order a slightly modified version of Judge Eshkenazi's (the assigned Magistrate Judge) form Confidentiality Order, attached hereto along with a redline of the single change. The one change is to clarify that if a document designated confidential is proposed to be filed under seal, the party who designated it — not the party seeking to file it, where they are different — is responsible for justifying sealing. The exact text is borrowed from the Individual Practices of Hon. Gabriel Gorenstein, U.S.M.J. § 2(A). The parties ask for this modification because in those cases, the party seeking to file the document may not even agree it is appropriately filed under seal given the relevant presumption of public access — let alone have the incentive to argue vigorously for sealing.

As always, we thank the Court for its time and consideration.

Respectfully submitted,

/s/

J. Remy Green
*Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiff*
1639 Centre St., Suite 216
Ridgewood, New York 11385

Enclosures.

cc:
All relevant parties by electronic filing.