

December 19, 2025

Hon. Lara K. Eshkenazi, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

<u>By Electronic Filing.</u>

        Re:     <u>Mercante v. Tarzia</u>, 24-cv-08471

Dear Judge Eshkenazi:

      As the Court may recall, my firm, with co-counsel, represents Plaintiff in the case above. Pursuant to the Court's Rule III(B), I write to move to compel discovery. As of today, despite Plaintiff serving document requests in August, Defendant has produced a grand total of two documents. While that continuing failure remains, in light of the need to extend jurisdictional discovery deadlines once already — and in an effort to get things moving — this motion narrowly addresses a subset of documents. Namely, as Judge Brodie directed for jurisdictional purposes, documents that go to "the extent of Defendant's relationship with New York-based content creators, including, but not limited to, 'Hypnotic,' 'ToastywiththeMosty,' and 'RevSaysDesu.'" ECF No. 37 at 53.

      Defendant has made clear even as he plans at some point to cure the lack of meaningful production, he intends to only produce a "very limited subset" of communications with "New York-based content creators, including, but not limited to, 'Hypnotic,' 'ToastywiththeMosty,' and 'RevSaysDesu'" (*id.*), limited (as we understand it) to those that specifically discuss things like physical visits to New York. Accordingly, this motion follows.

<u>Background and Procedural History</u>

      Plaintiff has served two different sets of discovery requests, attached hereto as **Exhibits 1 and 2.** Defendants have responded to both, with those responses attached hereto as **Exhibits 3 and 4**. (respectively, the "Initial Responses," responding to the "Initial Requests"; and the "Supplemental Responses," responding to the "Supplemental Requests"). As agreed by the parties, the Initial Requests were temporarily narrowed to only include jurisdictional discovery issues (since they were issued before ECF No. 37).

      For context, in ECF No. 37, the Court directed jurisdictional discovery, to focus on four subjects:

      (1) Defendant's SmashJT Website's interactivity and business conducted within New York and with New York residents;



(2) Defendant's revenue generated through the SmashJT Website, in terms of subscriptions from New York residents;
(3) the extent of Defendant's relationship with New York-based content creators, including, but not limited to, 'Hypnotic,' 'ToastywiththeMosty,' and 'RevSaysDesu'; and
(4) any further connections Defendant, the SmashJT Website, the SmashJT Twitter, and the SmashJT YouTube have with New York and New York residents."

ECF No. 37 at 53-54 (spacing added).

Before getting responses, Plaintiff followed up repeatedly (including in emails articulating specific deficiencies). And even as served, across those responses, Defendant produced only two documents: A spreadsheet covering information about donors to his litigation GiveSendGo, and a print out of his website's source code. On December 10, 2025, the parties met and conferred for approximately 30 minutes. During that first meet and confer, Defendant committed to producing 2015 Amendment compliant discovery responses (*accord Fischer v Forrest*, 2017 US Dist LEXIS 28102, at \*2 (SDNY Feb. 28, 2017)) within a few days, certain information very shortly thereafter, and a meaningful production within about a week (or a later-agreed time thereafter). Defendant also asked Plaintiff to serve a detailed, formal deficiency letter — with details about why some of Plaintiff's claims that no responsive documents existed were wrong — so he could review.

Plaintiff promptly served that letter, a copy of which is attached as **Exhibit 5**.[1] Thereafter, when a response did not come as agreed on December 17, 2025, Plaintiff asked for another meet and confer. The parties met again on December 19, 2025, for approximately 20 minutes. At that meet and confer, Defendant stated he still intended to make some supplemental production, but that any communications produced would be a "very limited subset" of what exists (even with specifically "'Hypnotic,' 'ToastywiththeMosty,' and 'RevSaysDesu'"), and that he understood Plaintiff would be "disappointed" with the production. The parties also discussed the substance of the objection, which was Defendant's claim that — essentially — documents that *also* had a substantive role in the litigation were off-limits for discovery purposes.

Accordingly, the parties agreed they were at an impasse, and to keep jurisdictional discovery moving — in light of the need to already extend the deadline once — this motion should be made without further delay. Thus, Plaintiff now moves to compel.

