IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALYSSA MERCANTE,<br><br>*Plaintiff*,<br><br>-against-<br><br>JEFF TARZIA,<br><br>*Defendant*. | Plaintiff's First Set of<br>Written Discovery to Defendant<br><br>Case No. 1:24-cv-08471-MKB |

**PLAINTIFF'S FIRST SET OF WRITTEN DISCOVERY TO DEFENDANT**

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure ("Federal Rules") and Local Rules 26.2 and 26.3 of this Court ("Local Rule" or "Local Rules"), Plaintiff serves this Request for Production on Defendant, Jeff Tarzia, by and through Defendant's attorney, Ronald D. Coleman.

The requested items are to be produced for inspection and copying at 1700 Broadway, 16th Floor, New York, New York 10019 within 30 days after service of this request. An electronic copy of the documents produced will suffice, and abrogates any need for physical production.

**INSTRUCTIONS**

1. Furnish all information available to you, including information in the possession, custody, or control of your attorneys, accountants, investigators, experts, representatives, or other agents.

2. If you claim any ambiguity, vagueness, or overbreadth in interpreting an interrogatory or any applicable definition or instruction, respond to the portion you deem appropriately specific and broad, and set forth in a part of your written response the specific language you deem to be vague or ambiguous or overbroad.

3. If the answer to all or any part of an interrogatory is not presently known or available, include a statement to that effect and furnish any information currently known or available and a description of the source of information that was once known or available which could have been used to respond to the interrogatory.

4. Produce all documents described, in their entirety, along with any attachments, drafts, and non-identical copies.

5. If any responsive document has been lost, destroyed, or is otherwise unavailable, provide:

   A. The name(s) and title(s) of the person(s) who searched for the document.

   B. A statement of the specific efforts made by that person to locate the document, and the locations searched.

   C. A statement upon actual knowledge, or upon information and belief, concerning what happened to the document, or a statement that the person has no explanation for its non-existence.

   D. The specific expected chain of custody of the document from the time of its creation to its expected storage place. If the specific chain of custody is unknown, provide the customary chain of custody for a document of its type.

   E. If the document was destroyed, the date of destruction, as well as the relevant Retention Schedule, Records Disposition Request, and/or Record Disposal Application concerning the document.

6. If you withhold any document(s) or information by reason of a claim of privilege, state with specificity the information required by Local Civil Rule 26.2. Assertions of privilege made without an appropriately fulsome statement pursuant to Local Civil Rule 26.2 will be considered non-responsive.

7. Pursuant to Fed. R. Civ. P. 33(b), the interrogatories must be answered by the party to whom they are directed (in the case of the City of New York, by any officer or agent of the City of New York); each interrogatory must be answered separately and fully in writing under oath; and the person who makes the answers must sign them.

8. These requests and interrogatories are continuing. If at any time after service of answers hereto, and prior to the trial of this action, Defendants obtain or become aware of additional

information pertaining to any of these requests, the disclosure of which may be required pursuant to Rule 26(e) of the Federal Rules, Defendant shall, within 30 days, and in no event later than five days before trial, serve upon the undersigned supplemental sworn written answers setting forth such additional information.

9. To the extent any Request is overlapping, Defendant may simply identify where the requested information has already been produced by Bates number.

## DEFINITIONS

The following definitions apply to the requests as well as Defendant's responses to such requests:

(1)     All Local Civil Rule 26.3 definitions and rules of construction are incorporated by reference.

(2)     Any capitalized term not otherwise defined herein shall have the meaning assigned to it in the Second Amended Complaint.

(3)     For the absence of doubt, "Document" (as defined in Local Civil Rule 26.3) should be understood to include — among other things — emails, direct messages, Discord messages, text messages, mail, or recordings of phone or video calls.

(4)     "End Kotaku" refers to the course of action that includes Defendant's "Kotaku Detected" page, Defendant's "End Kotaku" page, and all efforts made by Defendant related to the goals expressed therein concerning Kotaku.

(5)     "Personal Knowledge" with respect to a condition, event, or fact is defined as knowledge derived from first-hand observation of or other direct knowledge of the condition, event, or fact.

(6)     "Personal Knowledge" with respect to the actions or conduct of a particular person is defined as first-hand observation of that person, as distinguished from (a) first-hand observation

of a group of persons in or around the person's general vicinity, and (b) information relayed by another member of the NYPD or any other third party.

(7) "Lawsuit" refers to this case, and its subject, the issues raised by both parties herein, and the like.

(8) "Tarzia GiveSendGo" refers to the GiveSendGo page titled "Smash JT Defense Fund" currently available at https://www.givesendgo.com/smashjt-defense-fund and any other documents, actions, or other matters concerning the same.

(9) "KiwiFarms" refers to the website located at kiwifarms.net.

(10) "SuperChat" refers to the feature on a streaming platform, like YouTube, that allows viewers to pay to have their comments highlighted during a stream.

(11) "SmashJT Website" refers to the website located at http://www.SmashJT.com

(12) "Paywall" refers to any feature of a website that requires some payment before content can be viewed.

## REQUEST FOR PRODUCTION

1. Please provide copies of all documents identified in response to the interrogatories below.

2. Please provide any documents you have authored, received, or otherwise have custody of concerning "Kotaku Detected."

3. Please provide any documents you have authored, received, or otherwise have custody of concerning the Lawsuit.

4. Please provide all documents concerning Jordon Nowotny between March 1, 2024, and the present, including especially communications between you and Nowotny.

