IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **ALYSSA MERCANTE,** *Plaintiff*,<br><br>-against-<br><br>**JEFF TARZIA,** *Defendant*. | **Plaintiff's First Set of Written Discovery to Defendant**<br><br>Case No. 1:24-cv-08471-MKB |

### PLAINTIFF'S JURISDICTIONAL DISCOVERY TO DEFENDANT

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure ("Federal Rules") and Local Rules 26.2 and 26.3 of this Court ("Local Rule" or "Local Rules"), Plaintiff serves this Request for Production on Defendant, Jeff Tarzia, by and through Defendant's attorney, Ronald D. Coleman.

This request for production includes the specific numbered requests ("the requests") contained in the section entitled "Request for Production" which is attached hereto and incorporated herein for all purposes.

The requested items are to be produced for inspection and copying at 1700 Broadway, 16th Floor, New York, New York 10019 within 30 days after service of this request. An electronic copy of the documents produced will suffice, and abrogates any need for physical production.

### INSTRUCTIONS

1. Furnish all information available to you, including information in the possession, custody, or control of your attorneys, accountants, investigators, experts, representatives, or other agents.

2. If you claim any ambiguity, vagueness, or overbreadth in interpreting an interrogatory or any applicable definition or instruction, respond to the portion you deem appropriately specific and broad, and set forth in a part of your written response the specific language you deem to be vague or ambiguous or overbroad.

3. Produce all documents described, in their entirety, along with any attachments, drafts, and non-identical copies.

4. If any responsive document has been lost, destroyed, or is otherwise unavailable, provide:

   A. The name(s) and title(s) of the person(s) who searched for the document.

   B. A statement of the specific efforts made by that person to locate the document, and the locations searched.

   C. A statement upon actual knowledge, or upon information and belief ,concerning what happened to the document, or a statement that the person has no explanation for its non-existence.

   D. The specific expected chain of custody of the document from the time of its creation to its expected storage place. If the specific chain of custody is unknown, provide the customary chain of custody for a document of its type.

   E. If the document was destroyed, the date of destruction, as well as the relevant Retention Schedule, Records Disposition Request, and/or Record Disposal Application concerning the document.

5. If you withhold any document(s) or information by reason of a claim of privilege, state with specificity the information required by Local Civil Rule 26.2. Assertions of privilege made without an appropriately fulsome statement pursuant to Local Civil Rule 26.2 will be considered non-responsive.

6. These requests are continuing. If at any time after service of answers hereto, and prior to the trial of this action, Defendants obtain or become aware of additional information pertaining to any of these requests, the disclosure of which may be required pursuant to Rule 26(e) of the Federal Rules, Defendant shall, within 30 days, and in no event later than five days before trial, serve upon the undersigned supplemental sworn written answers setting forth such additional information.

7. To the extent any Request is overlapping, Defendant may simply identify where the requested information has already been produced by Bates number.

## DEFINITIONS

The following definitions apply to the requests as well as Defendant's responses to such requests:

(1) All Local Civil Rule 26.3 definitions and rules of construction are incorporated by reference.

(2) Any capitalized term not otherwise defined herein shall have the meaning assigned to it in the Second Amended Complaint.

(3) For the absence of doubt, "Document" (as defined in Local Civil Rule 26.3) should be understood to include — among other things — emails, direct messages, Discord messages, text messages, mail, or recordings of phone or video calls.

(4) "End Kotaku" refers to the course of action that includes Defendant's "Kotaku Detected" page, Defendant's "End Kotaku" page, and all efforts made by Defendant related to the goals expressed therein concerning Kotaku.

(5) "Personal Knowledge" with respect to a condition, event, or fact is defined as knowledge derived from first-hand observation of or other direct knowledge of the condition, event, or fact.

(6) "Personal Knowledge" with respect to the actions or conduct of a particular person is defined as first-hand observation of that person, as distinguished from (a) first-hand observation of a group of persons in or around the person's general vicinity, and (b) information relayed by another member of the NYPD or any other third party.

(7) "Tarzia GiveSendGo" refers to the GiveSendGo page titled "Smash JT Defense Fund" currently available at https://www.givesendgo.com/smashjt-defense-fund and any other documents, actions, or other matters concerning the same.

(8) "KiwiFarms" refers to the website located at kiwifarms.net.

(9) "Paywall" refers to any feature of a website that requires some payment before content can be viewed.

(10) "SuperChat" refers to the feature on a streaming platform, like YouTube, that allows viewers to pay to have their comments highlighted during a stream.

