

COHEN&GREEN

December 11, 2025

Hon. Margo K. Brodie, U.S.D.J.
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn New York 11201

By Electronic Filing.

**Re:    Mercante v. Tarzia, 24-cv-08471**

Dear Ron:

Thank you for the productive meet and confer the other day.  As we discussed, this letter is to formally follow up on the deficiencies in Defendant's Nov. 25, 2025 Responses to Stipulated Subset of Plaintiff's First Set of Written Discovery ("2025-11-25 Initial Responses," responding to the "Initial Requests") and December 10, 2025 Responses to Plaintiff's First Set of Supplemental Written Discovery ("2025-12-10 Supplemental Responses," responding to the Supplemental Requests") (collectively, the "Responses" responding to, collectively, the "Requests").

Per your request, this letter formally sets out the major issues — without any intention to be completely exhaustive — with the Responses.  As we discussed, our position is that the Responses have not yet gotten to what I would call the "ground floor" of discovery:  They produce a single document each, do not articulate objections properly, and assert documents do not exist in circumstances where they demonstrably do (as well as in circumstances where it is implausible documents do not exist).

As we discussed, we expect a revised set of responses, and a more complete attempt to actually produce documents.  We hope we are able to avoid motion practice (and the accompanying request for mandatory Rule 37 fees).

**Brief Background**

By way of brief table setting, as we both know well, the Court directed specific discuovery on the issue of jurisdiction "to determine:

(1)  Defendant's SmashJT Website's interactivity and business conducted within New York and with New York residents;

(2)  Defendant's revenue generated through the SmashJT Website, in terms of subscriptions from New York residents;

(3)  the extent of Defendant's relationship with New York-based content creators, including, but not limited to, 'Hypnotic,' 'ToastywiththeMosty,' and 'RevSaysDesu'; and



(4) any further connections Defendant, the SmashJT Website, the SmashJT Twitter, and the SmashJT YouTube have with New York and New York residents."

ECF No. 37 at 53-54 (spacing added). The Initial Requests were crafted for merits discovery, so we agreed to narrow those to specified items; meanwhile, the Supplemental Requests were drafted after ECF No. 37, so they targeted the four subject areas the Court spelled out.

The 2025-11-25 Initial Responses attached a single document and contained boilerplate objections. That single document was a cut-off spreadsheet of the GiveSendGo donors, with half the pages being completely unusable because of the scaling of printing to PDF:

| Donation I[ | Giver Name | Amount | Date | Payment P | Campaign ' | Net Donati |
|---|---|---|---|---|---|---|
| [redacted] | | | | | | |

* * *

[redacted]

Since then — and we appreciate it — you have produced a .CSV that makes this document usable, although (as discussed below), it appears this has omitted the only information that could be used to figure out States for donations: the email addresses.

We met and conferred on December 10, 2025 for a little over a half an hour, and discussed that you would update your responses to better comply with the 2015 Amendments (discussed below), and would attempt to produce more documents but asked for this letter. Accordingly, this letter follows.

**Deficiencies.**

As at the meet and confer itself, after a brief discussion of the 2015 amendments, we think the best approach here is to go through the Responses one by one. Nothing below is intended to



suggest these are the *sole* deficiencies or waive the right to move on different issues.  As I said above, our view is that we are still getting to ground level as far as the Responses go — and we cannot evaluate objections when they are pure boilerplate.

## I.   The Objections do not Comply with the 2015 Amendments.

As we discussed, and as I laid out in a deficiency email before this, none of Defendant's objections are properly stated.  As such, they are nullities.

None of the burden (or other) objections comply with the 2015 Amendments.  Post-2015, a response must "state objections with specificity (and to clearly indicate whether responsive material is being withheld on the basis of objection)."  *Fischer v Forrest*, 2017 US Dist LEXIS 28102, at *9 (SDNY Feb. 28, 2017) (warning, "[f]rom now own," failure to meet that floor "will be deemed a waiver of all objections (except as to privilege)").

The same amendments also make clear "meaningless boilerplate" objections are prohibited:  Statements that (for example) requests are "overly broad and unduly burdensome" that do not explain bother to answer, "Why is it burdensome? How is it overly broad?," and therefore amount to "language [that] tells the Court [and Plaintiff] nothing".  *Id.* at *8.

