

January 5, 2026

Hon. Lara K. Eshkenazi, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

By Electronic Filing.

      Re:     <u>Mercante v. Tarzia</u>, 24-cv-08471

Dear Judge Eshkenazi:

      As the Court may recall, my firm, with co-counsel, represents Plaintiff in the case above. I write regarding the pending motion at ECF No. 40 — filed just over two weeks ago — to provide two notes/updates.

      First, the motion was filed December 19, 2025. Accordingly, any opposition needed to be filed "within three (3) days"[1] and was due Monday, December 22, 2025. Individual Practice Rules of Magistrate Judge Lara K. Eshkenazi § III(B)(2). Defendant's counsel has not reached out to us to ask for any extension (which we would have agreed to), and at the December 19, 2025 meet and confer discussed in ECF No. 40, we discussed the fact that Plaintiff would be filing the motion immediately. Accordingly, Defendant has defaulted on the motion.

      Second, while during the Friday, December 19, 2025, Defendant's counsel represented that Defendant would be producing some very limited communications "over the weekend or on Monday," December 22, 2025, ***Defendant has still not produced a single communication***.[2] That is, Defendant has not produced any emails, direct messages, texts, or anything of the kind, or any other document that even arguably bears on "the extent of Defendant's relationship with New York-based content creators, including, but not limited to, 'Hypnotic,' 'ToastywiththeMosty,' and

---

[1] The Court's Individual Rules specify "business days" elsewhere, *see, e.g.,* §§ I(A)(2) and III(A)(2), but specifically use calendar "days" and specifies that is "unless a motion for additional time is granted" in § III(B)(2). But even if the time were in business days, the deadline was Monday, December 29, 2025, and it has been a week since that extended deadline expired too.

[2] Plaintiff has produced some limited sales data in the past two weeks. But otherwise, he has largely failed to produce documents or information agreed upon (like, e.g., the name of his provider for so called "SuperChat" revenues, so Plaintiff can research and provide instructions for him on how to collect data about such income; or like 2015 Amendment compliant, non-boilerplate formal responses). As noted in ECF No. 40, that motion was made "to keep jurisdictional discovery moving," though other issues were outstanding. In the interest of transparency, while Plaintiff intends to follow up with Plaintiff on these outstanding issues, barring a stipulation on jurisdiction, it does appear another motion will be necessary on non-communication documents as well.

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t: (929) 888.9480 · f: (929) 888.9457 · FemmeLaw.com



'RevSaysDesu,'" notwithstanding Judge Brodie's order directing discovery on precisely that subject. ECF No. 37 at 53.

      Given these two facts, with less than a month left in jurisdictional discovery (*see* Dec. 11, 2025 Minute Order), the Court should grant the motion in full — including the request for Rule 37 fees and costs — as unopposed, since even with a grant of the motion, Defendant presumably still needs some time to collect and produce documents, and Plaintiff needs time to review that production and make sure production is complete.

      As always, we thank the Court for its time and consideration.

      Respectfully submitted,

      /s/
      _____

J. Remy Green
    *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiff*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

Page 2 of 2

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t: (929) 888.9480 · f: (929) 888.9457 · FemmeLaw.com