

January 9, 2026

Hon. Lara K. Eshkenazi, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

By Electronic Filing.

        Re:      Mercante v. Tarzia, 24-cv-08471

Dear Judge Eshkenazi:

        As the Court may recall, my firm, with co-counsel, represents Plaintiff in the case above. After receiving Defendant's late response (ECF No. 42) to the motion at ECF No. 40, Plaintiff seeks "leave of Court" to file a brief reply. *See* Individual Practice Rules of Magistrate Judge Lara K. Eshkenazi § III(B)(2). The proposed reply is below the break, while an explanation for why Plaintiff seeks leave follows.

        As noted below, in Defendant's formal responses, he said "Defendant neither possesses nor controls custody of any responsive documents." ECF No. 40 at 3. Now, he admits, "his communications with these people … are extremely voluminous." ECF No. 42 at 3. Additionally, though Defendant represented previously "he still intended to make some supplemental production" of communications — albeit "a 'very limited subset' of what exists" — he now seeks the Court's approval to renege on that commitment and produce no communications at all. Beyond that, while Plaintiff cites production of non-communication documents made *after* the motion was submitted,[1] those (1) have nothing to do with communications and do not remotely touch on Topic (3) in Judge Brodie's Order and (2) as explained in a second deficiency letter about those documents (that predates the opposition) — attached as **Exhibit 1** — Defendant appears to misunderstand what it is he has produced. *See* Ex. 1 at 3.

        Thus, we note that the need to reply in this fashion is caused by Defendant's refusal to comply with the 2015 Amendments and serve non-boilerplate (and corrected to account for what they now admit are false) discovery responses. Those amendments were specifically enacted to:

> "end the confusion that frequently arises when a producing party states several objections and still produces information, leaving the requesting party uncertain whether any relevant and responsive information has been withheld on the basis of the objections."

---

[1] *But see, e.g.*, Fed. R. Civ. P. 37(a)(5)(A) (the Court "must" award costs when "the disclosure or requested discovery is provided after *the motion was filed*") (emphasis added).



Fed. R. Civ. P. 34(b)(2)(C) (Advisory Committee's 2015 Amendment Notes).  So, Plaintiff should be permitted to reply — to the extent the Court does not disregard the opposition as untimely — so she has the opportunity to address what Plaintiff only now says are his **real** objections.  Moreover, Defendant has shifted the ground with his opposition, and misrepresented the state of further production.  These all add up to good cause for the Court to permit a reply.

\* \* \* \* \*

*First*, again, Defendant **has not produced a single communication**.  The opposition does not suggest he has collected or reviewed documents to determine whether they are responsive.  All the oppositition says is Defendant has, apparently without any review, "represented to me that no communications **appear** to be responsive to **a properly-tailored understanding** of the Court's order."  ECF No. 42 at 4.  But what "appear" and "properly-tailored" mean is not explained, nor is the claim that something need be responsive to "the Court's order," rather than specific Requests.  The Requests seek communications on specific topics, and there is no serious dispute those exist.

*Second*, and relatedly, even the single, unpublished, Connecticut case Defendant cites as "instructive" says an utter failure to produce is unacceptable.  ECF No. 42 at 3, *citing Marsteller v. Butterfield 8 Stamford LLC*, No. 3:14CV01371(AWT), 2017 U.S. Dist. LEXIS 194482 (D. Conn. Nov. 27, 2017).  So, as noted just above, Defendant seems to admit communications on relevant topics *must* be produced — and they have not.  Unlike the requesting party in *Marsteller*, Plaintiff has not in any way sought "direct access to [Plaintiff's] social media accounts."  2017 U.S. Dist. LEXIS 194482 at *8.  So, even searching unpublished, out of district cases, Defendant could only find a case that **ordered produced exactly what Plaintiff seeks here**: "Communications, including, but not limited to, emails, text messages, regarding or relating to the Incident as alleged in the Complaint."  *Id.* at *10.[2]  Plus, Defendant's bizarre[3] "representation … that no communications or other produceable materials appear to be responsive to a properly-tailored understanding of the Court's order" is neither what his actual objection says nor supported by his case, given that the Court there overruled exactly such an objection.  ECF No. 42 at 4.  And given that the sole case Defendant cites supports production — and he does not otherwise address Rule 37 fees — he seems to concede such fees are mandatory.

