# COHEN & GREEN

January 7, 2026

Ronald D. Coleman
**COLEMAN LAW FIRM, P.C**.
50 Park Place, Suite 1105
Newark, NJ 07102
973-264-9611

<u>By Electronic Mail</u>

    Re: <u>Mercante v. Tarzia</u>, 24-cv-08471

Dear Ron:

  While our meetings have, consistently, seemed productive, the substantive discovery that follows has been sorely lacking. Accordingly, this letter is to set out the significant areas of deficiency — areas we have largely agreed are deficient when we have talked — that remain and that will need to be addressed in motion practice if they are not cured.

  Obviously, for context, this letter should be read in conjunction with our December 10, 2025 letter (now at ECF No. 40-5, the "First Deficiency Letter") — and does not address the matters already teed up with the Court in ECF No. 40. We use the capitalized terms defined therein below.

  As we discussed in our last meeting, we are at an impasse if Defendant does not cure these deficiencies. And it is a significant problem for us that your client continues to publicly pretend that it is not *him* that is delaying things. While you were, of course, right that we can (and will) "depose Jeff because he was fibbing and misleading his followers" (if not a direct quote, that is a tight paraphrase), the fact that he is fibbing about this makes it quite hard for us to agree to seek more extensions to *get him*[1] the time you apparently need to convince him to comply with basic discovery obligations.

    \*   \*   \*   \*   \*

  Before we get started, however, we would be remiss not to note that we do not need to be having these fights (at least, not as such). Personal jurisdiction is waivable. The Court found "Plaintiff has pleaded a 'sufficient start' to establishing personal jurisdiction," and accordingly directed discovery. ECF No. 37 at 52.

  If Defendant does not want that discovery — and that would include, for example, us not receiving the material Discord will produce very shortly now that our subpoena has been served —

---

[1] We note that you said you now had the "keys to the kingdom" on YouTube and the like, and that likely covers the limited productions we've received — but as set out below, those remain incomplete too.



***he can just say so***.  And given that all that happens if Defendant wins on jurisdiction is that we re-file in California, and Defendant has to hire a local lawyer in addition to you, this seems silly.  Particularly so given that he has publicly stated he's out of money (at least from the GiveSendGo) to pay lawyers.  And it is clear Defendant is having significant trouble complying with discovery obligations, including in missing basic deadlines to oppose a motion to compel and needing our help to understand how to find his own documents.

In short, we can skip all this and save everyone money, including the money your client would have to spend on a California lawyer if he wins on jurisdiction:  We can just agree that this issue is resolved, and the Court can move on to the merits of the substantive motion to dismiss, and we can return to the limited discovery we agreed to do while the motion to dismiss was pending.  Just say the word.

### Ongoing Deficiencies.

As set out below, Defendant's Responses remain wildly deficient.  Many requests still do not have even a single responsive document produced.  Meanwhile, others are woefully incomplete.  And because of Defendant's utter failure to comply with the Federal Rules (and specifically the 2015 Amendments), it remains a mystery what Defendant is withholding, why he is withholding it, and what he is or plans to produce and when.

1. **The Responses fail to comply with the Rules and the 2015 Amendments.**

As we have said many times, none of the burden (or other) objections comply with the 2015 Amendments.  Post-2015, a response must "state objections with specificity (and to clearly indicate whether responsive material is being withheld on the basis of objection)."  *Fischer v Forrest*, 2017 US Dist LEXIS 28102, at *9 (SDNY Feb. 28, 2017) (warning, "[f]rom now own," failure to meet that floor "will be deemed a waiver of all objections (except as to privilege)").

Nor do they "state whether any responsive materials are being withheld on the basis of [any asserted] objection."  *Id.* at *2.  And they utterly fail to "[s]pecify the time for production and, if a rolling production, when production will begin and when it will be concluded" — which is crucial because a production *has* been rolling.  *Id.*

The failure to heed the "discovery wake-up call to the Bar" many judges have issued since the 2015 Amendments is inexplicable.  *Id.*  Responses are intended to clarify, not obscure, what discovery is taking place.  The single sentence of boilerplate that each Response offers is inadequate for that purpose, and needs to be fixed.  At the first meet and confer you agreed to do this, but seemed to walk that commitment back at the second meet and confer.

If Defendant is genuinely refusing to simply follow the Federal Rules, we have an impasse and will move.

2. **For Request 9, Defendant has not produced a single document or even served a boilerplate Response to the relevant request.**





As noted in the First Deficiency letter, among many transposition errors (leading to responses to the wrong requests), "Defendant transposed Request 9 with Request 10." First Deficiency Letter at 4. Despite that clear mistake, Defendant has not attempted to cure the error. Accordingly, objections are waived, since no objection was ever made to this Request. Full production is required. We will move absent an immediate production.

**3.    For Request 10, Defendant has failed to provide the update on GiveSendGo he promised.**

At our first (December 10th) meet and confer, you agreed to let us know whether Defendant would object to producing emails as part of the GiveSendGo data set when we noted that Defendant had silently removed that information from the spreadsheet without any indication (whether by redaction or in the formal Responses). *See also,* First Deficiency Letter at 5.

Extremely problematically, there is nothing in the Responses that "clearly indicate[s that] responsive material is being withheld on the basis of the objection." *Fischer*, 2017 US Dist LEXIS 28102, at *2. Yet, it appears we agree it was withheld.

Defendant must provide the position he promised. And, given that there is no other way to get at location, we would strongly urge you to produce email addresses, so we *can* get at location — the subject Judge Brodie said we are meant to be investigating. We are accordingly at an impasse and will move absent an immediate production.

