

January 12, 2026

Hon. Lara K. Eshkenazi, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

By Electronic Filing.

          Re:     Mercante v. Tarzia, 24-cv-08471

Dear Judge Eshkenazi:

      As the Court may recall, my firm, with co-counsel, represents Plaintiff in the case above. Pursuant to the Court's Rule III(B), I write to move to compel discovery.[1]

      As set out below, Defendant's approach to discovery has largely been to stonewall: One request does not even *have* a response, others have been met with a single sentence of boilerplate and no production at all, and still others have responses Defendant has admitted are false. Most critically, Defendant's responses utterly fail to "alert other parties to the fact that documents have been withheld and thereby facilitate an informed discussion of the objection," if there even is an objection. Fed. R. Civ. P. 34(b)(2)(C) (Advisory Committee's 2015 Amendment Notes). The problem in that regard has been amplified because Defendant has admitted his responses were largely filled with false statements no responsive documents exist.

      With the impending close of jurisdictional discovery (*see* n. 1 below), Plaintiff moves now to compel what should be baseline discovery in any federal case, along with mandatory fees. And as noted at the end of the letter, Plaintiff believes a teleconference may be productive in terms of figuring out what is going wrong on discovery in this case.

### Relevant Background and Procedural History

      As set out in the narrow, communication/content creator-specific discovery motion at ECF

---

[1] Plaintiff takes this opportunity to apologize for what may seem to be a flurry of letters. As the Court likely knows, Judge Brodie set a total of 45 days for jurisdictional discovery, and the parties have already doubled that with a first extension. While Plaintiff made a narrower motion to compel on December 19, 2025, because Defendant failed to file a timely opposition, that motion was only fully briefed last Friday — about a month after it was made. As things stand, the current close of jurisdictional discovery is set for February 2, 2026 — less than a month away. Dec. 11, 2025 Minute Order. And because this motion gets at ground level discovery issues, and resolution does require meaningful production (and quite possibly further discussion of objections, given the 2015 Amendment issues) delaying it any more at this point appears unwise.



No. 40,[2] made in part to get *something* moving, Plaintiff has served two different sets of discovery requests. *See* ECF Nos. 40-1 and 40-2. Defendant formally responded to both. *See* ECF Nos. 40-3 and 40-4. After Defendant initially produced only two documents, he has since produced a limited set of sales data spreadsheets, but nothing beyond that. Plaintiff has sent two formal deficiency letters. *See* ECF Nos. 40-5 and 43-1. Defendant has not formally responded to either. Plaintiff has also conducted two thorough meet and confers with Defendant's counsel.

As relevant here, in the first meet and confer, Defendant agreed to produce "a 2015 Amendment update" to his formal responses "on Wednesday, December 17, 2025." ECF No. 40-5 at 11. Presumably, that promised update would have made his objections more than a single sentence of boilerplate and cured the misnumbering issues and failure to answer-type issues. However, Defendant failed to produce that "update." At the second meet and confer, Defendant "walk[ed] that commitment back," now taking the position a single sentence of boilerplate was a sufficient response under the 2015 Amendments. ECF No. 43-1 at 2. Obviously, it is not.

Accordingly, Plaintiff followed up formally — asking Defendant to comply with what the Rules set as a clear baseline — saying she would "make a motion if [she did] not receive a formal set of proper responses and a production by Friday, January 9, 2026." She also asked Defendant to produce documents where he was clearly silently or improperly withholding them by the same date. This motion follows a failure to respond to that letter at all.

## Discussion[3]

**I. The Court Should Either Direct 2015 Amendment-Compliant Responses or Find Objections Waived and Direct Full Production.**

As discussed in ECF No. 40, post-2015, a response must "state objections with specificity (and to clearly indicate whether responsive material is being withheld on the basis of objection)." *Fischer v Forrest*, 2017 US Dist LEXIS 28102, at *9 (SDNY Feb. 28, 2017) (warning, "[f]rom now own," failure to meet that floor "will be deemed a waiver of all objections (except as to privilege)"). The same amendments also make clear "meaningless boilerplate" objections are prohibited. *Id.* at *8.[4] Here, Defendant's responses fail to meet the baseline standard set by the Rules.

