

January 14, 2026

Hon. Lara K. Eshkenazi, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

By Electronic Filing.

Re:    Mercante v. Tarzia, 24-cv-08471

Dear Judge Eshkenazi:

As the Court may recall, my firm, with co-counsel, represents Plaintiff in the case above. I write seeking leave to serve a subpoena by alternative means — specifically, email — on a party whose address Plaintiff does not have.

Asked for a position on this motion, Defendant has stated: "We have no position." Presumably, that means Defendant does not oppose this relief.

In light of potential imminent prejudice and spoliation, Plaintiff asks that the Court grant this motion as soon as possible. In the alternative, Plaintiff asks that the Court expedite decision on so much of the motion at ECF No. 40 that seeks documents with address information for the content creator called "Hypnotic," so she can serve the subpoena the traditional way.

**I. Relevant Context.**

Plaintiff specifically seeks leave to serve a subpoena by email on the content creator named "Hypnotic," about who Judge Brodie specifically directed discovery. Communications with him — as well as documents showing his address — are the subject of the pending motion at ECF No. 40. Because the documents being subpoenaed are identical to documents sought in a pending motion, Plaintiff provides some context.

In short, without having done any back-up of data at any point in this litigation, Defendant apparently fell for a phishing scam and gave a scammer full control of his X/Twitter account (as well as a copy of his driver's license). *See generally,* Jeff Tarzia (@SJT_plus), TWITTER, https://x.com/SJT_plus/status/2011146274607869961?s=20 (Jan. 13, 2026) (last accessed January 14, 2026). This means the phisher now (1) has full control over Defendant's X account and (2) might delete virtually all the communications the pending motion is about. Defendant has also



confirmed that he did not do *any* export of X/Twitter data, at any point.[1]

To that end, I should note that, had Defendant's *actual* response at the meet and confers been to say that he didn't know how to export messages from Twitter/X, I could and would have provided a tutorial — much as we did for other issues where Defendant falsely claimed he did not have access to documents he did. Unfortunately, Defendant served now-admitted-to-be-false formal responses saying no documents existed — and counsel did not raise any purported difficulty in exporting messages in either of two meet and confers, or in response to formal and informal deficiency communications.

Also of note, Defendant has confirmed "all his communications with these people have been through direct messages on X.com, and that these are extremely voluminous." ECF No. 42 at 3. So the loss of those communications will prejudice Plaintiff severely and dramatically, since it seems there is no other way to get at one of four topics Judge Brodie directed jurisdictional discovery about: "the extent of Defendant's relationship with New York-based content creators, including, but not limited to, 'Hypnotic,' 'ToastywiththeMosty,' and 'RevSaysDesu.'" ECF No. 37 at 53.[2]

## II. The Court Should Allow Email Service of a Subpoena.

The Court has the power to permit service by a wide variety of means — and most Courts have concluded that email to a reliable address is permissible under Fed. R. Civ. P. 4 and CPLR 308. For subpoenas, under Rule 45, the relevant text is that "serving a subpoena requires *delivering* a

---

[1] In emails, Defendant claimed that neither he nor his lawyer "know how to do a mass export from an X account," and though counsel "searched," he "didn't find the answer." That claim is suspect. A quick search turns up an easy, plain-language walkthrough from X/Twitter itself. *See* How to access your X data, X (accessed Jan. 14, 2026), available at https://help.x.com/en/managing-your-account/accessing-your-x-data. It instructs:

> "If you are logged into X on the web, you can also:
> 1. Click or tap **More** in the main navigation menu to the left of your timeline.
> 2. Select **Settings and privacy**.
> 3. Choose **Your account**.
> 4. Select **Download an archive of your data**.
> 5. Confirm your password, then select **Request archive**."

(bold in original). Having done such exports before in quite a few cases, I can confirm the process is genuinely that simple — and frankly, the claim that, given the baseline duty to have relevant technical knowhow, the claim that an experienced lawyer litigating countless social media-related cases does not know how to do such a simple task done in countless social media-related cases (and did not find these instructions while searching) is not believable. But this is an issue to address if spoliation ultimately needs to be litigated — something this motion seeks to avoid as much as possible.

