# Coleman Law Firm, p.c.

RONALD D. COLEMAN
973 264 9611
RCOLEMAN@COLEMANLAW-PC.COM
50 PARK PLACE | NEWARK NJ 07102

Admitted in New York and New Jersey

February 10, 2026

**BY ECF**

Hon. Margo K. Brodie, U.S.D.J.
Hon. Lara K. Eshkenazi, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

### Re: Mercante v. Tarzia, No. 1:24-cv-08471 (E.D.N.Y.)

Dear Chief Judge Brodie and Magistrate Judge Eshkenazi:

Defendant respectfully brings this matter to the Court's attention pursuant to Local Civil Rule 1.8 and the Court's remote-hearing protocols.

Yesterday, February 9, 2026, Magistrate Judge Eshkenazi presided over a telephonic conference addressing a discovery dispute. Before the Court joined the call, her clerk asked whether anyone else would be joining on behalf of plaintiff. Plaintiff's counsel responded in the negative but added that they expected "third parties" to dial in. I expressed surprise, noting that I had understood the call to be an in-chambers-style magistrate conference limited to counsel. Plaintiff's counsel replied that the dial-in number was publicly available, and the conference proceeded.

Based on information provided by counsel for plaintiff, a non-party attorney who operates a YouTube channel and is active in online discussions concerning this case did, evidently, dial into the call. He did not identify himself, and neither he nor anyone else informed the Court of his presence. No third parties, in fact, were identified as being on the call.

Shortly afterward, someone produced and uploaded to this non-party attorney's Discord server a summary of the conference that bears the clear hallmarks of audio transcription polished by an LLM: clean speaker labels,[1] [inaudible] tags,[2] and structured paragraphs.[3] The summary circulated rapidly on X and elsewhere and became the source of considerable online abuse directed at defendant and undersigned counsel.

This morning I inquired of plaintiff's counsel whether they had any knowledge of the source. They responded promptly (within approximately one hour) and provided what they said was the exact

Hon. Margo K. Brodie. U.S.D.J.                                                    February 10, 2026
Hon. Lara K. Eshkenazi, U.S.M.J.
Page 2 of 2

Discord post in which the attorney claimed the output was generated from "notes" fed into Gemini. The full exchange between myself and plaintiff's counsel is attached as Exhibit A hereto.

Whether or not an unauthorized recording occurred, the rapid extrajudicial dissemination of a nearly verbatim summary of contentious court conferences into the very online communities that are the subject of this litigation is troubling. I am very familiar with and have frequently litigated in favor of the protection and expansion of the strong policy favoring openness of substantive proceedings in the federal courts, especially in this Circuit. All the same, the complaint here centers on allegations of coordinated online harassment and dissemination of statements through social media and related platforms. Allowing third parties to monitor and publicize status or discovery conference proceedings in the same spaces plaintiff claims have been the locus of the alleged harms done to her risks turning judicial proceedings into an extension of the very conduct at issue, undermining the dignity and fairness of the process.

Defendant does not seek sanctions or any other relief. And being mocked online by anonymous amateurs (or even professionals) listening safely from home is an occupational hazard many in our profession have long endured. We do, however, ask the Court to note the incident and, going forward, to direct – unless the Court in its discretion determines otherwise – that:

> • Dial-in information for status/scheduling conferences be restricted to counsel and parties of record; and
> • At the outset of each such conference, the Court or the parties state on the record that no recording by any means or third-party access is authorized.

These modest measures will protect the integrity of the proceedings without burdening the Court. Defendant is available for any conference the Court deems appropriate.

Respectfully submitted,

Ronald D. Coleman

---

[1] "Clean speaker labels" means the consistent, accurately attributed identification of each speaker by name or role (e.g., "The Court:", "Mr. Coleman:", "Plaintiff's Counsel:") throughout the document. This level of polished attribution is a hallmark of automated speaker diarization in AI transcription tools rather than the inconsistencies typical of real-time human note-taking.

[2] "[Inaudible] tags" are bracketed notations (e.g., "[inaudible]") that AI transcription tools automatically insert wherever the speech-recognition model cannot confidently convert the audio to text. These standardized flags are virtually unknown in contemporaneous human notes.

[3] "Structured paragraphs" refers to the document's division into coherent, fully-formed paragraphs with logical breaks, topic sentences, and smooth transitions. This is a standard output of LLMs that reorganize raw input into polished prose. Real-time human notes taken during a telephonic conference are almost always fragmentary, abbreviated, or bullet-point style, especially when published relatively quickly after the event.

