

February 13, 2026

Hon. Margo K. Brodie, U.S.D.J.
Hon. Lara K. Eshkenazi, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

By Electronic Filing.

          Re:     Mercante v. Tarzia, 24-cv-08471

Your Honors:

      As the Court may recall, my firm, with co-counsel, represents Plaintiff in the case above. I write to ask the Court how (and if) it would like Plaintiff to respond to the letter at ECF No. 50.

      Though the letter purports to seek relief, it was filed only as a "Letter" on ECF. And though it cites Local Rule 1.8 and "the Court's remote-hearing protocols," since those provisions relate to what the Court does on its own — and the letter does not obviously fall into any of the Court's Individual Rules — it is not clear whether (and if so, when) a response is required. Plaintiff is filing this today in an abundance of caution, in the event the letter is construed as a discovery motion under Judge Eshkanazi's Individual Practice Rules § III(B).

      Accordingly, Plaintiff would ask that the Court clarify whether a response is required at all — and if so, provide a date for a response. In an abundance of caution, Plaintiff also provides some discussion below, in the event the Court either views the letter as calling for a response or the Court wants some context to allow it to resolve this *sua sponte*.

## Brief Discussion

      Part of what makes determining how to respond to the letter difficult is that it seeks dramatic relief, without even a citation to caselaw. But closing the Courtroom (whether digitally, on the phone, or in person) to the public is an extreme measure, and the four factor test is well settled: "(1) the party seeking to close the hearing must advance an overriding interest that is likely to be prejudiced, (2) the closure must be no broader than necessary to protect that interest, (3) the trial court must consider reasonable alternatives to closing the proceeding, and (4) it must make findings adequate to support the closure." *Adams v City of NY*, 993 F Supp 2d 306, 314 (EDNY 2014), *quoting Ayala v. Speckard*, 131 F.3d 62, 69 (2d Cir. 1997). It is not even clear whether Defendant would claim anything here meets that test.

      The entire basis Defendant cites for claiming there was a transcript may also be an LLM hallucination, or other invented representation.

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t: (929) 888.9480 · f: (929) 888.9457 · FemmeLaw.com



In short, what Defendant cites as the "clear hallmarks of audio transcription that the person[1] posting about the hearing worked from a written transcript — things like "[Inaudible] tags" and "'Clean speaker labels as … 'The Court:' 'Mr. Coleman:', 'Plaintiff's Counsel:'" (ECF No. 50 at 2 n. 1 and n. 2) — do not actually appear in what Defendant cites.  *See, e.g.,* ECF No. 50 at 12-13.  That is, "[Inaudible]' does not appear even once, nor do any "speaker labels" followed by a colon.  The only other basis is what Defendant describes as "structured paragraphs," which — of course — appear in all LLM outputs (which no seems to dispute this is).  This gap is concerning.

Plaintiff asked Defendant where the incorrect claims the document contained "[Inaudible] tags" and "Clean speaker labels" came from, and whether there was some other document than the one attached to ECF No. 50, given that the entire basis for Defendant's claim there was some unlawful transcript does not exist.  Defendant's counsel said "[I] [d]on't think I have anything you don't; not sure I remember what I was thinking there."

In light of Defendant's counsel's past reliance on LLMs without fact checking (*see generally* ECF No. 48 at 4-6), Plaintiff asked again, pointedly — "Was the letter's content generated with an LLM, such that the reference to the various tags was potentially a hallucination?"  Defendant's counsel stated "Will try to dig up what if anything I was looking at," and has not followed up further.

In light of the Rule 11 implications of LLM use potentially resulting in false claims to the Court, Plaintiff also sent a draft of this letter to counsel before filing it, and suggested Defendant file a correction about the claim.  Defendant responded, "I don't see what you are trying to accomplish here; nothing in our letter was directed at your client or your office."  While Plaintiff followed up again seeking clarification (including specifically about whether it was LLM use that led to the incorrect representations in ECF No. 50), Defendant stated "I just don't have time today, so file away."[2]

Last, it would be hard not to mention that it is no small irony that ***Defendant*** of all people is complaining that public commentary "risks turning judicial proceedings into an extension of the very conduct at issue."  ECF No. 50 at 2.  Defendant has long used these same communities as his own "source of considerable online abuse directed at" Plaintiff.  ECF No. 50 at 1.   And long before the post Defendant complains of, descriptions basically identical to those Defendant seems to object to now — "humiliation," "disaster," "evisceration," "tantrum," and so on (ECF No. 50 at 12-13) — appeared in Defendant's own public commentary on the case (often inaccurately describing consent

---

[1] Defendant describes the person as "a non-party attorney who operates a YouTube channel," but in subsequent communications, appears to agree that misidentified the speaker reporting on the case as if he were the owner of the Discord, and the person commenting on the case was not an attorney.  ECF No. 50 at 1.

[2] Plaintiff provides these responses verbatim to avoid any appearance of misrepresenting Defendant's position.

COHEN&GREEN    Page 2 of 4

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



motions for extensions and the like), and even counsel's.[3]  Plus, there is no reasonable suggestion that Defendant's concern is over the dignity of the proceedings.  Recently, Defendant has opened his stream with an AI music video that depicts the Court as a Kangaroo, while counsel has posted a video with an ax-wielding caricature of Plaintiff climbing on the courthouse.[4]  While Plaintiff says no more for now, the maxim that a person seeking equitable relief must do equity seems applicable here.

      As always, we thank the Court for its time and consideration.

---

[3] *See, for just a handful of examples,* Jeff Tarzia (@SmashJT), YOUTUBE, *Alyssa Mercante's Lawyer Just RUINED Her ENTIRE Case...* (May 26, 2025), https://www.youtube.com/watch?v=RDyrd6s5QVI;  Jeff Tarzia (@SmashJT), YOUTUBE, *Lawsuit DESTROYED: Alyssa Mercante Attacks Hypnotic After Filing Official Extension!* (Jun. 27, 2025), https://www.youtube.com/watch?v=FwGu2SIctP4;  Jeff Tarzia (@SmashJT), YOUTUBE, *My Lawyer Just TORCHED Alyssa Mercante in FINAL Filing* (Jul. 30, 2025), https://www.youtube.com/watch?v=qOfVZ7Qa6js; Jeff Tarzia (@SmashJT), YOUTUBE, *Alyssa Mercante Just Exposed Her Own Lies to the Court*  (Jul. 15, 2025), https://www.youtube.com/watch?v=kR1bYTiUFFM;  Ron Coleman (@roncolemanlaw), YOUTUBE, *Live from (the online docket of) the Eastern District of NY - it's Lawyer Ron Coleman & Smash JT!* (Jan. 21, 2026) (with a title card reading "lawyer ron coleman explains the LEGAL MADNESS," which appears below), https://www.youtube.com/watch?v=VCW3w_pe4tY.

[4] For context:







Page 3 of 4

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



                    Respectfully submitted,

                    /s/
                  _____
                  J. Remy Green
                    *Honorific/Pronouns: Mx., they/their/them*
                  **COHEN&GREEN P.L.L.C.**
                  *Attorneys for Plaintiff*
                  1639 Centre St., Suite 216
                  Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

COHEN&GREEN     Page 4 of 4

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com