

February 19, 2026

Hon. Lara K. Eshkenazi, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

By Electronic Filing.

   Re:  **Mercante v. Tarzia, 24-cv-08471**

Dear Judge Eshkenazi:

  As the Court likely recalls, my firm, with co-counsel, represents Plaintiff in the case above. I write, frankly baffled with what has been going on, to ask the Court to impose sanctions pursuant to Rule 37(b)(2)(A)(i) and (ii), or otherwise issue an appropriate order give disobedience of Court Orders. As set out below, Defendant simply has not complied with the Court's Orders on discovery.

  Given how much we have been in front of the Court, I will not belabor the general background. Instead, I will start with what happened at the most recent conference and what the parties agreed on in the most recent status letters. I do provide more back and forth between counsel than I might otherwise, because as I said, I am at a loss as to what is going on here.

### Relevant History

  To start, after granting in large part Plaintiff's motions to compel (and reserving decision on mandatory Rule 37 fees), the Court asked Defendant "how much time do you think you need now to comply with all of these requests?" 2026-02-09 Tr. at 44-45. And it was also clear: "[I]f I set a week, I want it to be a week. I don't want everybody coming back and then we need more time here[.]" *Id.* Defendant made clear a week was all he wanted, even as the Court encouraged him to ask for more.

  Since that time, Defendant has not made *any* further production. As noted in ECF No. 55, rather than making productions over the course of last week, on the final day the Court set for jurisdictional discovery — after his promise and self-imposed deadlines to "comply with the request [for LLM logs] within seventy-two hours" (2026-02-09 Tr. at 10) and all other discovery by Monday, February 16th — on Tuesday, February 17th, Defendant provided an "update," promising a "large" production that would begin at some point the night of February 17th, that he said was "expected to be completed by no later than Thursday COB." [1]

---

[1] This letter was obviously drafted before "Thursday COB," to be filed now. But given the long pattern of missed deadlines in this case, we were unfortunately confident that nothing would be produced.



    Because a letter was due per the Court's Order, the parties discussed and prepared a joint letter.  Both in email correspondence and during the "update" meeting before that letter, the parties discussed that Defendant would be filing a motion for more time — albeit one out of the time allowed for such motions by the Court's Rules.  Accordingly, the joint letter, signed onto by Defendant, promised:

> "Defendant is contemporaneously making a motion to extend the time to comply with the Court's Orders and the corresponding end date for jurisdictional discovery."

ECF No. 55 at 1 n. 1.  And the letter made certain things contingent on the result of that motion. For example, it said, "if the Court grants an extension, the parties will meet [at a specified time]." *Id.* at 2.  And accordingly, Plaintiff provided a position for Defendant to include in his motion, as required by the Court's Rules, saying, "Per our call, here is our position to include in your letter asking for more time."[2]

    But Defendant did not make any motion.  This was consonant with his attitude towards the Court's Orders before the meeting and letter.  Defendant said:

- In response to Plaintiff "not[ing] that Judge Eshkanazi requires extensions quite a bit more than 12 hours before a deadline," and that Defendant had not responded to Plaintiff's efforts to schedule the Court Ordered meet and confer:  "Well we can write to Judge Eshkanazi, I'm not worried about that."

- After a response where Plaintiff expressed that she did, in fact, "worry" about complying with the Court's Orders and Rules:  "Yeah, I'm not worried because we will write a letter updating the court, it's going to be awesome."

The parties then had a screenshare meeting last night.  During that meeting, Plaintiff expressed surprise that Defendant had not filed the motion as agreed.  Defendant again said he was "not worried," apparently because he believed the status letter had somehow vacated the Court's Order as to time.

    Before the meeting last night, Defendant did not begin or make any production the night of February 17th.  And no further production has been made, although it is now past "Thursday

---

[2] That position was:

> Plaintiff takes no position on this request, because she understands it has already been resolved at the conference.  *See* 2026-02-09 Tr. at 44-45 (The Court:  "Okay. But ... if I set a week, I want it to be a week. I don't want everybody coming back and then we need more time here[,] so.").  And she also is not comfortable with consenting given the timing set by the Court's Individual Rules and the fact that Defendant's request for Plaintiff's position was first made today, after no production over the past week, as detailed in the status letter also filed today.

COHEN&GREEN

Page 2 of 5

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



COB."[3]

Instead of the production on Tuesday night, we received an email saying, "[I w]as quite confident I would be pushing out something tonight, but I am having a lot of technical trouble. These are some pretty esoteric[4] forms of data. Still sticking to promised supplementation no later than Thursday."

## Discussion

The Court issued two clear orders. First, it ordered all communications produced by January 28, 2026 — specifically warning that sanctions would follow for noncompliance. Jan. 14, 2026 Minute Order. Then, after a lengthy hearing, it ordered all discovery — including discovery Defendant was apparently, inexplicably, waiting for the hearing to start producing[5] — to be produced by (at Defendant's choice) February 16, 2026.[6]

Despite the Court's clear explanation this was to be a final deadline (2026-02-09 Tr. at 44-45), Defendant simply blew it off.

He did not ask permission, which the Court's Rules would have required him to do "at least two (2) business days prior to the scheduled appearance or deadline." Individual Practice Rules § I(A)(2). And inexplicably, he did not even ask forgiveness, despite promising the Court he would. ECF No. 55 at 1 n. 1. Plus, he even violated the extension he granted himself.

