

February 20, 2026

Hon. Lara K. Eshkenazi, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

By Electronic Filing.

          Re:     Mercante v. Tarzia, 24-cv-08471

Dear Judge Eshkenazi:

       As the Court likely recalls, my firm, with co-counsel, represents Plaintiff in the case above. Following the letter motion for sanctions at ECF No. 56, I write to provide an update, particularly in light of the Court's February 20, 2026 Minute Order.[1]

       As set out below, Defendant produced — at 7:03 p.m. last night — a large volume of documents. It was sent as an 8,813 page, undifferentiated pdf, with no formal supplement to Defendant's discovery responses. This came just over an hour after Plaintiff filed her sanctions motion.

       But as the Second Circuit has made clear, that belated, partial compliance does not moot the motion for sanctions because, among other things, (1) Defendant still willfully violated the Court's order, after expressing (in writing, no less) that he was not "worried" about compliance with Court orders and felt no need to ask permission to violate an order; (2) it is black-letter law that "discovery sanctions are proper even against parties who have belatedly complied with their obligations" (*Klipsch Group, Inc. v ePRO E-Commerce Ltd.*, 880 F3d 620, 631 (2d Cir. 2018)); and (3) the production is still incomplete and missing at least one specific thing the Court directed. And of course, that production in no way explains Defendant's "failure to seek an extension of or comply with the 2/17/2026 deadline for jurisdictional discovery," which Defendant specifically requested. February 20, 2026 Minute Order.

---

[1] Defendant's counsel sent an email, saying among other things: "You have programmatically abused the judicial system by filing this meritless and exploited every effort at good faith and cooperation in litigation. You can correct the record or I can do it for you." While there is nothing to *correct*, I am providing this update because it does change the state of play (albeit, in Plaintiff's view, without legal consequence).

To be clear, however, Plaintiff has at *no* point agreed to an extension (*see* ECF No. 56 at 2 n. 2), and more importantly — as she has ***repeatedly*** tried to remind Defendant's counsel — has no authority to agree to an extension of a Court-set deadline. And Plaintiff was very clear she would file the sanction motion in the absence of an extension request.



Every indication appears to be that the production ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

- Defendant still has not produced the portion of GiveSendGo data with emails, despite the Court's order directly requiring as much.

- The document produced is inconsistent with regard to text-searchability: OCR appears to have been removed for *some* pages, but not others. That removal has indications the documents without text-searchability were "flattened" to eliminate OCR, perhaps by a redaction process.

- ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

- Defendant mass-designated the entire 8,813 page document "CONFIDENTIAL," notwithstanding that the protective order in this case forbids such conduct.[2],[3] This even includes the Hypnotic messages, that were produced as video with no designation before.

- Relatedly, there are redactions, but no privilege or redaction log explaining the basis for redactions has been served. But, per Local Civil Rule 26.2(b), a privilege log must be provided "at the time of the response to such discovery or disclosure."

- Significant areas of missing documents still exist, even within what this production purports to be:

    o Not a single email has been produced despite a promise to the Court by counsel. *See, e.g.,* 2026-02-09 Tr. at 43 ("The Court: Mr. Coleman, are you producing those chats and those communications ***and those emails?***"/ "Mr. Coleman: We will produce those chats and those communications ***and those emails***.") (emphasis added)

    o Despite over 100 pages of relevant conversations, the specific ChatGPT conversations about jurisdiction Defendant showed on stream (*see* ECF No. 48 at 3, citing Jeff Tarzia (@SmashJT), *Lawsuit Update, Alyssa S[****]s Out, Ubisoft LIES!,* YOUTUBE at 4:25:26 to 4:38:40 (Jul. 14, 2025)) are still missing, which suggests

---

[2] *See, e.g.,* ECF No. 52 ¶¶ 3(a) ("the Producing Party must affix the legend "CONFIDENTIAL" ***to each page*** that contains protected material") and 3(b) ("if only a portion or portions of the information on a document page qualifies for protection, the Producing Party ***must*** clearly identify the protected portion(s)") (emphases added).

[3] The mass, undifferentiated designation is on its own a strong indication that the production was rushed out the door, given Defendant's counsel's public statement (about this case, no less) that "I try not to bog down discovery with a lot of, over designation of stuff as confidential." Jeff Tarzia (@SmashJT), *Ron Coleman JOINS, Chatting Absolute CLOWN World,* YouTube, at 00:25:12-00:26:33 (January 21, 2026) ("Coleman ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

COHEN&GREEN                                                                 Page 2 of 5

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



    other conversations are missing too.

