# Coleman Law Firm, p.c.

RONALD D. COLEMAN
973 264 9611
RCOLEMAN@COLEMANLAW-PC.COM
50 PARK PLACE | NEWARK NJ 07102

Admitted in New York and New Jersey

March 6, 2026

**BY ECF**

Hon. Lara K. Eshkenazi, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    *Mercante v. Tarzia*, 24-cv-08471
               Defendant's Status Report on Jurisdictional Discovery

Dear Judge Eshkenazi:

Pursuant to the Court's February 26, 2026 Order, Defendant Jeffrey Tarzia respectfully submits this status report on jurisdictional discovery. Defendant proposed language for a joint status letter to Plaintiff's counsel on March 6, 2026. Plaintiff's counsel responded not with proposed edits to a status letter, but with a counter-draft that, in Defendant's view, constituted an adversarial letter motion rather than a joint status report, and conditioned further engagement with Defendant on Defendant providing a voluntary summary of the supplemental production at Defendant's expense. As no such obligation exists, the deadline for this submission is today, and Plaintiff's relentlessly adversarial approach does not suggest a timely resolution of the dispute, Defendant submits this report unilaterally, with the full expectation that Plaintiff will file a separate submission.

## I.    Defendant's Supplemental Production of March 6, 2026.

On the evening of March 6, 2026, Defendant made a substantial supplemental production comprising the following four categories:

**Twitter/X Direct Messages with Full User Identities and Graphic Assets.** Defendant produced the complete corpus of Twitter/X direct messages, re-exported to include full user identity information and embedded graphic assets that were absent from the initial production. This supplemental production includes direct messages post-dating November 2025 that had been excluded from the prior production for volume-management reasons, including the Hypnotic conversation thread specifically identified by Plaintiff. Defendant also conducted a reasonable search of two alternate Twitter/X accounts (@SJT_Plus and @SmashJTlive) and has determined that those accounts contain no direct messages responsive to the jurisdictional discovery requests.

**GiveSendGo Donor Data, Including Emails.** Defendant produced complete GiveSendGo donor records, including donor email communications and transaction data. This addresses the specific deficiency the Court noted regarding GiveSendGo email production.

**ChatGPT Conversation Logs.** Defendant produced the complete export of his ChatGPT conversation history in .json format. As noted in Defendant's separate sealing application filed today, a portion of these logs reflect work product — specifically, conversations in which

Defendant sought to understand court orders and litigation communications directed at him for the purpose of assisting in his own defense. Those materials will be identified in the privilege log Defendant is currently preparing. Defendant represents that no ChatGPT content has been deleted or cleared.

**Discord Member Spreadsheet.** Defendant produced the Discord member spreadsheet referenced at TARZIA002355–2356. This document was created by a Discord moderator (not Defendant) for the limited purpose of preserving member information in connection with a planned server reorganization that was put on hold once this litigation commenced. It does not reflect Defendant's personal records and contains no donation amounts or financial information.

## II.     Categories Searched; No Additional Responsive Documents Identified.

Defendant has conducted a reasonable search of the following additional categories and has not identified responsive documents beyond what has already been produced:

**Emails.** During the February 9, 2026 hearing, the undersigned represented that emails would be produced. Defendant's email accounts are Jeff.Tarzia@gmail.com and Info@SmashJT.com. Defendant has reviewed both accounts and has not identified emails responsive to the jurisdictional discovery requests, other than communications with counsel that are protected by attorney-client privilege. Defendant does not have additional email accounts containing responsive materials.

**Discord Messages.** Defendant uses Discord primarily to promote videos and livestreams through a public server. Defendant conducted a search of Discord direct messages, including a search by Plaintiff's name, and did not identify any responsive private communications. No Discord direct messages related to this case, Defendant's finances, donors, or moderators have been located.

**Text Messages, Instagram Messages, and Other Platform DMs.** Defendant has conducted a reasonable search of text messages and Instagram direct messages and has not identified communications responsive to the jurisdictional discovery requests beyond what has been produced.

**Other AI Tools.** Defendant does not use other AI platforms — including Gemini, Claude, Grok, or Copilot — in ways that would generate responsive logs. No additional AI tool exports are required.

## III.    Items Still Pending.

Two items remain outstanding and are expected imminently:

**SuperChat and Donation Tracking Records.** A moderator known as "Sergeant Sapient" maintains records relating to SuperChat donor tiers. Defendant has requested these records and expects to receive and produce them shortly. Defendant himself does not maintain independent records of SuperChat donations.

**Privilege Log.** Defendant is preparing a privilege log for documents withheld or redacted on privilege or work product grounds, including certain ChatGPT conversations to the extent they may still be withheld, when all supplementation is complete. Defendant disputes Plaintiff's contention that attorney-client privilege has been waived and reserves all rights with respect to that issue.

### IV. Outstanding Disputes.

In its response to Defendant's proposed status letter, Plaintiff made numerous contentions regarding the adequacy of Defendant's production. Plaintiff's counsel has acknowledged that the March 6 supplemental production has not yet been reviewed, which is understandable considering its size and the timing of production. Defendant respectfully submits that any remaining disputes are premature until that review is complete, the actual need for any other materials is assessed by Plaintiff in good faith given the limited scope of discovery, and a good-faith meet and confer has taken place. Defendant is prepared to meet and confer promptly upon Plaintiff's completion of its review.

Defendant further notes that several of Plaintiff's contentions, as set forth in her counsel's proposed insertions to Defendant's draft status report, rest on characterizations Defendant disputes and appear to have been pulled from a playbook for raising edgy cyberlaw discovery objections. The supposed ChatGPT "prompt manipulation," for example, describes nothing more than a user clarifying the scope of a question to an automated tool — a routine and unremarkable interaction that has no bearing on personal jurisdiction and no cognizable relevance within the scope of discovery ordered by the Court. Defendant reserves the right to address Plaintiff's characterizations in full when they are presented to the Court by proper motion, as Plaintiff's consistent approach to this litigation makes inevitable.

### V. Proposed Next Steps.

Defendant proposes the following schedule to bring jurisdictional discovery to an orderly conclusion:

(1) Plaintiff to complete review of the March 6 supplemental production, which will itself be supplemented by the middle of next week with materials expected to be relatively trivial in volume, within 14 days;

(2) Parties to meet and confer within 7 days thereafter on any remaining disputes;

(3) Any unresolved disputes to be presented by letter motion on a schedule set by the Court.

Defendant thanks the Court for its attention to this matter and is available for a conference should the Court prefer to address these issues in that manner.

Respectfully submitted,

*[signature]*

Ronald D. Coleman