

February 20, 2026

Hon. Lara K. Eshkenazi, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

By Electronic Filing.

    Re:  <u>Mercante v. Tarzia,</u> **24-cv-08471**

Dear Judge Eshkenazi:

  As the Court likely recalls, my firm, with co-counsel, represents Plaintiff in the case above. I write jointly with counsel for Defendant pursuant to the Court's February 26, 2026 Minute Order to report on the status of jurisdictional discovery.

  By way of background, as set out in the letters at ECF Nos. 57 and 60, on February 19, 2026, Defendant made a partial production of things due for production by February 17, 2026. On March 3, 2026, when there had been no production or communication from Defendant since February 19, Plaintiff sent a detailed email identifying numerous deficiencies and areas of, among other things, documents the Court specifically ordered produced and Defendant had not produced or explained his failure to produce.

  **Defendant's Supplemental Production.** Late last night and early this morning, Defendant made a production he represents to contain (1) All DMs from X with full user identities and graphic assets; (2) All GiveSendGo donor data including emails; (3) All ChatGPT .json chat logs; and (4) a member spreadsheet for Discord server Defendant's moderation team maintains. Plaintiff notes that while Defendant represented initially it would contain "Discord messages, text messages, Instagram messages, … additional email communications, and alternate account DMs," it does not. Plaintiff further notes all of these were omitted without notice or explanation from the February 19, 2026 production, despite many being things the Court specifically ordered produced by February 17 (and in some cases, by January 28, 2026, *see* Jan. 14, 2026 Minute Order).

  Three categories remain that the parties agree have not been unproduced. First and second, all communications outside of Twitter (as Ordered by the Court to be produced by January 28, and then February 17) and certain SuperChat donation tracking records maintained by a third-party moderator, both of which Defendant represents he expects to produce in the near term. Third, after the meet and confer on YouTube and Wix, Plaintiff identified a number of YouTube datasets that

were not exported that she wanted, and requested production specifically of that data.[1]

Plaintiff's position is that production of these items was due long ago, and "shortly" is no longer viable — and inconsistent with Defendant's position that what was necessary was "a firm deadline." ECF No. 60 at 3. The Court should direct Defendant to finish producing the items already ordered produced by a date certain, to the extent it is willing to allow another extension.

Plaintiff also notes that while, as of the motion at ECF No. 57, the "duration of the delay" was "brief" (Feb. 26, 2026 Minute Order[2]), it was an additional 16 days — more than a third of the initial period Judge Brodie set for jurisdictional discovery — before Defendant produced items the Court has ***specifically*** said needed to be produced by the 17th. For emails and other communications in particular, it is now well over a month since the Court Ordered production — nearly the entire initial span of jurisdictional discovery. Plus, even now, numerous deficiencies in the production still remain. Plaintiff also notes that the fact that ***she*** has had to keep identifying areas where documents have been silently withheld. That this keeps happening raises issues with trusting the entire production. As the Court put it at the conference, when Plaintiff ***happens*** to know of something that's missing, all that means is "counsel saw some, but what that is indicative of is there could be more." 2026-02-09 Tr. at 10.

**Format and Privilege Log.** Defendant is preparing a privilege log for any redacted documents. Defendant is also working to address Plaintiff's concerns regarding the searchability and format of the prior production. The re-export of the Twitter DM set will address the image and text-searchability issues identified by Plaintiff.

Plaintiff's position is that, per the Rules, a privilege log is due "at the time of the response to such discovery or disclosure." Local Civil Rule 26.2(b). No privilege log has been produced to date. As far as format, Plaintiff merely notes that the initial formatting[3] of the production has made it extremely burdensome to review and find the deficiencies she has, while limiting her ability to

---

[1] As far as Wix is concerned, while Defendant's counsel had not logged into an administrator account at the meet and confer and so the access necessary was missing, after direct communications with Wix following the subpoena, the actual answer was that the features that use backend code disclosed in Wix's documentation were not enabled on Defendant's account, and Defendant has only used full-built "widgets" in building his site. Whether those widgets are interactive will have to be evaluated without the benefit of the code itself.

[2] On this front, Plaintiff also notes that Defendant's counsel revealed yesterday that he did not have access to the sealed letter at ECF No. 57 when he filed the letter at ECF No. 60. So, the Court's reliance on "the reasons cited by counsel for Defendant for the delay (see ECF 60)" in deciding the relevant motion may have been premature.

[3] Plaintiff has specifically raised that: (1) the DMs and ChatGPT logs were produced with text searchability erratically removed and in a partially corrupted, 1.5 GB single pdf; (2) DMs were produced with the setting to include images/attachments disabled, and without a separate production of images/attachments; and (3) the DM production did not enable using usernames (rather than the random Twitter ID number used by the system.

