

March 11, 2026

Hon. Lara K. Eshkenazi, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

By Electronic Filing.

**Re: Mercante v. Tarzia, 24-cv-08471**

Dear Judge Eshkenazi:

As the Court likely recalls, my firm, with co-counsel, represents Plaintiff in the case above. I write, pursuant to paragraph 9 of the Protective Order at ECF No. 54 ("Protective Order") and paragraph III(B)(2) of the Court's Individual Practice Rules for a "determination as to whether" Defendant's blanket designation of certain materials as CONFIDENTIAL "is appropriate." Protective Order ¶ 9. Plaintiff makes this motion as she looks ahead towards how to amend the complaint to incorporate jurisdictional discovery material.

## Background

By way of brief background, Defendant has made several productions that he has designated CONFIDENTIAL under the Protective Order, in blanket fashion. First, his entire February 19, 2026 production was marked that way. And second, all of ChatGPT logs in his subsequent productions in March have been marked confidential.[1]

After the initial, February 19 production, Plaintiff immediately asked Defendant to confer on the blanket designation of all documents as confidential, saying (among other things), "please take this email as the first step in a challenge to the blanket confidentiality designation of every single record produced. … First, there is no indication any of this information fits in any of the categories in paragraph 2. Second, a blanket designation is flatly inconsistent with parts a and b of paragraph 3. Defendant never responded to that email.[2]

[1] Given the lack of updated formal responses to date, along with other inconsistencies ion the production to date, it is not outside the realm of possibility that Defendant intended to designate the rest of March productions confidential but made a mistake — particularly since a significant portion of the March production includes direct messages that were designated confidential when they were produced in an improper format in February. Plaintiff is, in this motion, largely assuming Defendant intended to non-confidential direct messages to replace the confidential ones, but is maintaining the blanket designation of all ChatGPT logs.

[2] Defendant did respond to a later email in the same thread, which asked why the production cut off in November, with "Pretty sure that's impossible since the court has been told that we produced nothing."

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



Thereafter, Plaintiff raised the issue multiple times. In the joint letter drafting process, before Defendant cut things off and sent a solo letter, Plaintiff included as an issue: "**Confidentiality.** Plaintiff asked to confer with Defendant on the blanket designation of his entire production as 'Confidential.' He has not responded." ECF No. 63-1 at 3. On March 9, Plaintiff sent a set of follow-up inquiries by email, including as an issue:

> "**[B]lanket over-designation**. We asked you to meet and confer on the bulk designation of records as "CONFIDENTIAL" in violation of the Confidentiality Order. I also included this in the joint letter draft before you abandoned the joint drafting process, so we did not receive a response. As I said before: First, there is no indication any of this information fits in any of the categories in paragraph 2 of the Order. Second, a blanket designation is flatly inconsistent with parts a and b of paragraph 3 of the Order. And if we make a motion, it is your burden to explain the designation."

When Defendant responded on other issues, Plaintiff again asked to confer on this: "please take this as a last request for availability to confer on the confidentiality designations (to be clear, I THINK the revised DM production was not designated but the whole ChatGPT production was, which we will move on)."[3] And in still another email, Plaintiff said: "And all of what I said in my earlier email remains outstanding. Given the failure to address the request to meet and confer, we will make a motion to de-designate in short order." Defendant has not responded to that request. So, despite Plaintiff's extensive efforts to meet and confer, Defendant has not responded at all on this issue.

## Standards

Under the Protective Order, to challenge a confidentiality designation, a party must follow the following procedure:

> "**Challenges to Confidentiality Designations.** A Receiving Party that questions the Producing Party's confidentiality designation will, as an initial step, contact the Producing Party and confer in good faith to resolve the dispute. If the parties are unable to resolve the dispute without court intervention, they shall apply to the Court for a determination as to whether the designation is appropriate. The party that designated as "CONFIDENTIAL" bears the burden of proving it was properly designated. The party challenging a "CONFIDENTIAL" designation must obtain a court order before disseminating the information to anyone other than Qualified Recipients."

Protective Order ¶ 9. That is, the parties must attempt to resolve the issue in good faith. If they cannot, the burden on a motion is on the party ***designating*** the documents to demonstrate a basis for the designation — though the Protective Order continues to apply to the applicable documents

[3] The response was about the issue that it was untrue when Defendant claimed he had produced post-November 2025 direct messages (at least with Hypnotic), as demonstrated by the prior video production and the fact that Defendant falsely claimed there were no responsive emails.

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



until the Court resolves the motion.

As far as what the burden is substantively, as set out in the watershed case in the City, a party seeking to maintain a designation must show "good cause" for the designation, at least with a Protective Order structured like the one here. *Schiller v City of NY*, 2007 US Dist LEXIS 4285, at *16 (SDNY Jan. 19, 2007).

As far as what is appropriate for designation, paragraph 2 of the Protective Order — using a mandatory "shall" — provides only seven possible categories for proper designation. They include things like financial and tax data (¶ 2(a)), medical records (¶ 2(c)), non-public criminal history (¶ 2(e)), and other similarly sensitive matters.

Moreover, the limitations on the manner of designation forbids blanket designation: Paragraph 3(a) requires page-by-page designation, while Paragraph 3(b) requires — using a mandatory "must" — separation of appropriately designated material from non-confidential material:

> "If only a portion or portions of the information on a document page qualifies for protection, the Producing Party must clearly identify the protected portion(s) (e.g., by using highlighting, underlining, or appropriate markings in the margins)."

