

March 17, 2026

Hon. Lara K. Eshkenazi, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

By Electronic Filing.

**Re:   Mercante v. Tarzia, 24-cv-08471**

Dear Judge Eshkenazi:

As the Court likely recalls, my firm, with co-counsel, represents Plaintiff in the case above.  I write regarding the pending motion to remove Defendant's blanket designation of thousands of documents as "CONFIDENTIAL" at ECF No. 65.  As explained below, Defendant failed to file any opposition to the motion, and expressed that he does not intend to file a direct opposition.  Accordingly, the motion should be granted.

Under the Court's Rules, Defendant's Opposition was due Monday, March 16, 2026.  Defendant did not file any opposition — though Defendant re-filed his motion to seal as a motion (rather than a letter), and curiously marked the refiling as related to ECF No. 65.  But the letter itself discusses none of what is argued in ECF No. 65, and does not cite it.  This is also not the first time Defendant has missed a deadline to oppose a motion without explanation.  *See, e.g.,* ECF No. 41; Jan. 6, 2026 Minute Order ("ORDER: Defendant is directed to respond to Plaintiff's 40 Motion to Compel and 41 Status Letter by 1/09/2026. So Ordered by Magistrate Judge Lara K. Eshkenazi on 1/6/2026.").

I asked Defendant's counsel if he planned to file any opposition.  He said, initially, "How is your motion to de-designate different from the motion to seal? Aren't these the same issues?" Then, when I asked if he intended to file an opposition, he said:  "No my intention was that our motion to seal be considered our opposition which is why we included it in the list of relevant prior filings,"[1]

---

[1] If Defendant means this seriously, it raises a grave candor to the Court issue.  On one hand, if Defendant was simply refiling his motion, it could not possibly *also* be an opposition to a motion filed later in time.  In that case, the motion is unopposed, but there is no candor issue.  But on the other, if Defendant was making a change to his motion (though the only apparent one was changing what it was marked related to on the docket) to make it address a motion filed a week later, the content of the letter violates Rule 11.  As noted in ECF No. 64, Defendant uses a fabricated quote in his motion (not for the first time in this case).  *See* ECF No. 64 at 5-6.

(*continued*)



and "Looks like the same issues to me."  I accordingly told counsel I would be filing a letter.

I should also note that this explanation is somewhat inconsistent with what Defendant said when he filed ECF No. 66.  When I asked whether it was the same motion to seal and why he filed it, Defendant merely said, "Yes, the clerk called me and asked me to refile it as a motion. Now the world should be at peace."  When I asked if in that call the clerk said Plaintiff should re-file her opposition and cross-motion for an order to show cause, Defendant said, "No, and I did cross-refer to your submissions."  And the new letter even remains dated March 5, 2026, so it is unclear how it could oppose a motion filed on March 11.

At any rate, obviously, the motion explicitly contemplated by ¶ 9 of the Protective Order is different than a motion to seal.  One concerns the right of public access and measures against the judicial role, the other applies a standard set by the Protective Order itself.  And the four documents Defendant is seeking to seal are not the same as the thousands of documents designated confidential — those have at least some connection to counsel.

Perhaps most clearly, as Plaintiff explained in the motion, the "**_vast majority of what was produced has nothing to do with communications with counsel (unlike the examples filed at ECF No. 57,_** which Plaintiff filed on the motion because they had that content, in order to make the arguments she wanted to make about sanctions)."  ECF No. 65 at 4 (emphasis altered).  So regardless of the result on the sealing motion, even if the Court were to say documents disclosed to

---

Presumably, Defendant reviewed the opposition to his motion — and to re-adopt the fake quote after he received notice constitutes exactly the sort of thing Courts have imposed grave consequences for. *See, e.g., Flycatcher Corp. v Affable Ave. LLC*, 2026 U.S. Dist. LEXIS 23980, at *13 (SDNY Feb. 5, 2026).  And it is not the first time Defendant has, **_after notice_**, continued to try to get the Court to adopt fake quotations that are not from the source he says they're from.  *See, e.g.,* 2026-02-09 Tr. at 20 (counsel citing "information available to us by Google"), statement made after ECF No. 48 at 4 n. 6 and accompanying text (noting the false statement and explaining that "[m]isciting a chatbot log as if it were an official statement by Google is frivolous").

Here's the timeline this time around, if the Court decides despite the content of the letter, that Defendant's motion at ECF No. 66 is also an opposition:

- On March 5, 2026, Defendant filed ECF No. 61, using a fake quote.
- On March 6, 2026, Plaintiff filed ECF No. 64, pointing out the quote was fake.
- On March 11, 2026, Plaintiff filed ECF No. 65 (after Defendant's failure to meet and confer), seeking to remove blanket confidentiality.
- On March 16, 2026, Defendant filed ECF No. 66, citing the same fake quote, despite notice.

So, once again, as noted on March 6 in ECF No. 64, Defendant's motion at ECF No. 54 sought "to persuade the Court using legal authority that does not exist" because it used a "fabricated quotation[] from [a] real case[.]"  *Gurpreet Kaur v Desso*, 2025 U.S. Dist. LX 129902, at *7, n 4 (NDNY July 9, 2025).  And if Defendant really did mean to submit the re-filed motion at ECF No. 66 as a **_new_** opposition to ECF No. 65, he **_necessarily knowingly_** tried to convince the Court to use a fake quotation in deciding the issues in his motion.



Page 2 of 3

---



an adversary can retain work product protection (and that ChatGPT logs get that protection at all), the designation of at least those documents should be removed.

And Defendant fails to engage with the black letter law that "if a party voluntarily discloses a privileged document, it waives the privilege for that document and cannot later seek to keep the document confidential." *Schiller v City of NY*, 2007 U.S. Dist. LX 4285, at *18 (SDNY Jan. 19, 2007).[2] Yet, of course, Defendant's motion to seal does not discuss *Schiller v City of NY*, 2007 U.S. Dist. LX 4285, at *16 (SDNY Jan. 19, 2007) at all, or any other decision on the issue of blanket designation or disclosure of work product to an adversary. Nor does he discuss his total failure to respond to requests to meet and confer.

Defendant's total lack of care on this docket is hard to figure out how to address. In an earlier letter, Plaintiff asked for a conference because of just how hard to understand Defendant's conduct was — and the Court expressed at that conference that its "overall sense is that defendant is not meeting [his] obligations." 2026-02-09 Tr. at 4. Perhaps at this stage, another conference would be in order. I am genuinely at a loss for what to do here.

At any rate, nothing in ECF No. 66 is an opposition to ECF No. 65. ECF No. 65 does not even mention ECF No. 65. Defendant has made clear he does not intend to file any separate opposition. Accordingly, the motion at ECF No. 66 should be granted as unopposed. Moreover, given the conduct described above, and in particular in n. 1, to the extent the Court is inclined to consider ECF No. 66 as an opposition, it only emphasizes that the Court should issue the Order to Show Cause requested in Plaintiff's Opposition/Cross-Motion at ECF No. 64, and direct Defendant to explain how he came to make the fake citations identified in that letter.

As always, we thank the Court for its time and consideration.

Respectfully submitted,

/s/

_____

J. Remy Green
    *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiff*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

---

[2] Indeed, to maintain the position that documents that do not relate even remotely to communications with an attorney are somehow work product would call for a different set of Rule 11 sanctions — the position is frivolous in the extreme. Yet, despite Plaintiff's motion raising the issue directly, Defendant's purported opposition makes no attempt to explain how a document disclosed to an adversary could maintain anything resembling work product protection.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com