# Coleman Law Firm, p.c.

RONALD D. COLEMAN
973 264 9611
RCOLEMAN@COLEMANLAW-PC.COM
50 PARK PLACE | NEWARK NJ 07102

Admitted in New York and New Jersey

March 18, 2026

**BY ECF**

Hon. Lara K. Eshkenazi, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> **Re:** _**Mercante v. Tarzia**_**, No. 1:24-cv-08471 (E.D.N.Y.)**

Dear Judge Eshkenazi:

Defendant Jeffrey Tarzia respectfully submits this brief response to Plaintiff's letter at ECF No. 67, which argues that the motion at ECF No. 65 should be granted as unopposed. As explained below, that request has already been answered by the Court itself; the procedural narrative in ECF No. 67 is materially inaccurate; and the letter's escalating pattern of inflammatory allegations warrants some direct response.

## I.       The Court Has Already Disposed of Plaintiff's Request.

ECF No. 67 asks the Court to grant ECF No. 65 as unopposed. The Court's Order issued the same afternoon, directing the parties to meet and confer by March 20, 2026 and to file a joint status letter addressing what discovery remains and whether judicial intervention is sought. The Court did not grant ECF No. 65 as unopposed. It did precisely what the procedural posture called for: it channeled the dispute through an orderly process. ECF No. 67 is therefore largely moot as to its central request, and Defendant addresses the remainder of the letter to correct the record.

## II.      The "Missed Deadline" Narrative Is Inaccurate.

Plaintiff characterizes ECF No. 66 as another instance of Defendant missing a deadline without explanation. That is not what happened. The clerk's office contacted defense counsel and directed that the motion to seal be refiled as a motion rather than a letter. Counsel complied. The substance of the filing was not altered; the cross-references to Plaintiff's submissions were expressly included; and the document on its face addresses the sealing of the same four exhibits that are the subject of both the underlying dispute and the de-designation motion. The notion that a clerk-

Hon. Lara K. Eshkenazi, U.S.M.J.                                                    March 18, 2026
Page 2 of 3

directed formatting correction constitutes a missed opposition deadline — or raises "grave candor" concerns, as Plaintiff's footnote 1 suggests—is not a serious legal argument.

### III.  The "Fabricated Quote" Allegation Is Itself a Misrepresentation.

Plaintiff argues at length, again, that Defendant's citation to *Hickman v. Taylor* for the phrase "prepared in anticipation of litigation" is a fabricated quotation warranting sanctions. This allegation is incorrect and, given how many times it has now been raised, deserves a direct answer.

"Prepared in anticipation of litigation" is the universal judicial shorthand for the *Hickman* work product doctrine. It appears in *every* circuit's formulation of the standard, including the Second Circuit's own statement of it in *United States v. Adlman,* 134 F.3d 1194, 1202 (2d Cir. 1998)—a case Plaintiff herself cited in these proceedings—which asks whether a document "can fairly be said to have been prepared or obtained because of the prospect of litigation." The Court's own order yesterday cited *Matrix Essentials* for the work product waiver proposition, in a legal context where *Hickman* is foundational background that every court takes for granted. The absence of a pincite is a citation form issue. It is not a fabrication, and characterizing it as one — repeatedly, in filings to this Court — is itself a misuse of the candor framework Plaintiff invokes.

Defendant is mindful that courts have expressed concern about LLM-generated citations to nonexistent cases. This is not that. The proposition cited is black-letter law; the case cited is real and says what every lawyer understands it to say.

The undersigned does not cite cases without reading them himself. Plaintiff's conflation of a missing pincite with the fabrication of legal authority is precisely the kind of inflammatory overstatement that has characterized her counsel's approach throughout this litigation.

### IV.  Plaintiff's Counsel's Conduct in Meet and Confers.

The Court has ordered the parties to meet and confer by March 20. Defendant raises one point in advance of that process. This is not the first time Plaintiff's counsel has, during a meet and confer, explicitly threatened to report defense counsel's statements—including statements made in the ordinary give-and-take of a discovery dispute—to the Court. It has become a pattern. Plaintiff's counsel's own summary email of today's conference, transmitted the same afternoon this letter was filed, illustrates the dynamic precisely: counsel explicitly notes that defense counsel's statements during the call are "recorded in Kathryn and my notes verbatim" — a formulation that serves no purpose in a good-faith discovery summary other than to signal that those statements are being preserved for judicial use.

Defendant raises this not to seek any immediate relief, but because the Court's observation at the February 9 conference that the parties need to engage in genuine good-faith meet and confer is

Hon. Lara K. Eshkenazi, U.S.M.J.                                March 18, 2026
Page 3 of 3

difficult to square with a process in which one party's counsel treats a discovery call as an evidentiary proceeding against opposing counsel. Counsel should be able to engage in these conferences with candor and in a collegial matter; Plaintiff's practice of cataloguing gotchas makes this impossible, and naturally affects progress on any matters in dispute.

Defendant will engage in the ordered meet and confer in good faith, as he has throughout this case, and respectfully asks that the Court be aware of this dynamic if the parties are unable to reach agreement and the matter returns to the Court.

### V.      The De-Designation Question.

The merits of ECF No. 65 remain to be addressed in the joint status letter and, if necessary, in properly noticed motion practice. Defendant will address them fully in that context. He notes only that the Court's sealing order—which addressed four specific exhibits that Plaintiff herself attached to a sanctions motion and thereby made judicial records—has no logical bearing on the confidentiality designation of the thousands of pages in the broader production that have never been filed with the Court, have played no role in any ruling, and exist solely within the scope of jurisdictional discovery. That distinction is the central issue on ECF No. 65, and it will be addressed.

Defendant thanks the Court for its continued attention to this matter.

Respectfully submitted,

Ronald D. Coleman