# Coleman Law Firm, p.c.

RONALD D. COLEMAN
973 264 9611
RCOLEMAN@COLEMANLAW-PC.COM
50 PARK PLACE | NEWARK NJ 07102

Admitted in New York and New Jersey

March 29, 2026

**BY ECF**

Hon. Lara K. Eshkenazi, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     <u>*Mercante v. Tarzia*, No. 1:24-cv-08471 (E.D.N.Y.)</u>

Dear Judge Eshkenazi:

[CORRECTED VERSION — Exhibit A to Motion to Redact ECF No. 74]

Defendant Jeffrey Tarzia respectfully submits this letter to bring to the Court's attention conduct by Plaintiff Alyssa Mercante that warrants attention prior to the conference currently scheduled for April 21, 2026.

On March 24, 2026, Plaintiff's counsel transmitted a "settlement demand" letter to defense counsel by email. The letter is twenty-one pages in length and contains extensive discussion of materials obtained during jurisdictional discovery, including characterizations of Defendant's ChatGPT logs, direct message productions, and a sworn declaration from third-party witness "Hypnotic." Defense counsel received the letter that evening. Defendant has not responded.

Today, March 29, 2026, Plaintiff published a ten-part thread on the social media platform Bluesky publicly disclosing the existence and substance of that settlement letter and providing a publicly accessible link to the letter itself. Below are screenshots of Plaintiff's posts. The thread has already generated significant public engagement, including third-party commentary that is hostile and demeaning toward Defendant.

Hon. Lara K. Eshkenazi, U.S.M.J.                                        March 30, 2026
Page 2 of 6





Hon. Lara K. Eshkenazi, U.S.M.J.                                    March 30, 2026
Page 4 of 6



Defendant respectfully submits that this conduct warrants the Court's attention for several reasons.

First, Plaintiff herself acknowledged in her public posts that settlement communications "are generally not shared outside of the parties to the case, so there's a better chance the parties can discuss things candidly." Having acknowledged the typically confidential nature of legitimate settlement communications, Plaintiff nonetheless chose to publish them to her social media audience. This was not inadvertent and follows a great deal of back and forth between the parties, and involving the Court, concerning the confidentiality designation of these materials.

Second, and more fundamentally, the settlement letter extensively characterizes materials produced by Defendant during jurisdictional discovery, a proceeding this Court authorized for the narrow purpose of developing the record on specific jurisdictional deficiencies identified in Judge Brodie's order. Plaintiff is now using those materials, and her characterizations of them, to generate public pressure on Defendant while litigation is actively pending before this Court. What makes this conduct troubling is not merely that Plaintiff published a settlement letter; it is what she published and why. The letter's substance derives almost entirely from materials obtained during jurisdictional discovery. Plaintiff is now using those materials — Defendant's private communications, ChatGPT logs, and third-party declarations obtained during that limited proceeding — as the raw material for a public social media campaign directed at Defendant and his audience. Whatever the merits of Plaintiff's underlying claims, the jurisdictional discovery process was never intended as a vehicle for generating public pressure on Defendant or mobilizing third parties against him while litigation is pending. That is what it has become, and places Plaintiff's earlier submissions to this Court concerning the urgency of de-designating material which Defendant produced as Confidential in a very different light indeed.

Third, contrary to Plaintiff's claim, Defendant has made no public statements about the settlement letter or its contents, in compliance with my instructions. Plaintiff's claim in her posts that Defendant has been "commenting on it publicly" is false. Defendant has maintained complete public silence regarding this letter since its receipt.

Fourth, the public dissemination of this letter, with its detailed characterizations of Defendant's private communications, has already generated a wave of public commentary that is hostile and demeaning toward Defendant. These attacks are precisely the kind of collateral harm that the expectation of confidentiality bona fide settlement communications are designed to prevent, and which Plaintiff had in mind to avoid when these materials were originally designated "confidential."

This application does not seek discovery relief. It reports conduct affecting the integrity of these proceedings and seeks relief within the Court's inherent authority to manage litigation and protect the parties before it, and Defendant expects that these issues will be addressed at the status conference scheduled for April 21, 2026.

Hon. Lara K. Eshkenazi, U.S.M.J.                                    March 30, 2026
Page 6 of 6

Defendant thanks the Court for its continued attention to this matter.

Respectfully submitted,

Ronald D. Coleman