# COHEN GREEN

March 31, 2026

Hon. Lara K. Eshkenazi, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

By Electronic Filing.

**Re:** **Mercante v. Tarzia, 24-cv-08471**

Dear Judge Eshkenazi:

As the Court likely recalls, my firm, with co-counsel, represents Plaintiff in the case above.  I write concerning the "Letter" Defendant filed at ECF No. 76.  Since it was filed as a Letter on ECF, it is not clear whether ECF No. 76 seeks any relief, or whether a response is required (or desired).  Nonetheless, we file this limited response today in an abundance of caution, since if it were a motion, a response would be due today.  *Cf.* ECF No. 50; Feb. 18, 2026 Minute Order (the Court's resolution of a similar non-motion Defendant filed).

To the extent ECF No. 76 actually seeks relief, we ask leave to address it in full, upon understanding what the relief is and what the basis for it would be, at the upcoming conference.  And to the extent the content was related, we note that though after a meet and confer yesterday, we understood we would receive a motion from today, the Court's notice today that Defendant filed an *ex parte*[1] motion was a surprise to us and we have not seen that motion.

However, we do feel the need to note that when Defendant claims he "made no public statements about the settlement letter[2] or its contents," that claim is false.  Defendant tweeted about the settlement offer, including on the day Plaintiff sent the offer.  Specifically, Defendant tweeted a "counter offer" with a GIF that said "TAKE A BIG STEP BACK AND FUCK YOUR OWN FACE."[3] Defendant also discussed the settlement letter on his stream,[4] including a stream the

---

[1] Defendant's use of the *ex parte* filing makes his public filing — and failure to immediately address it being public on immediate notice from us and Hypnotic's counsel — of ECF No. 75 at least suspect, since that document was the first thing to publicly and unequivocally connect Hypnotic to the name Defendant filed in violation of the confidentiality order in ECF No. 74.

[2] A copy of the redacted settlement demand Plaintiff shared is attached as **Exhibit 1**.

[3] Plaintiff raised the existence of such tweets (with screenshots) to Defendant's counsel immediately after the letter was filed, encouraging a correction.  No correction came, and counsel even re-filed the letter *after* we made him aware of the tweets, without any change to this false representation to the Court.  *Accord* ECF No. 67 at 1 n. 1 (discussing two past instances of objectively false claims being repeated after notice).

[4] *See, for example,* Jeff Tarzia (@SmashJT), *Epic Fortnite COLLAPSE,* YOUTUBE at 00:40:44 (Mar. 24, 2026) ("I will say what transpired today reinforced that I am dealing with someone that I firmly believe needs some

(*continued*)

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York  ·  11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



same day as the "counter offer." All of this is in a context where Defendant has publicly posted and discussed the precise details of Plaintiff's prior compromise offers.  *See* **Exhibit 2**.

So, faced with Defendant slowly leaking details and likely winding up to release the details of a settlement demand Plaintiff made ***again***, Plaintiff elected to preempt him and provide context for Defendant's claims that her letter showed she "needs some serious psychological help" and the like. Defendant seemingly concedes she was legally allowed to do so under both Fed. R. Ev. 408 (otherwise how could Defendant have shared the past offer?) and the confidentiality order.[5]  And Plaintiff absolutely would not have posted anything if Defendant had not opened the door.

To be sure, it is unfortunate Plaintiff could only contextualize Defendant's characterizations by disclosing the letter:  Public disclosure can limit the chances of successful settlement.  But given Defendant's public "counter offer," there was no serious chance of settlement to scuttle.  And, given that Defendant's counsel ***only*** downloaded the exhibits once the letter was posted, it seems likely no serious review of the offer ever would have taken place — and if anything, posting the letter moved the process forward, not backward.

As far as relief, it is not clear what, if anything, Defendant seeks.  Plaintiff would consent to a symmetrical agreement that neither party may publicly discuss the case, discuss settlement offers, or whatever the case may be.  But if Defendant is seeking an order directing only Plaintiff to stay silent, Plaintiff opposes.

Respectfully submitted,

/s/
_____

J. Remy Green
    *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiff*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

---

serious psychological help. If what they passed along to me was serious, they got bigger issues than I think anyone gave them credit for.").

[5] *Accord Authors Guild v NEH*, 2026 US Dist LEXIS 60465, at *20-32 (SDNY Mar. 23, 2026) (no protective order where a party posted discovery not designated confidential).

COHEN&GREEN

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com