# Coleman Law Firm, p.c.

RONALD D. COLEMAN
973  264  9611
RCOLEMAN@COLEMANLAW-PC.COM
50 PARK PLACE | NEWARK NJ 07102

Admitted in New York and New Jersey

April 1, 2026

**BY ECF**

Hon. Lara K. Eshkenazi, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:**    <u>***Mercante v. Tarzia***, **No. 1:24-cv-08471 (E.D.N.Y.)**</u>

Dear Judge Eshkenazi:

Defendant Jeffrey Tarzia respectfully moves pursuant to Federal Rule of Civil Procedure 26(c) for a protective order precluding Plaintiff from requiring Defendant to provide elevated administrative access to Defendant's Discord server, to produce Discord server audit logs, or to conduct any further Discord-related discovery beyond what has already been provided. The parties met and conferred on this dispute today and were unable to reach agreement.

## I.    The Requests Exceed the Scope of Authorized Jurisdictional Discovery.

"Where, as here, the Court has limited the parties to jurisdictional discovery, the discovery requests must be relevant to the jurisdictional analysis." *Conservation L. Found., Inc. v. All-Star Transportation, LLC,* No. 3:21-CV-00201 (JBA), 2022 WL 16901999, at *1 (D. Conn. Nov. 11, 2022). This Court authorized jurisdictional discovery for the narrow purpose of developing the record on four specific jurisdictional deficiencies identified in Judge Brodie's order. ECF No. 37.

Defendant had provided Plaintiff's counsel with a standing invite to join the server as any member of the public would, giving them the same access available to any ordinary member. That access is what was committed to. Plaintiff's demand for elevated administrative permissions goes far beyond any commitment made, and beyond what Rule 34 or the scope of authorized jurisdictional discovery requires.

Hon. Lara K. Eshkenazi, U.S.M.J.                                                April 1, 2026
Page 2 of 4

Plaintiff now demands elevated administrative access to a Discord server with hundreds of members, plus server audit logs recording every moderation action taken on that server. Neither category of information bears any cognizable relationship to the jurisdictional questions this Court authorized discovery to address:  whether **Defendant** took specific acts in New York, whether **he** purposefully availed himself of conducting business in New York, whether a substantial nexus exists between **his** New York activities and the causes of action, or whether Plaintiff can make out facts proving agency or conspiracy theories as grounds for jurisdiction.

The specific jurisdictional nexuses this Court identified all concern Defendant's relationships with identified New York individuals and his participation in New York-based media operations. Those relationships — with "Hypnotic," with ToastyWithTheMosty, and with the individual identified in discovery as "Crooked De_Light" — have been the subject of extensive direct message and third-party discovery already produced and in Plaintiff's possession. A public-facing Discord community server, whose content consists primarily of posts by audience members, is not a repository of communications between Defendant and his New York contacts and cannot plausibly yield evidence bearing on any of the four jurisdictional questions the Court identified. The audit logs, which record server moderation actions such as bans and role assignments, are even further removed from any jurisdictional question. This is not a close call.

In pre-motion communications, Plaintiff has asserted that prior overbreadth rulings disposed of this objection. That is incorrect. No prior ruling addressed Discord server audit logs or elevated administrative access. Those requests are new, and they are squarely outside the jurisdictional discovery framework this Court established.

The Court is also respectfully referred to Defendant's letter of March 29, 2026 (ECF No. 76) regarding Plaintiff's history of using materials obtained through jurisdictional discovery as fodder for a public social media campaign. Courts in the Second Circuit apply a fundamental distinction between legitimate discovery and harassment based on whether discovery serves proper fact-gathering purposes. The spirit of the discovery process "is violated when discovery is used as a tactical weapon rather than to explore a party's claims and the facts connected therewith." *In re Weinberg*, 163 B.R. 681, 684 (Bankr. E.D.N.Y. 1994).

This standard requires courts to examine the underlying motivation and purpose behind discovery requests. Plaintiff by every indication seeks this broad, invasive disclosure on top of the vast quantity already produced for purposes for which this discovery was never authorized. It is exactly this situation that underscores the need for the Court to carefully limit what further materials Plaintiff may obtain through this process.

Hon. Lara K. Eshkenazi, U.S.M.J.                                                    April 1, 2026
Page 3 of 4

## II.    The Server Content Is Not Within Defendant's Possession, Custody, or Control.

Federal Rule of Civil Procedure 34 limits discovery to documents within a party's "possession, custody, or control." Defendant created the Discord server but does not actively administer it and is unfamiliar with its administrative functions. The server is operated by moderators who are not parties to this litigation and who act independently. The server's broader content — channel messages posted by hundreds of members, moderation logs reflecting actions taken by third-party administrators — is not within Defendant's possession, custody, or control within the meaning of Rule 34. That Defendant technically retains founder status does not transform the content of a community server into his personal documents.

## III.    The Requests Are Duplicative and Disproportionate.

Plaintiff has represented in writing that the discovery obtained to date is sufficient to resolve this case entirely. In Plaintiff's settlement "demand" of March 24, 2026, Plaintiff's counsel wrote that "Discovery has now answered each of those deficiencies directly," referring to the four jurisdictional deficiencies identified by Judge Brodie, and further stated that Plaintiff is "plenty comfortable on jurisdiction." See ECF No. 76 at 1 (quoting Plaintiff's letter). Having declared that jurisdictional discovery has already answered every relevant question, Plaintiff cannot credibly assert that Discord server audit logs and elevated administrative access are necessary or proportionate to any remaining jurisdictional need. Rule 26(b)(1) requires that discovery be proportional to the needs of the case.

Courts must additionally limit discovery where "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action." Fed. R. Civ. P. 26(b)(2)(C); see Fierro v. Gallucci, No. 06-CV-5189, 2010 WL 1223122, at *9 (E.D.N.Y. Mar. 24, 2010). Plaintiff has not merely had ample opportunity; she has publicly acknowledged that this opportunity has been fully realized. Where Plaintiff has announced in public that, by her lights at least, the discovery already obtained is sufficient to establish jurisdiction and prove every element of every claim, further intrusive access into a third-party community server is neither necessary nor proportionate.

For the foregoing reasons, Defendant respectfully requests that the Court enter a protective order precluding Plaintiff from requiring elevated Discord server access, audit log production, or any further Discord-related discovery beyond the public-facing access already provided.

Hon. Lara K. Eshkenazi, U.S.M.J.                                                                    April 1, 2026
Page 4 of 4


Defendant thanks the Court for its continued attention to this matter.

Respectfully submitted,

*[signature]*

Ronald D. Coleman