

April 10, 2026

Hon. Lara K. Eshkenazi, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

By Electronic Filing.

**Re:**     **Mercante v. Tarzia, 24-cv-08471**

Dear Judge Eshkenazi:

As the Court likely recalls, my firm, with co-counsel, represents Plaintiff in the case above.  I write in response to Defendants' Motion for a Protective Order at ECF No. 81 (the "Motion").  Briefly put, Defendant essentially seeks to relitigate Plaintiff's December 19, 2026 motion (ECF No. 40), which the Court granted months ago.  But whether the motion is viewed as an untimely and barely disguised reconsideration motion, on its own merits, or otherwise, the Motion should be denied.

## Background

Given the nature of the motion, a review of the past Orders and litigation addressing the issue Defendant seeks to revisit is in order.

After only initially getting two documents, on December 19, 2025, Plaintiff moved to compel all communications with various New York-based content creators, including specific creators like "ToastywiththeMosty."  ECF No. 40.  Defendant failed to respond.  The Court llowed Defendant another chance, and he filed an opposition.  On the merits, the Court granted the motion to compel in full, directing complete production of all responsive documents[1] by January 28, 2026.  Jan. 14, 2026 Minute Order.  The Court noted it rejected Defendant's objections because, "[s]imply put, Defendant has not provided enough specificity to prevail on its objections. *Id.*  The Court also cautioned that any "continued failure to comply with [Defendant's] discovery obligations will result in the imposition of monetary sanctions pursuant to Federal Rule of Civil Procedure 37(a)(5)(A)."  *Id.*

---

[1] The discovery requests themselves clarify that the Local Rule definition of document "Document" "should be understood to include — among other things — emails, direct messages, ***Discord messages***, text messages, mail, or recordings of phone or video calls."  ECF No. 40-2 at 3 (emphasis added); *accord* ECF No. 40-1 (similar).  And the relevant requests are phrased as seeking "All documents concerning communications with" relevant people, on relevant topics.  ECF No. 40-2 at 6.  So, there is no question these documents are covered by the Order.



But Defendant did not comply with the January 28, 2026 deadline. Indeed, at the relevant conference, the Court noted that it still had the "overall sense is that defendant is not meeting [his] obligations." 2026-02-09 Tr. at 4:1-10. In various follow-ups and at meet and confers since then, Plaintiff repeatedly raised Defendant's failure to produce *any* Discord messages (*see, e.g.*, ECF No. 70-1 at 2; ECF No. 72 at 3-4), or apparently conduct any search for such messages. **Exhibit 1** at 4-5.

On March 19, Defendant reported he was having difficulty gathering responsive Discord documents for review and production, because (he claimed) exporting from Discord was difficult for him. As far as messages on various channels in his official Discord, Defendant reported he used a single search term (without any consultation with Plaintiff on search terms[2]) — "Mercante" — and found 1,200 hits in his various server channels[3] that Defendant would need to review for production. Defendant proposed that in lieu of conducting any review, he would give Plaintiff access sufficient to do the task herself:

> "I wanted to follow up on the Discord server channel issue before tomorrow. Jeff has *now conducted a search* of the server channels for 'Mercante' and reports over 1,200 results…As a practical matter, Jeff is prepared to provide you with a standing invite link to the server so that you can search it directly."

Ex. 1 at 4-5 (emphasis added). Plaintiff accepted the offer, and the parties reported agreement to the Court. ECF No. 72 at 4 n. 3 (noting Defendant "proposed … providing Plaintiff's team a standing invite to last for the duration of litigation with appropriate permissions to allow exports [] and allowing us to collect relevant documents ourselves," which Plaintiff "agreed" to).

But access to the Discord server immediately became another front for delay. First, Defendant failed to provide an invitation. When Plaintiff asked for the invite, noting Defendant had promised to provide such access using a direct quote ("Jeff is prepared to provide you with a standing invite link."), counsel declared, "No I didn't." **Exhibit 2** at 13. When Plaintiff responded with a full screenshot of the email with the relevant promise highlighted, counsel claimed, without explanation, "I misunderstood you entirely." *Id.* at 11. Defendant then provided access without the ability to see the contents of *even a single channel or message*. After this failure was raised, Defendant then provided one of the two accounts Plaintiff asked to use to review *some* access,[4] but even on that, the same search — "Mercante" — only returned 503 results, not the more than 1,200 Defendant reported. *See, e.g., id.* at 6 (providing screenshots to try to get counsel to understand the problem).

---

[2] At no point in the litigation has Defendant been willing to confer on search terms, over Plaintiff's repeated objection.

[3] Discord has both direct message capabilities, and "channels," where multiple users that are members of the same "server" can converse, if those users have been granted access. It is unclear whether direct messages are at issue in this motion, but Defendant has not produced a single Discord direct message, as noted in the most recent status report.

