

**remy green <remy@femmelaw.com>**

---

## Mercante v. Tarzia - Summary of Meet and Confer

---

**Ronald D. Coleman** <rcoleman@colemanlaw-pc.com>                    Fri, Mar 20, 2026 at 9:54 AM
To: remy green <remy@femmelaw.com>
Cc: Admin <admin@femmelaw.com>, Kathryn Tewson <ktewson@kusklaw.com>, Lane Haygood <lhaygood@kusklaw.com>

Yes


**Ronald D. Coleman**

COLEMAN LAW FIRM, PC
50 Park Place, Suite 1105

Newark, NJ 07102
973-264-9611

*Admitted to practice in New Jersey and New York*

---

**From:** remy green <remy@femmelaw.com>
**Sent:** Friday, March 20, 2026 10:54 AM
**To:** Ronald D. Coleman <rcoleman@colemanlaw-pc.com>
**Cc:** Admin <admin@femmelaw.com>; Kathryn Tewson <ktewson@kusklaw.com>; Lane Haygood <lhaygood@kusklaw.com>
**Subject:** Re: Mercante v. Tarzia - Summary of Meet and Confer


Great. I will change the quote in our part saying "thorough" to "complete" to match this change -- good to file after that?

_____

**J. Remy Green**

> *Partner*
> | Cohen&Green P.L.L.C. | #FemmeLaw |
> | remy@femmelaw.com (e) | (929) 888.9560 (direct) |
> | (929) 888.9480 (p) | (929) 888.9457 (f) |
> | honorific / pronouns: Mx. / they, their, them |
> | 1639 Centre St., Ste. 216 | Ridgewood (Queens), NY 11385 |

_____



On Fri, Mar 20, 2026 at 9:52 AM Ronald D. Coleman <rcoleman@colemanlaw-pc.com> wrote:

This should do it. Minor tweak to our piece on page 4.

**Ronald D. Coleman**

COLEMAN LAW FIRM, PC
50 Park Place, Suite 1105

Newark, NJ 07102
973-264-9611

*Admitted to practice in New Jersey and New York*

**From:** remy green <remy@femmelaw.com>
**Sent:** Friday, March 20, 2026 10:01 AM
**To:** Ronald D. Coleman <rcoleman@colemanlaw-pc.com>
**Cc:** Admin <admin@femmelaw.com>; Kathryn Tewson <ktewson@kusklaw.com>; Lane Haygood <lhaygood@kusklaw.com>
**Subject:** Re: Mercante v. Tarzia - Summary of Meet and Confer

Hi Ron,

Deleted the comment re:  whether this letter needed sealing, made relevant updates.  Is this done or do you have another round?

I've also highlighted one sentence I think is moot with our agreement re: discord [semi-]public messages, and I deleted the position from the confidentiality section because I think we now have a joint position.

**J. Remy Green**

*Partner*

| Cohen&Green P.L.L.C. | #FemmeLaw |
| remy@femmelaw.com (e) | (929) 888.9560 (direct) |
| (929) 888.9480 (p) | (929) 888.9457 (f) |
| honorific / pronouns:  Mx. / they, their, them |
| 1639 Centre St., Ste. 216 | Ridgewood (Queens), NY 11385 |



On Fri, Mar 20, 2026 at 8:47 AM Ronald D. Coleman <rcoleman@colemanlaw-pc.com> wrote:

Good, thanks

**Ronald D. Coleman**

COLEMAN LAW FIRM, PC
50 Park Place, Suite 1105

Newark, NJ 07102
973-264-9611

*Admitted to practice in New Jersey and New York*

**From:** remy green <remy@femmelaw.com>
**Sent:** Thursday, March 19, 2026 8:35 PM
**To:** Ronald D. Coleman <rcoleman@colemanlaw-pc.com>
**Cc:** Admin <admin@femmelaw.com>; Kathryn Tewson <ktewson@kusklaw.com>; Lane Haygood <lhaygood@kusklaw.com>
**Subject:** Re: Mercante v. Tarzia - Summary of Meet and Confer

Hi Ron,

Sounds like a reasonable practical solution, assuming the link remains open for litigation (at least for the non-direct messages).  For direct messages, there are a bunch of utilities like the one we linked you for Twitter.

This looks like one:

https://github.com/Tyrrrz/DiscordChatExporter

I can update the letter accordingly tomorrow morning.

_____

**J. Remy Green**

*Partner*
| Cohen&Green P.L.L.C. | #FemmeLaw |
| remy@femmelaw.com (e) | (929) 888.9560 (direct) |
| (929) 888.9480 (p) | (929) 888.9457 (f) |
| honorific / pronouns: Mx. / they, their, them |
| 1639 Centre St., Ste. 216 | Ridgewood (Queens), NY 11385 |

_____



_____

On Thu, Mar 19, 2026 at 7:24 PM Ronald D. Coleman <rcoleman@colemanlaw-pc.com> wrote:

Good, that's fine.

