UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X

Alyssa Mercante,

          Plaintiff,

     v.                                Case No.: 24-CV-8471 (MKB) (LKE)

Jeff Tarzia,                       **[PROPOSED] ORDER**

          Defendant.

------------------------------------X

      **WHEREAS**, Defendant was ordered to produce certain discovery from the "SmashJT" Discord server (with unique ID 434085551080079373) (the "Server");

      **WHEREAS**, Plaintiff has raised objection to the format and blanket Attorneys' Eyes Only designation applied in what was produced on April 29 and April 30, 2026;

      **NOW THEREFORE,** the Parties have agreed and stipulated, by and through their counsel, and ask the Court to So Order as follows:

1.     **Access.** Defendant shall provide read-only access to "mod" channels on the Server for the two accounts — Remy Green ("remygreen" account with unique ID previously provided) and Kathryn Tewson ("BiscuitsMontana" account with unique ID previously provided) (together, the "Accounts") — already on the Server. This does not require Defendant to provide access to any other counsel, associates, paralegals, experts, or third parties at Plaintiff's direction without Defendant's written consent. General-channel access shall continue at current permission level. This agreement only applies to the Server and no other Discord server.

2.     **Pre-Review Stage.** The parties shall move through production in two stages. At the first stage, Defendant shall provide the access contemplated in ¶ 1, above. During that stage:

     a.     **AEO designation.** All material observed in the server—mod channels going forward, and general channels retroactive to the date Plaintiff's counsel joined—is designated AEO under ECF 52 ¶ 5 to the extent it implicates third-party privacy interests or identifying information about non-parties. The designation attaches conditionally, when the ¶ 5 trigger is met; it is not a representation that all observed material is AEO.

     b.     **Use restrictions**. There may be no use of the material reviewed in this or any other litigation or matter during the first stage. Likewise, during the first stage, there may be no public disclosure or filing without compliance with ECF 52 ¶ 9. And during the first stage, material incidentally observed about merits, other parties, or unrelated matters cannot be used in this case.

3.     **Review and Re-Production Stage.**

     a.     **Access.** As set out above, Defendant shall provide read-only access to all channels on

the Server to the Accounts.

b.   **Review.**  Plaintiff, using only the Accounts, shall search, export, review, and the like at her own expense (without waiving any entitlement under any statute or rule to recover reasonable time or expenses later).

c.   **Re-Production.**  Plaintiff shall, within 14 days of obtaining access, serve a Bates stamped production of all documents her review finds are responsive to the discovery requests in this case on Defendant.  During this time, the phase 1 restrictions above shall continue to apply.

d.   **Designation Period.**  Defendant shall, within 14 days of the production in ¶ 3(c), make any good faith designations of confidentiality or attorneys' eyes only consistent with ¶¶ 2(a)-(g) and 5(a) of ECF No. 52 he desires, so long as they are made in a manner consistent with ¶¶ 3(a) and (b) of the same Order.

e.   **Post-Designation**.  Following the designations in ¶ 3(d) above, the following restrictions (or non-restrictions) shall apply:

   i.    For material not re-produced, the restrictions in ¶ 2 above shall continue to apply.

   ii.   For material re-produced that Defendant has designated either CONFIDENTIAL or ATTORNEYS' EYES ONLY, the relevant provisions of ECF No. 52 shall govern, including the right to challenge designation, manner of treating materials pending applications, and the like, *see* ECF No. 52 ¶¶ 6-16.

   iii.  For materials re-produced and not designated within 14 days of re-production, they shall be treated in the same manner as any other document produced in discovery without a specific confidentiality designation.

4.   **No interaction.** No posting, DMs, friend requests, voice participation, or communication with server members. No use of observed information as a basis for third-party subpoenas or contact without prior notice to Defendant's counsel and opportunity to object.

5.   **Audit and termination.** Defendant retains audit log access. Either party may move to terminate or modify on notice.

6.   **Duration.** Access continues through resolution of jurisdictional discovery and any personal jurisdiction motion, and Defendant may terminate access without further notice if the Court finds it lacks personal jurisdiction.

7.   **No waiver.** This stipulation does not waive Defendant's objections to the underlying discovery, his protective order positions, or any AEO designation in any other production, and does not constitute admission that Plaintiff's counsel was previously authorized to be in the server for litigation purposes.  Likewise, it does not waive any position of Plaintiff's, except as directly set out herein.

**AGREED, BY AND BETWEEN:**

J. Remy Green
**COHEN&GREEN P.L.L.C.**
1639 Centre St., Suite 216
Ridgewood, New York 11385
(929) 888-9480
remy@femmelaw.com
*Attorneys for Plaintiff*

Ronald D. Coleman
**COLEMAN LAW FIRM, P.C.**
50 Park Place, Suite 1105
Newark, NJ 07102
973-264-9611
rcoleman@colemanlaw-pc.com
*Attorneys for Defendant*

**SO ORDERED:**

Dated:    Brooklyn, NY

May 5 , 2026

/s/ Lara K. Eshkenazi

**LARA K. ESHKENAZI**
United States Magistrate Judge

3