

May 9, 2026

Hon. Lara K. Eshkenazi, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

<u>By Electronic Filing.</u>

<b>Re:    <u>Mercante v. Tarzia, 24-cv-08471</u></b>

Dear Judge Eshkenazi:

As the Court likely recalls, my firm, with co-counsel, represents Plaintiff in the case above.  I to address the letter Defendant filed (as a letter, though it seeks relief) at ECF No. 88, and ask the Court to substantively disregard it.  This is for two reasons:  (1) the letter is untimely without an extension and reflects still more of the delay tactics underlying the sanction it opposes and (2) it reflects Defendant violating the confidentiality order (again).  And given the apparently continued careless, unreviewed use of Generative AI, Plaintiff asks the Court to issue an appropriate Order to Show Cause.

To the extent the Court is not inclined to simply disregard Defendant's untimely letter, in light of the repeated timing issues and the fact that it appears to be packed with generative AI hallucinations, Plaintiff asks the Court to set a date for her to respond on the substance — and include a submission of the additional "time reasonably spent in preparing and defending' the fee application" she is entitled to.  *Robbins & Myers, Inc. v J.M. Huber Corp.*, 2011 US Dist LEXIS 45386, at *20 (WDNY Apr. 27, 2011), *quoting Weyant v. Okst,* 198 F.3d 311, 316 (2d Cir. 1999)

### I.    <u>The Court Should Ignore the Letter and Not Amend the Payment Order.</u>

First, Defendant — once again[1] — missed a substantive deadline.  The Court was clear in

---

[1] For the sake of having it easy to hand, a partial list of missed deadlines without any extension request includes:

- Failure to oppose the initial motion to compel, *see* ECF No. 41 and Jan. 6, 2026 Minute Order;
- Failure to move to seal ECF No. 69;
- Failure to meet the Court's deadline from the Jan. 14, 2026 Minute Order and waiting for the conference instead;
- Failure to serve any discovery by the deadline the Court set on February 9, 2026, and failure to complete discovery by the self-granted extension(s), *see* ECF Nos. 56 and Feb. 26, 2026 Minute Order;

(<i>continued</i>)

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



how this was to proceed:

- It "direct[ed] Plaintiff to *provide Defendant* with the cost of reasonable fees for the motions to compel by 4/29/2026." Apr. 21, 2026 Minute Order (emphasis added).

- It directed that "*[i]f* Defendant seeks to object to the amount requested, Defendant may *submit* any objections by 5/6/2026." *Id.* (emphasis added).

- Then, "If Defendant *raises no objections*, Defendant is *directed* to pay Plaintiff by 5/13/2026." *Id.* (emphasis added).

That is, Plaintiff was to provide a demand to Defendant. And if Defendant did not agree to pay, he was required to file something. In correspondence, I even reminded counsel the deadline involved a filing — on the date of the deadline — noting the failure to negotiate in good faith, saying "*if your filing today* fails to say an amount you do agree to pay, we will also seek fees for bad faith" (emphasis added).

If the Court's written order were unclear, Defendant could have easily looked to the transcript (attached as **Exhibit 1**), where Plaintiff — to avoid this sort of further delay — clarified with the Court exactly what needed to happen:

R. Green: Are you asking for Defendant to file a letter or us to file a letter on the 6th?

THE COURT: No, if Defendant has objections to the fees … that *you've provided to them*, then they can *raise that with the Court* on the 6th."

Ex. 1 at 21:7-19. And the Court confirmed that understanding with Mr. Coleman explicitly:

THE COURT: So you provide your fees *to them* on the 29th. And if they have any concerns about it, *they can raise it*. And if not, just pay it by the 13th. That seem reasonable to everybody?

R. COLEMAN: Yes.

*Id.* Still, Defendant blew yet another deadline. *See* n. 1, above. And it borders on (if it does not cross well into) bad faith for Defendant to claim, to believe stalling without making an offer and "'talk to each other first' before involving the Court in fee disputes" somehow made the Court's deadline

---

- Failure to oppose the de-designation motion at ECF No. 65;
- Failure to meet the deadline to produce all remaining discovery set at the last conference, and instead declaring in a letter that Defendant was *taking* a five business day extension.

Of course, not all of these warranted sanctions on their own. But there is a pattern here, and it does not appear that strong words — "but that doesn't mean that the 29th is not a real deadline"— and *potential* monetary sanctions have done enough, in Defendant's own words, to "focus[] the attention." Ex. 1 at 33:15-34:4.

 

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



meaningless.

