# Coleman Law Firm, p.c.

RONALD D. COLEMAN
973 264 9611
RCOLEMAN@COLEMANLAW-PC.COM
50 PARK PLACE | NEWARK NJ 07102

Admitted in New York and New Jersey

May 8, 2026

*BY ECF*

Hon. Lara K. Eshkenazi, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:** *Mercante v. Tarzia*, No. 1:24-cv-08471 (E.D.N.Y.)
   **Rule 37 Fee Submission — Defendant's Objections**

Dear Judge Eshkenazi:

I represent Defendant Jeffrey Tarzia. Defendant writes to bring to the Court's attention timely-served objections to Plaintiff's Rule 37 fee submission and to request that the Court defer the May 13, 2026 payment deadline pending their resolution. Defendant files this letter in an abundance of caution following Plaintiff's counsel's response to those objections, described below.

**Background.**

The Court's April 21, 2026 Minute Order directed Plaintiff to provide Defendant with her fee submission by April 29 and directed Defendant to "submit any objections" by May 6, 2026, with payment due by May 13 if no objections were raised. At the April 21 conference, the Court also directed the parties to "talk to each other first" before involving the Court in fee disputes. Tr. 32–33.

Defendant read those two directions together. On April 30, Defendant served written objections on Plaintiff's counsel identifying six categories of concern with the submission, including scope, block billing, intra-firm conferencing, staffing, and arithmetic. A copy of that letter is attached as Exhibit B. Plaintiff's counsel responded the same day (Exhibit C). That response addressed block billing, rates, and intra-firm conferencing at some length. It did **not** address scope.

On May 6, the objection deadline, Defendant served a follow-up letter specifically focused on the scope issues Plaintiff's April 30 response had left unaddressed. A copy is attached as Exhibit D. Defendant files this letter now, in an abundance of caution, because Plaintiff's response to the May 6 objections made clear that judicial resolution is necessary.

Hon. Lara K. Eshkenazi, U.S.M.J.                                    May 8, 2026
Page 2 of 5

**The Scope Objections.**

Defendant's scope objections are grounded in Rule 37(a)(5)(A), which limits a fee award to "the movant's reasonable expenses incurred in making the motion." The Court has authority to conduct its own independent assessment of what time is reasonably attributable to the motions rather than accepting the moving party's characterization. See *Richir v. Vill. of Fredonia*, 2008 WL 4104455, at *2 (W.D.N.Y. 2008) (court conducted its own analysis to determine what time constituted reasonable motion expenses rather than deferring to the moving party's submission).

ECF Nos. 40 and 47 were letter motions directed at Defendant's confidentiality designations during jurisdictional discovery. The fee authorization is limited to expenses incurred in making those two letters—not antecedent meet-and-confer work, not post-filing review, and not fact investigation that does not appear in either motion. Four categories in Plaintiff's submission fall outside that authorization.

- First, the submission claims time for the December 10 and December 19 pre-motion meet-and-confer conferences, together with preparation time for those conferences. Although meet-and-confer time can in some circumstances be compensable, it is only so when it is directly related to the motion that follows. See *Rich Prods. Corp. v. Bluemke*, 2014 WL 3908334, at *3 (W.D.N.Y. 2014). Time spent in conferences that preceded the motions by weeks, without any showing of direct connection to the specific letter motions filed, does not satisfy that standard. See *Townsend v. Haza Foods, LLC*, Slip Copy (W.D.N.Y. 2026) (time spent preparing discovery responses, reviewing privilege logs, or participating in discovery conferences not specifically incurred for the motion to compel is not compensable under Rule 37).
- Second, at least one entry dated January 21—after ECF Nos. 40 and 47 were filed—reflects review of streaming content. Time incurred after a motion is filed cannot be time incurred in making it.
- Third, approximately 3.1 hours of entries by paralegal Kathryn Tewson reflect review of video-format direct messages, attributed to investigating Defendant's statements about the volume of his X.com messages. Neither letter motion turns on that investigation.
- Fourth, the submission includes 2.5 hours billed by Ms. Tewson on January 20, the same day the reply was filed, described specifically as "research wrt youtube analytics in advance of meet and confer." That entry is doubly problematic: it is described as preparation for a meet and confer, not motion drafting, and it was billed on reply-filing day rather than in any identifiable pre-motion period. Plaintiff has offered no explanation connecting it to the making of either letter motion.

**None** of these four categories was addressed in Plaintiff's counsel's response to Defendant's objections.

Hon. Lara K. Eshkenazi, U.S.M.J.                                      May 8, 2026
Page 3 of 5

**Plaintiff's Response to the Objections.**

Plaintiff's counsel responded to the May 6 objection letter the same day. Rather than addressing the scope categories identified, counsel demanded that Defendant "make an offer," stating that Plaintiff's side "will not negotiate with ourselves." Counsel further threatened to seek fees on fees and to pursue a bad-faith finding if Defendant "fails to say an amount" he agrees to pay in a court submission. A copy of that email is attached as Exhibit E.

Two days later (today)without having addressed **any** of the scope objections on the merits, Plaintiff's counsel transmitted wire transfer instructions for the full $21,985 originally claimed, as if Defendant had raised no objections. A copy of that email is attached as Exhibit F.

**The Applicable Burden Framework.**

Plaintiff's demand that Defendant "make an offer" misapprehends the relevant burden structure, and reduces this process to a matter of brinksmanship.

