# COHEN &GREEN

May 13, 2026

Hon. Lara K. Eshkenazi, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

By Electronic Filing.

                    Re:     **Mercante v. Tarzia, 24-cv-08471**

Dear Judge Eshkenazi:

As the Court likely recalls, my firm, with co-counsel, represents Plaintiff in the case above. As directed by the Court in ECF No. 87, I am writing providing the case's current status and "stating whether [Plaintiff] intends to continue pursuing claims against Defendant."

The basic answer is, "Yes." But because of the current procedural posture, I provide a little more detail. For quicker review, I've bolded the basic deadlines we are proposing below.

*First,* yesterday, Defendant provided the last piece of his outstanding production that the Court directed to be complete "by 4/29/2026" (Apr. 21, 2026 Minute Order) — specifically, the outstanding Twitter direct messages with Hypnotic from November 2025 and thereafter. However, those have again been tagged with a blanket confidentiality designation. I have asked for a meet and confer on that issue.

Likewise, under Paragraph 3(d) of the Order in ECF No. 87, Defendant has until the end of the night tonight to make any confidentiality designations of the Discord material we processed and produced back to him with the access provided. He has not made any such designations yet, but still might — and accordingly, we would need to raise any disputes with such designations in due course.

*Second,* with the final documents now in hand, Plaintiff intends to file a Third Amended Complaint. We will seek consent once we have a draft, and otherwise make a motion. We believe that is the most efficient route. Since we just received the final documents, need to resolve the latest blanket designation and any potential designations of Discord material, need to consult with Hypnotic's lawyer once we have a draft concerning confidentiality designations he made, and otherwise have a large volume of discovery we are largely done with but still partially processing, **we would ask for until June 30, 2026 to make any motion or file any consent to amend the complaint.**

In the interest of full disclosure, (1) because of the Second Circuit's decision a few days ago in *Satanic Temple, Inc. v. Newsweek Digital LLC*, __ F.4th __, 25-868 (2d Cir. May 28, 2026), which

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



addresses some of the jurisdictional issues here; and (2) given the extended delay that has happened in resolving jurisdictional issues, Plaintiff has been considering moving to transfer the case to Defendant's preferred District Court to move the case along rather than have to brief jurisdiction again.

Before we can make that decision, we need to think through how to best address outstanding issues like the bank information (below) and generative AI appeal, and frankly, have not done so.[1]  That said, we intend to file a Third Amended Complaint regardless of path forward, so we can move forward on parallel tracks here.  **On this, we would ask for one week from amendment (e.g., until July 7, 2026) to file a status letter on whether we intend to move (or stipulate) to transfer or not.**

*Last*, and relatedly, I provided our accountant's bill for the time spent addressing Defendant's public filing of my firm's bank account information.  The bill is for $5,015.40, and reflects the fact that the our accountant needed to spend — in a break-glass situation — 20 hours over a week essentially re-organizing the firm's entire banking situation.  Instead of making an offer based on that bill, counsel declared, "[w]ithout conceding any obligation, and entirely voluntarily, I offer $250 in the spirit of the discussion at the May 11 hearing. The offer is not subject to negotiation upward and is not contingent on further documentation …  Absent acceptance, the offer is withdrawn and I will consider this matter closed."

Though I followed up in writing, and — as the Court suggested — picked up the phone and tried to speak live, I have not received any further response.  If the Court has suggestions on resolution, I would love to hear them, particularly because as I read the caselaw, the next step is a sanctions and contempt motion that *also* seeks fees for the time on the motion and that *I* spent dealing with the violation of the Confidentiality Order.  *See, e.g., Denis v County of Nassau*, 2019 US Dist LEXIS 223057, at *28 (EDNY Dec. 31, 2019) (sanctions and attorneys' fees for violation of confidentiality order, but declining contempt because intent was not shown); *In re Lunden*, 524 BR 410, 418-419 (Bankr D Mass 2015) (punitive sanctions and fees); *Williams v Johanns*, 529 F Supp 2d 22, 24 (DDC 2008) (contempt for violating confidentiality order).

Absent a direction from the Court, Plaintiff intends to move for sanctions and contempt, since my firm has had to incur these costs — and we are incurring still more costs by needing to continue litigating this issue and trying to communicate with an attorney who does not appear willing to engage or return calls.

As always, I thank the Court for its time and attention.

---

[1] That is, we do not want to moot out these issues with a transfer — and I have not yet done the research on whether a District Court in California would be jurisdictionally able to resolve these issues, given that the relevant conduct happened in front of this Court.  Of course, a transfer could theoretically involve a limited retention of jurisdiction, but as I say above, I simply have not yet fully done my diligence on the viability of that sort of solution.



Page 2 of 3



Respectfully submitted,

/s/

_____

J. Remy Green
  *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiff*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com