# Coleman Law Firm, p.c.

RONALD D. COLEMAN
973 264 9611
RCOLEMAN@COLEMANLAW-PC.COM
50 PARK PLACE | NEWARK NJ 07102

Admitted in New York and New Jersey

May 8, 2026

*BY ECF*

Hon. Lara K. Eshkenazi, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:** *Mercante v. Tarzia*, No. 1:24-cv-08471 (E.D.N.Y.)
    **Rule 37 Fee Submission — Defendant's Objections**

Dear Judge Eshkenazi:

I represent Defendant Jeffrey Tarzia. Defendant writes to bring to the Court's attention timely-served objections to Plaintiff's Rule 37 fee submission and to request that the Court defer the May 13, 2026 payment deadline pending their resolution. Defendant files this letter in an abundance of caution following Plaintiff's counsel's response to those objections, described below.

**Background.**

The Court's April 21, 2026 Minute Order directed Plaintiff to provide Defendant with her fee submission by April 29 and directed Defendant to "submit any objections" by May 6, 2026, with payment due by May 13 if no objections were raised. At the April 21 conference, the Court also directed the parties to "talk to each other first" before involving the Court in fee disputes. Tr. 32–33.

Defendant read those two directions together. On April 30, Defendant served written objections on Plaintiff's counsel identifying six categories of concern with the submission, including scope, block billing, intra-firm conferencing, staffing, and arithmetic. A copy of that letter is attached as Exhibit B. Plaintiff's counsel responded the same day (Exhibit C). That response addressed block billing, rates, and intra-firm conferencing at some length. It did **not** address scope.

On May 6, the objection deadline, Defendant served a follow-up letter specifically focused on the scope issues Plaintiff's April 30 response had left unaddressed. A copy is attached as Exhibit D. Defendant files this letter now, in an abundance of caution, because Plaintiff's response to the May 6 objections made clear that judicial resolution is necessary.

Hon. Lara K. Eshkenazi, U.S.M.J.                                        May 8, 2026
Page 2 of 5

**The Scope Objections.**

Defendant's scope objections are grounded in Rule 37(a)(5)(A), which limits a fee award to "the movant's reasonable expenses incurred in making the motion." The Court has authority to conduct its own independent assessment of what time is reasonably attributable to the motions rather than accepting the moving party's characterization. See *Richir v. Vill. of Fredonia*, 2008 WL 4104455, at *2 (W.D.N.Y. 2008) (court conducted its own analysis to determine what time constituted reasonable motion expenses rather than deferring to the moving party's submission).

ECF Nos. 40 and 47 were letter motions directed at Defendant's confidentiality designations during jurisdictional discovery. The fee authorization is limited to expenses incurred in making those two letters—not antecedent meet-and-confer work, not post-filing review, and not fact investigation that does not appear in either motion. Four categories in Plaintiff's submission fall outside that authorization.

- First, the submission claims time for the December 10 and December 19 pre-motion meet-and-confer conferences, together with preparation time for those conferences. Although meet-and-confer time can in some circumstances be compensable, it is only so when it is directly related to the motion that follows. See *Rich Prods. Corp. v. Bluemke*, 2014 WL 3908334, at *3 (W.D.N.Y. 2014). Time spent in conferences that preceded the motions by weeks, without any showing of direct connection to the specific letter motions filed, does not satisfy that standard. See *Townsend v. Haza Foods, LLC*, Slip Copy (W.D.N.Y. 2026) (time spent preparing discovery responses, reviewing privilege logs, or participating in discovery conferences not specifically incurred for the motion to compel is not compensable under Rule 37).
- Second, at least one entry dated January 21—after ECF Nos. 40 and 47 were filed—reflects review of streaming content. Time incurred after a motion is filed cannot be time incurred in making it.
- Third, approximately ▮ hours of entries by paralegal Kathryn Tewson reflect review of video-format direct messages, attributed to investigating Defendant's statements about the volume of his X.com messages. Neither letter motion turns on that investigation.
- Fourth, the submission includes ▮ hours billed by Ms. Tewson on January 20, the same day the reply was filed, described specifically as ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮ That entry is doubly problematic: it is described as preparation for a meet and confer, not motion drafting, and it was billed on reply-filing day rather than in any identifiable pre-motion period. Plaintiff has offered no explanation connecting it to the making of either letter motion.

