UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALYSSA MERCANTE,<br>　　　　　　*Plaintiff*,<br><br>　　- *against* -<br><br>JEFF TARZIA,<br>　　　　　　*Defendant*. | Case No. 1:24-cv-08471<br>(MKB) (LKE) |

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFF'S RULE 72(a) OBJECTIONS TO THE
MAGISTRATE JUDGE'S MAY 12, 2026 ORDER**

**PRELIMINARY STATEMENT**

Defendant Jeff Tarzia respectfully submits this memorandum of law in opposition to Plaintiff's objections to, and appeal of, the May 12, 2026 Order of Magistrate Judge Eshkenazi (the "Order") declining to issue an order to show cause. The Order is a discretionary case-management ruling, reviewable under Rule 72(a) only for clear error or contrariness to law, and Plaintiff, who invoked Rule 72(a), bears the burden of meeting that demanding standard.

She cannot. The Magistrate Judge considered Plaintiff's request for an order to show cause, declined to issue one at this time, and instead reminded the undersigned on the record as to his obligations, with the express provision that future failures may result in sanctions. That was a permissible exercise of the discretion the rule commits to the court, and nothing in Rule 72(a) permits its reversal.

The appeal does not seriously contest that the Magistrate Judge had this discretion. It asks the Court to issue an order to show cause for the stated purpose of compelling the undersigned to explain how the citation errors in ECF No. 88 occurred. ECF No. 96-1 at 22. That explanation

1

follows here, so that the Court has it without the need for further process – which leaves the appeal without the justification it offers for the relief it seeks.

The undersigned does not dispute, or minimize, his errors. The May 8 fee-objection letter, ECF No. 88, contained inaccurate citations, including incorrect Westlaw reporter numbers for *Richir v. Village of Fredonia* and *Rich Products Corp. v. Bluemke*. The cited decisions are real – nothing was fabricated, much less "hallucinated" – and, with an exception the undersigned withdraws below, each supports the proposition for which it was cited. The cases were identified through Westlaw's AI-assisted research, which returned the decisions and their holdings in summary form but without the corresponding Westlaw reporter numbers. The incorrect numbers were introduced in drafting, and the undersigned filed ECF No. 88 hastily, without confirming them against the decisions on Westlaw. Verifying them was the undersigned's obligation, and he accepts responsibility for failing it, without qualification. After ECF No. 88 was filed, the undersigned reviewed the decisions directly and confirmed both that the cases are genuine and that the correct citations are *Richir v. Village of Fredonia*, 2008 WL 943024 (W.D.N.Y. Apr. 4, 2008), and *Rich Products Corp. v. Bluemke*, 2014 WL 860364 (W.D.N.Y. Mar. 5, 2014). The individual citations are addressed in Point IV below.

The undersigned corrects the record in one further respect in order to be entirely candid with the Court. ECF No. 90 described the errors as "clerical numbering errors," which is not accurate. The citations were produced through the Westlaw AI-assisted research and drafting described above by counsel for defendant himself; he did not mis-transcribe reporter numbers from the decisions but recalled, on reviewing his own research trail, that he had worked from research summaries that did not themselves contain Westlaw numbers. The undersigned mistakenly

assumed the discrepancies were his own downstream clerical errors. The undersigned regrets the inaccurate description and corrects it here.

Against this record, Plaintiff's objection recasts the Magistrate Judge's discretionary judgment as a legal error. It argues that the Magistrate Judge believed an order to show cause may issue only where the conduct has burdened the Court, and that this supposed belief was a mistake of law requiring reversal. The premise is incorrect. The Order announces no such rule; it rests on the Court's on-the-record warning and the obligations it identified, and the Magistrate Judge's reference to the absence of any burden on the Court was a factor in her discretionary calibration, not a prerequisite she adopted as law. Plaintiff's disagreement with how the Magistrate Judge weighed the equities is not a showing of clear error, and her further requests – that this Court decide questions the Magistrate Judge did not reach, and direct process in plenary fashion across the entire docket – seek relief well beyond the order under review. The objection should be overruled.

**RELEVANT FACTUAL AND PROCEDURAL HISTORY**

On May 8, 2026, the undersigned filed ECF No. 88, a letter to Magistrate Judge Eshkenazi objecting to the scope of Plaintiff's Rule 37 fee submission. ECF No. 88 contained the citation errors described above. Plaintiff thereafter moved for an order to show cause directing the undersigned to explain how the errors occurred. ECF No. 89.

