X74kzjarh                                    SEALED

RECEIVED
JAN 09 2009
U.S.D.C. S.D. N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

SARAH COBURN, JEFFREY
PHILLIPS, EMILY SLOAN, GWYNN
GALITZER, BETTY BASTIDAS,
LASHLEY CARNEY, NIKOLAS
SIKELIANOS, HEIKE JARICK, UDO
DRESCHER, et al.,

                    Plaintiffs,

          v.                                    05 CV 7623  (KMK)
                                                05 CV 7624  (KMK)
                                                05 CV 7668  (KMK)
                                                05 CV 7669  (KMK)
                                                05 CV 7670  (KMK)
                                                05 CV 7672  (KMK)
                                                05 CV 7673  (KMK)
                                                05 CV 7626  (KMK)
CITY OF NEW YORK, et al.,                       05 CV 7541  (KMK)

                    Defendants.

------------------------------------x

                                                April 20, 2007
                                                3:30 p.m.

Before:

                    HON. KENNETH M. KARAS,

                                                District Judge

                         APPEARANCES

JEFFREY A. ROTHMAN
     Attorney for Plaintiffs

CORPORATION COUNSEL
     Attorneys for Defendants
BY:  JEFFREY A. DOUGHERTY
     JAMES MIRRO
     PETER FARRELL

X74kzjarh                              SEALED

THE DEPUTY CLERK: ▓▓▓▓▓ versus City of New York, civil cause for motions. If the parties could step forward, please. And if you could state your appearances for the record.

MR. ROTHMAN: Good afternoon, your Honor. Jeffrey Rothman on behalf of plaintiffs.

THE COURT: Good afternoon, Mr. Rothman.

MR. DOUGHERTY: Good afternoon, your Honor, Jeff Dougherty for the City of New York.

THE COURT: Good afternoon, Mr. Dougherty.

MR. MIRRO: James Mirro.

THE COURT: Good afternoon, Mr. Mirro.

MR. FARRELL: Peter Farrell, City of New York.

THE COURT: Good afternoon, Mr. Farrell.

All right. This is a continuation of the application that was made by Mr. Rothman to have the Court impose sanctions for violation of a protective order that was entered by Judge Francis back in October of '05.

I had reviewed all the submissions that were made before last week. The City had, Mr. Dougherty, had handed me up a letter that the Corp. Counsel had submitted to Judge Francis in the course of some of the disputes before Judge Francis. The letter was an April 14, 2006 letter. That had been submitted to Judge Francis. I had given my copy of it to Mr. Rothman because he did not have a copy with him, and then I

X74kzjarh                          SEALED                                    3

forgot to get it back.  So Mr. Rothman, at my request, was kind enough to send it back to me.

And then I got, on April the 19th, yesterday, a letter from Mr. Dougherty that sent me another copy of that letter -- which I appreciate -- as well as another letter from Mr. Rothman dated April 17th, so right after Corp. Counsel's letter, that also makes reference to the subject of the protective order as it applied to ███████.

That, not surprisingly, generated a response from Mr. Rothman, also dated yesterday, April 19th, where Mr. Rothman responds to the principal point made by Mr. Dougherty, which is that the letters, both from Corp. Counsel and Mr. Rothman to Judge Francis, constitute a waiver of the confidentiality of the material under the protective order.  So I've considered that.

Is there anything else that you all sent me, subsequent to our argument last week.  Mr. Rothman?

MR. ROTHMAN:  I believe that's all that is submitted.

MR. DOUGHERTY:  Based on your statements, we feel that the record is complete.

THE COURT:  All right, thank you very much.

The backdrop to this is that, as I mentioned, the particular date is October 5 of 2005.  Judge Francis signed a protective order, number one.

The protective order addressed the handling of

4

X74kzjarh                    SEALED

confidential material in what have become known as the RNC

cases.  And it provided broadly that, quote, failure to comply

with any of the foregoing provisions is a violation of this

Court's order and will subject to the violator or violators to

any sanction deemed appropriate by the Court.

On February 23rd of 2007, the City of New York,

through Corp. Counsel, caused to be filed a memorandum of law

that included the following footnote.  Now, this is the

footnote one that has been redacted.

Mr. Rothman, an individual has entered the courtroom.

I just want to make sure you're okay with my reading this.

MR. ROTHMAN:  This is Ms. Elva Stewart.  She's

involved in the Concepcion RNC case.

THE COURT:  Good afternoon, Ms. Stewart.

MS. STEWART:  Good afternoon, your Honor.

