

# COHEN&GREEN

June 10, 2026

Hon. Margo K. Brodie, U.S.D.J.
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn New York 11201

By Electronic Filing.

**Re:     Mercante v. Tarzia, 24-cv-08471**

Dear Judge Brodie:

As the Court may recall, my firm (with co-counsel) represents Plaintiff in the case above.  I write to ask for leave to file a reply, within 7 days, to the opposition filed on Plaintiff's appeal concerning AI use.  Defendant does not consent.[1]

Plaintiff's view is a reply is necessary because, among other things, Defendant's counsel admits he used AI to draft his papers for the first time in the opposition (having avoided answering that question to date).  It also appears to include demonstrably false claims in explaining away misconduct, also made for the first time.  And counsel admits, for the first time, that one of the cases did not stand for the proposition that it was cited for.

Just to offer two illustrative examples:

*First,* the opposition claims, for the first time, that "cases were identified through Westlaw's AI-assisted research, which returned the decisions and their holdings in summary form but without the corresponding Westlaw reporter numbers," but that "[t]he incorrect numbers were introduced in drafting, and the undersigned filed ECF No. 88 hastily, **without confirming them against the decisions on Westlaw**."  ECF No. 99 at 2 (emphasis added).

1. This is an admission of sanctionable conduct that counsel did not offer before the Magistrate Judge.  Judge Eshkenazi was under the impression that his review was careless and things slipped through the cracks.  She clearly had no notion that counsel made a conscious decision not to bother confirming citations in his filings.

---

[1] Defendant's position, as provided, was (with line break omitted): Defendant does not consent to a reply. Regarding your questions, no rule and no order of the court authorizes plaintiff to serve me with discovery or obligates me to answer questions to assist plaintiff with a motion seeking to sanction me or my client. The mechanism for compelling such an explanation might, under extreme circumstances not present here, have been an order to show cause, which Judge Eshkenazi declined to issue. Plaintiff demand for answers by email creates no obligation to provide them, and my declining to do so is neither a burden on plaintiff nor a basis for a reply or an order to show cause.



This admission warrants both an order to show cause and sanctions all on its own. Indeed, it is hard to imagine Judge Eshkenazi understood counsel used an AI output with literally **no** review against an actual decision in declining an order to show cause. But he has now admitted that was the case.

2. Even that half-explanation **still** does not explain where the citation numbers (e.g., that entire citation number in a "2008 WL 4104455" citation) came from.

   It says the "incorrect numbers were introduced in drafting." In fact, the explanation, such as it is, seems to suggest counsel simply **made up the numbers**.[2] Again this, is conduct that counsel did not alert Judge Eshkenazi to. If what counsel is suggesting in ECF No. 99 is true, that is far worse than most conduct in hallucination cases: Rather than being bamboozled by an AI product and related advertising, counsel knowingly made up random numbers instead of doing any research, knowing he had not verified that the case stood for the asserted proposition.

3. The claim that Westlaw's AI returns cases "without the corresponding Westlaw reporter numbers" is false, or at least misleading.

   While Westlaw's AI does not include citation numbers **when processing**, a final report **does** contain citation numbers, as well as a "Sources" tab that includes all citation numbers, and both tabs include the ability to click through to verify citations with minimal effort.[3] On this, the Court should include in the order to show cause a requirement that counsel to produce a copy of the final query and report, to verify his (seemingly just false) claim that it did not contain citation numbers, as Defendant's own position above seems to emphasize.

*Second,* the opposition appears to fundamentally misunderstand what a hallucination is. *See, e.g.,* ECF No. 99 at 2 ("The cited decisions are real – nothing was fabricated, much less 'hallucinated'").

1. As the Ninth Circuit recently explained, there are "two types of mistakes, or 'hallucinations'" one can expect from LLMs: "fabrications and inaccuracies." *Malkeet LNU v Blanche*, 2026 U.S. App. LEXIS 16174, at *15 (9th Cir June 3, 2026). If "hallucinations" excluded anything that cited a real case, "such a definition 'would require us to conclude that a tool that links only to *Brown v. Board of Education* on every query has provided 'hallucination-free' citations." *Id.* (alteration adopted). Thus, as the Court explained, "inaccuracies may prove more dangerous to our

---

[2] In an email upon seeing the filing, I asked counsel about this and item 1(c). Counsel was unwilling to provide any explanation for where the numbers came from, if not Westlaw.

[3] Plaintiff can provide screenshots if the Court is curious now, and the benefit of a full reply is that Plaintiff can prepare a detailed walkthrough of what Westlaw would be showing a lawyer, showing why the opposition's representation fit the theme in the cases imposing the most severe sanctions that the genuinely sanctionable conduct happens **after** a hallucination has been filed, when "

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



profession in the long run." *Id.*

2. Relatedly, counsel admits — contrary to his insistence before the Magistrate Judge — that at least one of his citations did not stand for the proposition he cited it for, and he purports to "withdraw[] reliance on the case and on the proposition for which it was cited" (ECF No. 99 at 9), seemingly admitting the citation was an "inaccuracy" type hallucination since it "completely misrepresents what a real authority stands for." 2026 U.S. App. LEXIS 16174, at \*17. This is precisely the conduct that has triggered orders to show cause in other cases. *See, e.g., Versant Funding LLC v Teras Breakbulk Ocean Nav. Enters.*, LLC, 2025 US Dist LEXIS 98418, at \*4-5 (SD Fla May 20, 2025) ("[A]pproximately two weeks after Plaintiff pointed out the hallucinated case in its Reply, Defendants filed a Notice of Withdrawal of Citation … No explanation was given at that time as to why that case citation was withdrawn.")

To be clear, these are not the only issues in the opposition — a more thorough treatment is what a reply is for, and why Plaintiff is asking for leave to file one.

Rather, in preparing this letter, rather than simply say Plaintiff wanted to file a reply, I wanted to explain why further briefing would actually have value:  It would make it so the Court did not need to do the leg work of, for example, figuring out what is and is not true about Westlaw's AI tools, reviewing the representations at conferences and placing them against the claims in the opposition, and so on.

As always, I thank the Court for its time and consideration.

Respectfully submitted,

/s/

_____

J. Remy Green
    *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiff*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com