

AI Deep Research

Can you provide cases (including unreported decisions) on whether, in the Eastern District of Ne…    + Start new research

📄 **Report**    ⊘ Verify    📄 Enhance    💬 Follow-ups    🔗 Sources (8)    ≔ Research steps

## Report contents

Summary

The Governing Rule: Local Civil Rule 7.1(a)

Cases Requiring a Notice of Motion for Attorneys' Fees

The Fernandez Decision: Judicial Discretion to Excuse Non-Compliance

Interaction Between FRCP 54(d)(2) and Local Civil Rule 7.1(a)

Related Issues

Jun 13, 4:01 PM  •  Expanded report
New York

## Summary

Yes, a notice of motion is required to apply for attorneys' fees in the Eastern District of New York (E.D.N.Y.). Local Civil Rule 7.1(a) of the Joint Local Rules of the United States District Courts for the Southern and Eastern Districts of New York mandates that all motions — including attorneys' fees applications — be accompanied by a formal notice of motion, a memorandum of law, and supporting affidavits and exhibits. NY R USDCTS&ED Civ Rule 7.1 Courts in the E.D.N.Y. have denied or recommended denial of attorneys' fees applications that were submitted as letter-motions or informal petitions without a proper notice of motion. A.M. v. City of New York, Not Reported in Fed. Supp. (2022) However, at least one early E.D.N.Y. decision exercised discretion to proceed on an application styled as an "Affirmation in Support of Legal Fees" without a formal notice of motion, though the court admonished counsel for the procedural deficiency. ⚑ Fernandez v. North Shore Orthopedic Surgery & Sports Medicine, P.C., Not Reported in F.Supp.2d (2000)

## The Governing Rule: Local Civil Rule 7.1(a)

Federal Rule of Civil Procedure 54(d)(2)(A) establishes the baseline requirement that a claim for attorneys' fees must be made by motion, filed no later than 14 days after entry of judgment, specifying the grounds and amount sought. FRCP Rule 54 However, FRCP 54 does not itself mandate a separate notice of motion document. That additional requirement is imposed by the E.D.N.Y.'s Local Civil Rule 7.1(a), which provides:

Except for letter-motions as permitted by this or any other Rule, or as otherwise directed by the court, all motions must include the following motion papers: (1) A notice of motion, or an order to show cause signed by the court, which must specify the applicable rules or statutes pursuant to which the motion is brought, and must specify the relief sought by the motion; (2) A memorandum of law, setting forth the cases and other authorities relied on in

support of the motion; and (3) Supporting affidavits and exhibits thereto containing any factual information and portions of the record necessary for the decision of the motion. NY R USDCTS&ED Civ Rule 7.1

The rule provides a narrow exception for letter-motions, but only for non-dispositive matters: applications for extensions or adjournments, applications for a pre-motion conference, and similar non-dispositive matters. NY R USDCTS&ED Civ Rule 7.1 Attorneys' fees applications — which seek substantive monetary relief — do not fall within this exception. As one S.D.N.Y. court confirmed, the Eastern District follows the same Civil Rule 7.1 as the Southern District. D. Klein & Son, Inc. v. Good Decision, Inc., Not Reported in Fed. Supp. (2009)

## Cases Requiring a Notice of Motion for Attorneys' Fees

In A.M. v. City of New York, Not Reported in Fed. Supp. (2022), an unreported 2022 decision, Magistrate Judge Pollak twice recommended denial of plaintiffs' motion for approval of an attorneys' fees award because counsel had filed only a letter-motion without an accompanying notice of motion, memorandum of law, or supporting declarations. The court characterized the attorneys' fees application as a dispositive motion seeking approval of a settlement of the entire federal action, and held that under Local Civil Rule 7.1(a), such a motion must be accompanied by a notice of motion, a memorandum of law, and supporting affidavits and exhibits. A.M. v. City of New York, Not Reported in Fed. Supp. (2022) The court also noted that the letter-motion format was impermissible under Local Civil Rule 7.1(d), which restricts letter-motions to non-dispositive matters. A.M. v. City of New York, Not Reported in Fed. Supp. (2022) The court recommended denial without prejudice to refiling with the proper paperwork, and when counsel still failed to comply, the court maintained its recommendation of denial. A.M. v. City of New York, Not Reported in Fed. Supp. (2022)

The court in A.M. further observed that the failure to comply with Local Civil Rule 7.1 also violated the individual motion practice rules of the assigned district judge, which required that matters seeking judicial approval — such as claims involving a minor — be filed as proper motions. A.M. v. City of New York, Not Reported in Fed. Supp. (2022)

In U.S. v. Four Hundred Seventeen Thousand, One Hundred Forty-Three Dollars and Forty-Eight Cents ($417,143.48), Not Reported in F.Supp.3d (2015), the E.D.N.Y. noted in a footnote that neither party had filed its motions in compliance with Local Civil Rule 7.1(a), which

requires a notice of motion separate from the memorandum of law in support thereof. While that case did not involve an attorneys' fees application, the court's observation confirms that the notice of motion requirement under Rule 7.1(a) is a distinct and mandatory component of any motion filed in the E.D.N.Y. U.S. v. Four Hundred Seventeen Thousand, One Hundred Forty-Three Dollars and Forty-Eight Cents ($417,143.48), Not Reported in F.Supp.3d (2015)

