

COHEN&GREEN

July 7, 2026

Hon. Lara K. Eshkenazi, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

By Electronic Filing.

Re:    **Mercante v. Tarzia, 24-cv-08471**

Dear Judge Eshkenazi:

As the Court likely recalls, my firm, with co-counsel, represents Plaintiff in the case above. I write, as the Court directed, to indicate whether Plaintiff intends to move to transfer, as well as — accompanying this letter — to file a stipulation and proposed order regarding amendment and timing of any response.

As far as transfer, while the Third Amended Complaint ("TAC") does contain allegations Plaintiff believes would be sufficient for jurisdiction,[1] the parties have agreed that in the interest of getting to the merits sooner, they will both agree to transfer.

However, given the pending motion (ECF Nos. 100, 102, and 103) and appeal (ECF Nos. 96, 99, and 104), the sequencing of transfer may be thorny. Most authorities agree that, in some capacity or another, a Court *generally* has some authority impose sanctions for conduct that took place before it, even if it otherwise lacks jurisdiction — usually citing the Supreme Court's decision in *Cooter & Gell*. *See, e.g., Bryant v. Britt*, 420 F.3d 161, 165 (2d Cir. 2005), citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990). But some courts have distinguished *Cooter & Gell's* rule about *dismissal* from *transfer*, because transfer leaves a court with equal authority to resolve sanctions issues. *See, e.g., Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1522 (10th Cir. 1991). But that said, many courts also recognize that it is obviously preferrable for the Court before which sanctionable conduct took place to address that conduct (at least in the first instance) — and speaking logically, this is all the more so when, as here, the Court has had the relevant motion and appeal for long enough to have started working on it.

There are essentially two ways to address this sequencing: (1) Staying transfer or (2) retaining jurisdiction to decide the pending motion and appeal. A stay of transfer seems preferable, because there is some authority that in order to retain jurisdiction, the Court "must sever the action

---

[1] Defendant's position is: "Defendant will not oppose a transfer of this action to the Southern District of California; his position remains that this Court lacks personal jurisdiction over him, and non-opposition to transfer is not a concession that jurisdiction or venue is or ever was proper in this District."



under Rule 21 before effectuating the transfer," in effect creating two entirely separate cases. *Chrysler Credit Corp*, 928 F.2d at 1519. Accordingly, while many courts have stated they have "retained jurisdiction solely to resolve the pending sanctions motions" and the like, they often do so without much reasoning and that may leave a lurking issue in a case that — if possible — should avoid such things. *Buzz POP Cocktails Corp. v Booze Pops, LLC*, 2021 US Dist LEXIS 269150, at *4 (MD Fla Jan. 11, 2021); *see also, E. F. Hutton Group, Inc. Aubin*, 1987 US Dist LEXIS 1237, at *13 (SDNY Feb. 26, 1987) (without further explanation, noting "[t]he Court will retain jurisdiction solely for the purpose of ruling on plaintiffs' pending motion for contempt and sanctions" related to discovery). And full severance of the pending motion and appeal may create other issues (for example, with severance, the issues identified in n. 2 below likely can no longer be handled by the transferee court), in addition to spawning two cases.

Accordingly, Plaintiff proposed she file a joint or consent motion to transfer the case within 14 days. And she proposes the Court grant that motion, but stay the actual transfer until resolution of the pending motion[2] and appeal.

If the Court would prefer a different approach, we would be happy to hear its thoughts.

As always, I thank the Court for its time and attention.

Respectfully submitted,

/s/
_____

J. Remy Green
    *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiff*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

---

[2] As far as (1) the amount of attorneys' fees, (2) contempt post-fact certification, and (3) any appeal or objection by either side in the pending motion, those issues can be addressed in the transferee court. *See, e.g., Anderson v. Wade*, 322 F. App'x 270, 272 (4th Cir. 2008).

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com