**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| ALYSSA MERCANTE,<br><br>  *Plaintiff,*<br>  v.<br><br><br>JEFF TARZIA,<br><br>  *Defendant* | **Case No. 24-cv-8471 (MKB) (LKE)** |

---

**PLAINTIFF'S MEMORANDUM OF LAW**
**IN SUPPORT OF CONSENT MOTION TO TRANSFER**

---

J. Remy Green
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiff*
1639 Centre St., Suite 216
Ridgewood (Queens), New York 11385
t : (929) 888-9480
f : (929) 888-9457
e : remy@femmelaw.com


**KAMERMAN, UNCYK, SONIKER,**
  **& KLEIN, PC**
Lane A. Haygood
1700 Broadway, 16th Floor
New York, New York 10019
Tel. 646.845.6085

July 23, 2026

**TABLE OF CONTENTS**

TABLE OF CONTENTS.................................................................................................................. ii

PRELIMINARY STATEMENT ..................................................................................................... 1

RELEVANT FACTUAL & PROCEDURAL HISTORY ................................................................ 1

ARGUMENT ................................................................................................................................... 3

    I.    The Court Should Transfer the Case to the Southern District of California....................... 3

    II.    The Court Should Stay Transfer Until the Resolution of the Pending Appeal and Motion

    ........................................................................................................................................... 4

CONCLUSION................................................................................................................................. 7

## PRELIMINARY STATEMENT

Pursuant to 28 U.S.C. § 1404 and the Court's July 8, 2026 Minute Order, Plaintiff makes this motion to (1) transfer this case to the United States District Court for the Southern District of California and (2) stay such transfer until the resolution of (a) the pending motion for sanctions relating to the filing of Plaintiff's counsel's bank information and (ECF Nos. 100, 102, and 103) and (b) the pending appeal concerning LLM use and outputs (ECF Nos. 96, 99, and 104).

Defendant consents to the relief sought, but does not join the motion. Defendant has asked Plaintiff to include the statement that Defendant's consent to the relief sought is not a concession that jurisdiction or venue is or ever was proper in this District.

As set out below, the Court should grant the motion and transfer the case, but stay such transfer until the pending issues are resolved.

## RELEVANT FACTUAL & PROCEDURAL HISTORY

As relevant here, this case is a diversity jurisdiction case: Plaintiff is a citizen of New York; Defendant is a citizen of California. *See* ECF No. 37 at 3-4.

The Court previously denied a motion to dismiss on personal jurisdiction grounds, with leave to renew following jurisdictional discovery. *See generally*, ECF No. 37. Jurisdictional discovery is now complete.

Though the parties disagree on whether the facts uncovered in the course of jurisdictional discovery would be sufficient for jurisdiction, each party (for their own reasons) has agreed that transfer is in the best interests of all concerned, among other things for efficiency, cost, and similar reasons.

However, during jurisdictional discovery, (again, as relevant here) two sanctions related issues arose that are still outstanding.

1

First, there were some previous instances where Defendant's counsel submitted multiple sets of papers with cases and quotes that the Court "double-checked," found "there were certain quotes that didn't appear in the cited cases," and cautioned Defendant's counsel that "you need to review [papers] more carefully" (2026-04-21 Tr. at 7:9-8:10).  Thereafter, despite the warning, Defendant's counsel cited a number of cases apparently "identified through Westlaw's AI-assisted research" (ECF No. 99 at 2), which he input into Claude's LLM chatbot, and "Claude that supplied citation numbers that were plausible in form but wrong in fact" and most[1] were to "real cases with holdings I described accurately."  ECF No. 103-2 at 1.  Counsel "filed" those invented citations to real cases "without confirming them against the decisions on Westlaw."  ECF No. 99 at 2.  Whether this double-AI process that produced multiple hallucinated case **numbers** and one hallucinated case holding was properly dismissed without any sanction or even further inquiry (the revelation that two LLMs were used in sequence, and the admission that counsel never reviewed the cases personally, were only revealed during the appeal) is the subject of the still-pending appeal.

Second, Defendant's counsel filed, without proper redactions, "an email from Plaintiff's counsel containing the firm's bank account information."  ECF No. 102 at 2.  On that, there is no dispute over whether there is some sanction that is appropriate; instead there is merely a "quantum dispute."  *Id.* at 4; *see also id.,* at 12 (the "dispute that followed was never over whether to pay"). This is the subject of the pending motion.

