**COLEMAN LAW FIRM, P.C.**

RONALD D. COLEMAN
973 264 9611
RCOLEMAN@COLEMANLAW-PC.COM
1430 BROADWAY | NEW YORK NY 10018

Admitted in New York and New Jersey

September 18, 2026

***VIA ECF***

Hon. Margo K. Brodie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:** *Mercante v. Tarzia*, No. 1:24-cv-08471 (MKB) (LKE)
**Plaintiff's notice of supplemental authority (ECF No. 110)**

Dear Judge Brodie:

We write briefly in response to Plaintiff's notice of supplemental authority at ECF No. 110, submitted in connection with the pending appeal at ECF No. 96.

Defendant does not object to the Court's consideration of *Lisandrillo v. Palozzi*, but respectfully submits that the decision has nothing to say about the matter on appeal. *Lisandrillo* is a sanctions decision directed at a collective of filings the Florida court described as gibberish that abused the litigation process: a 61-page emergency petition seeking review of eight separate rulings at once; a disqualification motion built on assertions the court found contrary to the record; and a fabricated claim about the trial judge's conduct that the court attributed to an unofficial "rough draft transcript." The court sanctioned that conduct as vexatious and frivolous.

Nothing in the decision concerns the accuracy of a citation, a reporter number, or the description of a holding, which are the subjects of the appeal here. Plaintiff's notice acknowledges that "the conduct in *Lisandrillo* differs in degree." This is **not** accurate; the difference is one of kind. What *Lisandrillo* condemned was a pattern of abusive, record-contradicting filings; what the appeal concerns is whether cited authorities cited were verified – the citations confirmed and the holdings accurately stated. (Defendant's position on that question is stated in ECF Nos. 99 and 103-2.)

These are not the same thing or even comparable. The notice leans on a single sentence in which the Florida court agreed, in a footnote, that "AI drafting without meaningful attorney involvement" undermines qualified representation. But the court made that observation about the filings before it – gibberish, fabrications, and issue churning it sanctioned as vexatious and frivolous – not about a citation checked against a real decision and found imperfect. A court's agreement with a commentator's phrase, offered in a footnote introducing conduct of that kind, is not a holding that

unreviewed drafting is sanctionable standing alone, and the notice's use of it as one is argument rather than authority.

Defendant does not understand the notice to call for any new relief and submits this letter only so that the record is not left with Plaintiff's characterization of the decision standing alone. We thank the Court for its attention.

Respectfully submitted,

Ronald D. Coleman