COLEMAN LAW FIRM, P.C.

RONALD D. COLEMAN
973 264 9611
RCOLEMAN@COLEMANLAW-PC.COM
1430 BROADWAY | NEW YORK NY 10018

Admitted in New York and New Jersey

October 5, 2026

***VIA ECF***

Hon. Margo K. Brodie, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:** *Mercante v. Tarzia*, No. 1:24-cv-08471 (MKB) (LKE)
**Memorandum & Order dated October 2, 2026 (ECF No. 114) – *A.M. v. City of New York***

Dear Judge Brodie:

We write respectfully, and promptly in light of the Court's direction that this case be transferred, to correct one statement in the Court's Memorandum and Order of October 2, 2026 (ECF No. 114). The Memorandum and Order states that the citation in ECF No. 88 to *A.M. v. City of New York* "is a hallucination: this case does not exist and is fictitious," and that "Defendant does not dispute this." ECF No. 114 at 23. It then rests its Rule 11 determination, "at the very least," on that citation as "an entirely fabricated case and an AI hallucination." *Id.* at 24.

The *A.M. v. City of New York* decision exists. Its full text has been before the Court since May; it says what ECF No. 88 asserted it says; and Defendant has never conceded otherwise.

The decision is *A.M. v. City of New York*, No. 21-CV-5191 (ENV) (CLP), 2022 WL 20472225 (E.D.N.Y. Aug. 8, 2022) (Pollak, C.M.J.), *report and recommendation adopted*, 2023 WL 4446660 (E.D.N.Y. July 11, 2023) (Ex. A). Defendant filed it in full as Exhibit C to his May 9, 2026 response to Plaintiff's motion for an order to show cause, and stated the corrected citation in the body of that letter. ECF No. 90 at 2; *id.* Ex. C, PageID 1317–18.

ECF No. 88 had cited the case, under an incorrect Westlaw number (2022 WL 17543173), as "denying fee motion where plaintiff failed to comply with formal filing requirements, including notice of motion and supporting declarations." That is what the decision holds. Judge Pollak recommended denial of a fee application because counsel had "simply filed a letter motion without accompanying Notice of Motion and supporting declarations," in violation of Local Civil Rule 7.1(a). 2022 WL 20472225, at *2, *5. The earlier report and recommendation in the same case, which the Court itself cites at ECF No. 114 at 12 n.11, is to the same effect. *A.M. v. City of New York*, 2022 WL 20472226, at *2–4 (E.D.N.Y. Feb. 2, 2022) (Ex. B). Plaintiff's own appeal

papers located the same decision, cited it by its correct Westlaw number, described the discrepancy as one of several "transpositions," and spent three pages arguing about what it holds. ECF No. 96-1 at 5, 7–9.

The error in ECF No. 88 was therefore in the database identifier. It is the same error the Memorandum and Order found as to *Richir v. Village of Fredonia* and *Rich Products Corp. v. Bluemke*, each of which the Court described as "a real case opinion" that, "[d]espite the incorrect database identifier," supports the proposition for which it was cited. ECF No. 114 at 22. It is also the category of error that the Memorandum and Order, applying the framework it adopted, set aside as typographical rather than fabricated: "citations to cases that exist and support the propositions for which they were cited but are not located in the volume or at the page of the reporter (or database identifier) given." *Id.* at 25.

Defendant's withdrawal of *A.M.* in ECF No. 99 was not a concession that the case is fictitious. The same brief stated that "[t]he cited decisions are real – nothing was fabricated, much less 'hallucinated,'" ECF No. 99 at 2, and described the citation as one that "does not correspond to the decision intended," *id.* at 9. The withdrawal reflected counsel's judgment that a decision arising under 20 U.S.C. § 1415 and Local Civil Rule 83.2 was not apt support for a proposition about fees under Rule 37. Defendant does not seek to revive it here.

Defendant does not ask the Court to revisit any other part of the Memorandum and Order, and counsel does not minimize the errors in ECF No. 88, for which he has accepted responsibility without qualification. ECF No. 99 at 2. The Memorandum and Order, however, identifies *A.M.* as the one fabricated authority on a docket the Court reviewed in its entirety, and it has already been published at 2026 WL 2970047, where it now appears among the citing references to the *A.M.* decision itself. Defendant therefore respectfully requests that the Court amend the Memorandum and Order to strike the statements that *A.M. v. City of New York* does not exist, is fictitious, and is an AI hallucination, and that Defendant did not dispute this.

I also ask that the Court reconsider its Rule 11 determination to the extent it rests on that citation, a determination that the undersigned, who has practiced in this Court for a third of a century, takes extremely seriously.

We thank the Court for its attention to this request.

Respectfully submitted,

Ronald D. Coleman

Ronald D. Coleman