## Discussion

In its decision directing jurisdictional discovery, the Court found that "Plaintiff has pleaded a 'sufficient start' to establishing personal jurisdiction, specifically with regards to … and Defendant's New York-based contacts." ECF No. 37 at 52. And the reason the Court did not find jurisdiction on this front outright is because "Plaintiff's allegation 'that [Defendant] has knowingly used and directed New York-based agents to amplify his statements' is conclusory and insufficient to establish

---

[1] Because Ex. 5 includes content from a document designated confidential, that content is redacted. That content is not relevant to the substance of the motion, and — as agreed at the second meet and confer — based on these redactions, neither party seeks to file a non-redacted version under seal.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com

Page 2 of 6

jurisdiction under an agency theory." ECF No. 37 at 46. And what was missing was that "Plaintiff must allege some level of cooperation and/or collaboration such that the nondomicilary requested the performance of those activities in New York to sustain her allegation that Defendant directed New York-based agents to amplify his statements." *Id.* (cleaned up).

Accordingly, the communications among Defendant and (at the *least*) "'Hypnotic,' 'ToastywiththeMosty,' and 'RevSaysDesu'" (ECF No. 37 at 53) that are specifically about Plaintiff are central, jurisdictional discovery.

The relevant requests, with responses in full, are as follows (*see* Local Rule 37.1):

**Request 7:** "Please provide all written and electronic communications between Jeff Tarzia and other YouTube, Twitch, or social media influencers, streamers, or content creators concerning (1) Mercante; (2) End Kotaku; and (3) the Lawsuit."
    **RESPONSE:** Defendant neither possesses nor controls custody of any responsive documents.

**Requests 38, 39, and 40**: Documents sufficient to identify *["hypnotic" / "ToastywiththeMosty" / RevSaysDesu]* including whether [*hypnotic / ToastywiththeMosty/ RevSaysDesu*] has a New York address (we take this opportunity to note that portions of such information – like the actual home address, as opposed to the state of residence – can be designated confidential).
    **RESPONSE:** Defendant objects to this Request on the ground that it is not calculated to lead to the discovery of admissible evidence as concerns discoverable information bearing on personal jurisdiction. Without waiver of these objections, defendant states that he neither possesses nor controls custody of any responsive documents.

**Requests 41, 42, and 43**: All documents concerning communications with [*Hypnotic / ToastywiththeMosty/ RevSaysDesu*] concerning the Relevant Topics.[2]
    **RESPONSE:** Defendant objects to this Request on the ground that it is not calculated to lead to the discovery of admissible evidence as concerns discoverable information bearing on personal jurisdiction. Without waiver of these objections, defendant states that he neither possesses nor controls custody of any responsive documents.

**Request 44:** All documents concerning communications with any content creator, streamer, or commentator that lives within the geographic confines of the State of New York concerning the Relevant Topics.
    **RESPONSE:** Defendant objects to this Request on the ground that it is not calculated to lead to the discovery of admissible evidence as concerns discoverable information bearing on personal jurisdiction.

---

[2] The Requests defined the "Relevant Topics" as "the Lawsuit, Mercante; End Kotaku; the SmashJT Website, the Tarzia GiveSendGo, KiwiFarms, and any appearances by you on any stream, or appearances by others on your stream."

Page 3 of 6

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com

*See* Ex. 5 at 4-10.

As far as the substance of these responses, at the second meet and confer, Defendant's counsel explicitly stated that the claim Defendant "neither possesses nor controls custody of any responsive documents" was untrue, and in fact, the volume of responsive documents was extraordinary. So the only remaining objections are the assertion that "Defendant objects to this Request on the ground that it is not calculated to lead to the discovery of admissible evidence as concerns discoverable information bearing on personal jurisdiction."

### I. Defendant has not properly stated any objection.

Post-2015, a response must "state objections with specificity (and to clearly indicate whether responsive material is being withheld on the basis of objection)." *Fischer v Forrest*, 2017 US Dist LEXIS 28102, at \*9 (SDNY Feb. 28, 2017) (warning, "[f]rom now own," failure to meet that floor "will be deemed a waiver of all objections (except as to privilege)"). The same amendments also make clear "meaningless boilerplate" objections are prohibited: Statements that (for example) requests are "overly broad and unduly burdensome" that do not explain bother to answer, "Why is it burdensome? How is it overly broad?," and therefore amount to "language [that] tells the Court [and Plaintiff] nothing." *Id.* at \*8.