5. Please provide all documents concerning your SuperChat earnings. Plaintiff will accept as sufficient to answer this request any document(s) that breaks out SuperChat earnings on a per-stream basis.

6. Please provide full resolution video of all YouTube shorts, reels, streams, or other online video communications that have featured Jeff Tarzia concerning Alyssa Mercante or the subject of the Lawsuit.

7. Please provide all written and electronic communications between Jeff Tarzia and other YouTube, Twitch, or social media influencers, streamers, or content creators concerning (1) Mercante; (2) End Kotaku; and (3) the Lawsuit.

8. Please provide documents concerning KiwiFarms, including especially communications between you and any member of KiwiFarms.

9. Please provide all ChatGPT, Claude.ai, or other large language model prompts submitted by Jeff Tarzia or someone on his behalf between March 1, 2024, to present, concerning (1) Mercante; (2) End Kotaku; and (3) the Lawsuit.

10.	Please provide all records of financial transactions from GiveSendGo that concern the Lawsuit.

11.	Please provide all records of income from your YouTube channel from March 1, 2024, to present.

12.	Please provide all records of income from the SmashJT Website from March 1, 2024 to present.

13.	Please provide all documents concerning Paywall revenue concerning the SmashJT Website, with sufficient information to determine the state from which any revenue originated.

14.	Please provide all records of any income from any other source from March 1, 2024, to present.

15.	Please provide all written and electronic communications between you and any persons who have consulted with you regarding your social media presence and strategy as concerns (1) Mercante; (2) End Kotaku; and (3) the Lawsuit

16.	Please provide all written and electronic communications between you and any persons, other than attorneys or experts retained by your attorneys, who have consulted with you regarding this lawsuit and legal strategy.

17.	Please provide all documents you were referring to as "pro[of]" in SmashJT, *I need money, I just do*, YOUTUBE, at 02:17:41- 02:20:07 (July 16, 2025).[1]

18.	Please provide all documents concerning the subject matter of personal jurisdiction and your counsel's disclosed advice that summoning someone "across the country ... happens all the time." SmashJT, *Ron Coleman Joins to talk Alyssa Mercante Lawsuit*, YOUTUBE, at 0:17:22 (Jan. 20, 2025), *available at* https://www.youtube.com/watch?v=aNQhNYAHHw4&t=1s.

---

[1] TARZIA (reading and responding): "'He decided to inflame his base even further by claiming that Mercante had come forward, stating that she used to be a sex worker sucking dicks for money before working at Kotaku.' She did, and we have the tweets to prove it. 'These statements were false.' No they're not, and we have the tweets to prove it."

19.     Please provide all documents concerning the subject matter of your counsel's disclosed advice and disclosed "opinion" that "he felt like there was something greater at play here" and that "they have nothing here." SmashJT, *JT Live Black Girl Gamers on the attack (...again)*, YOUTUBE, at 0:23:42-00:25:05 (Dec. 14, 2024).

20.     Please provide all documents concerning the subject matter of your counsel's disclosed advice that "he thinks this is gonna get tossed out." SmashJT, *JT Live Black Girl Gamers on the attack (...again)*, YOUTUBE, at 01:42:46-01:43:30 (Dec. 14, 2024).

21.     Please provide all documents concerning the subject matter of possible defenses to the lawsuit you might raise, assembled by you or your counsel for use in drafting any present or future contemplated defensive filings.

22.     Produce all documents Defendant intends to use at any deposition in this case, including for impeachment or demonstrative purposes.

23.     Produce all documents Defendant intends to use at the time of trial, including for impeachment or demonstrative purposes.

## WRITTEN INTERROGATORIES TO DEFENDANT

1. Identify any information known to you prior to March 30, 2024, on which you based either of the statements concerning Alyssa Mercante at issue in the defamation claim, if any.

2. Identify all evidence you believe constitutes the "pro[of]" referenced in your livestream of July 16, 2025 titled "I need money, I just do" between 02:17:41:08 and 02:20:06:17.

3. Identify any information you have shared regarding Alyssa Mercante with any person known to you to be an account holder on the forums at KiwiFarms.

4. Identify all persons whom you have hosted on your YouTube channel to discuss Alyssa Mercante since March 1, 2024.

5. Identify all persons on whose social media platforms you have appeared where Alyssa Mercante was discussed since March 1, 2024.

6. Identify all persons, other than attorneys or experts retained by your attorneys, with whom you have discussed Alyssa Mercante, in public or private, since March 1, 2024.

7. Identify all of your monetized videos or social media posts concerning Alyssa Mercante, this litigation or any subject concerning this litigation, and identify the amount any income from those posts or videos, since March 1, 2024.

8. Identify what internal metrics or software you use to track income and profitability from your social media endeavors.

9. Identify any persons, other than attorneys or experts retained by your attorney, who has consulted with you regarding your social media presence and strategy.

10. Identify any corporations, limited liability companies, partnerships, or other corporate entities associated with any of your social media ventures, in which you are a manager or own a stake.

11. If you have made a transfer or sale of property in excess of $5,000.00 since March 1, 2024, describe the transfer or sale, including the person to whom the sale or transfer was made, the fair market value of the property (as you understood it at the time), and the sales price thereof, if any.

Yours, &c.,

**COHEN&GREEN P.L.L.C.**
J. Remy Green
1639 Centre St., Suite 216
Ridgewood, New York 11385
t: (929) 888-9480

**KAMERMAN, UNCYK, SONIKER, & KLEIN, PC**
Lane A. Haygood
1700 Broadway, 16th Floor
New York, New York 10019
Tel. 646.845.6085