(11) "Lawsuit" refers to this case, and its subject, the issues raised by both parties herein and the like.

(12) "SmashJT Website" refers to the website located at http://www.SmashJT.com

(13)    The "Relevant Topics" are:  the Lawsuit, Mercante; End Kotaku; the SmashJT Website, the Tarzia GiveSendGo, KiwiFarms, and any appearances by you on any stream, or appearances by others on your stream.

## REQUEST FOR PRODUCTION

Please produce the following:

24. All documents concerning your ownership and management of the SmashJT Website, including, but not limited to, documents concerning purchase of to domain, document that show when you utilized Wix to set up your website, including any documentation for anyone who performed contract or free labor in assisting you in setting up or maintaining the website.

25. A copy of your website's code, including any interactive elements.

26. All documents concerning purchases or uses of the SmashJT Website by location, including potentially:

    a. Server logs for the SmashJT web site showing, in particular, any users who log in from an IP address located within the State of New York.

    b. Documents concerning which products offered for sale on your website or a platform you control that were directed to or shipped to an address in the State of New York.

27. Server logs for your Discord web server showing, in particular, any users who log in from an IP address located within the State of New York.

28. Any document, including bank statements, reflecting payments to or from a New York resident, concerning any of your activities on X, YouTube, the SmashJT Website, and the like.

29. Any tax document filed with a state or federal taxing authority showing income earned from the State of New York.

30. Any tax document filed with a state or federal taxing authority showing business expenses from a company or individual located within the State of New York.

31. All documents concerning communications with Kotaku.

32. All documents concerning your sources of income, including any income from the State of New York.

33. Documents, including contracts, with any Internet service provider, social media website, forum, or other entity with whom you maintain an account that generates any income, including, but not limited to, YouTube, Twitch, Discord, Twitter, Gab, Telegram, or otherwise.

34. Documents reflecting any subscription, on any platform, by another to your content, including, but not limited to, Wix, YouTube (including SuperChats), Patreon, Twitch, Discord, or any other interactive website, from any user with an IP address within the State of New York.

35. To the extent not covered by Request 10, all information concerning SuperChat donations.

36. Documents sufficient to show the identity and location of all donors to your GiveSendGo, GoFundMe, or any other crowdfunding platforms, including any donations or gifts from persons located within the State of New York or who list New York as their state of residence.

37. Documents sufficient to show any private gifts in excess of $100 given to you for legal fees or anything related to this lawsuit from any person located within the State of New York or that has their official residence within the State of New York.

38. Documents sufficient to identify "hypnotic," including whether hypnotic has a New York address (we take this opportunity to note that portions of such information – like the actual home address, as opposed to the state of residence – can be designated confidential).

39. Documents sufficient to identify "ToastywiththeMosty" including whether ToastywiththeMosty has a New York address.

40. Documents sufficient to identify RevSaysDesu including whether RevSaysDesu has a New York address.

41. All documents concerning communications with Hypnotic concerning the Relevant Topics.

42. All documents concerning communications with Toastywiththemosty concerning the Relevant Topics.

43. All documents concerning communications with RevSaysDesu concerning the Relevant Topics.

44. All documents concerning communications with any content creator, streamer, or commentator that lives within the geographic confines of the State of New York concerning the Relevant Topics.

45. All documents concerning any revenue sharing agreements between you and any New York-based content creators, including, but not limited to, hypnotic, Toastywiththemosty, and/or RevSaysDesu.

46. Documents concerning any travel by you, to New York, for personal or business purposes from January 1, 2024, until the present, including, but not limited to, plane tickets, hotel reservations, dining receipts, or receipts for the purchases of goods.

47. Documents concerning any podcasts, YouTube channels, TikTok videos, Facebook/Instagram Reels, or similar online services on which you appeared

  which were done with any person, whether the host of the service or not, within the geographic confines of the State of New York.

48. Documents concerning other content creator (or the like) who is or may be a New York resident who has appeared on any podcasts, YouTube channels, TikTok videos, Facebook/Instagram Reels, or similar online services that you hosted.

DATED: November 26, 2025
    Odessa, Texas

                 /s/ Lane Haygood
                 **Lane A. Haygood**
                 **KAMERMAN, UNCYK, SONIKER & KLEIN, PC**
                 1700 Broadway, 16th Floor
                 New York, New York 10019
                 646.845.6085
                 lhaygood@kusklaw.com

                 **Remy Green**
                 **COHEN & GREEN, PLLC**
                 1639 Center Street, Suite 216
                 Ridgewood, New York 11385
                 929.888.940
                 remy@femmelaw.com