Any quick example shows this:  Consider, as an illustration, the response to Request 35, seeking "all information concerning SuperChat donations."  The Response, in full, reads:

> "**RESPONSE:** Defendant objects to this Request on the ground that it is not calculated to lead to the discovery of admissible evidence as concerns discoverable information bearing on personal jurisdiction and on the grounds that it is excessively broad and unduly burdensome."

2025-12-10 Supplemental Responses at 5.  But "[w]hy is it burdensome? How is it overly broad?" *Fischer,* US Dist LEXIS 28102, at *8.  The Court ordered, specifically, discovery on "connections … the SmashJT YouTube have with New York and New York residents," and information about income from SuperChats is just that.  More, the response does not say what information is being withheld (which, as we discussed, may be the actual issue; more on that below).  The Response here is, if anything, *less* detailed than the examples Judge Peck discusses in *Fischer* beginning with the statement "Let us count the ways defendants have violated the Rules."

The other objections are the same.  No objection in the Responses actually provides an explanation for how any Request is burdensome.  And particularly given that Defendant has produced, literally, *two* documents, burden objections would need to be fairly extraordinary not to yield in the face of the need the Court already found.

Accordingly, we expect an update of the kind Judge Peck describes in *Fischer*; Responses that:

> "• State grounds for objections with specificity;
> • An objection must state whether any responsive materials are being withheld on the basis

 Page 3 of 11

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



of that objection; and

• Specify the time for production and, if a rolling production, when production will begin and when it will be concluded."

*Id.* at *2.

## II. Specific Responses:

As noted above, beyond the failure to properly state objections, the Responses substantively are deficient — which, of course, is not a surprise given the simple fact that Defendant has only produced two documents. All of the below we discussed at the meet and confer, and frankly, largely seemed to agree on. Again, none of this is intended to limit future disputes, just to get us to ground level.

**Request 7:** "Please provide all written and electronic communications between Jeff Tarzia and other YouTube, Twitch, or social media influencers, streamers, or content creators concerning (1) Mercante; (2) End Kotaku; and (3) the Lawsuit."

**RESPONSE:** Defendant neither possesses nor controls custody of any responsive documents.

As I said in my December 3, 2025 email, the 2025-11-25 Initial Responses incorrectly responded to Request 8,[1] not Request 7.[2] So, a supplemental, corrected response is necessary.

I will also note that it appears there were more incorrect responses, and that is addressed below.

**Request 9:** Please provide all ChatGPT, Claude.ai, or other large language model prompts submitted by Jeff Tarzia or someone on his behalf between March 1, 2024, to present, concerning (1) Mercante; (2) End Kotaku; and (3) the Lawsuit.

**RESPONSE:** Responsive documents, designated as confidential, are served herewith.

Defendant transposed Request 9 with Request 10.[3] So, a supplemental, corrected response is necessary.

---

[1] "Please provide documents concerning KiwiFarms, including especially communications between you and any member of KiwiFarms."

[2] As quoted in the 2025-11-25 Initial Responses: "Please provide documents concerning KiwiFarms, including especially communications between you and any member of KiwiFarms [as concerns discoverable information bearing on personal jurisdiction]."

[3] As quoted in the 2025-11-25 Initial Responses: "Please provide all records of financial transactions from GiveSendGo that concern the Lawsuit [as concerns discoverable information bearing on personal jurisdiction]."



Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



**Request 10:**  Please provide all records of financial transactions from GiveSendGo that concern the Lawsuit.

> **RESPONSE:**  Responsive documents, designated as confidential, are served herewith.[4]

As noted above, given the information available, we believe the email field was either not included in the data generation or removed from the CSV manually after generation.  Either way, because there is no other location information, that data is necessary to get at what the Court was concerned with. We have no objection to designating such information Attorneys' Eyes Only or something similar.

**Request 11:**  Please provide all records of income from your YouTube channel from March 1, 2024, to present.

> **RESPONSE:**  Defendant neither possesses nor controls custody of any responsive documents because YouTube does not provide users with a breakdown of income by state of origin.[5]

As we discussed, it is not true to say there are no responsive documents, because the request does not only seek documents if they have a "state of origin" based breakdown.

 Moreover, even that assertion appears to be untrue.  As I said in my December 3, 2025 email, YouTube's API explicitly says users can filter revenue by state, using the "province_code" dimension (which provides "The U.S. state or territory associated with the metrics in the report row").  *See*  https://developers.google.com/youtube/reporting/v1/reports/dimensions#Geographic_Dimensions.

Accordingly, a ground level response is required, even if "state of origin" is not specified — and state of origin even appears to be available regardless.