---

[2] Defendant appears to misread the decision there.  Apart from block quoting the irrelevant discussion of direct access to social media, he notes that the producing party there — as Defendant here — claimed "she never 'posted anything relevant to her employment or the allegations in her Complaint.'"  ECF No. 42 at 4.  And Defendant seemingly takes that to mean the Court denied production on that basis.  But the Court did the opposite:  It ordered production and did not accept at face value the producing party's self-serving "representation … that no communications or other produceable materials appear to be responsive to a properly-tailored understanding of the Court's order."  ECF No. 42 at 4.

[3] Given counsel's seeming admission that Defendant — in accusing **Plaintiff** of delaying discovery — was "was fibbing and misleading his followers" (Ex. 1 at 1), combined with the clear misrepresentations that no documents existed in the formal responses, it is at least curious that counsel appears willing to take this declaration at face value.



*Third,* Defendant's formal responses say, "Defendant neither possesses nor controls custody of any responsive documents."  ECF No. 40 at 3.  Defendant now admits that these responses are false:  "Mr. Tarzia informs me that all his communications with these people … are extremely voluminous."  ECF No. 42 at 3.  These false statements in discovery are concerning on their own, but are also complicated by Defendant's utter failure to follow the Federal Rules.  *See generally,* ECF No. 40 at 4, *discussing Fischer v Forrest*, 2017 US Dist LEXIS 28102, at *9 (SDNY Feb. 28, 2017).  And accordingly, Defendant offers no reason for the Court to even consider the newly asserted objections in the opposition.  Rather, the failure to follow the 2015 amendments should "be deemed a waiver of all objections (except as to privilege)," particularly given Plaintiff's attempts to resolve this issue without motion practice.  *Fischer,* 2017 US Dist LEXIS 28102, at *9.

*Fourth*, Defendant does not address his failure to produce documents about the addresses of other content creators at all.  *See* ECF No. 40 at 3, *citing* Request Nos. 38, 39, and 40.  As shown in the deficiency letter attached to the motion, there is video where one of the content creators named in Judge Brodie's Order opens a package sent by Defendant, showing definitively Defendant has that content creator's address in documents — like Amazon shipping history — he controls.  ECF No. 40-5 at 9.  The failure to respond at all to these requests is impossible to justify, and Defendant does not attempt to do so.

*Fifth*, Defendant does not even nominally dispute that his opposition is untimely.  Nor does he provide any basis for its untimeliness.  The Court specifically "directed" Defendant "to respond to Plaintiff's … [ECF No.] 41 Status Letter," which (among other things) noted that opposition was untimely and asked the Court to grant the underlying motion as unopposed.  So, that "failure to respond to Plaintiff's substantial argument can be taken as a concession" (*Gallagher v NY State Bd. of Elections*, 2020 US Dist LEXIS 138219, at *63, n 4 (SDNY Aug. 3, 2020)), and the Court should grant the motion as unopposed.

*Last,* despite Defendant's implicit suggestion otherwise, "discovery obligations … should not be measured in the number of pages produced."  *Martinez v City of NY*, 2018 US Dist LEXIS 13409, at *96 (EDNY Jan. 24, 2018).  And the attempt to use the unnecessarily inefficient production of public source code — something produceable with literally two clicks[4] — aand other incomplete-but

---

[4] To obtain the "1,103 pages of website code" as produced by Defendant, one need only right click on his homepage, and then print to pdf — so the suggestion there was even a nominal burden to producing these "1,103 pages" is misguided:




Moreover, the as-produced version is not the full, back-end source code necessary to evaluate website interactivity (*see* Ex. 1 at 4), and Defendant fails to account for his failure to produce that code.

COHEN&GREEN                                                                                                    Page 3 of 4

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



designed-to-balloon-page-number items (such as a spreadsheet inexplicably produced as a many-page, partially-unusable PDF) as evidence Defendant has produced substantial discovery is misguided.  Plus, as Plaintiff discussed in a letter Defendant fails to address, Defendant's post-motion productions do not actually contain what he says they do, and are woefully incomplete even on their own terms.  *See* Ex. 1 at 3.  The completeness of responses to *different requests* will be addressed in a separate motion, but is not ripe for resolution here.

       As always, we thank the Court for its time and consideration.

                                             Respectfully submitted,

                                             /s/
                                    _____

                                  J. Remy Green
                                      *Honorific/Pronouns: Mx., they/their/them*
                                  **COHEN&GREEN P.L.L.C.**
                                  *Attorneys for Plaintiff*
                                  1639 Centre St., Suite 216
                                  Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

Page 4 of 4

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com