**4.    For Requests 11, 12, 13, 24, 26, and 34, Defendant's production is incomplete.**

We note, and appreciate, that Defendant has now made *some* productions on these items. But — again — extremely problematically, there is nothing in the Responses that "clearly indicate[s that] responsive material is being withheld on the basis of the objection." *Fischer*, 2017 US Dist LEXIS 28102, at *2. And material has clearly been withheld.[2]

For example, you produced three spreadsheets of Google analytics data which purport to represent Defendant's YouTube revenue by state; these spreadsheets are entitled "Channel Analytics - Transaction revenue by Geography 2024.xlsx," "Channel Analytics - Transaction revenue by Geography 2025.xlsx," and "Channel Analytics - Transaction Revenue by State.xlsx." The names of these files do not accurately represent their contents. The two "Transaction Revenue by Geography" spreadsheets each contain two worksheets, one of which shows **views**, **watch hours**, and **subscribers** by state for the relevant time period, and one of which shows revenue received **by day** for the relevant time period. The "Transaction Revenue by State" spreadsheet also contains two worksheets, the first of which again shows views, watch hours, and subscribers by state, but this

---

[2] We take this opportunity to note that Defendant's Responses for virtually all of these say something to the effect of "Defendant neither possesses nor controls custody of any responsive documents." Obviously, given the production, Defendant's statement in that regard was false. Discovery responses are signed with a duty of candor. These obvious falsities are troubling.

COHEN&GREEN    Page 3 of 5

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



time the second worksheet shows revenue received **per year**. None of these three spreadsheets provides information responsive to the request for revenue received by state. But they do appear to confirm that information would be available and should be produced.

5.   **For Requests 14[3] and 35, Defendant has made no production, and failed to provide the information you requested so we could help you do your job.**

As discussed in the First Deficiency Letter (at 6 and at 9), Requests 14 and 35 seek, among other things, documents concerning so-called "SuperChat" donations. Again, "[a]s we discussed at the [first] meet and confer, the first step here is likely for you to let us know what payment processer Defendant uses for SuperChats." First Deficiency Letter at 6.

While Defendant promised to provide that information so that, as you put it, we could "explain to Jeff" how to get this information given his assertion he could not obtain it. We offered, despite not having the obligation to do this, to draft essentially a walkthrough. Despite that, you still have not identified the payment processor.

So, as of now, the current response to requests for information about SuperChats is a single sentence articulating a long out of date discovery standard with no specifics. As set out above, that is inadequate to state an objection in the first instance, and absurd as applied to the SuperChats.

Defendant must produce these records. We have offered to help — even though a party is responsible for being able to manage his own records — and that offer has been ignored. We are accordingly at an impasse and will move absent an immediate production.

6.   **For Request 25, production is incomplete.**

To date, Defendant has produced only a copy of his website's *public* source code. This code, which is available to anyone who simply chooses the "view source" option available through their web browser, controls how the website's content is parsed and displayed to the end user. It does not control the back-end functions of the website which go directly to the interactivity elements relevant to establishing jurisdiction. Please provide the *back-end* source code for Defendant's website.

7.   **For Request 46, production is incomplete.**

As we discussed in the first meet and confer, "this Request does not just seek formal agreements, but — as an illustrative example — things like a text message saying 'come on my stream and we'll share the gift subs' or 'if we do a stream together, we can split the SuperChats.'" First Deficiency Letter at 11. And in that meet and confer and in the First Deficiency Letter, the mutual understanding was "you will be doing a new collection search" for responsive records.

---

[3] Additionally, because of the failure to follow the Federal Rules, it is unclear if there is additional responsive material being withheld for Request 14. That needs to be cured as well.

COHEN&GREEN   Page 4 of 5

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



That has not happened.  We are accordingly at an impasse and will move absent an immediate production.

### Conclusion

Discovery has been languishing because of Defendant's general refusal to participate in good faith.  We have bent over backwards to try to help, explaining in detail why obvious falsehoods were false, and giving you the tools — in your words — to "push back" against such falsehoods with your client.  And rather than working with us, your client has tried to publicly attack our client for being accommodating of these delays.  You (that is, the lawyer) may be comfortable just writing that off as "fibbing" to fool his followers, but those admitted "fib[s]" make it very hard to do what we've been doing:  Not just *consent* to extensions, but do the legwork of getting them so *you* get more time.

We should not be having to send a second formal deficiency letter just to get Rule-compliant responses and basic productions.  At this stage, we should know what you are withholding and why.  We do not.  And that is a problem because we cannot decide to move to compel specific documents (or not) without knowing what it is you are withholding.  The entire purpose of the changes made in 2015 was to "end the confusion that frequently arises when a producing party states several objections and still produces information, **leaving the requesting party uncertain whether any relevant and responsive information has been withheld on the basis of the objections**."  Fed. R. Civ. P. 34(b)(2)(C) (Advisory Committee's 2015 Amendment Notes) (emphasis added).  That is, a producing part "does need to alert other parties to the fact that documents have been withheld and thereby facilitate an informed discussion of the objection."  *Id.*

This is a last request to cure these issues.  We will make a motion if we do not receive a formal set of proper responses and a production by Friday, January 9, 2026.

                                                                Yours, &c.,

                                                                  /s/
                                                    _____

                                                    J. Remy Green
                                                        *Honorific/Pronouns: Mx., they/their/them*
                                                  **COHEN&GREEN P.L.L.C.**
                                                  *Attorneys for Plaintiff*
                                                  1639 Centre St., Suite 216
                                                  Ridgewood, New York 11385