### A. **Defendant's Responses flagrantly violate the Rules.**

The purpose of the 2015 amendments was, in part, to "end the confusion that frequently

---

[2] To avoid duplication, Plaintiff assumes familiarity with the basic background set out in that first letter, and uses the capitalized terms defined therein.
[3] Since the issues with Defendant's responses pervade the objections, Plaintiff has put their full text (see Local Rule 37.1) in an appendix, rather than in line.
[4] Statements that (for example) requests are "overly broad and unduly burdensome" that do not explain bother to answer, "Why is it burdensome? How is it overly broad?," and therefore amount to "language [that] tells the Court [and Plaintiff] nothing." *Id.* at *8.

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t: (929) 888.9480 · f: (929) 888.9457 · FemmeLaw.com



arises" in discovery from responses that "leav[e] the requesting party uncertain whether any relevant and responsive information has been withheld on the basis of the objections," and instead force parties to serve non-boilerplate objections "that facilitate" rather than hinder "an informed discussion of the objection[s]." Fed. R. Civ. P. 34(b)(2)(C) (Advisory Committee's 2015 Amendment Notes).

As with the specific requests identified in ECF No. 40, the Responses here are, if anything, *less* detailed than the examples Judge Peck discussed in "wake up call" in *Fischer* beginning with the statement "Let us count the ways defendants have violated the Rules." *Id.*[5] Just as in *Fischer,* Defendant's objections are pure "meaningless boilerplate" (2017 US Dist LEXIS 28102, at *9), on their face. Even pre-2015, courts were clear "boilerplate objections that include unsubstantiated claims of undue burden, overbreadth and lack of relevancy," while producing "no documents and answer[ing] no interrogatories . . . are a paradigm of discovery abuse." *Jacoby v. Hartford Life & Accident Ins. Co.*, 254 F.R.D. 477, 478 (S.D.N.Y. 2009). Defendant says each Request is overbroad, but does not say how and fails produce any documents.[6] That is insufficient under the Rules. This "meaningless boilerplate" should either be "deemed a waiver of all objections (except as to privilege)," or Defendant should be required to fix it. *Id.* at 8-9.

    B.  **Defendant's Responses contain material he admits is untrue, calling into question other assertions.**

Problematic in a similar way, Defendant's subsequent productions and opposition to ECF No. 40 have made clear the Responses are filled with admittedly false statements.

Without any explanation for how it **could** be true, Defendant initially said that, in essence, he "neither possesses nor controls custody of any responsive documents" for "income from YouTube" (Req. 11); "income from the SmashJT Website" (Req. 12); "Paywall revenue [from] the SmashJT Website" (Req. 13); "documents concerning Defendant's ownership and management of the SmashJT Website" (Req. 24); "purchases or uses of the SmashJT Website" (Req. 26); "documents concerning communications with Kotaku" (Req. 31); "Documents reflecting any subscription, on any platform, by another to your content" (Req. 34); and "documents concerning any revenue sharing agreements between you and any New York based content creators, including, but not limited to, hypnotic, Toastywiththemosty, and/or RevSaysDesu" (Req. 46).

---

[5] Compare one of the example flagrant violations of the Rules in *Fischer*:
  "<u>Response:</u> Defendant objects to this Request for Production to the extent that it is overly broad and unduly burdensome, and not likely to lead to the discovery of relevant evidence. Defendant further objects to this Request as it requests information already in Plaintiff's possession. […]
*with* an objections characteristic of Defendant's here, responding to Request 14:
  "<u>Response:</u> Defendant objects to this Request on the ground that it is not calculated to lead to the discovery of admissible evidence as concerns discoverable information bearing on personal jurisdiction.