[2] Plaintiff has physical addresses for "ToastywiththeMosty" and "RevSaysDesu" and sent out subponeas under Rule 45 for service.



Page 2 of 4

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



copy to the named person." Fed. R. Civ. P. 45(b)(1) (emphasis added); *compare contra*, Fed. R. Civ. P. 4(e)(2) (requiring "delivering a copy of the summons and of the complaint to the individual ***personally***") (emphasis added).

Thus, "district courts in recent years have authorized alternative service that is reasonably designed to ensure that a witness actually receives a subpoena." *SEC v Pence*, 322 FRD 450, 454 (SDNY 2017) (collecting cases). To take advantage of such service, "courts typically require a party seeking leave to serve by alternative means to demonstrate a prior diligent attempts to personally serve before permitting substituted service under Rule 45." *Id.* (cleaned up), *quoting Kenyon v Simon & Schuster, Inc.*, 2016 US Dist LEXIS 140917, at *9 (SDNY Oct. 11, 2016). Part of the more modern trend is guided by Rule 1's command to ensure efficient processing of cases, without undue expense. But that said, even some (relatively speaking) older cases have offered the suggestion that "[t]here appears to be no reason why the forum state's procedural law should not be sufficient for accomplishing service under Rule 45." *King v Crown Plastering Corp.*, 170 FRD 355, 356, n 1 (EDNY 1997).[3]

Here, Plaintiff has sought diligently (even though not strictly required) to serve Hypnotic physically by getting his address from Defendant. But that simple request has been stonewalled, and remains the subject of a pending motion. By contrast, Plaintiff has a reliable email address for Hypnotic:[4] the one associated with his YouTube channel where he has engaged in the relevant conduct alleged in the complaint.

Since there appears to be a meaningful risk that, absent an alternative source for discovery, Plaintiff will lose access to "all [Defendant's] communications with the[] people" Judge Brodie directed discovery about (ECF No. 42 at 3), the risk that a party without a duty to preserve documents will delete them is significant. And accordingly, Plaintiff seeks leave to get a subpoena to Hypnotic in the fastest way possible — e.g., without waiting for a decision on the motion at ECF No. 40 to compel (among other things) Hypnotic's address[5] — to trigger a duty to preserve immediately.

---

[3] Rule 4 allows any method of service permitted by state rules, and courts have generally permitted service of a summons by email where a "movant supplie[s] the [c]ourt with some facts indicating that the person to be served would be likely to receive the summons and complaint at the given email address," and where service by email is reasonably calculated to provide fair notice of what is being served. *Nadim Nimai Kesten v. Broad. Music,* No. 20 Civ. 8909 (LJL), 2021 U.S. Dist. LEXIS 39926, 2021 WL 1740806, at *2 (S.D.N.Y. Mar. 3, 2021) (*quoting AMTO, LLC v. Bedford Asset Mgmt., LLC*, 2015 U.S. Dist. LEXIS 70577, 2015 WL 3457452, at *8 (S.D.N.Y. June 1, 2015) and collecting cases).

[4] For the moment, Plaintiff omits information on exactly what she knows about Hypnotic and how, since he has not appeared and may have some privacy concerns — but should the Court desire, Plaintiff can submit a thorough investigator's declaration.

[5] While I asked Defendant's counsel, in an alternative to consent to this motion, to "provide the documents sought in our motion at ECF 40 on [Hypnotic's] address now," counsel did not respond to that portion of my email.

Page 3 of 4

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



      Accordingly, Plaintiff seeks leave to serve the attached subpoena on Hypnotic by email, at the email associated with his YouTube Channel. And as noted above, in the alternative, Plaintiff asks that the Court direct Defendant to produce documents showing Hypnotic's address immediately, so she can serve the subpoena by traditional means.

      As always, we thank the Court for its time and consideration.

Respectfully submitted,

/s/
_____

J. Remy Green
*Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiff*
1639 Centre St., Suite 216
Ridgewood, New York 11385

Enclosure.

cc:
All relevant parties by electronic filing.

Page 4 of 4

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com