EXHIBIT A

| | |
|---|---|
| **From:** | Ronald D. Coleman |
| **To:** | remy green |
| **Cc:** | Lane Haygood; Kathryn Tewson |
| **Subject:** | Re: Mercante v. Tarzia, 24-cv-08471-MKB |
| **Date:** | Tuesday, February 10, 2026 11:11:23 AM |

Hi Remy,

We've recently come into possession of what appears to be an AI-generated transcript/summary (with speaker labels, cleaned text, tags, etc.) of our telephonic/remote status conferences in this case. It has been edited to present the conference inaccurately, but that is a relatively trivial point. At least part of it has been posted on X and elsewhere.

The format strongly suggests it derives from an audio recording that was processed through a tool like Otter.ai or similar. As far as we can tell, this was done by a third party who dialed in without disclosure or authorization.  This would violate Local Civil Rule 1.8 and related court prohibitions on unauthorized recordings of proceedings.

Before raising this with Chief Judge Brodie and Magistrate Judge Eshkenazi via letter, I wanted to check if your side has any awareness of the source, how it was obtained, or if it's circulating in connection with the case and if so among whom. Happy to hop on a quick call if helpful.

Let me know your thoughts — appreciate any insight.

**Ronald D. Coleman**

COLEMAN LAW FIRM, PC

50 Park Place, Suite 1105

Newark, NJ 07102

973-264-9611

*Admitted to practice in New Jersey and New York*

| | |
|---|---|
| **From:** | remy green |
| **To:** | Ronald D. Coleman |
| **Cc:** | Lane Haygood; Kathryn Tewson |
| **Subject:** | Re: Mercante v. Tarzia, 24-cv-08471-MKB |
| **Date:** | Tuesday, February 10, 2026 11:19:16 AM |
| **Attachments:** | image.png |

Hi Ron,

It looks to us like it came out of a YouTuber called "███████████████"'s discord --
███████████████ is active on KiwiFarms and tends towards that side of the culture
wars, and I think his discord members are similar.

Here's what he said about how he generated it.



Obviously, recording is inappropriate; I'm not sure notes fed into an LLM are
inappropriate (but, of course, notes or even a transcript fed into an LLM can be
inaccurate), but we only have this message giving us the context.

Happy to hear out any thoughts you have.  I suppose we could also split a rush transcription of the actual transcript to clear this up too?

Yours,

Remy.

_____

**J. Remy Green**

*Partner*
| Cohen&Green P.L.L.C. | #FemmeLaw |
| remy@femmelaw.com (e) | (929) 888.9560 (direct) |
| (929) 888.9480 (p) | (929) 888.9457 (f) |
| honorific / pronouns:  Mx. / they, their, them |
| 1639 Centre St., Ste. 216 | Ridgewood (Queens), NY 11385 |

_____



_____

| | |
|---|---|
| **From:** | Ronald D. Coleman |
| **To:** | remy green |
| **Cc:** | Lane Haygood; Kathryn Tewson |
| **Subject:** | Re: Mercante v. Tarzia, 24-cv-08471-MKB |
| **Date:** | Tuesday, February 10, 2026 11:32:16 AM |
| **Attachments:** | image.png |

Was he the third party you told the clerk would be dialing in?

**Ronald D. Coleman**

COLEMAN LAW FIRM, PC

50 Park Place, Suite 1105

Newark, NJ 07102

973-264-9611

*Admitted to practice in New Jersey and New York*

| From: | remy green |
|---|---|
| **To:** | Ronald D. Coleman |
| **Cc:** | Lane Haygood; Kathryn Tewson |
| **Subject:** | Re: Mercante v. Tarzia, 24-cv-08471-MKB |
| **Date:** | Tuesday, February 10, 2026 11:33:46 AM |
| **Attachments:** | image.png |

I did not have specific knowledge a third party would be dialing in.  It was a public dial in on a high visibility case; all I was saying was it seemed very likely members of the public would be dialing in.

---

**J. Remy Green**

*Partner*
| Cohen&Green P.L.L.C. | #FemmeLaw |
| remy@femmelaw.com (e) | (929) 888.9560 (direct) |
| (929) 888.9480 (p) | (929) 888.9457 (f) |
| honorific / pronouns: Mx. / they, their, them |
| 1639 Centre St., Ste. 216 | Ridgewood (Queens), NY 11385 |

---



| | |
|---|---|
| **From:** | Ronald D. Coleman |
| **To:** | "remy green" |
| **Cc:** | Lane Haygood; Kathryn Tewson |
| **Subject:** | RE: Mercante v. Tarzia, 24-cv-08471-MKB |
| **Date:** | Tuesday, February 10, 2026 12:06:00 PM |
| **Attachments:** | image001.png |

Thanks again for the prompt and detailed response — and especially for attaching the Discord screenshot. That was helpful context.