The law is clear on this: "A court's order remains in force until it is vacated or stayed, and a party disregards such an order at its peril. *New Pac. Overseas Group (USA) Inc. v Excal Intl. Dev. Corp.*,

---

[3] After Plaintiff provided still further tutorials on how to handle Twitter data, Defendant sent a message today saying, "Many DM threads to be served today." However, though the close of business has expired, no production has come yet — and the timing here is similar to the promised production on Tuesday which never materialized, so Plaintiff is not holding off further on this letter. Additionally, during the Wednesday meeting, Plaintiff warned Defendant that she would likely need to file a letter if he did not actually make a motion, and was met with a similar expression of a lack of worry. And beyond that, it is not clear if, in saying "Many DM threads to be served today," Defendant was implicitly saying he wouldn't produce ***all*** the outstanding DMs, or any of the myriad other matter that is outstanding.

[4] I am not sure what this could refer to. But, for example, Twitter's full account export which is what needed to be used for the DMs uses fairly standard file formats.

[5] The Court: "I didn't mean that things should stop. What my point there was that I wanted to have this discussion to know how much time was needed before just setting an arbitrary date. But the production is meant to be ongoing. I didn't mean for anything to stop as a result of that. But let's go through each of these, because, I mean, I'll tell you, my overall sense is that defendant is not meeting their obligations." 2026-02-09 Tr. at 3-4.

[6] There is some ambiguity on whether the Court meant the 16th (as initially volunteered by Defendant) or the 17th (since the 16th was a holiday), but because the Court required a letter as to status on the 17th, Plaintiff assumes the Court did not alter Defendant's request, so that Plaintiff would have some chance to review any production to describe it in the status update. In any event, that ambiguity does not matter because Defendant missed either deadline.

COHEN&GREEN    Page 3 of 5

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



2000 US Dist LEXIS 4695, at *22 (SDNY Apr. 11, 2000), *citing Tekkno Labs., Inc. v. Perales*, 933 F.2d 1093, 1099 (2d Cir. 1991). "To state (what should be) the obvious, a scheduling order cannot be cavalierly disregarded by counsel without peril." *Kaufman v Travelers Cas. Ins. Co. of Am.*, 2025 US Dist LEXIS 62063, at *16 (SDNY Mar. 31, 2025).

Nor is there any question that the disregard here is "cavalier[.]" *Id.* Defendant explicitly said he was "not worried about" about a deadline the Court set. And even after it was brought to his attention he failed to even ***make*** a motion to adjust the deadline, he doubled down on his lack of worry. To be sure, the status letter was perhaps "awesome" in the sense that it should inspire awe, but not in a way that is complementary for Defendant.

Rule 37 allows the Court to address this kind of deliberate violation of Court Orders. Willfulness, of the kind Defendant admits with his lack of "worry," is a key factor in determining the appropriate sanction for violating an order. *Icon Intl., Inc. v Elevation Health LLC*, 347 FRD 274, 288 (SDNY 2024) (awarding fees and precluding certain evidence); *accord Vanceah v Dendy*, 2023 U.S. App. LEXIS 15970, at *4 (2d Cir June 26, 2023) (case terminating sanctions for willful conduct). *Onyemaobi v Covenant House*, 2011 US Dist LEXIS 28862, at *7 (SDNY Mar. 21, 2011) (same).

Here, the threat of fees alone — which the Court has reminded Defendant at every stage remain pending — has clearly not created sufficient "worry" to get compliance with the Court's Orders and Rules. Parties should not feel comfortable disregarding a Court Order because they think they will file a status letter that is "awesome." And even if there is subsequent compliance, Defendant's cavalier attitude towards the Court's Orders calls for some remedy. *Kaufman*, 2025 US Dist LEXIS 62063, at *16. Defendant has publicly stated he was deliberately waiting "until [his] back[ is] against the wall before anything needed to be given, because that's[] how [he] operate[s]." Jeff Tarzia (@SmashJT), SHOCKING Ice Ice, Baby, More Ubisoft Layoffs, YouTube, at 20:31 to 26:18 (Jul. 14, 2025). And apparently he believes his back is not against the wall ***quite*** yet even when the Court has issued an order.

Even if some production ultimately comes (whether tonight or thereafter), the Second Circuit "ha[s] held that discovery sanctions are proper even against parties who have belatedly complied with their obligations, because an alternative rule 'would encourage dilatory tactics, and compliance with discovery orders would come only when the backs of counsel and the litigants were against the wall.'" *Klipsch Group, Inc. v ePRO E-Commerce Ltd.*, 880 F3d 620, 631 (2d Cir. 2018) (case terminating sanctions). Given Defendant's public admissions that he wouldn't do anything until his back was against the wall, meaningful sanctions are — indisputably — "proper."

Last, because jurisdictional defenses are waivable anyway — and Defendant has repeatedly expressed a desire to move more quickly to the merits (*see, e.g.,* 2026-02-09 Tr. at 43:19-44:8) — the Court should enter an order precluding Defendant from raising personal jurisdiction as a defense.

As always, we thank the Court for its time and consideration.

COHEN&GREEN    Page 4 of 5

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



                        Respectfully submitted,

                        /s/
                        _____

                        J. Remy Green
                           *Honorific/Pronouns: Mx., they/their/them*
                        **COHEN&GREEN P.L.L.C.**
                        *Attorneys for Plaintiff*
                        1639 Centre St., Suite 216
                        Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

COHEN&GREEN                                                                              Page 5 of 5

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com