- o The messages in the production all cut off in November (or in one case, December) 2025, with no explanation. When Plaintiff asked why this was, Defendant simply replied, "Pretty sure that's impossible since the court has been told that we produced nothing."

These are not all the issues, but they add up to a strong indicator that Defendant rushed whatever he could out the door, without care, given the fact that Plaintiff filed a motion, in an effort to be able to say he produced a large number of pages. But "defendants' discovery obligations and their performance required by the Court's earlier orders should not be measured in the number of pages produced or the amount of time dedicated to the endeavor." *Martinez v City of NY*, 2018 US Dist LEXIS 13409, at *96 (EDNY Jan. 24, 2018) (sanction of striking the answer reduced on appeal to the District Judge).

    Even if everything else about the production were perfect, Defendant's plain violation of the Court's Order as concerns the GiveSendGo, emails, and so on calls for sanctions.

    Beyond that, the substance of Defendant's production raises significant, further issues. Plaintiff offers two examples, given the limited time Plaintiff has had to review the production.

    First,  This is concerning given his attorney's public admission he never reviewed (at a minimum) the first DM production, saying, "I mean you think I watched that two hours? … Yeah. And frankly you don't want to pay me for that, okay?" Coleman Stream at 00:25:49:23 - 00:26:02:21.

    So, Defendant himself ███. *See, e.g.,* **Exhibit 1** (███). Defendant ███,[4] ███ **Exhibit 2.** Given that ███[5]

    Second, Plaintiff sought certain attorney/client communications based on public disclosures of parts of advice and communications. *See, e.g.,* ECF No. 40-1 at 7-8, ¶ 18. Defendant resisted the

---

[4] Plaintiff is filing **Exhibit 1** — as well as **Exhibits 2-4** — under seal, pursuant to ECF No. 52. Accordingly, Defendant "has the obligation to make the written application to the Court justifying the proposed sealing and shall make the application within 7 days of the filing." ECF No. 52 ¶ 9.

[5] ███

COHEN&GREEN    Page 3 of 5

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



relevant request citing privilege.  ECF No. 40-3 at 4 ¶ 18. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇[6]), ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Plaintiff did not have this information during the jurisdictional discovery period, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.

Accordingly, nothing in the belated, incomplete production counsels against sanctions.  The Second Circuit has been more than clear that "discovery sanctions are proper even against parties who have belatedly complied with their obligations." *Klipsch Group, Inc. v ePRO E-Commerce Ltd.*, 880 F3d 620, 631 (2d Cir. 2018).  **In writing**, Defendant said he was "not worried" about complying with the Court's deadlines, and insisted he did not worry about deadlines, because he thought the status letter was "awesome."  And even then, that status letter — which Defendant joined — specifically said Defendant was going to file a motion to extend discovery.  He then did not.  Plus, when pressed at a live meet and confer as to why he did not even **ask** for an extension, Defendant again said (this time orally) that he did not worry about the Court's deadlines or the rules for extensions.

Again, "[t]o state (what should be) the obvious, a scheduling order cannot be cavalierly disregarded by counsel without peril." *Kaufman v Travelers Cas. Ins. Co. of Am.*, 2025 US Dist LEXIS 62063, at *16 (SDNY Mar. 31, 2025).  If nothing else, no attorney should feel comfortable saying they do not care about a Court's deadlines in writing.  And again, Defendant himself **literally used verbatim** the standard the Second Circuit set for discovery sanctions in *Klipsh* when describing why he had not just complied with discovery:

> "I'm also not the kind of person to just come forward and give information instantly. I'm not a snitch, … That's not, that's not how I operate. It is one of those situations where ***I was waiting until [my] back[ was] against the wall before anything needed to be given, because that's[] how I operate***."

Jeff Tarzia (@SmashJT), *SHOCKING Ice Ice, Baby, More Ubisoft Layoffs*, YouTube, at 20:31 to 26:18 (Jan. 14, 2026).[7]

So, as the caselaw makes plain, sanctions remain appropriate here — even with belated, partial compliance.

---

[6] ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ corrected here.



Page 4 of 5

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



/s/
_____
J. Remy Green
 *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiff*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

Page 5 of 5

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com