Page 2 of 4

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



review. The apparent lack of review on Defendant's side[4] — and apparent use of ChatGPT to make decisions about what to produce and not produce (*see, e.g.,* ECF No. 57-1 at 2-3 ("What you *do NOT* have to turn over")) — appears to be part of why Plaintiff is repeatedly finding basic issues with missing documents revealed by the production itself.

**Updated Formal Responses.** Defendant is reviewing Plaintiff's request for updated formal discovery responses and will address this in due course, reserving all objections. This should be served by early next week so that it can properly reflect that actual production. Plaintiff notes the Court directed updated formal responses, after repeatedly explaining why what Defendant served was inadequate. *See, e.g.,* 2026-02-09 Tr. at 28-29 ("Put that in writing in your objections very specifically that it's not available."); at 25 ("That is a specific response that you should put in your responses to their discovery. It's not an onerous requirement, right? That's just what the rules … require. You have to state if you are withholding what's technically responsive documents and why. That's what the rules require for each request").

Related to this issue, Plaintiff also raised that the production to date continues to reveal false representations in the formal responses that no documents exist. For example, some messages revealed that Defendant's community kept a discord "member spreadsheet." TARZIA002355-2356. So his representation that no such document existed was not accurate. And Defendant has not updated his formal response to account for the previously admitted-to-be-untrue representations. *Compare, e.g.,* ECF No. 42 at 3 ("Mr. Tarzia informs me that all his communications with these people have been through direct messages on X.com") *with, e.g.,* TARZIA007866 (messages with Hypnotic, including "What's your email," "It's a PDF from Ron," "I'll [forward]" after discussing the jurisdictional issues in the case).

**Confidentiality.** Plaintiff asked to confer with Defendant on the blanket designation of his entire production as "Confidential." He has not responded.

**Privilege.** Defendant expressly preserves all applicable privileges and protections, including attorney-client privilege and work product protection. Defendant disputes Plaintiff's contention that any privilege has been waived and reserves all rights with respect to that issue.

However, from Plaintiff's perspective, that summary declaration about what Defendant "preserves" suffers from exactly the defect his formal responses do: It's "just too vague." 2026-02-29 Tr. at 4. Defendant does not dispute the fact that Defendant's production reveals he has regularly forwarded communications to and from his attorney to third parties, had ChatGPT draft strategic communications to his attorney (*see, e.g.,* ECF No. 57-4), and so on. And the sheer breadth

---

[4] Jeff Tarzia (@SmashJT), Ron Coleman JOINS, Chatting Absolute CLOWN World, YouTube, at 00:25:49:23 - 00:26:02:21 (January 21, 2026) (Mr. Coleman on stream, speaking to his client, saying of the first round of production: "I mean you think I watched that two hours? … Yeah. And frankly you don't want to pay me for that, okay?"). Plaintiff notes that this has resulted in what appears to be a massive production, but is largely material any review would have removed — for example, the ChatGPT logs produced this morning appear to be Defendant's entire, undifferentiated ChatGPT conversation history. And they have things like, for example, Defendant asking ChatGPT to draft performance reviews of his direct reports at his day job.

COHEN&GREEN    Page 3 of 4

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



of this disclosure — in Plaintiff's view — adds up to subject matter waiver given the context and the fact that Defendant regularly discusses counsel's advice on his streams and with relevant witnesses, such that the full context is fairly at issue. *See, e.g., Siras Partners LLC v Activity Kuafu Hudson Yards LLC*, 157 AD3d 445, 446 (1st Dept 2018) (three-line email to third party waived subject matter); *accord Robbins & Myers, Inc. v J.M. Huber Corp.*, 274 FRD 63, 94 (WDNY 2011) (public announcement waived subject matter).

**Outstanding Disputes.** The parties have not reached agreement on all items identified in Plaintiff's March 3, 2026 email and in the letter at ECF No. 57. Plaintiff has asked for a meet and confer on specific deficiencies and issues as identified above. Defendant has committed to meet and confer on all these issues following his supplemental production that he says will be complete "shortly."

**Sealing.** Defendant's motion to seal was filed yesterday. Plaintiff will file an opposition shortly.

**Rule 37 Fees.** The parties would appreciate knowing how the Court wants to resolve the reserved issues on Rule 37 fees.

The parties are available should the Court wish to schedule a conference. Defendant asks the Court to continue to defer ruling on any pending discovery disputes pending the completion of supplemental discovery. Plaintiff's view is that Defendant has again treated the Court's direction to keep things moving in the opposite direction he should have: "the production is meant to be ongoing. I didn't mean for anything to stop as a result of that." 2026-02-09 Tr. at 3.

        Respectfully submitted,

        /s/
        _____

J. Remy Green
   *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiff*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

Page 4 of 4

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t: (929) 888.9480 · f: (929) 888.9457 · FemmeLaw.com