Protective Order ¶ 3(b).

**Discussion.**

Defendant cannot meet his "burden of proving [the material at issue] was properly designated." Protective Order ¶ 9. Because of Defendant's refusal to confer, Plaintiff is at a disadvantage in opening this briefing, because she does not have any indication of why Defendant believes his designation is appropriate (or indeed, if he wishes to maintain it at all).

However, it seems reasonable to assume Defendant's argument here would track his argument in his pending sealing motion at ECF No. 61, since the types of documents at issue are similar: ChatGPT transcripts.[4] There, Defendant made no reference to the kinds of documents the Protective Order allows to be designated, but argued that the chats at issue received work product protection because "Defendant was processing litigation strategy and preparing to communicate a litigation position to his attorney" or other similar tasks with ChatGPT. ECF No. 61 at 2.

## I. Work Product Does Not Exist for Documents Disclosed to an Adversary.

That argument is doomed from the start, because Defendant disclosed the documents. As noted in *Schiller* itself, "if a party voluntarily discloses a privileged document, it waives the privilege

[4] Subject to the assumption that Defendant has withdrawn his prior designation of DMs he later produced without designation — and intentionally did not designate that later production — as noted above in n. 1 and the accompanying text.

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



for that document and cannot later seek to keep the document confidential." *Schiller v City of NY*, 2007 US Dist LEXIS 4285, at *18 (SDNY Jan. 19, 2007). And, indeed, "voluntary disclosure to an adversary constitutes waiver even where the party to whom production is made is subject to a confidentiality agreement." *Id.* at *19, n 5.[5]

Put simply — and as noted in Plaintiff's response to ECF No. 61 — it is black letter law that "[a] party waives the work product protection by taking actions inconsistent with this its purpose, such as disclosing work product to its adversary." *NY Times Co. v United States DOJ*, 939 F.3d 479, 494 (2d Cir. 2019). And it is hard to imagine something less consistent with work product protection than disclosing the material to an adversary, since the purpose of work product protection is so a party has a "zone of privacy" that is "free from unnecessary intrusion ***by his adversaries.***" *United States v. Adlman*, 134 F.3d 1194, 1196 (2d Cir. 1998) (emphasis added). So, there is no non-frivolous claim that the ChatGPT logs Defendant disclosed to Plaintiff have any privilege, to the extent they ever did.

**II. AI Chatbot Logs are Not Privileged Without Facts Not Present Here.**

There is another threshold issue: Chat logs with an LLM are not privileged and cannot be work product to begin with (at least, unless an attorney *directed* use of the chatbot, which is not claimed here). As Judge Rakoff explained in a recent written opinion requiring disclosure of a criminal defendant's chat logs, "AI users do not have substantial privacy interests in their conversations with another publicly accessible AI platform which users voluntarily disclosed to the platform and which the platform retains in the normal course of its business," and work product cannot apply when a chat log was not "not prepared at the behest of counsel and did not disclose counsel's strategy." *United States v Heppner*, 2026 US Dist LEXIS 32697, at *8; at *13 (SDNY Feb. 17, 2026) (alterations accepted). So while waiver by production to Plaintiff is clear, there also was no privilege to waive to begin with.

**III. Blanket Designation is Forbidden by the Protective Order.**

Last, even if there were a non-frivolous argument for confidentiality, Defendant's blanket designation of all ChatGPT logs violates the plain language of the Protective Order. Plaintiff does not discuss the specifics, given the nature of this application, but notes that the vast majority of what was produced has nothing to do with communications with counsel (unlike the examples filed at ECF No. 57, which Plaintiff filed on the motion ***because*** they had that content, in order to make the arguments she wanted to make about sanctions).

That is, even if some of the documents could conceivably receive work product protection (they cannot), the Protective Order requires that, to make a designation, Defendant "must clearly identify the protected portion(s)" and otherwise only designate specific "***page[s]*** that contains protected material." Protective Order ¶ 3(a) and (b). Defendant did not do so. And despite Plaintiff highlighting this issue repeatedly in efforts to meet and confer, Defendant did not respond.

---

[5] Nor is there a clawback or other similar agreement in the Protective Order or anywhere else in this case.

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com

Given the above, Defendant cannot possibly meet his burden to show good cause to maintain the blanket designation of all ChatGPT logs. So, the Court should grant the motion and remove the designation.

**IV. <u>The Court Should Grant Rule 37 Costs.</u>**

As with past motions, Plaintiff is entitled to her mandatory Rule 37 fees for this motion, because there is no reasonable argument for Defendant's choice to designate these documents confidential, or for his choice to refuse to even confer about removing the designation.

Plaintiff notes that the Court has reserved Rule 37 issues until the formal close of jurisdictional discovery (granted, with the last Order, it is not exactly clear when that is). Accordingly, Plaintiff makes this point to preserve the right to seek fees for this motion with the rest of the Rule 37 fees.

But with that said, Plaintiff notes that the continued recalcitrance plaguing discovery to date may be alleviated somewhat if the Court makes a limited, interim award. And the fees on this issue are easy to sever from other fees for that purpose.

As always, we thank the Court for its time and consideration.

Respectfully submitted,

/s/

_______________

J. Remy Green
*Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiff*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.