[4] To date, Defendant has not provided any access to the second account Plaintiff has asked for access on, so only a single person on Plaintiff's team can collect documents or review.

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



There are two plausible — and not mutually exclusive — explanations for the discrepancy. *First,* it may reflect "out of sight" discussion channels. *See, e.g.,* **Exhibit 3** at 2 (moderator saying "this is a conversation that should have stayed out of sight" about "'Lyssa talk" and "lawsuit talk").[5] Production of responsive communications from such channels is part of what the Court Ordered, since ToastywiththeMosty is one of the "Mods" on Defendant's Discord. *Second,* relevant material might have been deleted, which seems possible given that behavior patterns in the channels Plaintiff now can see shows that the users may have been warned that Plaintiff would be entering to review. *Accord, e.g.,* **Exhibit 4.** Plaintiff thus continued to request full access that would enable the agreed-upon review. And, in light of the second possibility — and the fact that Discord's audit logs of message deletion are automatically deleted within 30 days and such deletion cannot be suspended — Plaintiff asked that Defendant preserve and ultimately produce the Discord audit logs which would show the presence or absence of such deletions.[6]

Defendant now seeks a protective order, asking that the potentially relevant communications at issue — which he has never reviewed at all — be somehow removed from the scope of the Court's previous Order. That is, he asks the Court to revisit its Order on Plaintiff's motion *from January*, perhaps because he feels he has sufficiently run out the clock on jurisdictional discovery.

<u>**Argument**</u>

Defendant's argument is that he should not have to comply with a Court Order from months ago, and that his violation of the Court's many deadlines should somehow render that non-compliance a fait accompli. To that end, the Motion suggests Defendant continuing to follow the approach suggested to him by ChatGPT (rather than his lawyer) of forcing Plaintiff "[p]rove every connection painstakingly, [f]ight for every piece of evidence, [r]espond to objections and motions for weeks or months," in order to "waste[] time and money," and otherwise strategically picking "the hardest and most pain in the ass thing for [A]lyssa['s] lawyers to deal with." **Exhibit 5** at 4-5 (ChatGPT advising "Dragging Out Jurisdictional Discovery"). That is, as Defendant gleefully put it to a friend, "Ron [Coleman,] is dragging his feet," apparently "just so he can shoot it all down and

---

[5] Relevantly, it is common (and not inherently pernicious) practice in Discord servers to have "Mod" (as in "moderator") channels where moderators discuss issues relevant to the administration of the server, but of course, being humans, they often talk about more, as Ex. 3 suggests. *See also, for example,* **Exhibit 4** (moderator, saying the "moderators here are not just moderators, you idiot, they know [Defendant] on a personal level," then saying "We just forwarded discovery towards Smash … in private," though transmission referenced has not been produced, and it is unclear if the "discovery" referenced has been either).

[6] At the meet and confer, Plaintiff expressed her position — seemingly omitted entirely from Defendant's letter — clearly. On one hand, if Defendant now wishes to conduct for himself the responsiveness review of all of the potentially irrelevant messages to determine which of those messages should be produced as part of jurisdictional discovery, he can of course do so. But on the other, he cannot decline to review potentially responsive documents on the basis of his offer to give Plaintiff access to those documents for purposes of review, and simultaneously argue that there is a subset of potentially responsive documents to which Plaintiff should not be given access and of which no review at all should be conducted.

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



be a pain in the ass to [Plaintiff's counsel]." **Exhibit 6.**

## I.   Defendant's Reconsideration Motion is Untimely.

Defendant seeks to have the Court reconsider its Jan. 14, 2026 Minute Order.  But any motion to reconsider is due "within 14 days after the entry of the court's order being challenged."  Local Civ. R. 6.3.  Such a motion must also explain how "moving party believes the court has overlooked" something.  Yet, Defendant's Motion does nothing of the kind.  It is well more than 14 days from the Order, so the Motion violates Local Rule 6.3.  And the Motion does not even try to explain how the Court could have overlooked Defendant's new arguments,[7] nor does it justify how there even *is* a burden given that Plaintiff will review anything Defendant is willing to provide access to. Particularly in light of the evidence this strategy is intentional — that Defendant's explicit goal is to make Plaintiff "[r]espond to objections and motions for weeks or months" to waste money and time (Ex. 5 at 4-5) — there is no basis to override Local Rule 6.3.