Also, I wanted to follow up on the Discord server channel issue before tomorrow. Jeff has now conducted a search of the server channels for "Mercante" and reports over 1,200 results. He has also confirmed that there is no native export functionality available for this content.

As you know, the server is public. Given the volume of results and the public accessibility of the server. which means the burden of reviewing this material falls equally on both parties regardless of who pulls it, can we figure out a proportionate approach before we commit to a production format? Under Rule 26(b)(1), the burden and expense of the proposed discovery is a relevant consideration, particularly in the context of jurisdictional discovery where the scope is supposed to be limited.

As a practical matter, Jeff is prepared to provide you with a standing invite link to the server so that you can search it directly. If you have a different proposal for how to handle the volume, I am open to discussing it. I would suggest we address this at or before the meet and confer tomorrow.

**Ronald D. Coleman**

COLEMAN LAW FIRM, PC
50 Park Place, Suite 1105

Newark, NJ 07102
973-264-9611

*Admitted to practice in New Jersey and New York*

**From:** remy green <remy@femmelaw.com>
**Sent:** Thursday, March 19, 2026 7:23 PM
**To:** Ronald D. Coleman <rcoleman@colemanlaw-pc.com>
**Cc:** Admin <admin@femmelaw.com>; Kathryn Tewson <ktewson@kusklaw.com>; Lane Haygood <lhaygood@kusklaw.com>
**Subject:** Re: Mercante v. Tarzia - Summary of Meet and Confer

Ron:

For designations, could we agree on something like "Failure to designate by that date means the document will be treated as if produced without a designation."

I'm not trying to say there's substantive waiver—I'm trying to clarify there is no residual designation since we moved on the designation and you're withdrawing it.

_____

## J. Remy Green

*Partner*
| Cohen&Green P.L.L.C. | #FemmeLaw |
| remy@femmelaw.com (e) | (929) 888.9560 (direct) |
| (929) 888.9480 (p) | (929) 888.9457 (f) |
| honorific / pronouns:  Mx. / they, their, them |
| 1639 Centre St., Ste. 216 | Ridgewood (Queens), NY 11385 |

_____



_____

On Thu, Mar 19, 2026 at 6:15 PM Ronald D. Coleman <rcoleman@colemanlaw-pc.com> wrote:

Here we go.

**Ronald D. Coleman**

COLEMAN LAW FIRM, PC
50 Park Place, Suite 1105

Newark, NJ 07102
973-264-9611

*Admitted to practice in New Jersey and New York*

**From:** remy green <remy@femmelaw.com>
**Sent:** Thursday, March 19, 2026 6:28 PM
**To:** Ronald D. Coleman <rcoleman@colemanlaw-pc.com>
**Cc:** Admin <admin@femmelaw.com>; Kathryn Tewson <ktewson@kusklaw.com>; Lane Haygood <lhaygood@kusklaw.com>
**Subject:** Re: Mercante v. Tarzia - Summary of Meet and Confer

Hi Ron,

Attached.

I would appreciate if you work in track changes from here on -- I couldn't track changes because I had to merge your changes into my document manually.

_____

**J. Remy Green**

     *Partner*
| Cohen&Green P.L.L.C. | #FemmeLaw |
| remy@femmelaw.com (e) | (929) 888.9560 (direct) |
| (929) 888.9480 (p) | (929) 888.9457 (f) |
| honorific / pronouns: Mx. / they, their, them |
| 1639 Centre St., Ste. 216 | Ridgewood (Queens), NY 11385 |

_____



On Thu, Mar 19, 2026 at 4:37 PM Ronald D. Coleman <rcoleman@colemanlaw-pc.com> wrote:

> You can copy and paste this onto your letterhead. I am sure there will be adjustments by both of us before we file.
>
> **Ronald D. Coleman**
>
> COLEMAN LAW FIRM, PC
> 50 Park Place, Suite 1105
>
> Newark, NJ 07102
> 973-264-9611
>
> *Admitted to practice in New Jersey and New York*
>
> **From:** remy green <remy@femmelaw.com>
> **Sent:** Thursday, March 19, 2026 2:52 PM
> **To:** Ronald D. Coleman <rcoleman@colemanlaw-pc.com>
> **Cc:** Admin <admin@femmelaw.com>; Kathryn Tewson <ktewson@kusklaw.com>; Lane Haygood <lhaygood@kusklaw.com>
> **Subject:** Re: Mercante v. Tarzia - Summary of Meet and Confer
>
> Hi Ron,
>
> Attached is a draft of the joint letter, with highlights for things we will need to specify after today's COB production, and blanks for Defendant's position where we anticipated you would want to say something separately.
>
> _____
>
> **J. Remy Green**

*Partner*

| Cohen&Green P.L.L.C. | #FemmeLaw |
| remy@femmelaw.com (e) | (929) 888.9560 (direct) |
| (929) 888.9480 (p) | (929) 888.9457 (f) |
| honorific / pronouns: Mx. / they, their, them |
| 1639 Centre St., Ste. 216 | Ridgewood (Queens), NY 11385 |



On Wed, Mar 18, 2026 at 3:07 PM remy green <remy@femmelaw.com> wrote:

Hi Ron,

This email is to summarize what we discussed at our meet and confer. As ever, if anything is wrong or inaccurate, please feel free to indicate.