Defendant appears to have decided he can simply disregard deadlines with no consequences. The Court designed this process to be self-enforcing: If Defendant ***raises no objections***, Defendant is ***directed*** to pay Plaintiff by 5/13/2026." Apr. 21, 2026 Minute Order (emphasis added). It was also clear about the mode of "rais[ing]" such objections: "***raise them with the Court*** Ex. 1 at 21:7-19. Defendants violation of the Court's deadlines, yet again, should have a consequence, and the reasonable fees proposed are an appropriate sanction.[2]

## II. <u>Defendant Violated the Confidentiality Order Again.</u>

Second, while perhaps a moot point, Defendant violated — again (*see,* ECF Nos. 74-76) — the Protective Order in filing the letter. Pages 9-11 of the document, as reflected by the clear watermark, were designated CONFIDENTIAL under the operative protective order at ECF No. 52. As I told counsel in transmitting the demand, the cover email "email and attachments are designated confidential" (ECF No. 88 at 7), and the purpose of that designation was to allow sharing of timesheets entirely without redaction.

Immediately on filing, I reached out to counsel to ask him to file an immediate motion to seal the filing. Instead, he seemingly admitted he violated the confidentiality order intentionally, because he disagreed with the designation, saying, the "document made in compliance with a court order is not an offer to compromise a disputed claim within the meaning of Rule 408,[[3]] and your cover email's unilateral label does not make it one. Nor is the designation an ECF 52 protective order designation or any other court-ordered restriction on use; it is not discovery."

That is, Defendant's response appears to reflect a decision that, if counsel disagreed with a designation, he could simply disregard it.[4] ECF No. 52 provides a mechanism to challenge designations — which Defendant knows, because there has already been a motion on this docket doing just that. What the Order does not permit is counsel to unilaterally decide a designation is improper.

Nor is this the first time Defendant's counsel has violated the confidentiality order. At this

---

[2] To the extent the Court allows Defendant to make objections, Plaintiff reserves the right to seek further fees. A party "awarded attorneys' fees" under Rule 37 "is also entitled to compensation 'for time reasonably spent in preparing and defending' the fee application." *Robbins & Myers, Inc. v J.M. Huber Corp.*, 2011 US Dist LEXIS 45386, at *20 (WDNY Apr. 27, 2011), *quoting Weyant v. Okst,* 198 F.3d 311, 316 (2d Cir. 1999). So far, there have been about 3 additional hours of relevant time spent on this, but in light of the simplified process the Court set, Plaintiff is not seeking it (outside of the AI issue below) at this time. But if there is green-eyeshade accountant"-type nickeling and diming, rather than "rough justice" on the fees, Plaintiff reserves her rights. *Fox v Vice*, 563 US 826, 838 (2011).

[3] While grammatical, this sentence is incoherent. It appears likely it reflects still more "careless use of generative AI.

[4] The substantive position is likely wrong too; it is hard to say how a document exchanged in negotiating a discovery sanction is not related to discovery. But even if Defendant was ***right***, he does not get to make that choice.

 COHEN&GREEN

Page 3 of 6

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



stage, the Court should consider sanctions for the consistent lack of care. And because of that lack of care, the confidential-designated documents have already made their way across the various communities covering and following the case, much like the information the last time Defendant violated the order. Given this continued carelessness, the improper filing being disregarded may be an appropriate sanction, particularly given it was untimely anyway.

### III. The Court Should Issue an Order to Show Cause as to the Continued Careless Use of Generative AI.

The submission appears to also reflect more unreviewed use of generative AI, despite the Court's clear direction that Defendant "need[s] to review" his papers "more carefully and not just submissions to the Court, but … if you're engaging in correspondence that the Court's not involved in, you need to check the accuracy." Ex. 1 at 7:3-8:10. This may be because, after waiting two days past Defendant's blowing the deadline, Plaintiff assumed Defendant decided — as he has done on other deadlines he has missed — that he wanted to "conced[e] just because frankly it's just too much trouble to fight." Ex. 1 at 9:9-10. So, she sent payment information at 4:51 p.m. on Friday. Defendant filed his letter less than an hour later — with little time to review, and apparently after using AI to draft it.

Among other things:

- The citation, "2008 WL 4104455" (ECF No. 88 at 2) goes to *Whitcomb v. Todd*, No. 9:04CV223(LEK/DRH), 2008 WL 4104455, at \*1 (N.D.N.Y. Sept. 3, 2008), not a case called "*Richir v. Vill. of Fredonia*" in the Western District. More, the case does not involve a Court "conducted its own analysis" (ECF No. 88 at 2) of a fee submission, but a District Court affirming a grant of summary judgment on plain error review. There *is* a case called *Richir v. Vill. of Fredonia, N.Y.* — at 2008 WL 941805, at \*3 (W.D.N.Y. Apr. 4, 2008) — that partially fits Defendant's description, but it grants the entire sanction sought in a similar situation to this one.