The scope objections are **not** a lodestar reduction argument. They are a **threshold** challenge to whether specific time entries fall within the authorization of Rule 37(a)(5)(A) at all. The rule authorizes recovery of expenses "incurred in making the motion." Before any lodestar analysis begins, the fee proponent must demonstrate that the time claimed satisfies that threshold requirement. Entries that predate the filing of the motions, postdate them, or address work unconnected to either motion never enter the lodestar calculation in the first place.

Establishing that threshold showing is Plaintiff's burden, not Defendant's. The party seeking fees bears the burden of substantiating the reasonableness of the hours claimed through adequate documentation. See *Auscape Int'l v. Nat'l Geographic Soc'y*, 2003 WL 21976400, at *4 (S.D.N.Y. 2003) (the party seeking fees bears the burden of establishing that the number of hours for which compensation is sought is reasonable); *F.H. Krear & Co. v. Nineteen Named Trs.*, 810 F.2d 1250, 1265 (2d Cir. 1987) (the burden is on counsel to keep and present records from which the court may determine the nature of the work done, the need for it, and the amount of time reasonably required). Where that showing has not been made for specific entries, the objection is to the sufficiency of Plaintiff's own submission, not an affirmative argument for reduction that Defendant must establish independently.

There is a significant procedural consequence of this distinction. Where parties cannot agree on the amount of a fee award, the appropriate mechanism is a motion **by the fee recipient** to fix the amount, not a demand that the fee respondent tender a counter-offer. See *Auscape,* 2003 WL 21976400, at *1 (where parties could not agree on Rule 37 sanctions amount, court's order directed the fee recipient to file a motion to fix the amount before the magistrate judge).

Plaintiff's fee submission has never been filed with the Court; it was served on Defendant privately and the Court has not seen it. A proper fee application requires formal motion papers filed on the docket with supporting documentation. See *A.M. v. City of New York,* 2022 WL 17543173, at *1 (E.D.N.Y. 2022) (denying fee motion where plaintiff failed to comply with formal filing requirements, including notice of motion and supporting declarations). Plaintiff has made no

Hon. Lara K. Eshkenazi, U.S.M.J.                                                     May 8, 2026
Page 4 of 5

such filing. Defendant attaches the submission as Exhibit A to this letter because there is no other way to present the objections for adjudication.

That Defendant, the objecting party, is the one required to place Plaintiff's own unfiled demand before the Court while Plaintiff sends wire instructions and threatens sanctions captures precisely what is wrong with Plaintiff's posture. Plaintiff has had the scope objections in writing since April 30 and in more detailed form since May 6. Rather than addressing them or moving the Court for a determination, counsel has demanded that Defendant propose a number and threatened sanctions for failing to do so. That demand inverts the burden structure. Defendant is not required to open a bidding process **against himself** to preserve objections to the authorization for specific time entries. The burden of coming forward to justify those entries rests with Plaintiff.

Defendant anticipates that Plaintiff may invoke the principle that courts are not obligated to do the fee target's work when the target "fails to offer countervailing evidence or persuasive argumentation." *Cerco Bridge Loans 6 LLC v. Schenker*, 768 F. Supp. 3d 559, 563 (S.D.N.Y. 2025). That principle has no application here. Defendant has offered precisely such evidence: two detailed written objections identifying specific entries by date, timekeeper, narrative, and dollar amount, grounded in the text of Rule 37(a)(5)(A). What Defendant has declined to do is convert those objections into a counter-offer—which would not be evidence, but capitulation.

It is Plaintiff who has declined to engage: across two rounds of correspondence she addressed block billing, rates, and staffing while leaving scope untouched entirely, then responded to a focused scope letter by demanding a number rather than answering the substance. If courts are not obligated to do the fee target's work, they are equally not obligated to fill in the evidentiary gaps the fee proponent's own submission left open. Defendant notes as well that the bad-faith threat in Plaintiff's counsel's May 6 email is unfounded. Raising specific, textually grounded objections to a fee submission on the objection deadline is not bad faith. It is the objection process the Court's order contemplated.

**Relief Requested.**

The Court itself calibrated the expected scope of this fee award at the April 21 conference, indicating that fees for these letter motions should not be "huge" and expressing the assumption that Plaintiff's submission would be "reasonable." Tr. 20:13–17. The submission as filed— $21,985 for two short discovery letters on confidentiality designations, before any reduction for the unaddressed scope objections—substantially exceeds that expectation on its face.

Defendant respectfully requests that the Court: (i) deem Defendant's May 6 objection letter timely served and treat this submission as its court filing in an abundance of caution; (ii) defer the May 13 payment deadline pending resolution of the objections; and (iii) on the merits, deem Plaintiff's submission deficient for failure to establish that the time claimed was incurred in making the motions authorized by the Court's April 21 order, and award no fees on the current submission; or, in the alternative, (iv) reduce the award to exclude the four categories identified above; or, in the further alternative, (v) direct Plaintiff to file a proper motion to fix the amount—

Hon. Lara K. Eshkenazi, U.S.M.J.                                      May 8, 2026
Page 5 of 5

including her fee submission on the docket—that addresses the scope objections with particularity, with Defendant afforded an opportunity to respond.

Defendant thanks the Court for its attention to this matter.

Respectfully submitted,

Ronald D. Coleman