**None** of these four categories was addressed in Plaintiff's counsel's response to Defendant's objections.

Hon. Lara K. Eshkenazi, U.S.M.J.                                                    May 8, 2026
Page 3 of 5

**Plaintiff's Response to the Objections.**

Plaintiff's counsel responded to the May 6 objection letter the same day. Rather than addressing the scope categories identified, counsel demanded that Defendant "make an offer," stating that Plaintiff's side "will not negotiate with ourselves." Counsel further threatened to seek fees on fees and to pursue a bad-faith finding if Defendant "fails to say an amount" he agrees to pay in a court submission. A copy of that email is attached as Exhibit E.

Two days later (today)without having addressed **any** of the scope objections on the merits, Plaintiff's counsel transmitted wire transfer instructions for the full ▮▮▮▮▮▮▮ originally claimed, as if Defendant had raised no objections. A copy of that email is attached as Exhibit F.

**The Applicable Burden Framework.**

Plaintiff's demand that Defendant "make an offer" misapprehends the relevant burden structure, and reduces this process to a matter of brinksmanship.

The scope objections are **not** a lodestar reduction argument. They are a **threshold** challenge to whether specific time entries fall within the authorization of Rule 37(a)(5)(A) at all. The rule authorizes recovery of expenses "incurred in making the motion." Before any lodestar analysis begins, the fee proponent must demonstrate that the time claimed satisfies that threshold requirement. Entries that predate the filing of the motions, postdate them, or address work unconnected to either motion never enter the lodestar calculation in the first place.

Establishing that threshold showing is Plaintiff's burden, not Defendant's. The party seeking fees bears the burden of substantiating the reasonableness of the hours claimed through adequate documentation. See *Auscape Int'l v. Nat'l Geographic Soc'y*, 2003 WL 21976400, at *4 (S.D.N.Y. 2003) (the party seeking fees bears the burden of establishing that the number of hours for which compensation is sought is reasonable); *F.H. Krear & Co. v. Nineteen Named Trs.*, 810 F.2d 1250, 1265 (2d Cir. 1987) (the burden is on counsel to keep and present records from which the court may determine the nature of the work done, the need for it, and the amount of time reasonably required). Where that showing has not been made for specific entries, the objection is to the sufficiency of Plaintiff's own submission, not an affirmative argument for reduction that Defendant must establish independently.

There is a significant procedural consequence of this distinction. Where parties cannot agree on the amount of a fee award, the appropriate mechanism is a motion **by the fee recipient** to fix the amount, not a demand that the fee respondent tender a counter-offer. See *Auscape*, 2003 WL 21976400, at *1 (where parties could not agree on Rule 37 sanctions amount, court's order directed the fee recipient to file a motion to fix the amount before the magistrate judge).

Plaintiff's fee submission has never been filed with the Court; it was served on Defendant privately and the Court has not seen it. A proper fee application requires formal motion papers filed on the docket with supporting documentation. See *A.M. v. City of New York*, 2022 WL 17543173, at *1 (E.D.N.Y. 2022) (denying fee motion where plaintiff failed to comply with formal filing requirements, including notice of motion and supporting declarations). Plaintiff has made no

such filing. Defendant attaches the submission as Exhibit A to this letter because there is no other way to present the objections for adjudication.

That Defendant, the objecting party, is the one required to place Plaintiff's own unfiled demand before the Court while Plaintiff sends wire instructions and threatens sanctions captures precisely what is wrong with Plaintiff's posture. Plaintiff has had the scope objections in writing since April 30 and in more detailed form since May 6. Rather than addressing them or moving the Court for a determination, counsel has demanded that Defendant propose a number and threatened sanctions for failing to do so. That demand inverts the burden structure. Defendant is not required to open a bidding process **against himself** to preserve objections to the authorization for specific time entries. The burden of coming forward to justify those entries rests with Plaintiff.

Defendant anticipates that Plaintiff may invoke the principle that courts are not obligated to do the fee target's work when the target "fails to offer countervailing evidence or persuasive argumentation." *Cerco Bridge Loans 6 LLC v. Schenker*, 768 F. Supp. 3d 559, 563 (S.D.N.Y. 2025). That principle has no application here. Defendant has offered precisely such evidence: two detailed written objections identifying specific entries by date, timekeeper, narrative, and dollar amount, grounded in the text of Rule 37(a)(5)(A). What Defendant has declined to do is convert those objections into a counter-offer—which would not be evidence, but capitulation.