The Magistrate Judge held a telephonic hearing on May 11, 2026. On May 12, 2026, the Court entered a Minute Entry and Order. As to Plaintiff's motion, the Order states that the Court "declines to issue an Order to Show Cause at this time in light of the Court's on the record warning to Defendant's counsel of his obligations to (1) exercise due diligence when citing case law, (2) exercise due diligence when filing sensitive information on the docket, and (3) refrain from filing any documents on the docket designated as 'confidential' regardless of counsel's disagreement

with the designation." The Order further provides that "[f]ailure to meet these obligations in the future may result in sanctions," and that "Plaintiff's motion for an Order to Show Cause [89] is denied." (May 12, 2026 Minute Entry and Order).

On May 26, 2026, Plaintiff filed the instant objections under Rule 72(a). ECF No. 96. In support, Plaintiff appended both ECF No. 88 and the transcript of the May 11, 2026 hearing as exhibits to her own submission – the transcript at ECF No. 96-4 (Green Ex. 2), and ECF No. 88 at ECF No. 96-5 (Green Ex. 3). Plaintiff's submission also supplies the correct citations for the authorities at issue and confirms, as to *Rich Products Corp. v. Bluemke*, that the decision "does … award time for meet and confers." ECF No. 96-1 at 5.

## ARGUMENT

### I.   A Magistrate Judge's Order Is Reviewed Only for Clear Error or Contrariness to Law.

A magistrate judge's resolution of a nondispositive matter is reviewed under Rule 72(a), which permits the district court to modify or set aside the order only where it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Plaintiff has brought her challenge under Rule 72(a) and so invokes that standard herself. *See Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990) (nondispositive pretrial matters are committed to the magistrate judge's discretion and reviewable only for clear error or contrariness to law); *Mobil Shipping & Transp. Co. v. Wonsild Liquid Carriers Ltd.*, 190 F.3d 64, 67–68 (2d Cir. 1999) (a finding is clearly erroneous only where the reviewing court is left with the "definite and firm conviction that a mistake has been committed").

The standard is deferential. Consistent with this deferential standard, courts within the Second Circuit have uniformly held that magistrate judges are afforded broad discretion in resolving discovery disputes, and that reversal is appropriate only if that discretion is abused. In

*Rodriguez v. Pataki*, 293 F. Supp. 2d 313 (S.D.N.Y. 2003), for example, the court noted that a magistrate judge's resolution of discovery disputes "deserves substantial deference," and quoted the principle that "in resolving discovery disputes, the Magistrate is afforded broad discretion, which will be overruled only if abused" (citing cases).

The degree of deference owed to a magistrate judge's discovery rulings is further heightened when that judge has been deeply and continuously involved in the management of discovery throughout a case. "This standard is highly deferential, and the objector thus carries a heavy burden." *In re Terrorist Attacks on Sept. 11, 2001*, No. 03MDL1570GBDSN, 2023 WL 5432199, at *1 (S.D.N.Y. Aug. 23, 2023); *see also Lugosch v. Congel*, 443 F. Supp. 2d 254, 276 (N.D.N.Y. 2006) (particular deference due where "magistrate judge has been deeply involved in discovery matters in the case for years"). This principle reflects the practical reality that a magistrate judge who has managed complex or protracted discovery is uniquely positioned to understand the history, context, and equities of the parties' disputes, and thus deserves correspondingly greater deference from the reviewing court.

That deference is not confined to discovery rulings in the narrow sense; it governs the full range of nondispositive case-management determinations, including the Magistrate Judge's choice of how to respond to a citation error in a discovery-related fee submission. It applies with particular force here, where Magistrate Judge Eshkenazi has overseen this case's discovery directly and continuously, including the jurisdictional discovery and the production disputes out of which the underlying fee motions arose.

## II. The Magistrate Judge Committed No Legal Error; Declining to Issue an Order to Show Cause and Instead Issuing a Warning Was an Appropriate Exercise of Discretion.

Whether to issue an order to show cause, and whether ultimately to impose sanctions, are matters committed to the court's discretion. Rule 11(c) provides that a court "may" impose an

appropriate sanction, and that a court "may" order a party or attorney to show cause; it does not require a court to do either in any particular circumstance. Fed. R. Civ. P. 11(c)(1), (3). See *Perez v. Posse Comitatus*, 373 F.3d 321, 325 (2d Cir. 2004) (whether to impose Rule 11 sanctions is committed to the court's discretion). Plaintiff's own submission proceeds on this footing, invoking Rule 11(b) and the provision that a court "may impose an appropriate sanction" under Rule 11(c)(1). ECF No. 96-1 at 14–15. Addressing a citation error through a warning rather than through a formal show-cause process is a choice among permissible responses, and selecting one permissible response over another is the exercise of discretion, not an error of law.