MR. ROTHMAN:  As last week with the presence of Ms.

Norens and Ms. Klein, and this is not problematic so we can --

THE COURT:  I just want to make sure --

MR. ROTHMAN:  So long as we're operating under the

same procedure in terms of the sealing of the initial

transcript, your Honor, and then redaction afterwards.

THE COURT:  Sure, absolutely.  Okay.

MR. ROTHMAN:  Thank you.

THE COURT:  All right.  Thank you for that,

Mr. Rothman.

5

X74kzjarh                            SEALED

What happened was is that there is actually an issue that's before me.  It's an appeal of an order that Judge Francis issued regarding the return of documents from settling plaintiffs.  And in arguing its point -- I should note, parenthetically, it's an issue I've not ruled on yet -- but in arguing its point, Corporation Counsel added a footnote that reads as follows: ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

I don't think that there is much dispute, but just for the record, if the Court were to find that this footnote violates the protective order, the Court would have the authority to impose a sanction against either the City or its attorneys pursuant to Federal Rule of Civil Procedure 37(b)(2).  Among the sanctions available to the Court under this rule is the imposition of attorneys fees.

However, before the Court could impose sanctions, it would have to find that, quote, the order violated by the contemnor is clear and unambiguous, the proof of noncompliance is clear and convincing, and the contemnor was not reasonably

Case 1:24-cv-08471-MKB-LKE    Document 100-7    Filed 06/10/26    Page 6 of 16 PageID #: 1668

X74kzjarh                              SEALED

diligent in attempting to comply.  And among other cases, this is discussed in Bloom versus Schlegel, 1996 Westlaw, 925921, and EEOC versus Local 638, 81 F.3d, 1162, at page 1171.  It's a Second Circuit decision from 1996.

Now, if a court were to find a violation that would justify sanctions, the degree of sanctions to be imposed would involve consideration of the wilfulness of the non-compliant party and the reasons for noncompliance, the efficacy of lesser sanctions, the duration of the period of noncompliance, and whether the non-compliant party had been warned of the consequences of his noncompliance.  That's from a decision by Magistrate Judge Pitman in Denardo versus Briguglio, 2007 Westlaw, 582809 at page *4.  That's a February 23rd decision from this year.

However, while wilfulness of the violation is a consideration in weighing the sanction to be applied, the Court need not find willfulness or bad faith in order to impose sanctions.  That's from the EEO decision cited above at page 1171, the Denardo decision.  The quote there is "Sanctions may be granted against a party under Rule 37(b)(2) if there is noncompliance with an order notwithstanding a lack of wilfulness or bad faith."

Now in this instance, the City has argued that if there was a violation here, it was not intentional, and a couple of points have been made on this.  The first is that by

7

X74kzjarh                              SEALED

the wording of the footnote, which expressly mentions the fact that the materials that are referred to in the first part of the footnote make clear that the documents themselves, the records themselves are covered by the protective order. There is, in fact, a reference to the protective order in the footnote.

Relatedly, I think the theme of the point is that it would be pretty brazen to intentionally violate an order that is specifically cited within the same footnote. And I am prepared to accept the representation that this was not an intentional violation of the protective order for the reasons that Mr. Dougherty explained last week.

But wilfulness is not -- intentional conduct is not the threshold. Because I think there is no question that the footnote, the substance of the footnote did violate the protective order. It mentioned ██████████'s ██████████ ██████. It mentioned both ██████ and ██████████, and the fact that there are ██████ and ██████████ records for ██████████ demonstrating that ████ has a history of ██████ and ██████████. And it is not just what's in those records that is covered by the confidentiality order, the protective order, but the mere fact that ████ has records that discuss prior ██████ and ██████████.

Now, in response to this the City has interposed two arguments. Really, it's the same argument that breaks down

X74kzjarh                              SEALED

into two points. And the argument is -- aside from it not being intentional -- is that from the City's standpoint there had been prior disclosure of this information, either by ███ or by the City with the acquiescence of Mr. Rothman or by Mr. Rothman himself, and I'll break this down.

The first point that's made by the City is that ███, herself, for example, at ██ 50H hearings and at other points during this litigation, discussed the effect of ██ arrest during the convention, the effect on ██. And one of the things ██ discusses is an increase in ████.

But the Court is unpersuaded by this because, first of all, talking about how an event might affect ██ -- had affected ██ after the fact is not the same as discussing ██████ problems that ██ had before the event, and that there were ████ and ████ records that presumably would disclose ██████, or at least a ████ of the ████.