Similarly, in D. Klein & Son, Inc. v. Good Decision, Inc., Not Reported in Fed. Supp. (2009), the Southern District of New York — applying the same Local Civil Rule 7.1 that governs the E.D.N.Y. — denied a motion for failure to include a memorandum of law, holding that the omission alone was a sufficient basis for denial. The court expressly noted that the Eastern District of New York follows the same Civil Rule 7.1. D. Klein & Son, Inc. v. Good Decision, Inc., Not Reported in Fed. Supp. (2009)

The most recent E.D.N.Y. decision in the research, Kim v. J&J Safetymate Corp., 2025 WL 2783273 (2025), treated a motion for attorneys' fees as a standard motion subject to the full panoply of Local Civil Rule motion practice requirements, including the opposition deadline under Local Civil Rule 6.1(b), further confirming that attorneys' fees motions are governed by the same procedural framework as other motions. Kim v. J&J Safetymate Corp., 2025 WL 2783273 (2025)

## The Fernandez Decision: Judicial Discretion to Excuse Non-Compliance

In contrast, 🚩 Fernandez v. North Shore Orthopedic Surgery & Sports Medicine, P.C., Not Reported in F.Supp.2d (2000), an unreported 2000 E.D.N.Y. decision, the court accepted an attorneys' fees application that was styled as an "Affirmation in Support of Legal Fees" rather than a formal notice of motion. The court referred to the document as the plaintiff's "application for attorneys' fees" and proceeded to evaluate it on the merits, ultimately finding it timely filed pursuant to the rules of the court and declining to deny it on procedural grounds. 🚩 Fernandez v. North Shore Orthopedic Surgery & Sports Medicine, P.C., Not Reported in F.Supp.2d (2000) However, the court admonished counsel for multiple procedural deficiencies — including failure to fax courtesy copies to the court and opposing counsel, inconsistencies between the filed application and the courtesy copy, and failure to serve the reply on opposing counsel — and warned that greater regard for the court's instructions and the Federal Rules of Civil Procedure was required. 🚩 Fernandez v. North Shore

Orthopedic Surgery & Sports Medicine, P.C., Not Reported in F.Supp.2d (2000)

*Fernandez* thus illustrates that while courts retain discretion to excuse technical procedural defects in attorneys' fees applications, such discretion is not guaranteed and counsel should not rely on it. The more recent and directly on-point decision in  A.M. v. City of New York, Not Reported in Fed. Supp. (2022) demonstrates that E.D.N.Y. courts will enforce the notice of motion requirement and recommend denial of applications that fail to comply.

## Interaction Between FRCP 54(d)(2) and Local Civil Rule 7.1(a)

Federal Rule of Civil Procedure 54(d)(2) requires that a claim for attorneys' fees be made by motion and specifies the timing and content of that motion, but does not prescribe the specific form of motion papers.  FRCP Rule 54 Local Civil Rule 7.1(a) supplements FRCP 54 by imposing the additional requirement of a formal notice of motion as a distinct document within the motion papers.  NY R USDCTS&ED Civ Rule 7.1 The notice of motion must specify the applicable rules or statutes upon which the motion is based and the relief sought.  NY R USDCTS&ED Civ Rule 7.1 This requirement serves the practical purpose of providing the opposing party and the court with clear notice of the basis and scope of the fee application, and is consistent with the general principle that local rules are not mere suggestions but impose binding procedural requirements on litigants.  🚩 Osier v. Broome County, 47 F.Supp.2d 311 (1999)

## Related Issues

- Whether individual judges' practices in the E.D.N.Y. impose additional or different requirements for attorneys' fees motions beyond those set forth in Local Civil Rule 7.1(a)

- Whether the 14-day deadline under FRCP 54(d)(2)(B) for filing attorneys' fees motions can be extended for excusable neglect, and how E.D.N.Y. courts have applied that standard

- Whether attorneys' fees applications in class action settlements under FRCP 23(h) are subject to different procedural requirements than standard post-judgment fee motions

- The substantive documentation requirements for attorneys' fees applications in the E.D.N.Y., including

the Second Circuit's *Carey* rule requiring contemporaneous time records

Generated by AI and may contain mistakes. Not legal advice. A qualified professional must verify accuracy and legal compliance.

Helpful answer?

# Next steps

## ⊘ Verify  〉

We'll provide you with every legal assertion from the report and related information to help you verify accuracy.

## 📄 Enhance  〉

Answer some suggested questions to provide additional context and generate a more tailored report.

Westlaw Advantage. © 2026 Thomson Reuters  •  Accessibility  •  Privacy  •  Cookie Settings  •  Supplier terms        *Thomson Reuters is not providing professional advice*