As far as the bank leak motion, the motion is fully submitted and Judge Eshkenazi issued a Minute Order asking for more information about Plaintiff's counsel's firm's accountant's bill.

---

[1] Counsel later acknowledged that one of the cases did not have its holding "described accurately."  *See, e.g.,* ECF No. 99 at 2 ("***with an exception the undersigned withdraws below***, each supports the proposition for which it was cited") (emphasis added).  So, because of the unreviewed use of generative AI, counsel asked the court to rely on a case that did not say what counsel represented it said.

Jul. 8, 2026 Minute Order.  Meanwhile, on the AI-related appeal, the Court granted Plaintiff

leave to file a reply after a contested motion for leave (Jul. 11, 2026 Minute Order; ECF No.

101), and accordingly, the motion was fully briefed as of Jun. 16, 2026.  *See* ECF No. 103.

## ARGUMENT

The Court has authority to transfer a case pursuant to 28 U.S.C. § 1404 "to any other

district or division where it might have been brought or to any district or division to which all

parties have consented."  28 U.S.C. § 1404(a).

Meanwhile, where sanctions motions are pending, courts routinely stay a pending transfer

or take other steps to avoid unnecessary procedural complexity.  Here, given that the issue is

visible ahead of time, the Court should take proactive steps to avoid unnecessary procedural

complexity — and the best way to achieve that is a short stay.

## I.      The Court Should Transfer the Case to the Southern District of California.

As provided for by 28 U.S.C. § 1404, "a district court may transfer any civil action" to

another district where either (1) the case "might have been brought" or (2) as to whose

jurisdiction "all parties have consented."  28 U.S.C. § 1404(a).  Here, the Court could transfer for

either reason:  Defendant and Plaintiff both consent, and both parties agree the case "might have

been brought" in the Southern District of California in any event.

"District courts in this circuit apply a two-part test to motions to transfer venue under §

1404(a)."  *United States v. Rare Breed Triggers, LLC*, 669 F. Supp. 3d 169, 179 (E.D.N.Y.

2023) (cleaned up).

Under the test, "first, the court must determine whether the action could have been

brought in the proposed transferee forum as an original matter," addressing "personal jurisdiction

3

and venue … in the transferee district." *Id.*  Second, there is "a discretionary, case-by-case consideration of convenience and fairness."  *Louis v City of NY*, 2024 US Dist LEXIS 220561, at *3 (EDNY Dec. 5, 2024).

"If the parties consent to a transfer venue, the first step is obviated."  *Id.*  Accordingly, given consent, the first step is satisfied.

The second step addresses equitable factors, and courts have developed a non-exhaustive list of factors that courts will often address.[2]  As far as the "pertinent equitable considerations" (*Louis*, 2024 US Dist LEXIS 220561, at *3), most of the factors are a wash because this case primarily concerns online conduct.  However, judicial economy and the interests of justice weight heavily in favor of transfer, because the efficiency of allowing transfer on consent obviates the need for the Court to decide — and the parties to brief — jurisdictional issues.

The mechanism of transfer is either a "motion, consent or stipulation of all parties."  28 U.S.C. § 1404(b).  Because of the stay sought below, the parties are proceeding by motion.

Accordingly, because the two-step analysis favors transfer, the Court should grant the motion to transfer.

## II.    The Court Should Stay Transfer Until the Resolution of the Pending Appeal and Motion.

Most authorities agree that, in some capacity or another, a Court generally has some authority impose sanctions for conduct that took place before it, even if it otherwise lacks

---

[2] Those are:

> "(1) convenience of witnesses; (2) convenience of the parties; (3) location of relevant documents and the relative ease of access to sources of proof; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the comparative familiarity of each district with the governing law; (8) the weight accorded to plaintiff's choice of forum; and (9) judicial economy and the interests of justice."

*Louis*, 2024 US Dist LEXIS 220561, at *3-4, n 1, *quoting Rare Breed Triggers*, 669 F. Supp. 3d at 179.

4

jurisdiction — usually citing the Supreme Court's decision in *Cooter & Gell. See, e.g., Bryant v. Britt*, 420 F.3d 161, 165 (2d Cir. 2005), *citing Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990). But some courts have distinguished *Cooter & Gell*'s rule about dismissal from transfer, because transfer leaves a court with equal authority to resolve sanctions issues. *See, e.g., Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1522 (10th Cir. 1991).