The Responses here are, if anything, *less* detailed than the examples Judge Peck discusses in *Fischer* beginning with the statement "Let us count the ways defendants have violated the Rules." *Id*. Particularly given that Judge Brodie explicitly directed discovery into "the extent of Defendant's relationship with New York-based content creators, including, but not limited to, 'Hypnotic,' 'ToastywiththeMosty,' and 'RevSaysDesu'" (ECF No. 37 at 53), it is hard to see how a request seeking exactly that is somehow "not calculated to lead to the discovery of admissible evidence as concerns discoverable information bearing on personal jurisdiction." More, what Defendant asserts is not even the standard: Whether something is "likely to lead to the discovery of relevant, admissible evidence" was "deleted … language from Rule 26(b)(1), and lawyers need to remove it from their jargon." *Fischer*, US Dist LEXIS 28102, at \*7.

Since there is nothing in Defendant's objections but "meaningless boilerplate," Defendant's single sentence objection should be "deemed a waiver of all objections (except as to privilege)." *Id.* at 8-9.[3]

### II. Communications with New York-based content creators are exactly what Judge Brodie ordered discovery on.

Even if the Court were to consider the "not calculated to lead to the discovery of admissible evidence," Defendant's responses fail. First, they fail because a mere objection to broad phrasing does not allow wholesale withholding: "An objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C).

---

[3] At the second meet and confer, even following transmission of Ex. 5, Plaintiff raised this issue, and Defendant asserted the objections were well-stated.

COHEN&GREEN    Page 4 of 6

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



More to the point, communications concerning the Relevant Topics[4] are exactly what Judge Brodie ordered. Defendant has unique access to documents that show whether there is "some level of cooperation and/or collaboration such that the nondomicilary requested the performance of those activities in New York to sustain her allegation that Defendant directed New York-based agents to amplify his statements." ECF No. 37 at 46 (cleaned up). And those documents are communications on the Relevant Topics.

Again, as of today, Defendant has not produced even a *single* communication. And he agreed there was an impasse, standing on a purely boilerplate — and legally out of date — objection. There is no reason to hold off on compelling production of all communications on the Relevant Topics. Plaintiff has been seeking these documents since August, and still does not have a single one. It is time to compel production.

### III. The Court should award mandatory Rule 37 fees.

Rule 37 provides that "if a motion to compel is granted, 'or if the disclosure or requested discovery is provided after the motion was filed — the court **must** . . . award reasonable motion expenses incurred in making the motion.'" *Underdog Trucking, L.L.C. v. Verizon Servs. Corp.*, 273 F.R.D. 372, 377 (S.D.N.Y. 2011) (quoting Fed. R. Civ. P. 37) (emphasis added in *Underdog*). There are narrow exceptions to that rule when the movant doesn't meet and confer (37(a)(5)(A)(i)), where the non-disclosure is "substantially justified" ((A)(ii)), or where other circumstances make a mandatory award "unjust" ((A)(iii)).

Here, it is hard to see how any of those apply. Judge Brodie ordered discovery specifically on "the extent of Defendant's relationship with New York-based content creators, including, but not limited to, 'Hypnotic,' 'ToastywiththeMosty,' and 'RevSaysDesu.'" ECF No. 37 at 53. That includes communications. And while Defendant plans to produce something eventually (long after responses were due), he has been clear he intends to only produce a very limited subset of communications — based on objections the caselaw says are not well-articulated.

Accordingly, fees for this motion should be awarded.

### Conclusion

As set out above, the Court should order Defendant to produce all communications sought in the Requests above (as limited to relevant documents by the Requests themselves), in very short order. And the Court should award fees, since Defendant's refusal to produce those documents is not substantially justified.

As always, we thank the Court for its time and consideration.

---

[4] Because the Requests are limited by either the "Relevant Topics" or the three topics listed in Request 7, there is no suggestion that the Requests seek non-discoverable documents.

COHEN&GREEN    Page 5 of 6

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



                                                          Respectfully submitted,

                                                              /s/
                                                        _____

                                                      J. Remy Green
                                                          *Honorific/Pronouns: Mx., they/their/them*
                                                      **COHEN&GREEN P.L.L.C.**
                                                      *Attorneys for Plaintiff*
                                                     1639 Centre St., Suite 216
                                                     Ridgewood, New York 11385

Enclosures.

cc:
All relevant parties by electronic filing.

COHEN&GREEN    Page 6 of 6

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com