**Request 12:** Please provide all records of income from the SmashJT Website from March 1, 2024 to present.

> **RESPONSE:**  Defendant neither possesses nor controls custody of any responsive documents.[6]

This appears to simply be false.  Obviously, there are income records for the Website.  And, as you said (quite rightly) during the meet and confer, judges tend to say something like:  "If you can press a button, you have to do it."  More, even if the assertion were similar to the one in Request 11, Wix at least tracks *traffic* by location. *See* https://support.wix.com/en/article/wix-analytics-about-your-traffic-reports.  But if that becomes the assertion in an updated response, we can deal with it then.

---

[4] Technically given to a request numbered 9, though quoting 10.
[5] Technically given to a request numbered 10, though quoting 11.
[6] Technically given to a request numbered 11, though quoting 12.



Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com




**Request 13:** Please provide all documents concerning Paywall revenue concerning the SmashJT Website, with sufficient information to determine the state from which any revenue originated.

> **RESPONSE:** Defendant neither possesses nor controls custody of any responsive documents and is unaware of whether or not the payment processor collects such information.[7]

Again, this is simply not true: Defendant obviously has revenue records for payments *to him*, for *his website's Paywall.* And such payment records would include — since they are by credit card — a state of origin. If the user-facing information omits that, please simply let us know and we can serve a subpoena (as I offered in my December 3, 2025 email).

This is a core part of what the Court ordered as well: It specified that discovery must cover "Defendant's revenue generated through the SmashJT Website, in terms of subscriptions from New York residents." ECF No. 37 at 53-54. To claim Defendant does not have these records with no explanation at all of the investigation done is simply not a good faith effort by your client to look into this request.

**Request 14:[8]** Please provide all records of any income from any other source from March 1, 2024, to present.

> **RESPONSE:** Defendant objects to this Request on the ground that it is not calculated to lead to the discovery of admissible evidence as concerns discoverable information bearing on personal jurisdiction.[9]

This boilerplate is insufficient and — as we discussed — wrong on its merits. One of the major pieces this covers is SuperChats. As we discussed at the meet and confer, the first step here is likely for you to let us know what payment processer Defendant uses for SuperChats. That does not cover — and we do not intend to waive — anything from other sources of income, and we do expect a complete response.

As far as SuperChats, while we object in principle to having to spell out exactly how to collect information, as a practical matter, we can do that. So, as agreed, let us know what payment processor, and we can confirm from their materials that revenue and state of residence information can be exported.

**Request 24:** All documents concerning your ownership and management of the SmashJT Website, including, but not limited to, documents concerning purchase of the domain, document that show

---

[7] Technically given to a request numbered 12, though quoting 13.

[8] We discussed Request 15 as Request 14, even though Request 15 was omitted from what we agreed would be relevant the Initial Requests. From our perspective, that decision was because we were more precise in seeking a subset of the documents in the Supplemental Requests. Accordingly, the discussion below as to the relevant Requests incorporates what we talked about as "Request 14" (meaning Request 15).

[9] Technically given to a request numbered 13, though quoting 14.


Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



when you utilized Wix to set up your website, including any documentation for anyone who performed contract or free labor in assisting you in setting up or maintaining the website.

> **RESPONSE:** Defendant objects to this Request on the ground that it is not calculated to lead to the discovery of admissible evidence as concerns discoverable information bearing on personal jurisdiction. Without waiver of these objections, defendant states that he neither possesses nor controls custody of any responsive documents.

As we discussed, one of the major topics the Court ordered discovery on was essentially everything having to do with the SmashJT website. And "likely to lead to the discovery of relevant, admissible evidence" was "deleted … language from Rule 26(b)(1), and lawyers need to remove it from their jargon." *Fischer,* US Dist LEXIS 28102, at *7. Plus, the objection is boilerplate.

Regardless, there is clearly at least *something* responsive here within Defendant's control, and given the Court's direction on the scope of discovery, this is core material that should be produced.

**Request 26:** All documents concerning purchases or uses of the SmashJT Website by location, including potentially: a. Server logs for the SmashJT web site showing, in particular, any users who log in from an IP address located within the State of New York. b. Documents concerning which products offered for sale on your website or a platform you control that were directed to or shipped to an address in the State of New York

> **RESPONSE:** Defendant neither possesses nor controls custody of any responsive documents.