[6] Defendant's productions, other than the GiveSendGo spreadsheet and source code, have all been to Requests to which he initially claimed not to have any responsive documents.

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



But Defendant subsequently produced, per his own descriptions, "Excel spreadsheets generated by defendant's Google Analytics dashboard" and "Excel spreadsheets generated by defendant's Wix dashboard." ECF No. 42 at 2-3. So, the claim "neither possesses nor controls custody of any responsive documents" for those requests was admittedly false.

Again, the amendments in 2015 were designed to force a producing party to "alert other parties to the fact that documents have been withheld." Fed. R. Civ. P. 34(b)(2)(C) (Advisory Committee's 2015 Amendment Notes). But even now, Defendant has not updated his Responses to clarify whether he is withholding additional documents. And many of the Defendant's other statements that there are no responsive documents are suspect, bordering on absurd: He obviously has, for example, "Documents reflecting any subscription, on any platform, by another to [his] content" as well as informal if not formal (e.g., in a text message or the like, *see* ECF No. 43-1 at 4-5) "revenue sharing agreements," notwithstanding statements otherwise. And it appears he is withholding Google Analytics and Wix documents. *See, e.g.,* ECF No. 43-1 at 3-4. But because his now-admittedly false responses say Defendant does not have any documents, he does not "alert other parties to the fact that documents have been withheld." Fed. R. Civ. P. 34(b)(2)(C) (Advisory Committee's 2015 Amendment Notes).

The Court should require Defendant to actually state whether he is withholding documents, given that his current responses are — he admits —false on that score.

## II. The Court Should Require Defendant to Produce Specific Documents.

While it is hard to have an "informed discussion of [Defendant's] objection[s]" because he has utterly failed to "alert other parties to the fact that documents have been withheld" (Fed. R. Civ. P. 34(b)(2)(C) (Advisory Committee's 2015 Amendment Notes)), there are Requests where more production is facially necessary.

**Request 9**. This request seeks LLM chatbot logs Defendant has made about this case. Given his public use of such bots, it appears likely he has done so on topics related to jurisdiction, and included specific facts to help his evaluation in that regard. Defendant literally has ***not made any objection*** to this Request, even faced with a deficiency letter specifically noting "Defendant has not produced a single document or even served a boilerplate Response to" Request 9. ECF No. 43-1 at 2-3. So, any objection is waived and Defendant should produce.

**Request 10**. This request seeks financial records related to Defendant's "GiveSendGo" fundraiser. One of the two documents Defendant initially produced was a spreadsheet as to the GiveSendGo. But that spreadsheet indicates that — in establishing the GiveSendGo — Defendant turned off the requirement donors give addresses. And despite not indicating that the information was withheld in the Response, Defendant appears to have silently removed email addresses from the document without notice. Given the subsequent history, it does not even appear Defendant disputes he secretly withheld that information. *See, e.g.,* ECF No. 43-1 at 3; ECF No. 40-5 at 5.

At meet and confers, Defendant committed to providing a position on whether he would produce the email addresses — so Plaintiff could use those combined with standard investigatory



tools to fill in location information. Defendant has not provided that position yet, despite multiple requests. With that silence, since Defendant's formal objections do not make any objection whatsoever (not even a boilerplate objection), the Court should order the full information for the GiveSendGo produced.

**Requests 11, 12, 13, 24, 26, and 34.** As detailed in ECF No. 43-1 at 3-4, Defendant's production of various financial information appears to be selective and incomplete. Namely, *revenue* by state is omitted, though viewer numbers and the like by state are included. Such information is available, and Defendant's formal responses currently falsely declare even the documents Defendant produced do not exist. The Court should order full production.