To tell you the truth, the claim that this was contemporaneously written notes fed into Gemini seems a bit self-serving, especially given the polished, speaker-labeled output and the writer's background as a lawyer familiar with the rules and with technology.

Maybe the larger issue is the unauthorized third-party dial-in itself and the quick circulation of the resulting summary in non-litigant channels. Obviously we'll accept your representation that your side had no involvement in obtaining or disseminating it, but the whole incident is troubling.  I have not decided what to do next.

**Ronald D. Coleman**
COLEMAN LAW FIRM, PC
50 Park Place, Suite 1105
Newark, NJ 07102
973-264-9611
*Admitted to practice in New Jersey and New York*

| **From:** | remy green |
| **To:** | Ronald D. Coleman |
| **Cc:** | Lane Haygood; Kathryn Tewson |
| **Subject:** | Re: Mercante v. Tarzia, 24-cv-08471-MKB |
| **Date:** | Tuesday, February 10, 2026 12:29:59 PM |
| **Attachments:** | image001.png |

Ron,

I am quite puzzled by the claim access to a  public court hearing is somehow "unauthorized."

I've routinely had members of the public dial in to phone hearings in high profile cases.  It's not unusual, nor is it unusual to see a summary of a hearing circulate after, and I'm surprised this seems to surprise you.

Regardless, as I said, if you think it's inaccurate, it seems the best thing to do is to order the transcript on a fast turn around, no?

_____

**J. Remy Green**

*Partner*
| Cohen&Green P.L.L.C. | #FemmeLaw |
| remy@femmelaw.com (e) | (929) 888.9560 (direct) |
| (929) 888.9480 (p) | (929) 888.9457 (f) |
| honorific / pronouns:  Mx. / they, their, them |
| 1639 Centre St., Ste. 216 | Ridgewood (Queens), NY 11385 |

_____



| From: | Ronald D. Coleman |
|---|---|
| To: | "remy green" |
| Cc: | Lane Haygood; Kathryn Tewson |
| Subject: | RE: Mercante v. Tarzia, 24-cv-08471-MKB |
| Date: | Tuesday, February 10, 2026 12:48:00 PM |
| Attachments: | image001.png |

Actually I don't know if it was unauthorized or not. There are hearings in open court and there are counsel-only conferences with the judge, right? Routine status calls are rarely "open court" in the traditional sense; they're administrative, and may be on or off the record.  I don't really know which one this was.

Not knowing that, therefore, by "unauthorized" I only mean if there was any recording.

**Ronald D. Coleman**
COLEMAN LAW FIRM, PC
50 Park Place, Suite 1105
Newark, NJ 07102
973-264-9611
*Admitted to practice in New Jersey and New York*

EXHIBIT B

X post and screen shots
from Discord server

 **McDizzle Gaming** ✓
@mcdizzle17                                                ···

Insane update from SmashJT/Alyssa Mercante lawsuit. This was summarized from a member of a lawtubers discord who listened to the conference call today, so take for what it is. Fines next week? He's cooked.

Wix/Backend" Humiliation

Defense: Coleman argued that "The point of Wix is not knowing how ... client shouldn't be expected to access backend code. He tried to a... an expert to find it goes beyond "reasonable custody and control."

Court's Ruling: The Judge **rejected** the idea that ignorance is an excu... ntially said: *"If you don't know how to do it, get someone who does."*

Trap: She cornered Coleman into either agreeing to a **Wix Subpoena** ars because it delays the case) or agreeing to a **screenshare** with the h exposes his client's incompetence/lies). Coleman folded and said " it out," which means he lost.

· **The Order:** The Judge ordered the parties to **screenshare** so the Plaintiff can show the Defendant how to use his own Google Analytics dashboard.
· **Why this hurts:** It strips Coleman of his professional dignity. The Judge is treating him as so technologically incompetent (or untrustworthy) that he needs the opposing counsel to babysit him while he clicks buttons. It validates the Plaintiff's narrative that the defense is either lying or incompetent.