## II.   Defendant's Motion Fails on the Merits.

### A.   Defendant is an administrator on the server and maintains full access and control.

The substance of Defendant's motion also falls far short.  First, he says he does not have control of the relevant documents.  Nonsense.  Defendant's role on his own Discord is "Admin." **Exhibit 5.**  Indeed, during the meet and confer, Defendant's counsel suggested the discrepancy in search results likely was "because [Defendant]'s an admin."  On Discord, the "Admin" role "is the most powerful role permission. It grants all permissions and bypasses all channel restrictions[.]"[8] That is, there is no power, access, or ability restricted to other members that Defendant does not possess.  So, Defendant's claim that he is "unfamiliar with its administrative functions" (Motion at 3) has nothing to do with whether he legally has custody and control.  As the Court put it well the last time Defendant pled this sort of incompetence, "then you may need to consult with someone else to get that information to [Plaintiff] because there's *someone* who knows how to do this." 2026-02-09 Tr. at 28-29.

### B.   Defendant does not meaningfully address the interaction between access for Plaintiff, audit logs, and Defendant doing review.

The Motion never bothers to explain how discussion of access or audit logs came about.  At the meet and confer, Defendant acknowledged the gap in search results, with Defendant accessing more than double the number of hits for Plaintiff's name that Plaintiff is.  As Plaintiff explained at that meet and confer, she is happy to do Defendant's review for him.  But Plaintiff's review must encompass the same material that Defendant's would.  So Defendant's focus on access levels is just an objection to *his own proposal*.

---

[7] Defendant's actual responses from December and opposition in January were without anything "describing the volume or the costs of search or production," and therefore failed.  Jan. 14, 2026 Minute Order.
[8] https://support.discord.com/hc/en-us/articles/214836687-Discord-Roles-and-Permissions.

COHEN&GREEN

Page 4 of 6



Meanwhile, as alluded to above, Plaintiff has requested the audit logs as part of trying to figure out the massive gap between the search results: If there were deletions, audit logs are the best way to see that deletion. If, on the other hand, Defendant provides full access and the hit numbers match, this issue is resolved. And Plaintiff has repeatedly expressed willingness to hear out any other explanation. Instead, Defendant made Plaintiff "[r]espond to objections … for weeks or months" (Ex. 5 at 4-5), while refusing to explain or meaningfully discuss the discrepancy. So, given the strong preliminary evidence of spoliation, Defendant does not make any showing that the modest measure of producing audit logs would not be appropriate

### C.    Defendant seeks to inappropriately to make (misread) use of settlement materials in a way barred by Fed. R. Evid. 408.

Defendant's other argument, beyond his apparent incompetence to use his own Discord administrative account, is that Plaintiff "represented in writing that the discovery obtained to date is sufficient to resolve this case entirely." Motion at 3. There are a few problems with this point. *First*, Defendant disagrees with the conclusion he urges the Court to adopt. During the meet and confer, Plaintiff asked if Defendant would stipulate to jurisdiction. If so, he would be correct that further discovery would be duplicative. But he is not willing to go there. And just because a party believes it is likely to prevail with evidence it has does not mean it is not entitled to more (particularly when the Court has already ordered production of that "more").

*Second,* Defendant also does not attach the settlement demand he quotes. That is likely because his use of the quote is out of context. Though Plaintiff expressed confidence with the evidence she has currently, she also was explicit that "discovery is ongoing." ECF No. 79-1 at 20.

*Last*, the settlement letter Defendant uses is just that — a settlement letter — and is protected by Fed. R. Evid. 408. Even if it lacked the caveat that discovery was ongoing, Defendant is still using "a statement made during compromise negotiations about the claim," either to "prove … the validity … of a disputed claim"[9] or to "impeach by a prior inconsistent statement or a contradiction." Fed. R. Evid. 408(a). Either way, the use is impermissible. With the caveat in n. 9 below, it seems most likely he is using it for the latter purpose, since he says the settlement statement means "Plaintiff cannot *credibly* assert" more discovery is proportionate. Motion at 3 (emphasis added). But since any use to "impeach" Plaintiff's claim Defendant has not complied with the Court's Order is barred, Defendant's argument fails.

---

[9] The posture here is somewhat unusual: Defendant is saying, essentially, Plaintiff's evidence on jurisdiction is (because *she* said so) so strong as to make producing further discovery the Court has specifically ordered — even on documents that have never been reviewed — "duplicative." Motion at 3. If the Court adopts his argument, Defendant would then be judicially estopped from challenging jurisdiction at all. *Davis v Wakelee*, 156 US 680, 689 (1895). That is, if the Court grants his motion, Defendant will have "succeed[ed] in maintaining th[e] position" (*id.*) that "the discovery already obtained is sufficient to establish jurisdiction and prove every element of every claim." Motion at 3. It seems unlikely Defendant intended that result, but it necessarily flows from adopting his position.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



As always, we thank the Court for its time and consideration.

Respectfully submitted,

/s/
_____

J. Remy Green
*Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiff*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

COHEN&GREEN    Page 6 of 6

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com