## 1. SuperChats:

Happily, you reported to us that someone in Jeff's community has created an export of all SuperChats. You said you would produce that **by close of business March 19, 2026.**

## 2. Privilege Log:

You indicated we would get a privilege log **by close of business March 19, 2026.** This also came up towards the end, and I

believe we reached the understanding that it would contain a categorical claim for communications between you and Jeff.

### 3. Formal Responses:

You agreed you would get us updated formal responses **by close of business March 19, 2026.**

### 4. YouTube Data:

You complained that my emails contained too much rhetoric to read -- although you seemed to concede the relevant emails to this issue did not.

At any rate, once again, relevant "tick boxes": Transaction Revenue, Transactions, Revenue per Transaction, YouTube Premium, Watch Page Ads, Estimated Doubleclick Revenue, Estimated Adsense Revenue, YouTube Ad Revenue, Ad Impressions, Playback-Based CPM, CPM, etc.; also the relevant metrics such as CPM, Estimated Monetized Playbacks, RPM, Rubies, etc., as well as the breakdown of revenue by source (superchats, ads, etc).

You agreed this export was not difficult, and committed to provide it **by close of business March 19, 2026.**

### 5. Emails:

After a heated exchange (you said "Oh please, give me a fucking break" -- this and other quotes are recorded in Kathryn and my notes verbatim -- and threatened to leave the call after I referenced the Sedona Principles and the basic idea that parties

should discuss their search methodology), you agreed that your updated formal responses would describe your search methodology.

## 6.  Post-November 12, 2025 DMs.

After still more heated exchanges -- in which you said, after I said I had tried to explain this repeatedly in my emails, and you said, "I'm not sure it's worth it to me to read them." -- we arrived at an understanding that while there are post-November 12, 2025 DMs in the production, some conversations (including the one with Hypnotic) do not have those.

We re-forwarded the screenshot showing as much, and all looked at the Hypnotic conversation, confirming it stops in November 2025.

You agreed to look into this and provide some explanation **by close of business March 19, 2026.**

## 7.  Other Messages (for example, Discord; texts):

You said you would address this -- including the examples we found referenced in the Twitter production -- in your updated formal responses, **by close of business March 19, 2026.**

## 8.  Confidentiality Designations:

After some discussion of the Court's Order, and my explaining the status of the motion (e.g., we filed a motion, you have not

opposed, the Court specifically directed us to meet and confer on this at the same time she resolved the sealing motion), you agreed you would clarify whether you still oppose removing the confidentiality designations **by close of business March 19, 2026.**

### 9. Sealing:

We raised the fact that (1) the Court's order did not resolve whether the actual letter should remain under seal and (2) that the settlement offer discussed in Exhibit 4 was ours and that your client has discussed the offer publicly (and presumably that was part of why you did not make this argument).

We agreed we can let the Court know both of those documents should be unsealed.

### 10. LLM Use:

I asked, directly, if you were using LLMs to draft papers. You said (direct quote): "None of your fucking business." We had a little further exchange ("Sounds like I have my answer" / "[laughing] No you don't" / "... I do." / "Ok"). And that was about it on this.

### 11. ChatGPT Production:

We asked if you had your own version of this other than the interleaved JSONs (you said you did not), and we made sure you were okay with the format we intended to use to produce it back

with Bates numbers for future use (PDFs, text searchable, single PDF per conversation).

## 12.  Privilege Waiver:

We discussed that your client has shared direct communications with you with his friends, and with ChatGPT.  We confirmed we have an impasse on whether those communications and those on the same subject matter should be produced.

I think that covers it.  I agreed I would take the pen on our status letter for Friday, leaving blanks for positions.  Obviously, much of it will be the content above -- subject to what we get tomorrow close of business.

Yours,

Remy.

_____

**J. Remy Green**

*Partner*
| Cohen&Green P.L.L.C. | #FemmeLaw |
| remy@femmelaw.com (e) | (929) 888.9560 (direct) |
| (929) 888.9480 (p) | (929) 888.9457 (f) |
| honorific / pronouns:  Mx. / they, their, them |
| 1639 Centre St., Ste. 216 | Ridgewood (Queens), NY 11385 |

_____

C9G