- The citation "2014 WL 3908334" (ECF No. 88 at 2) goes *Shambour v. Carver Cnty.*, No. CIV. 14-566 RHK/LIB, 2014 WL 3908334, at \*1 (D. Minn. Aug. 11, 2014), not a case called "Rich Prods. Corp. v. Bluemke" in the Western District. Like the last citation, the actual case at the citation is unrelated to the principle it is cited for. And again, there is a case that broadly fits Defendant's description — *Rich Prods. Corp. v. Bluemke*, No. 13CV30S, 2014 WL 860364, at \*1 (W.D.N.Y. Mar. 5, 2014)" — at a different citation. It does, as Defendant suggests, award time for meet and confers.

- The citation, without even a docket number, to "Townsend v. Haza Foods, LLC, Slip Copy (W.D.N.Y. 2026)" appears to be an attempt to cite *Townsend v Haza Foods, LLC*, 2026 US Dist LEXIS 62350 (WDNY Mar. 24, 2026). However, that case does not — as Defendant suggests — evaluate whether time was involved in a motion based whether it "preceded the motions by weeks." ECF No. 88 at 2. It also, contrary to what Defendants just down the page, awards time for reply drafting. *But see id.* (suggesting time is not compensable when it



Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com




"was billed on reply-filing day rather than in any identifiable pre-motion period").

- o More the factual assertion that any time sought "preceded the motions by weeks" also appears to be a hallucination:  There is absolutely no such time in the timesheets.  The earliest in time entry is for 12/10/2025, the date of the first meet and confer, and four days before the first motion was filed.  It is not clear how such an obvious false statement could make it through any meaningful attempt to engage on what time was compensable.

- While cited correctly, *Auscape Int'l v. Nat'l Geographic Soc'y*, 2003 WL 21976400, at \*4 (S.D.N.Y. 2003) does not say anything that could fairly be paraphrased as "the appropriate mechanism is a motion **by the fee recipient** to fix the amount, not a demand that the fee respondent tender a counter-offer."  Rather, it just reflected a Magistrate Judge following a motion procedure where — unlike here — the Court directed a process where the fee recipient "may file a motion, not later than February 17, 2003, before the Magistrate Judge assigned to fix the amount."  2003 WL 21976400, at \*1.  Nothing in the decision suggests the Court lacks authority — as it did here — to direct a party to file objections after being served with timesheets.

- "2022 WL 17543173" does not appear to exist.  ECF No. 88 at 3.  There is a case with the same name, *A.M. v City of NY*, 2022 US Dist LEXIS 141001 (EDNY Aug. 8, 2022) but it relates not to the notion that a "fee application" generally "requires formal motion papers filed on the docket with supporting documentation" (even if the Court directs otherwise), but about compliance with the particular requirements of Local Civil Rule 83.2 in relation to infant compromises — something quite far afield.

In other words, a majority of the citations themselves are simply wrong.  The cases Defendant likely mean to cite are often stretched to the extent they are not simply misrepresented, like *A.M. v. City of New York*.  Plus, the generative AI drafting process seems to introduce grammatical but frivolous or incoherent assertions — like a claim there were *any* time entries from "preceded the motions by weeks," a claim that time spent watching counsel discuss the issues on a stream *before the conference on the same issues* was somehow not related to the motions, or the claim that time spent on a reply is not related to a motion, despite the cases cited saying the opposite.

And all of this adds up to a significant burden on Plaintiff and the Court every time Defendant files something:  Unpacking the citations here took approximately an hour and a half, which the Court should award separately, and issue an order to show cause to direct Defendant to explain how so much keeps "falling through" the cracks.  Ex. 1 at 8:6-10.

## Conclusion

As set out above, the Court should disregard the letter at ECF No. 88, and simply leave in place its Apr. 21, 2026 Minute Order (which, until lifted, requires payment of the full demand this Wednesday).  To the extent the Court is inclined to give Defendant another last chance, Plaintiff

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



asks the Court to set a time for her to respond substantively.  And in either event, since the last warning was not enough, it should issue an order to show cause about the continuing mis-citation and factual hallucination issues in Defendant's papers, and award one additional hour of time on the fee application, to reflect the time Plaintiff had to spend dealing with the mass mis-citation in the letter at ECF No. 88.

As always, I thank the Court for its time and attention.

Respectfully submitted,

/s/
_____

J. Remy Green
*Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiff*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com