It is Plaintiff who has declined to engage: across two rounds of correspondence she addressed block billing, rates, and staffing while leaving scope untouched entirely, then responded to a focused scope letter by demanding a number rather than answering the substance. If courts are not obligated to do the fee target's work, they are equally not obligated to fill in the evidentiary gaps the fee proponent's own submission left open. Defendant notes as well that the bad-faith threat in Plaintiff's counsel's May 6 email is unfounded. Raising specific, textually grounded objections to a fee submission on the objection deadline is not bad faith. It is the objection process the Court's order contemplated.

### Relief Requested.

The Court itself calibrated the expected scope of this fee award at the April 21 conference, indicating that fees for these letter motions should not be "huge" and expressing the assumption that Plaintiff's submission would be "reasonable." Tr. 20:13–17. The submission as filed— ███████ for two short discovery letters on confidentiality designations, before any reduction for the unaddressed scope objections—substantially exceeds that expectation on its face.

Defendant respectfully requests that the Court: (i) deem Defendant's May 6 objection letter timely served and treat this submission as its court filing in an abundance of caution; (ii) defer the May 13 payment deadline pending resolution of the objections; and (iii) on the merits, deem Plaintiff's submission deficient for failure to establish that the time claimed was incurred in making the motions authorized by the Court's April 21 order, and award no fees on the current submission; or, in the alternative, (iv) reduce the award to exclude the four categories identified above; or, in the further alternative, (v) direct Plaintiff to file a proper motion to fix the amount—

Hon. Lara K. Eshkenazi, U.S.M.J.                                    May 8, 2026
Page 5 of 5

including her fee submission on the docket—that addresses the scope objections with particularity, with Defendant afforded an opportunity to respond.

Defendant thanks the Court for its attention to this matter.

Respectfully submitted,

Ronald D. Coleman

# EXHIBIT A

## Plaintiff's Rule 37 Fee Submission

### WITHHELD FROM THIS PUBLIC VERSION

This exhibit consists of Plaintiff's Rule 37 fee submission – the April 23, 2026 email and attached timesheets – which Plaintiff has designated CONFIDENTIAL. It is withheld from this redacted version of ECF No. 88. The unredacted exhibit remains part of the original filing at ECF No. 88, which is maintained under seal.

Mercante v. Tarzia, No. 1:24-cv-08471 (E.D.N.Y.)

# EXHIBIT B

## Defendant's April 30, 2026 Objection Letter

Coleman Law Firm to Green/Haygood

Mercante v. Tarzia, No. 1:24-cv-08471 (E.D.N.Y.)

# Coleman Law Firm, p.c.

RONALD D. COLEMAN
973 264 9611
RCOLEMAN@COLEMANLAW-PC.COM
50 PARK PLACE | NEWARK NJ 07102

Admitted in New York and New Jersey

April 30, 2026

**VIA EMAIL**

J. Remy Green, Esq.
Cohen & Green P.L.L.C.
1639 Centre Street, Suite 216
Ridgewood, New York 11385

Lane Haygood, Esq.
Kamerman, Uncyk, Soniker & Klein P.C.
1700 Broadway, 16th Floor
New York, New York 10019

**Re:**   *Mercante v. Tarzia*, No. 1:24-cv-08471 (E.D.N.Y.)
    **Rule 37 Fee Submission of April 23, 2026**

Counsel:

I write in response to Plaintiff's April 23, 2026 Rule 37 fee submission. The submission seeks ▉▉▉▉ comprising ▉▉▉▉ for Cohen & Green and ▉▉▉▉ for KUSK, for the two letter motions to compel at ECF Nos. 40 and 47. Plaintiff has not, in our view, carried her burden of substantiation on several points. We address each below and ask that Plaintiff respond.

**1.    What Plaintiff has actually been charged and billed.**

As you know, Rule 37(a)(5)(A) authorizes shifting only "reasonable expenses incurred in making the motion." The submission consists of timekeeper narratives, hours, and rates, with no representation that the rates submitted are the rates actually charged to Plaintiff or that the hours claimed have actually been billed to her. The submission is silent on the engagement.

The lodestar inquiry asks what a reasonable, paying client would pay for this work. The rates and hours actually charged to Plaintiff are direct evidence of that, and Plaintiff has not put any such evidence forward. Please confirm the actual billing arrangement: the rates being charged to Plaintiff, the hours being billed to her, and any reductions, write-offs, or contingent or deferred billing arrangements that apply. A short declaration from counsel will suffice; a copy of the engagement letter would be more efficient still.