Plaintiff's contrary theory depends on recharacterizing a discretionary weighing by the magistrate judge as an assertion by her of a categorical rule of law. The Order, however, announces no such rule. Its operative text rests entirely on the Court's "on the record warning" to the undersigned as to the three enumerated obligations, coupled with the express provision that "[f]ailure to meet these obligations in the future may result in sanctions." Nowhere does the Order state, or even suggest, that a burden to the Court is a prerequisite to an order to show cause; the word "burden" does not appear in it. The remark on which Plaintiff's theory depends – that the citation errors had "not caused a particular burden in this particular one to the Court" – was made orally at the hearing, while explaining the decision to warn rather than to issue process "at this time." It was a factor in a discretionary calibration, not the rule of decision, and cannot convert a written order grounded in a warning into a holding that a "burden to the Court" is legally required. See ECF No. 96-4, at 36.

Plaintiff's own authorities confirm as much. Each of the decisions Plaintiff marshals issued an order to show cause in the exercise of the court's discretion; none holds that a court must issue one whenever a citation error is presented, or that declining to do so is contrary to law. That a court

6

may consider the burden on opposing parties or may issue process after an offending citation has been withdrawn, demonstrates the breadth of the discretion the rule confers – not that the Magistrate Judge was bound to exercise it as Plaintiff prefers.

Plaintiff also invokes the principle that a mistake of law is a form of abuse of discretion and therefore "contrary to law" under Rule 72(a). ECF No. 96-1 at 11–12. Accepting that principle, see *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990), it does not assist her, because the Magistrate Judge made no mistake of law. She applied the permissive framework Rule 11 supplies and exercised the discretion it commits to her. A disagreement with the weight she gave a permissible consideration is not a legal error.

The ruling is supported by the on-the-record warning alone. And even on Plaintiff's reading of the record – that the Magistrate Judge's observation about the absence of any burden to the Court also informed the decision – the denial stands, because that observation was a permissible consideration in calibrating the response, not a misapplication of any governing rule. On either view, Plaintiff must show that the decision was clearly erroneous or contrary to law, and she has shown neither.

**III.   The Account an Order to Show Cause Would Compel Is Already Before the Court, And Plaintiff's Own Authorities Demonstrate That a Warning Was an Appropriate Response.**

Plaintiff seeks an order to show cause for the stated purpose of directing the undersigned to explain how the citation errors occurred. ECF No. 96-1 at 22. That explanation is set out above, and was set out in part in ECF No. 90, which the undersigned has further corrected here. The account that an order to show cause was meant to compel is therefore already before the Court. To the extent such an order might be thought to serve a purpose beyond compelling that account, whether to initiate that process remained committed to the Magistrate Judge's discretion for the

7

reasons already stated; and with the explanation Plaintiff sought now in hand, its absence cannot supply a basis for disturbing the denial.

Plaintiff's authorities reinforce, rather than undermine, the Magistrate Judge's choice. The decisions Plaintiff features reserve their severity for concealment and for counsel who refuse to own their errors. Plaintiff's lead authority states that competent and ethical lawyers own their mistakes. ECF No. 96-1 at 12. The undersigned has done exactly that: he has acknowledged the errors without qualification, corrected the citations and the record, and made no claim of having reviewed the decisions before filing. On that record, a warning, coupled with an express statement that future failures may be sanctioned, is a permissible response, and the Magistrate Judge's selection of it is neither clearly erroneous nor contrary to law.

## IV.     Clarification Regarding the Specific Citations.

For completeness, the undersigned addresses the individual citations Plaintiff places before the Court. The two confirmed corrected citations are stated; the remaining authorities are bracketed pending the undersigned's independent verification.

*Richir v. Village of Fredonia*. ECF No. 88 cited this decision as 2008 WL 4104455. The correct citation is *Richir v. Village of Fredonia*, 2008 WL 943024 (W.D.N.Y. Apr. 4, 2008), as Plaintiff's own submission reflects. ECF No. 96-1 at 6. The decision is genuine and supports the point for which it was cited.

*Rich Products Corp. v. Bluemke*. ECF No. 88 cited this decision as 2014 WL 3908334. The correct citation is *Rich Products Corp. v. Bluemke*, 2014 WL 860364 (W.D.N.Y. Mar. 5, 2014). The decision is genuine and supports the proposition for which it was cited; Plaintiff agrees that it "does … award time for meet and confers." ECF No. 96-1 at 5.

*Townsend v. Haza Foods, LLC*. ECF No. 88 cited this decision without a reporter number; the omission is acknowledged, and the correct citation is *Townsend v. Haza Foods, LLC*, 2026 WL

8

809490 (W.D.N.Y. Mar. 24, 2026). The decision is genuine and supports the proposition for which it was cited: applying Rule 37(a)(5)(C), the court declined to award fees for time spent on meet-and-confers, correspondence, review of discovery responses, and a discovery conference because that time "was not incurred in making the motion," and awarded fees only for time spent researching, drafting, and replying on the motion itself. To the extent ECF No. 88 described the challenged time as preceding the motions "by weeks," that gloss was imprecise – the decision draws the line in terms of time not "incurred in making the motion" rather than in temporal terms – and in any event it concerns the compensability question the Magistrate Judge directed the parties to brief, not the order under review.