And second of all, as I think was conceded last week during our argument, there is nothing about ████ statement in ██ 50H hearing or anything else that can be attributed to ██ where there is any mention by ██ of ██████, particularly before the events of August of 2004.

So I don't think anything that ██████ said can be deemed as a waiver of the confidentiality interest that ██ had

X74kzjarh                          SEALED

in the existence and the substance of ████████ and ████████████ records to discuss ████████ and ████████████████.

The second thing that has been brought to the Court's attention are a couple of letters that the parties filed -- not filed, I think that's a critical point -- sent to Judge Francis. The April 14th, '06 letter that Corp. Counsel sent to Judge Francis makes reference to the ████████ and ████████████ ████████████ of ████████████. And Mr. Rothman, in response to that letter, himself, addressed the point, the substantive points that were being made by Corp. Counsel in its April letter, April '06 letter, and again it's April 14 of '06. Mr. Rothman's letter was April 17 of '06. And I think one thing that's telling -- there is a couple things that are telling. First of all, neither letter indicates that the parties submitting the letter wants the letter to be sealed. Typically when letters like this are sent to the Court to be filed under seal it's typically what it's headed, or a courtesy copy is sent to the Court and another letter is actually filed with the Clerk of the Court. And I think the implicit modis operandi of this is reflected in Mr. Rothman's response to the City's letter where he says, and I quote, plaintiff respectfully requests oral argument to discuss these issues with the Court because this discussion may touch upon some highly sensitive and personal matters. Plaintiff also respectfully requests, if it would not be inconvenient for the

X74kzjarh                          SEALED

Court, that this conference be held in chambers and not in open court.

Clearly, from Mr. Rothman's standpoint, his letter and the letter from the City were not something that were going to be made available for public consumption. In his view, the whole topic was something that had to be handled under seal, and that's why he requested that the argument, if there was going to be any, would be under seal, and in that case it would be in Judge Francis' chambers.

I also think it's important to note two other things about these letters. Number one, these letters were not attached to the City's response to Mr. Rothman's initial application that the Court impose sanctions. And number two, in its response the City never indicates that at the time it submitted its brief with footnote one, that it was relying on these letters, these specific letters as a waiver. Indeed, I read the City's letters that I got, the City's letter yesterday, as we found this in our file. And so that there is an after-the-fact review of the file to perhaps see whether or not there had been any implicit waiver of the confidentiality interest. But it was not initially argued to me in the papers. And it has really never been said to me explicitly that the City relied on the existence of these two letters as an indication that there had been a waiver of the substance of what ultimately got put into footnote one.

X74kzjarh　　　　　　　　　SEALED

And I think relatedly, and I think I made this point last week, because of the very sensitive nature of this information it would've been oh so easy, if there was any ambiguity or any question, for Corp. Counsel either to call Mr. Rothman and find out his view on whether or not it could read in footnote one, is this covered by the protective order or file the brief under seal in the first instance, and then if it turns out that footnote one is not covered by the protective order, it could be filed unredacted in its entirety or it could have just that footnote be redacted out and there would be a public version of the document; or there could have been an application made to either have this deemed not to be confidential or have Judge Francis decide that none of this stuff is confidential because of a waiver. But, unfortunately, none of this was done. The brief was filed, the footnote was in there. It did violate the protective order. And I think because there were very reasonable and minimal prudent steps that could have been taken to ensure that the sensitive information was not unnecessarily revealed in contravention of the protective order, I think, while I absolutely do not hesitate in saying that the Corp. Counsel did not do this intentionally, I think it was reckless. I think it was acting in disregard of the risk that this information was covered by the protective order and so, therefore, I do think that the protective order was violated by Corp. Counsel.

FROM :                    FAX NO. :                    Jan. 09 2009 07:00PM P 12

X74kzjarh                        SEALED

A couple of final points I want to make. Number one, I am not going to hold Mr. Dougherty personally responsible for this. I think this is an issue that is to be attributed to Corp. Counsel. And I say that because Mr. Dougherty is one of a number of lawyers who have done work on all these cases. His performance before this Court leads me not to doubt one iota his integrity in his performance of his duties in these cases. And I know enough by how cases are, arguments and issues have been presented to me in this case that he has not acted alone in this case. He has been accompanied throughout by a team of attorneys, some of whom I think are quite senior to him. And so I'm not going to refer him to any disciplinary committee because I don't think his actions were intentional, and I don't even think responsibility here should lay just at his feet.