Conceptually, there are essentially two ways to address sequencing transfer and the two pending issues: (1) staying transfer or (2) retaining jurisdiction to decide the pending motion and appeal. However, there is some authority that (2) creates more issues than it solves: The Tenth Circuit, for example, has held that a court "must sever the action under Rule 21 before effectuating the transfer" in order to retain any jurisdiction to act, which would have the effect of spinning this action off into two separate actions. *Chrysler Credit Corp*, 928 F.2d at 1519.[3]

And that creates significantly greater issues here, where each of the pending issues may generate more litigation.[4] The appeal, for example, addresses the Court's decision not to issue an order to show cause. While the Court may and can — in light of the fact that Defendant has now provided at least part of the "explanation" of how the hallucinated citation numbers and citation to one case for a proposition it did not stand for made it into a filed document (ECF No. 99 at 1-2) — skip over the order to show cause initially requested and chart its own sanctions path, most of that path ***would*** require further proceedings. Likewise, under Rule 37, attorneys' fees are mandatory for a violation of a protective order. *See, e.g.,* Fed. R. Civ. P. 37(b)(2)(C)

---

[3] Thus, while some courts have stated they have "retained jurisdiction solely to resolve the pending sanctions motions" and the like, they often do so without much reasoning and that may leave a lurking issue in a case that — if possible — should avoid such things. *Buzz POP Cocktails Corp. v Booze Pops, LLC*, 2021 US Dist LEXIS 269150, at *4 (MD Fla Jan. 11, 2021); *see also, E. F. Hutton Group, Inc. Aubin*, 1987 US Dist LEXIS 1237, at *13 (SDNY Feb. 26, 1987) (without further explanation, noting "[t]he Court will retain jurisdiction solely for the purpose of ruling on plaintiffs' pending motion for contempt and sanctions" related to discovery).
[4] Additionally, given that both issues are fully briefed, transferring the case with the motion and appeal fully briefed and submitted might have unintended consequences as far as the (so-called) Six-Month List, *see,* 28 U.S.C. § 476.

5

("the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure" to obey a court order absent substantial justification or other circumstances, neither of which was argued here).  So, given that Defendant conceded the "dispute" on Rule 37 sanctions "was never over whether to pay," the fact that a motion was necessarily means that some further proceeding on fees is necessary. ECF No. 102 at 2.

However, *those* proceedings are not necessarily as tied to this District and the Judges here as the pending issues:  Courts across the country address fee disputes (if there ends up being one) daily.   So (1) the amount of attorneys' fees, (2) contempt post-fact certification (if that takes place), (3) any appeal or objection by either side in the pending motion, and (4) any other issue that emerges can be addressed in the transferee court.  *See, e.g., Anderson v. Wade*, 322 F. App'x 270, 272 (4th Cir. 2008).  Likewise, a stay would allow this Court to consider whether and what issues might be better resolved here or in California, based on how it resolves the pending issues:  If, as it resolves the appeal, the Court believes it is best positioned to hold a hearing on the AI use issues, for example, it could *then* decide whether it made sense to sever that issue or extend the stay, rather than attempting to project what it might want to do in advance.

Accordingly, to preserve jurisdiction on the pending issues, the Court should stay the actual transfer until it has resolved the pending motion for sanctions and the pending appeal.

**CONCLUSION**

For all the reasons discussed herein, Plaintiff asks that the \the Court (1) enter an order transferring this case to the Southern District of California pursuant to 28 U.S.C. § 1404(a); and (2) stay that order pending the resolution of the fully briefed appeal and motion for sanctions.


Dated:         July 23, 2026
               Queens, New York


                              Respectfully Submitted,

                                   /s/
                              _____
                              J. Remy Green
                              COHEN&GREEN P.L.L.C.
                              1639 Centre Street, Suite 216
                              Ridgewood, NY 11385
                              (929) 888.9480 (telephone)
                              (929) 888.9457 (facsimile)
                              remy@femmelaw.com

                              **KAMERMAN, UNCYK, SONIKER,
                                  & KLEIN, PC**
                              Lane A. Haygood
                              1700 Broadway, 16th Floor
                              New York, New York 10019
                              Tel. 646.845.6085

7