This response is clearly just untrue. The SmashJT website has a store:



Clearly, there are records of sales from that store. Likewise, some articles are paywalled. Clearly


Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com




there are records of payments to get past that paywall.  I don't see how the response here that "Defendant neither possesses nor controls custody of any responsive documents" could be in good faith.

**Request 27:** Server logs for your Discord web server showing, in particular, any users who log in from an IP address located within the State of New York.

>  **RESPONSE:**  Defendant neither possesses nor controls custody of any responsive documents.

While we may disagree whether it is true that Defendant does not possess these records, we agreed Plaintiff will simply serve a subpoena on this point.

Discord asks for a So Ordered subpoena, so we will prepare one and draft a joint request to So Order it.[10]

**Request 31:** All documents concerning communications with Kotaku.

>  **RESPONSE:**  Defendant objects to this Request on the ground that it is not calculated to lead to the discovery of admissible evidence as concerns discoverable information bearing on personal jurisdiction. Without waiver of these objections, defendant states that he neither possesses nor controls custody of any responsive documents.

Putting aside the boilerplate, it just does not seem likely there are no documents.  An entire part of Defendant's site is his "Kotaku Detected" project, aimed at getting particular people out of the gaming industry.  It seems unlikely no one has discussed direct communications or demands with Kotaku with Defendant.

**Request 34:** Documents reflecting any subscription, on any platform, by another to your content, including, but not limited to, Wix, YouTube (including SuperChats), Patreon, Twitch, Discord, or any other interactive website, from any user with an IP address within the State of New York.

>  **RESPONSE:**  Defendant objects to this Request on the ground that it is not calculated to lead to the discovery of admissible evidence as concerns discoverable information bearing on personal jurisdiction. Without waiver of these objections, defendant states that he neither possesses nor controls custody of any responsive documents, and he represents that any user agreements between him and such services are the standard online agreements accessible to any person.

Again, putting aside the boilerplate, it is just not true that Defendant does not have access to his own subscriber lists.  We discussed this at the meet and confer, and I think we agreed that

---

[10] We agreed, essentially, to "put a pin in" Requests 28, 29, 30, 32, 33, 36, 37, 47, and 48 given the other outstanding items, to see if they are subsumed in the other documents.



Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



Defendant does have these documents. Subscriber information should be produced. As we discussed, we don't need names if we have state as a field with information; and if that doesn't exist, email addresses can be used to determine state with at least some degree of confidence.

**Request 35:** To the extent not covered by Request 10, all information concerning SuperChat donations.

> **RESPONSE:** Defendant objects to this Request on the ground that it is not calculated to lead to the discovery of admissible evidence as concerns discoverable information bearing on personal jurisdiction and on the grounds that it is excessively broad and unduly burdensome.

While touched on above, this boilerplate is simply misapplied (even if it were permissible). SuperChats are massively interactive, and a major part of the allegations here. Since there is no denial this information exists, it must be produced (and such a denial would be wrong).

**Requests 38, 39, and 40**: Documents sufficient to identify *["hypnotic" / "ToastywiththeMosty" / RevSaysDesu]* including whether [*hypnotic / ToastywiththeMosty/ RevSaysDesu*] has a New York address (we take this opportunity to note that portions of such information – like the actual home address, as opposed to the state of residence – can be designated confidential).

> **RESPONSE:** Defendant objects to this Request on the ground that it is not calculated to lead to the discovery of admissible evidence as concerns discoverable information bearing on personal jurisdiction. Without waiver of these objections, defendant states that he neither possesses nor controls custody of any responsive documents.

First, the improper "admissible evidence" objection (*see Fischer,* US Dist LEXIS 28102, at \*7, discussed above) is obviously misplaced. Item 3 of what the Court specifically ordered discovery on was "the extent of Defendant's relationship with New York-based content creators, including, but not limited to, 'Hypnotic,' 'ToastywiththeMosty,' and 'RevSaysDesu.'" ECF No. 37 at 53-54. And Defendant has not produced even a single document that connects with that subject.

Second, the claim Defendant does not have responsive documents is specious. As we even detailed in the operative complaint, Hypnotic literally opened a package from Defendant on stream. Hypnotic (@hypnoticmanga), A Subscriber Sent Me This AWESOME Package From COMIC Con, August 8, 2024, https://www.tiktok.com/@hypnoticmanga/video/7398700460145708331 (last accessed April 17, 2025); *see* SAC ¶¶ 38-45.

It is also just implausible Defendant has no records whatsoever that reflect the identities of these "content creators."