**Requests 14 and 35**. Defendant committed at meet and confers to provide a payment processor name for his "SuperChat" donations — a major part of how he makes money as alleged in the complaint. *See* ECF No. 43-1 at 4; ECF No. 40-5 at 6; at 8-9. But he has been silent since. Defendant's current response is a boilerplate objection. The relevance of SuperChat data does not appear to be disputed (*see, also, e.g.,* ECF No. 13 ¶¶ 103-104; 144; 151; 168; etc.), perhaps because SuperChats are one of the (if not *the*) primary ways streams like Defendant's make money. Plaintiff has made efforts to get basic information to write a walkthrough since Defendant and his counsel claim they "do[] not know how to extract" such data (*cf.* ECF No. 40 at 3). But Defendant has inexplicably failed to respond to Plaintiff's efforts to solve the purported lack of technical know-how. The Court should order production of all this information, since there is no valid objection. Beyond that, Defendant has not stated whether he is withholding documents as to other relevant revenue. The Court should order him to do so.

**Request 25**. Defendant has, as he notes, produced "1,103 pages of [public] website [source] code." ECF No. 42 at 1; *but see, e.g.,* ECF No. 43 at 3 n. 4. But Defendant has not produced the *back end* source code — exclusively in his control — which is what shows the actual mechanics under the hood of the website. And it is that code that a relevant professional would need to "determine … Defendant's SmashJT Website's interactivity." ECF No. 37 at 53. Defendant's formal response says he is producing responsive documents in full. Since Defendant has not objected to producing back end code, the Court should order production.

### III. The Court Should Award Mandatory Rule 37 Fees.

As with the last motion, the Court should award mandatory Rule 37 fees, because there is no substantial justification for a party refusing to say what they are withholding, for secretly withholding records, for not responding to deficiency letters, and so on. *See, e.g., Underdog Trucking, L.L.C. v. Verizon Servs. Corp.*, 273 F.R.D. 372, 377 (S.D.N.Y. 2011).

Since the Court has not ordered specific production yet, the sterner medicine in Rule 37(b)(A)(i) (for example, taking jurisdiction as established) is not yet available, though analogous relief could be granted as an exercise of the Court's inherent authority. But it does appear that Defendant is not interested in participating in discovery in good faith. So, given the impending close of jurisdictional discovery in just over two weeks, a teleconference may help sort out what is going on here, and why it is taking so much work to get to ground level Federal discovery.

COHEN&GREEN    Page 5 of 9

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



    As always, we thank the Court for its time and consideration.

> Respectfully submitted,
> /s/
> _____
> J. Remy Green
>     *Honorific/Pronouns: Mx., they/their/them*
> **COHEN&GREEN P.L.L.C.**
> *Attorneys for Plaintiff*
> 1639 Centre St., Suite 216
> Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

COHEN&GREEN      Page 6 of 9

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



## APPENDIX:  Full Text of Relevant Requests and Objections[7],[8]

**Request 9:**  Please provide all ChatGPT, Claude.ai, or other large language model prompts submitted by Jeff Tarzia or someone on his behalf between March 1, 2024, to present, concerning (1) Mercante; (2) End Kotaku; and (3) the Lawsuit.

    **RESPONSE:** [No Response]

**Request 10:**  Please provide all records of financial transactions from GiveSendGo that concern the Lawsuit.

    **RESPONSE:**  Responsive documents, designated as confidential, are served herewith.[9]

**Request 11:**  Please provide all records of income from your YouTube channel from March 1, 2024, to present.

    **RESPONSE:**  Defendant neither possesses nor controls custody of any responsive documents because YouTube does not provide users with a breakdown of income by state of origin.[10]

**Request 12:** Please provide all records of income from the SmashJT Website from March 1, 2024 to present.

    **RESPONSE:**  Defendant neither possesses nor controls custody of any responsive documents.[11]

**Request 13:** Please provide all documents concerning Paywall revenue concerning the SmashJT Website, with sufficient information to determine the state from which any revenue originated.

    **RESPONSE:**  Defendant neither possesses nor controls custody of any responsive documents and is unaware of whether or not the payment processor collects such information.[12]

---

[7] Where possible, because of misnumbering, Plaintiff has shifted (with specifics noted below) where a response to the wrong numbered request nonetheless addressed an operative request.  But some Requests have no formal response that even arguably applies.