5. The "SLAPP" Tantrum

· **The Moment:** At the very end, Coleman lost his cool. He started yelling about "SLAPP suits," "culture war rivals," and "outrageous" demands. He even misgendered the opposing counsel (which the Judge corrected).
· **The Meaning:** This is the sound of a lawyer who knows he has lost on the facts and the law. He is trying to make a political speech because he has no legal

fact, Coleman tried to pivot ("I don't believe it is possible based on info available to us by google").
· **The Result:** The Judge didn't even dignify the chatbot defense. She ordered him to "look into whether this information is available... and put it in writing very specifically." This is code for: *"Stop citing AI and do your job as a lawyer."*

3. The "Video Scroll" Disaster

· **The Defense:** Coleman tried to argue that the video scroll was "doing our best to comply" and then pivoted to a rant about how this is a "SLAPP suit" and "outrageous."
· **The Court's Reaction:** The Judge **ignored the rant entirely.** She cut through the noise and simply asked: *"Are you producing those chats?"* and then set a hard deadline for **next Monday.**
· **The Implication:** She has tacitly agreed with the Plaintiff that the video file was

1. Close discovery quickly.
2. Defend his "video" and "AI" strategies.
3. Avoid sanctions.

He walked out with:

1. **Extended Discovery** (until the 17th, and likely longer for the subpoena).
2. **An Order to Screenshare** (humiliation).
3. **An Order to Produce the Real DMs** (defeat).
4. **Sanctions Still Pending** ("Withhold ruling on fees").

Last edited 4:52 PM · Feb 9, 2026 · **81.6K** Views

## 1. The "Wix/Backend" Humiliation

- **The Defense:** Coleman argued that "The point of Wix is not knowing how to code," so his client shouldn't be expected to access backend code. He tried to argue that hiring an expert to find it goes beyond "reasonable custody and control."

- **The Court's Ruling:** The Judge **rejected** the idea that ignorance is an excuse. She essentially said: *"If you don't know how to do it, get someone who does."*

- **The Trap:** She cornered Coleman into either agreeing to a **Wix Subpoena** (which he fears because it delays the case) or agreeing to a **screenshare** with the Plaintiff (which exposes his client's incompetence/lies). Coleman folded and said "We'll work it out," which means he lost.

## 2. The "Chatbot" Evisceration

- **The Exchange:** When Remy Green pointed out that Coleman cited a chatbot as fact, Coleman tried to pivot ("I don't believe it is possible based on info available to us by google").

- **The Result:** The Judge didn't even dignify the chatbot defense. She ordered him to "look into whether this information is available... and put it in writing very specifically." This is code for: *"Stop citing AI and do your job as a lawyer."*

## 3. The "Video Scroll" Disaster

- **The Defense:** Coleman tried to argue that the video scroll was "doing our best to comply" and then pivoted to a rant about how this is a "SLAPP suit" and "outrageous."

- **The Court's Reaction:** The Judge **ignored the rant entirely.** She cut through the noise and simply asked: *"Are you producing those chats?"* and then set a hard deadline for **next Monday.**

- **The Implication:** She has tacitly agreed with the Plaintiff that the video file was garbage. She is giving him one week to produce the *real* files (the searchable text/JSON).

## 4. The "Screenshare" Order

This is perhaps the most embarrassing moment for a litigator.

- **The Order:** The Judge ordered the parties to **screenshare** so the Plaintiff can show the Defendant how to use his own Google Analytics dashboard.
- **Why this hurts:** It strips Coleman of his professional dignity. The Judge is treating him as so technologically incompetent (or untrustworthy) that he needs the opposing counsel to babysit him while he clicks buttons. It validates the Plaintiff's narrative that the defense is either lying or incompetent.

## 5. The "SLAPP" Tantrum

- **The Moment:** At the very end, Coleman lost his cool. He started yelling about "SLAPP suits," "culture war rivals," and "outrageous" demands. He even misgendered the opposing counsel (which the Judge corrected).
- **The Meaning:** This is the sound of a lawyer who knows he has lost on the facts and the law. He is trying to make a political speech because he has no legal arguments left. The Judge's response ("I'm running out of time... use they/them pronouns") shows she views him as an annoyance to be managed, not a serious advocate to be persuaded.

## Summary

Coleman walked into this hearing hoping to:

1. Close discovery quickly.
2. Defend his "video" and "AI" strategies.
3. Avoid sanctions.

He walked out with:

1. **Extended Discovery** (until the 17th, and likely longer for the subpoena).
2. **An Order to Screenshare** (humiliation).
3. **An Order to Produce the Real DMs** (defeat).
4. **Sanctions Still Pending** ("Withhold ruling on fees").

The Judge has essentially put him on probation. If he doesn't produce the clean, native files by next Monday, the fee award is guaranteed.