**2.    Block-billed and undifferentiated entries.**

Eleven entries on January 20, 2026 collectively claim ▉▉ hours ▉▉▉▉ for work on a single task. Six of those entries are titled identically ▉▉▉▉▉▉ and vary from ▉▉ to ▉▉ hours, with

J. Remy Green, Esq.
Lane Haygood, Esq.
Page 2 of 3

April 30, 2026



no further description distinguishing one from the next. Four others are ███████████████ █████ and █ hours). Five additional entries on January 12, 2026 totaling ██ hours are all titled ████████████████████ without further differentiation. Please supply the detail needed to permit evaluation of these entries: what was being drafted in each session, by whom, and the substance of each █████████.

**3.       Intra-firm conferencing.**

The submission claims ██ hours ██████ for intra-firm telephone calls and team communications, including five separate ██████████████ entries on a single day. For a discrete two-letter-motion dispute between solo and small-firm practitioners, this volume is hard to reconcile with reasonableness, and the submission offers no explanation of necessity. Please address why these calls were needed and what was discussed.

**4.       Entries that do not, on their face, relate to making the motions.**

Several entries do not, on their face, permit assessment of how the work relates to Rule 37(a)(5)(A)'s "in making the motion" scope. The ███████ entry on January 20 for ████████ ████████████████████████████████ does not explain how ████████████ research relates to the discovery letter motions. The ███████ entry on January 21 for █████████ ████████████████████████████ describes work performed after the January 20 reply was filed; on its face, post-filing review of an unrelated ████████████ is not work in making the motion. Please explain the connection or withdraw these entries.

**5.       Duplicate staffing.**

Plaintiff has submitted time for two timekeepers attending the same December 10 and December 19 meet-and-confers and the same February 9 hearing. The submission does not explain the distinct role of each attendee or why both were needed for letter-motion discovery practice. Please address why second-chair attendance was necessary at each of these events.

**6.       Arithmetic on the KUSK timesheet.**

The KUSK timesheet does not internally reconcile. Line items at the stated rates ██████ for Mr. Haygood, █████ for Ms. Tewson) sum to ██████ across all entries. The footer states a █████ total, with ███████ "no bill" and ██████ "billed." The ███████ figure does not match the line-item sum. The ███████ no-bill amount does not match the sum of the three Haygood entries marked "YES" for no-bill, which totals ███████ We cannot determine from the submission how the ██████ figure was derived. If voluntary reductions were applied to particular entries, please identify which entries and the reason for each.

Defendant does not argue here against the reasonable fee award authorized by the Court on April 21. But as you recall, the Court also indicated at that conference that the fees for these letter motions should not be "huge" and assumed Plaintiff's submission would be "reasonable." Tr. 20:13–17. The points above are directed at letting both sides address that expectation before involving the Court.

J. Remy Green, Esq.
Lane Haygood, Esq.
Page 3 of 3

April 30, 2026

Very truly yours,

Ronald D. Coleman

# EXHIBIT C

## Plaintiff's April 30, 2026 Response

Green email responding to Defendant's April 30 objection letter

Mercante v. Tarzia, No. 1:24-cv-08471 (E.D.N.Y.)

| From: | remy green |
| To: | Ronald D. Coleman |
| Cc: | Lane Haygood |
| Subject: | Re: Mercante v. Tarzia — Rule 37 fee submission |
| Date: | Thursday, April 30, 2026 2:50:47 PM |
| Attachments: | 2026-04-30 KUSK Mercante Billing (Fixed).xlsx |

Hi Ron,

Thanks for this.

Globally, I should ask:  Is there an offer here?  Getting down to brass tacks is probably the most productive thing we can do, particularly given that the fees are not *massive*, and "[a] party awarded attorneys' fees" under Rule 37 "is also entitled to compensation "'for time reasonably spent in preparing and defending' the fee application." *Robbins & Myers, Inc. v J.M. Huber Corp.*, 2011 US Dist LEXIS 45386, at *20 (WDNY Apr. 27, 2011), quoting *Weyant v. Okst*, 198 F.3d 311, 316 (2d Cir. 1999).