*A.M. v. City of New York*. ECF No. 88 cited this decision as 2022 WL 17543173, which does not correspond to the decision intended. The undersigned withdraws reliance on the case and on the proposition for which it was cited. Plaintiff identifies the intended decision as *A.M. v. City of New York* (E.D.N.Y. Aug. 8, 2022). ECF No. 96-1 at 5.

*Auscape International v. National Geographic Society*. Plaintiff acknowledges that this decision was cited correctly. ECF No. 96-1 at 5. The parties' disagreement over what the decision supports is a disagreement about fee procedure, to be resolved in the fee dispute the Magistrate Judge directed the parties to brief; it is not an instance of fabricated or transposed authority and does not bear on the order under review.

## V.    Plaintiff's Remaining Contentions, And the Relief She Requests, Exceed the Order Under Review.

The order under review denied Plaintiff's motion as to the citation matters raised in ECF No. 89. Plaintiff now asks this Court to order an explanation directed not only at ECF No. 88 but at "those across the rest of the docket," ECF No. 96-1 at 22, and to decide, in the first instance, that the explanation is "not colorable" and that the asserted indicia of careless practice

9

independently require process – an issue Plaintiff concedes "the Court below did not address." ECF No. 96-1 at 20. But Rule 72(a) review is of the order the Magistrate Judge made, on the record before her. It is not the occasion to adjudicate matters she did not decide or to enlarge the inquiry to the entire litigation in an attempt to color the Court's consideration of the actual order being appealed.

The inadvertent filing of inadequately redacted information that accompanied ECF No. 88 was separately addressed below, through the same warning and through the undersigned's undertaking on the record to bear Plaintiff's resulting costs. It does not render the discretionary denial of an order to show cause clearly erroneous.

## VI.    To The Extent the Court Weighs Any "Pattern," The Record Reflects Plaintiff's Pursuit of Monetary Sanctions and The Public Disclosure of Protected Materials.

Plaintiff frames the citation errors as part of a "pattern" of careless conduct warranting escalating sanctions. The relief the appeal seeks is out of proportion to the matter that prompted it: it would convert a discretionary warning – issued over reporter-number errors in a fee-objection letter that the Magistrate Judge found had not burdened the Court – into a formal sanctions process directed not only at ECF No. 88 but at filings "across the rest of the docket." ECF No. 96-1 at 22. The undersigned has addressed the errors directly and without qualification. To the extent the Court nonetheless considers a "pattern" relevant to whether the Magistrate Judge's measured response was an abuse of discretion, that disproportion is itself confirmation that the response was within her discretion, and the more salient pattern is reflected in Plaintiff's own course in this litigation.

Plaintiff has already been awarded her fees on the underlying motions. At the May 11 hearing, the Magistrate Judge stated she was "not inclined to award" the amount Plaintiff sought and that there was "stuff that could be shaved off of that." ECF No. 96-4, at 5. Having obtained a

fee award and a framework to litigate its amount, Plaintiff nonetheless pursued a separate order to show cause; and when the Magistrate Judge declined it in favor of a warning, Plaintiff brought this appeal – asking not only that the warning be converted into formal process, but that sanctions process be opened as to filings "across the rest of the docket." ECF No. 96-1 at 22. The consistent feature of these successive applications is the pursuit of monetary sanctions arising out of ordinary case-management disputes.

The same course bears on the public handling of protected materials. ECF No. 88 was sealed by the Court. Plaintiff nonetheless placed a version of that sealed document on the public docket as an exhibit to this appeal. ECF No. 96-1 at 1 n.1. The Court need not resolve that matter to decide this appeal, and it is noted only because Plaintiff has asked the Court to draw conclusions about counsel's conduct from the broader record – a record that is not one-sided.

This is not a request for affirmative relief against Plaintiff, and the Court should not expand a nondispositive appeal into a referendum on either side's conduct. It is offered for the limited purpose for which Plaintiff has placed conduct at issue: in assessing whether the Magistrate Judge's discretionary choice to warn rather than to open sanctions process was clearly erroneous or contrary to law, the broader record confirms that it was a considered exercise of judgment, not an abuse of it.

11

## CONCLUSION

For the foregoing reasons, Plaintiff's objections should be overruled and the Magistrate Judge's May 12, 2026 Order affirmed.

Respectfully submitted,
COLEMAN LAW FIRM, P.C.

By: _____
          Ronald D. Coleman
50 Park Place, Suite 1105
Newark, New Jersey 07102
(973) 264-9611
rcoleman@colemanlaw-pc.com
*Attorneys for Defendant Jeff Tarzia*

Dated:  Newark, New Jersey
        June 9, 2026

12