I very much appreciate the fact that he stood up last week and defended what was done in behalf of Corp. Counsel because his name was signed to the document, and I mean that sincerely, Mr. Dougherty. I think lesser people might not have had done what you had done.

But I really do think it's important that respect for deeply sensitive information that is what leads to protective orders be respected, and that the message be sent that when in doubt file under seal, or when in doubt just call the adversary and find out their view and, if need be, go to a court and get a ruling on whether or not something should be covered by a

X74kzjarh                          SEALED                              13

protective order.

Mentioning ████████ was not at all critical to the point that was being made by Corp. Counsel. I understand how it might have, from their standpoint, added strength by making it more concrete, and that's not a judgment I'm going on question. I'm not sure I agree with it, but it doesn't really argue for not having done some of these other prudent things.

So I do think that the one sanction that is appropriate here, and considering all the factors that I'm required to consider, is assessing fees for Mr. Rothman's preparation of having to come to the Court and get the Court to take out the footnote, which he did the day that it happened, and I granted the application, and then to bring the application that he brought here. Because I don't think this is something that either he or his client should be burdened with having to bear the expense of. But, as I said, I'm not going to refer Mr. Dougherty or anybody from Corp. Counsel, Mr. Rothman, to the disciplinary committee. I think conduct that's egregious should be the threshold for reference to disciplinary committee, and I don't think that this rises to that level. I know you disagree, but that's where I come out on this. And I think the additional sanctions, Mr. Rothman, that you mention in your letter yesterday, I don't think that they're appropriate here. And I think again taking into account the factor that I'm supposed to consider the efficacy

X74kzjarh                              SEALED                                       14

of lesser sanctions, I think the mere fact that I find that it was reckless, combined with having to pay fees that you incurred as a result of making this application, I think are sufficient here and no more is necessary to make sure that we all respect the confidentiality orders.

I want to say a couple other final words. I do this with great reluctance. I don't like sanctions, I really don't, because they are -- I think they are over used by the Bar. I think this is only the second time I've imposed sanctions since I had this job, and it's unfortunate that this happened. But I do think that it is important for all the attorneys on this case to try to work together. I know this is a case that involves a lot of very difficult issues. I know that this is a case that involves a lot of personal feelings because of the clients who are represented and because of the attorneys that are involved. But I do think that when a case takes on a tone that is set by the lawyers of hostility, picking up the phone saying, hey, I've got this footnote, I want to see if you're okay with it, that doesn't even become an option when there is an environment of such rancor among attorneys. And it's clear to me, even though Judge Francis has done the laboring work on this case thus far, it's clear to me that there is an element of that in this case, and I think it's unfortunate. And I would hope that you would tell your brothers and sisters who are working on this case, take it down a notch. There is no

X74kzjarh                          SEALED                                    15

reason why people can't vigorously represent their side in a litigation and still maintain a respect for the professionalism of their adversary. I presumptively take the view that everybody's doing the best they can, and that they're going to honor their obligations and they're going to treat their colleagues in the Bar with respect, and I just think it's very important, and stuff like this could be avoided.

And I want to underscore, again, as much as I am very unhappy that the protective order was violated by this footnote, I really think it's important that anybody who is reviewing this understand that I really don't think it's appropriate to hold Mr. Dougherty by himself responsible. As I said, in his performance before me he's been an excellent attorney, he's been forthright. He stood up and defended himself last week, and I think this is something collectively that the Corp. Counsel should take responsibility for.

So, is there anything else, Mr. Rothman?

MR. ROTHMAN: The only thing, your Honor, is I noticed when the case was called it was called only under the caption, ████, and I would appreciate if all of my RNC cases be listed as the caption as it was last week.

THE COURT: Okay. That's no problem.

For the record, that would be, among others, ████, ████, ████, ████, ████, ████, ████ and ████ in addition to ████. I

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

Case 1:24-cv-08471-MKB-LKE     Document 100-7     Filed 06/10/26     Page 16 of 16 PageID #: 1678

X74kzjarh                    SEALED

think that covers the list, right, Mr. Rothman?

MR. ROTHMAN:  I think so.

THE COURT:  Okay.  Anything else, Mr. Rothman, from your standpoint?

MR. ROTHMAN:  No, your Honor.

THE COURT:  All right.

MR. ROTHMAN:  Thank you, your Honor.

THE COURT:  Anything else from Corp. Counsel's standpoint?

MR. DOUGHERTY:  No.  Thank your Honor for its time and attention.

THE COURT:  Okay, all right.  Have a good weekend, all.

(Adjourned)