**Requests 41, 42, and 43**: All documents concerning communications with [*Hypnotic / ToastywiththeMosty/ RevSaysDesu]* concerning the Relevant Topics.



Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com




**RESPONSE:** Defendant objects to this Request on the ground that it is not calculated to lead to the discovery of admissible evidence as concerns discoverable information bearing on personal jurisdiction. Without waiver of these objections, defendant states that he neither possesses nor controls custody of any responsive documents.

Just as above, the improper "admissible evidence" objection (*see Fischer,* US Dist LEXIS 28102, at *7, discussed above) is obviously misplaced.  Put simply, the Court ordered discovery specifically into "***the extent of Defendant's relationship*** with New York-based content creators, including, but not limited to, 'Hypnotic,' 'ToastywiththeMosty,' and 'RevSaysDesu.'"  ECF No. 37 at 53-54 (emphasis added).  Communications with those creators obviously qualify.

The claim there are no documents here is even more incredible than any of the others.  Defendant has repeatedly discussed the fact that he communicates with these content creators; *see, e.g.,* https://x.com/SmashJT/status/1958447749093007411?s=20 ("Just wanted to say thanks to @RealHypnotic1 for the banger art & advice to help with my scheduling").  We know, for example, there is an X group chat. And Jeff has been a "permanent member" of Hypnotic's panel show "Saturday Night Hypnosis" since August 6, 2024, see https://x.com/RealHypnotic1/status/1820883173363908738 ("Happy to announce the newest permanent member to the Saturday Night Hypnosis Panel will be none other than **the bane of Kotaku himself** @SmashJT. Starting later this month SmashJT will be joining the panel in a weekly basis to discuss the nonsense of the week in gaming, pop culture, movies and TV") (emphasis added), and in that capacity, has discussed Plaintiff. See https://x.com/RealHypnotic1/status/1839874179241259088 ("Tomorrow on 9/28/2024 at 8pm EST we will have none other than @TheLegalMindset joining Saturday Night Hypnosis for what I am sure will be a epic discussion as we talk about the lawsuit with @SmashJT and other topics."). At our meet and confer, I believe we reached an understanding that Defendant needs to make a production in response to this Request.

**Request 44:** All documents concerning communications with any content creator, streamer, or commentator that lives within the geographic confines of the State of New York concerning the Relevant Topics.

**RESPONSE:** Defendant objects to this Request on the ground that it is not calculated to lead to the discovery of admissible evidence as concerns discoverable information bearing on personal jurisdiction.

Just as above, the improper "admissible evidence" objection (*see Fischer,* US Dist LEXIS 28102, at *7, discussed above) is obviously misplaced.  And as noted above, the Court specifically ordered discovery specifically into "the extent of Defendant's relationship with New York-based content creators, ***including, but not limited to***, 'Hypnotic,' 'ToastywiththeMosty,' and 'RevSaysDesu.'" ECF No. 37 at 53-54 (emphasis added).  Communications with any other New York based creator accordingly and obviously qualify.

I believe we reached an understanding that the request is not overbroad at the meet and confer,



Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



when I pointed out that it is limited to communications "concerning the Relevant Topics," and with people that "live[] within … New York."

**Request 46:** All documents concerning any revenue sharing agreements between you and any New Yorkbased content creators, including, but not limited to, hypnotic, Toastywiththemosty, and/or RevSaysDesu.

> **RESPONSE:** Defendant objects to this Request on the ground that it is not calculated to lead to the discovery of admissible evidence as concerns discoverable information bearing on personal jurisdiction. Without waiver of these objections, defendant states that no such documents exist.

As we discussed at the meet and confer, and clarified, this Request does not just seek formal agreements, but — as an illustrative example — things like a text message saying "come on my stream and we'll share the gift subs" or "if we do a stream together, we can split the SuperChats." With that understanding, we understand you will be doing a new collection search.

### Conclusion

As we discussed at the meet and confer, we understand we will get a 2015 Amendment update on Wednesday, December 17, 2025.  We also need a date for production, which we would expect to be in that 2015 Amendment update.  *See, e.g., Fischer*, US Dist LEXIS 28102, at *7 (a proper response must "[s]pecify the time for production and, if a rolling production, when production will begin and when it will be concluded.").   But to the extent your plan is not to specify in the December 17 update, please give us a date to expect the updated actual production.

Yours, &c.,

/s/
_____

J. Remy Green
  *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiff*
1639 Centre St., Suite 216
Ridgewood, New York 11385



Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com