[8] Because Plaintiff has already moved on Requests 7, 38, 39, 40, 41, 42, and 43, she does not repeat them here, but the 2015 Amendment issue discussed above still applies to those requests too.  Plaintiff has also narrowed these requests to the most relevant — but the Court should require full compliance with the Rules for all Requests, particularly in light of the admittedly false statements Defendant made in his Responses.

[9] Technically given to a request numbered 9, though quoting 10.

[10] Technically given to a request numbered 10, though quoting 11.

[11] Technically given to a request numbered 11, though quoting 12.

[12] Technically given to a request numbered 12, though quoting 13.

COHEN&GREEN    Page 7 of 9

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



**Request 14:** Please provide all records of any income from any other source from March 1, 2024, to present.

>**RESPONSE:** Defendant objects to this Request on the ground that it is not calculated to lead to the discovery of admissible evidence as concerns discoverable information bearing on personal jurisdiction.[13]

**Request 24:** All documents concerning your ownership and management of the SmashJT Website, including, but not limited to, documents concerning purchase of the domain, document that show when you utilized Wix to set up your website, including any documentation for anyone who performed contract or free labor in assisting you in setting up or maintaining the website.

>**RESPONSE:** Defendant objects to this Request on the ground that it is not calculated to lead to the discovery of admissible evidence as concerns discoverable information bearing on personal jurisdiction. Without waiver of these objections, defendant states that he neither possesses nor controls custody of any responsive documents.

**Request 25:** A copy of your website's code, including any interactive elements.

>**RESPONSE:** A copy of defendant's website code is served herewith as TARZIA 0055-1103.

**Request 26:** All documents concerning purchases or uses of the SmashJT Website by location, including potentially: a. Server logs for the SmashJT web site showing, in particular, any users who log in from an IP address located within the State of New York. b. Documents concerning which products offered for sale on your website or a platform you control that were directed to or shipped to an address in the State of New York.

>**RESPONSE:** Defendant neither possesses nor controls custody of any responsive documents.

**Request 31:** All documents concerning communications with Kotaku.

>**RESPONSE:** Defendant objects to this Request on the ground that it is not calculated to lead to the discovery of admissible evidence as concerns discoverable information bearing on personal jurisdiction. Without waiver of these objections, defendant states that he neither possesses nor controls custody of any responsive documents.

**Request 34:** Documents reflecting any subscription, on any platform, by another to your content, including, but not limited to, Wix, YouTube (including SuperChats), Patreon, Twitch, Discord, or any other interactive website, from any user with an IP address within the State of New York.

---

[13] Technically given to a request numbered 13, though quoting 14.

    Page 8 of 9

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



**RESPONSE:** Defendant objects to this Request on the ground that it is not calculated to lead to the discovery of admissible evidence as concerns discoverable information bearing on personal jurisdiction. Without waiver of these objections, defendant states that he neither possesses nor controls custody of any responsive documents, and he represents that any user agreements between him and such services are the standard online agreements accessible to any person.

**Request 35:** To the extent not covered by Request 10, all information concerning SuperChat donations.

**RESPONSE:** Defendant objects to this Request on the ground that it is not calculated to lead to the discovery of admissible evidence as concerns discoverable information bearing on personal jurisdiction and on the grounds that it is excessively broad and unduly burdensome.

**Request 46:** All documents concerning any revenue sharing agreements between you and any New York based content creators, including, but not limited to, hypnotic, Toastywiththemosty, and/or RevSaysDesu.

**RESPONSE:** Defendant objects to this Request on the ground that it is not calculated to lead to the discovery of admissible evidence as concerns discoverable information bearing on personal jurisdiction. Without waiver of these objections, defendant states that no such documents exist.

COHEN&GREEN                                                                                    Page 9 of 9

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com