And obviously, responding line by line to these objections -- some of which do not appear to have any basis in caselaw or authority -- the fees your client is going to ultimately have to pay (at least if we cannot reach agreement) are going up.  This seems like more cutting off the nose to spite the face, and at this stage, I *do want to make sure* your client understands that if we have to brief this, the bill is going to go up by something like another ███████████ (indeed, this email is another ████ or so).

Relatedly, I should note that I've fairly routinely gotten about ████████ (at least adjusted for inflation) in Rule 37 sanctions per motion across relevant co-counsel -- particularly in cases with a variety of discovery issues.  *See, e.g., In re New York City Policing During Summer 2020 Demonstrations,* 20-cv-8924, ECF Nos. 544 ██████ as a sanction for just my work on one motion); 512 ██████ for two lawyers on one motion in 2022); 694 ██████ across co-counsel for one motion).  So, for two motions, something like ██████ is right in line, particularly given the detail required in the submissions.

But to address each of your points largely in order, but starting with the math.

## 6.  Math.

You are correct the math was off.  It looks like the formula in the spreadsheet accidentally omitted some relevant cells.  So, if we fight over fees here, KUSK will actually seek ██████ -- thank you for catching that.

Attached is the raw spreadsheet, so you can check the formula if you want.  And we won't adjust our demand here if we can resolve this without litigation, given it's our error.

1. **Rates/Actual Invoices.**

You've asked for actual billing.  You are not entitled to that.  It is well settled that for statutory and rule fee entitlements, "[a]ctual payment of attorneys' fees is not a condition precedent to a [party]'s recovery under the statute." *Senfeld v I.S.T.A. Holding Co.*, 235 AD2d 345, 345 (1st Dept 1997).  The same is true of a demand for the retainer -- it just isn't relevant to the question of reasonable lodestar fees.  *Accrod Uy v Bronx Mun. Hosp. Ctr.*, 182 F3d 152, 157 (2d Cir 1999).

If you have some contrary authority, I'm happy to review it -- but across more than a dozen Rule 37 awards in the last few years, I've never turned over a retainer or actual bill, and frankly it's never come up.

Last, on this, we note that you do not seem to contest that we've gotten your rates correct.  So the rate does not appear to be in dispute, since again, "[t]he fact that [defendant's] counsel charges nearly the same hourly rate substantiates the claim that the hourly rate is reasonable for this type of case." *531 Kosciusko Partners, LLC v Montesdeoca*, 61 Misc 3d 1208[A], 2018 NY Slip Op 51414[U], *3 (Sup Ct, Kings County 2018).

2. **Supposed Block Billing.**

As the Second Circuit has explained, "block-billing - the grouping of multiple tasks into a single billing entry - is not per se unreasonable." *Hines v City of Albany*, 613 F App'x 52, 55 (2d Cir 2015).  And block billing, if it exists, warrants a minor to medium reduction.  *Id.*  But what you have pointed to is not block billing in any event; each entry is describing a single task.

As you say, there are █ hours, but they cover two different filings, which add up to more than 15 single spaced, and factually and legally dense, pages (10 pages in ECF No. 48 filed on Jan. 20, 2026; 5 substantive pages in ECF No. 44 filed on January 12, 2026, plus the appendix).

A bill need not (and somehow, I doubt yours do) say exactly which cases are being read and how long.  And given that this is letter practice, again, just looking at the

handful of hours and contents and number of pages is sufficient.

The key for evaluating billing is whether, given the bill's detail, "the court can determine the reasonableness of the work performed." *Adorno v. Port Auth. of N.Y. & N.J.*, 685 F. Supp. 2d 507, 515 (S.D.N.Y. 2010). For tasks that add up to at most, 4 or so hours on one filing, the Court is perfectly well able to look at a 10 page single spaced letter -- that has to deal with things like the misrepresentation of what an AI chat transcript is, false statements about what documents exist, and so on -- and decide whether about 30 minutes per page is reasonable.* I don't think, frankly, that's a hard question. But I am more than happy to bill your client for fees on fees to defend that.

As for the "the substance of each ▇▇▇▇▇▇▇ my conversations about legal strategy with Ms. Tewson are privileged. The timing as well as what Ms. Tewson's expertise is makes clear the general subject: The details of things like what can be generated by various platforms and so on, as well as discussions of what had been found to date in her review of various productions, which -- I think you will agree -- we used to great effect. Again, the context is sufficient for a court to evaluate this.

### 3. Intra-firm conferencing.

I don't think I need to say much about this. Coordinating work keeps the bill *down*, not up. And "use of two attorneys to represent a party is the norm for federal court litigation." *Randle v. H&P Capital, Inc.*, Civil Action No. 3:09cv608, 2010 U.S. Dist. LEXIS 74994, at *14 (E.D. Va. July 21, 2010) (citations omitted).

As I said above, some of the communication was necessary to discuss what review needed to happen -- at *non-attorney rates* -- of the improper document dumps, the many streams, etc., to put together our replies.

And the value of this is also clear, if you consider even a single example. Recall, you falsely told the Court there were no logs of ChatGPT conversations, when you said "No documents are being withheld on the basis of any objection made during discovery." ECF No. 47 at 2. Kathryn had to find exactly where your client pulled those up on stream so we could explain that your client was "fibbing" (to use your word) to the Court.

### 4. Entries that You Don't Understand the Connection to the Motions.

The letter you sent strangely claims that you don't understand how ▇▇▇▇▇▇▇▇▇▇

research relates to the discovery letter motions." It relates because that was a fact issue, where you used -- while misleading the Court about what it was -- an AI chat transcript with misleading claims about ▮▮▮▮▮▮▮▮▮▮ We had to do the *actual* research on what ▮▮▮▮▮▮▮▮ can produce, since you and your client were refusing to productively confer. And we prevailed on that issue.

**5. Supposedly Duplicate Staffing.**

Kathryn (billed as a paralegal) and I billed for attended hearing and both meet and confers. Lane's time is written off for attending the hearing and he did not attend the meet and confers. As I note above, even if we billed for Lane, "use of two attorneys to represent a party is the norm for federal court litigation." *Randle v. H&P Capital, Inc.*, Civil Action No. 3:09cv608, 2010 U.S. Dist. LEXIS 74994, at *14 (E.D. Va. July 21, 2010) (citations omitted). But we did not: We only billed for one attorney and one paraprofessional. The difference in roles is that.

Yours,

Remy.


\*I will also note, we have contemporaneous comments from your client about how much of his retainer remains and when, along with knowing its full size. I suspect that if we do the math on your per-page rate in this litigation, it will be *much* higher than ours. Whether that billing is reasonable presents, perhaps, a separate question.

_____

**J. Remy Green**

     *Partner*
| Cohen&Green P.L.L.C. | #FemmeLaw |
| remy@femmelaw.com (e) | (929) 888.9560 (direct) |
| (929) 888.9480 (p) | (929) 888.9457 (f) |
| honorific / pronouns: Mx. / they, their, them |
| 1639 Centre St., Ste. 216 | Ridgewood (Queens), NY 11385 |

_____



---

On Thu, Apr 30, 2026 at 11:42 AM Ronald D. Coleman <rcoleman@colemanlaw-pc.com> wrote:

> Counsel,
>
> Please see the attached letter regarding Plaintiff's April 23 Rule 37 fee submission.
>
> **Ronald D. Coleman**
>
> COLEMAN LAW FIRM, PC
> 50 Park Place, Suite 1105
>
> Newark, NJ 07102
> 973-264-9611
>
> *Admitted to practice in New Jersey and New York*

# EXHIBIT D

**Defendant's May 6, 2026 Objection Letter**

Coleman Law Firm to Green/Haygood — scope objections

Mercante v. Tarzia, No. 1:24-cv-08471 (E.D.N.Y.)

# Coleman Law Firm, p.c.

RONALD D. COLEMAN
973 264 9611
RCOLEMAN@COLEMANLAW-PC.COM
50 PARK PLACE | NEWARK NJ 07102

Admitted in New York and New Jersey

May 6, 2026

**VIA EMAIL**

J. Remy Green, Esq.
Cohen & Green P.L.L.C.
1639 Centre Street, Suite 216
Ridgewood, New York 11385

Lane Haygood, Esq.
Kamerman, Uncyk, Soniker & Klein P.C.
1700 Broadway, 16th Floor
New York, New York 10019

**Re:**   *Mercante v. Tarzia*, No. 1:24-cv-08471 (E.D.N.Y.)
         **Rule 37 Fee Submission**

Counsel:

Thank you for your response to my April 30 letter. The arithmetic correction you made to the KUSK component of the submission is noted. Defendant treats the corrected figures as operative. I am writing to follow up on the aspect of that letter your response did not address.

My April 30 letter raised the question of scope: whether the time entries in the submission reflect work "incurred in making" ECF Nos. 40 and 47, as Rule 37(a)(5)(A) requires. Your response addressed block-billing doctrine and rate methodology at some length, but it did not address scope.

As you doubtless recall, ECF Nos. 40 and 47 were letter motions directed at Defendant's confidentiality designations during jurisdictional discovery. The Court characterized them as such and indicated that the resulting fees should not be "huge" and should be "reasonable." Tr. 20:13–17. Rule 37(a)(5)(A) authorizes recovery of expenses "incurred in making the motion"—not time spent on antecedent meet-and-confer work, post-filing review, or fact investigation that does not appear in either motion.

My April 30 letter identified four categories that fall outside that authorization: pre-motion meet-and-confer time, including the December 10 and December 19 conferences and ▉ hours of research described as being ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ the January 21 stream-review entry, which postdates the filing of both motions; approximately ▉ hours of video-format DM review and ▉▉▉▉▉▉▉▉ research that does not appear to bear on the drafting of either letter motion; and approximately ▉ hours of intra-firm telephone conferencing with no attribution to either motion. None of these categories was addressed in your response.

J. Remy Green, Esq.                                                May 6, 2026
Lane Haygood, Esq.
Page 2 of 2

Defendant is not in a position to agree to the submission as presented. If Plaintiff is prepared to revise the submission to address the scope categories identified above, Defendant will review the revised figures. The burden of substantiation rests with Plaintiff, and the fees she seeks have not been substantiated.

Very truly yours,

Ronald D. Coleman

# EXHIBIT E

## Plaintiff's May 6, 2026 Email Response

Green demanding counter-offer; threatening fees on fees and bad faith

Mercante v. Tarzia, No. 1:24-cv-08471 (E.D.N.Y.)

| From: | remy green |
| --- | --- |
| To: | Ronald D. Coleman |
| Cc: | Lane Haygood; Kathryn Tewson |
| Subject: | Re: Mercante v. Tarzia - Rule 37 response |
| Date: | Wednesday, May 6, 2026 1:59:57 PM |

Adding Kathryn.

Again, make an offer.  You're just cutting off your client's nose to spite his face here, since, as I said, we'll get fees on fees.  And those are already in the thousand range, and will only get higher, so this is silly.

If you want to make an offer that simply excludes the time you're saying is problematic, that's fine.  But without an offer, we will not negotiate with ourselves.  And if your filing today fails to say an amount you do agree to pay, we will also seek fees for bad faith.

---

**J. Remy Green**

*Partner*
| Cohen&Green P.L.L.C. | #FemmeLaw |
| remy@femmelaw.com (e) | (929) 888.9560 (direct) |
| (929) 888.9480 (p) | (929) 888.9457 (f) |
| honorific / pronouns:  Mx. / they, their, them |
| 1639 Centre St., Ste. 216 | Ridgewood (Queens), NY 11385 |

---



---

On Wed, May 6, 2026 at 12:55 PM Ronald D. Coleman <rcoleman@colemanlaw-pc.com> wrote:

> Please see the attached.

**Ronald D. Coleman**

COLEMAN LAW FIRM, PC

50 Park Place, Suite 1105

Newark, NJ 07102

973-264-9611

*Admitted to practice in New Jersey and New York*

Book time to meet with me

# EXHIBIT F

**Plaintiff's May 8, 2026 Wire Instructions Email**

Bank account information redacted

Mercante v. Tarzia, No. 1:24-cv-08471 (E.D.N.Y.)

| From: | remy green |
| To: | Ronald D. Coleman |
| Cc: | Admin; Jay Tavarez; Kathryn Tewson; Lane Haygood |
| Subject: | Mercante v. Tarzia, 24-cv-8471 - Payment Information |
| Date: | Friday, May 8, 2026 4:51:51 PM |

Hi Ron,

For the payment on Wednesday, please see wire information below (designated CONFIDENTIAL for litigation purposes, except that obviously, it may be shared with the appropriate financial institutions):

**[REDACTED]**

_____

**J. Remy Green**

     *Partner*

| Cohen&Green P.L.L.C. | #FemmeLaw |

| remy@femmelaw.com (e) | (929) 888.9560 (direct) |

| (929) 888.9480 (p) | (929) 888.9457 (f) |

| honorific / pronouns: Mx. / they, their, them |

| 1639 Centre St., Ste. 216 | Ridgewood (Queens), NY 11385 |

_____

