2022 WL 20472225
Only the Westlaw citation is currently available.
United States District Court, E.D. New York.

A.M., individually and as mother and natural guardian of R.S. and R.S., individually, Plaintiffs,
v.
The CITY OF NEW YORK and the New York City Department of Education, Defendants.

21 CV 5191 (ENV) (CLP)
|
Signed August 8, 2022

**Attorneys and Law Firms**

Erika Louise Hartley, Law Office of Erika L. Harltey, Brooklyn, NY, for Plaintiffs.

Howard S. Krebs, Peter Louis Germanakos, New York City Law Department, New York, NY, for Defendants.

**REPORT & RECOMMENDTION**

POLLAK, Chief United States Magistrate Judge

***1** On September 17, 2021, plaintiff A.M., the mother and natural guardian of R.S., and R.S., individually, commenced this action against the City of New York (the "City") and the New York City Department of Education ("DOE"), seeking to recover attorney's fees arising out of special education due process proceedings that were resolved in favor of the plaintiff by the Impartial Hearing Officer ("IHO") in a decision rendered on June 7, 2020. (See Compl.[1]).

On February 2, 2022, the Court entered a Report and Recommendation ("February Report and Recommendation"), recommending that the settlement be denied without prejudice because plaintiffs failed to comply with Local Civil Rule 7.1, and failed to provide information that would allow the Court to make "due inquiry" as to the attorney's fees pursuant to Local Civil Rule 83.2(a)(1). (See R&R[2]); See United States Dist. Ct. Rules S. & E.D.N.Y., available at: https://www.nyed.uscourts.gov/content/local-rules-effective-october-15-2021. Currently pending before this Court is plaintiff's June 10, 2022 motion to vacate the February Report and Recommendation. (See Vacate Mot.[3]).

For the reasons set forth below, the Court respectfully recommends that plaintiffs' motion be denied, and the Court's February Report and Recommendation be adopted.

FACTUAL AND PROCEDURAL BACKGROUND

The factual background that gave rise to this case is set forth in greater detail in this Court's February Report and Recommendation. (See R&R at 2-3). Thus, the Court will only set forth the facts necessary to a decision on the motion to vacate.

By letter motion dated January 7, 2022, plaintiffs' counsel moved, pursuant to Local Civil Rule 83.2(a)(1) and 28 U.S.C. § 1415(i)(3)(B), for court approval of a settlement between the parties regarding plaintiffs' counsel's attorney's fees. (See ECF No. 12). However, the original letter motion failed to set forth the amount agreed to in attorney's fees and failed to contain the total settlement amount agreed upon by the parties, making it impossible for this Court to approve the agreement. On January 10, 2022, this Court issued an Order directing counsel to supplement her application, noting the absence of information regarding the settlement amount and any attorney's fees. (Electronic Order, dated Jan. 10, 2022).

Thereafter, plaintiffs' counsel submitted a second letter motion on January 11, 2022, in which counsel set forth the rate charged, hours expended, her experience as an attorney, and the work performed in this action. (See ECF No. 13). On January 12, 2022, this Court issued another Order noting that plaintiffs had not provided contemporaneous billing records as required by New York State Association for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1139 (2d Cir. 1983), and gave plaintiffs time to supplement their motion again. (See Electronic Order, dated Jan. 12, 2022). On January 13, 2022, plaintiffs' counsel submitted a third letter, including her legal bill which she submitted under seal. (See ECF Nos. 14-15). In this third letter, plaintiffs' counsel, for the first time, indicated that the amount agreed upon by the parties as reasonable attorney's fees was $15,202.00. (ECF No. 14).

***2** On February 2, 2022, this Court issued the February Report and Recommendation in response to plaintiffs' motion. The Court indicated that, due to "the continued absence of certain critical information ... [it had] no choice but

to respectfully recommend that plaintiffs' motion for approval of the fee award be denied[.]" (R&R at 6-7). In making this recommendation, the Court pointed to the plaintiffs' failure to comply with the requirements set out in Local Civil Rule 7.1(a), which governs the filing of motions in the Eastern District of New York and the fact that Local Civil Rule 83.2(b) requires a court to make "due inquiry" before awarding attorney's fees. (Id. at 5-6). Specifically, plaintiffs' counsel failed to file a Memorandum of Law in support of the request for approval and, as noted, simply filed a letter motion without accompanying Notice of Motion and supporting declarations.

On February 15, 2022, plaintiffs' counsel filed an objection to the Report and Recommendation. (See Obj.[4]). On the same date, counsel also filed a letter including a release from plaintiff A.M., individually and on behalf of her minor child, plaintiff R.S., and the proposed stipulation of settlement and dismissal of this action.[5] (See Pls.' First Ltr.[6]). On March 2, 2022, defendants submitted a letter regarding the settlement and the Report and Recommendation. (See Defs.' Ltr.[7]). Both parties' letters, as well as plaintiffs' objection, indicated that they thought the Court should reconsider its approach in denying the motion for approval of attorney's fees in the February Report and Recommendation, emphasizing that Local Civil Rule 83.2(a)(1), which requires an infant compromise order, is inapplicable to this case. (See Pls.' First Ltr.; Defs.' Ltr.; Obj.). On June 10, 2022, plaintiffs filed another letter accompanied by a release signed by R.S., which also indicated the parties' intention to "move forward with the filing of the proposed Stipulation of Settlement and Dismissal without the need for an infant's compromise order for claims that do not exist in favor of the infant R.S." (See Pls.' Second Ltr.[8]).

Finally, on June 10, 2022, plaintiffs' counsel filed a letter motion to vacate the Court's February Report and Recommendation. Again, plaintiffs assert that Local Civil Rule 83.2(a)(1) "does not require motion practice for an infant's compromise order where a minor is no longer underage or where no relief has been sought on behalf of the minor in an action before the court." (Vacate Mot.[9] (citing School for Language & Commc'n Dev. v. New York State Dep't of Educ., No. 02 CV 0269, 2010 WL 1740416 (E.D.N.Y. Apr. 7, 2010), supplemented, 2010 WL 1752192 (E.D.N.Y. Apr. 26, 2010), and report and recommendation adopted, 2010 WL 1752183 (E.D.N.Y. Apr. 28, 2010), and report and recommendation adopted, 2010 WL 1752183 (E.D.N.Y. Apr. 28, 2010))). Counsel thus requests "that the Court reconsider its position in reference to the need for motion practice to obtain an infant's compromise order for the settlement of the sole claim in this case involving prevailing party legal fees pursuant to 20 USC § 1415(i)(3)(B)[.]" (Id.)

***3** For the reasons set forth below, the Court respectfully recommends that plaintiffs' motion to vacate the February Report and Recommendation be denied.

## DISCUSSION

### A. Local Civil Rule 83.2(a)(2)

Plaintiffs' counsel's motion seeks approval of $15,202.00 as a "reasonable attorney's fee" for the work performed in this action and in the underlying impartial hearing proceedings. (ECF Nos. 12-14). This amount was agreed to pursuant to a settlement reached between the parties. (See Vacate Mot.; Pls.' First Ltr.; Obj.).

As indicated in this Court's February Report and Recommendation, plaintiffs originally sought approval of this proposed settlement and agreed-upon fee amount pursuant to Local Civil Rule 83.2(a)(2), which governs the settlement of actions by or on behalf of infants or incompetents. Rule 83.2(a) provides:

> (1) An action by or on behalf of an infant or incompetent shall not be settled or compromised, or voluntarily discontinued, dismissed or terminated, without leave of the Court embodied in an order, judgment or decree. The proceeding upon an application to settle or compromise such an action shall conform, as nearly as may be, to the New York State statutes and rules, but the Court, for cause shown, may dispense with any New York State requirement.
>
> (2) The Court shall authorize payment to counsel for the infant or incompetent of a reasonable attorney's fee and proper disbursements from the amount recovered in such an action, whether realized by settlement, execution or otherwise and shall determine the said fee and disbursements, after due inquiry as to all charges against the fund.
>
> (3) The Court shall order the balance of the proceeds of the recovery or settlement to be distributed as it deems may best protect the interest of the infant or incompetent.

The Rule requires the Court to make "due inquiry" before it can award attorney's fees. In their initial letter motion, plaintiffs not only failed to provide the Court with the amount of fees agreed upon by the parties, but also failed to cite any authority that would allow a court to award fees under Local Civil Rule 83.2(a)(2) without reference to local hourly rates or awards in similar cases. See I.B. v. New York City Dep't of Educ., 336 F.3d 79, 80 (2d Cir. 2003). As a result of the deficiencies in plaintiffs' original submission, the Court gave plaintiffs an opportunity to supplement and submit information regarding their rates. Despite being given several opportunities to supplement their papers, plaintiffs still have not provided references to local hourly rates or awards in similar cases.

In addition, this Court explicitly stated in its February Report and Recommendation that the Court was *not* required to conduct an infant compromise hearing because the infant was not receiving any monetary award in this case. (See R&R at 4). The parties, based on their recent communications to the Court, have made it clear that they agree with the Court on this point and do not believe an infant compromise hearing is necessary, in part because R.S. is no longer an infant. (See Vacate Mot.; Objection; Pls.' First Ltr.; Pls.' Second Ltr.; Defs.' Ltr.).

However, although plaintiffs cite one case that "conclude[d] that the court may approve the proposed settlement without convening a hearing," nowhere have plaintiffs cited any authority that would allow the Court to dispense with issuing an Order pursuant to Local Civil Rule 83.2(a)(2). (See Vacate Mot. (citing School for Language & Commc'n Dev. v. New York State Dep't of Educ., 2010 WL 1740416, at *2)).

***4** Further, while plaintiffs' original letter motion cited Local Civil Rule 83.2 as the basis for this Court's review of the fee agreement, and R.S. is no longer an infant, plaintiffs have failed to provide any authority for the proposition that an Order is not required where a minor is no longer underage. Thus, plaintiffs' continued reliance on the argument that the Court is not required to approve of the parties' settlement as to attorney's fees is misplaced.

### B. Compliance with 20 U.S.C. § 1415, Local Civil Rule 7.1, and Judge Vitaliano's Individual Rules

Even if an infant compromise hearing and order are not required by Local Civil Rule 83.2(a)(2), plaintiffs have also failed to comply with the requirements of 20 U.S.C. § 1415(i), with Local Civil Rule 7.1 of the Eastern District of New York, and with the district judge's Individual Rules. Again, as noted, despite at least three opportunities to correct the deficiencies in their application, they still have not done so.

This case was originally brought pursuant to 20 U.S.C. § 1415, which sets out certain procedural safeguards regarding "free appropriate public education" for children with disabilities. 20 U.S.C. § 1415(a). These procedural safeguards include the ability to file a complaint, access to mediation, entitlement to an impartial due process hearing, an appeals process, and the ability to file suit in a district court. See id. §§ 1415(b)-(i). The statute further provides that "[i]n any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs ... to a prevailing party who is the parent of a child with a disability." Id. § 1415(i)(3)(B).

Plaintiffs continue to maintain that Section 1415(i)(3)(B) provides the legal basis for the court to approve of the settlement awarding fees. (See Vacate Mot. at 1; Pls.' First Ltr.). However, as set forth in the statute, fees are not mandatory; instead, the court "may award reasonable attorneys' fees" under the statute. 20 U.S.C. § 1415(i)(3)(B) (emphasis added). Section 1415(i)(3)(B) therefore makes an award of fees discretionary and states that the fees must be "reasonable," among other requirements. See B.W. ex rel. K.S. v. New York City Dep't of Educ., 716 F. Supp. 2d 336, 344 (S.D.N.Y. 2010) (requiring the court to find that plaintiff is a prevailing party, that the party should be awarded fees under the appropriate standard, and that the fees awarded are reasonable under a lodestar analysis). Notwithstanding the fact that the parties have reached an agreement as to the amount of fees, plaintiffs failed to provide sufficient information to allow the Court to determine if the agreed-upon amount of fees is in fact "reasonable" such that the Court should approve the amount under Section 1415(i)(3)(B).

Although plaintiffs have now provided some of that information in response to the Court's directive to supplement their filings, they still have not filed a Memorandum of Law setting forth the relevant standards for the court to apply when considering their fee application, nor have they provided any case law setting forth why the amount of fees in this case should be found to be reasonable. Further, they have provided no case law to support the argument now advanced that, should the parties reach an agreement as to the fee amount as they have here, the court does not need to conduct an inquiry as to the reasonableness of the fees.[10]

***5** Additionally, plaintiffs have failed to comply with Local Civil Rule 7.1(a). As stated in this Court's previous Report and Recommendation, Local Civil Rule 7.1(a), which governs the filing of motions, provides in pertinent part as follows:

> Except for letter-motions as permitted by Local Rule 7.1(d) or as otherwise permitted by the Court, all motions shall include the following motion papers:
>
> (1) A notice of motion, or an order to show cause signed by the Court, which shall specify the applicable rules or statutes pursuant to which the motion is brought, and shall specify the relief sought by the motion;
>
> (2) A memorandum of law, setting forth the cases and other authorities relied upon in support of the motion, and divided, under appropriate headings, into as many parts as there are issues to be determined; and
>
> (3) Supporting affidavits and exhibits thereto containing any factual information and portions of the record necessary for the decision of the motion.

Local Civil Rule 7.1(d) makes it clear that letter motions may *only* be filed when seeking non-dispositive relief:

> Applications for extensions or adjournments, applications for a pre-motion conference, and similar non-dispositive matters as permitted by the instructions regarding ECF published on the website of each respective Court and any pertinent Individual Judge's Practices, may be brought by letter-motion filed via ECF pursuant to Local Civil Rule 5.2(b).

In the February Report and Recommendation, this Court made clear that plaintiffs' motion for attorney's fees "is a dispositive motion seeking approval of a settlement of the entire federal action." (R&R at 5). Thus, under the Local Rules, the motion should be made in accordance with Local Civil Rule 7.1(a). Rule 7.1(a) stipulates that any dispositive motion should be accompanied by a Notice of Motion, a Memorandum of Law, and supporting affidavits and exhibits.

While the parties have submitted additional documents since the February Report and Recommendation was issued, including releases signed by plaintiff A.M. and the former-infant R.S., the proposed stipulation of settlement and dismissal of this action, and letters regarding the settlement, they still have not satisfied all of the requirements of Local Civil Rule 7.1(a). (See Pls.' First Ltr., Defs.' Ltr., Pls.' Second Ltr.). Specifically, plaintiffs have not provided this Court with a Memorandum of Law, Notice of Motion, or other affidavits in support of the motion. While plaintiffs' other submissions address some of the issues raised in the February Report and Recommendation, including defendant's position on the attorney's fees, and the terms of the proposed settlement, plaintiffs' counsel has still failed to comply with the requirements for filing a motion as set out in Local Civil Rule 7.1(a). (See R&R at 9).

Not only has plaintiffs' counsel failed to comply with this Court's February Report and Recommendation which Ordered plaintiffs' counsel to comply with Local Civil Rule 7.1, but in addition, plaintiffs' failure to follow Local Civil Rule 7.1 violates Rule I.I of the Individual Motion Practices and Rules of the Honorable Judge Vitaliano, which provide that "for matters requiring judicial approval such as ... for claims involving a minor, the parties must first file the appropriate motion." See Individual Motion Practice and Rules of Judge Eric N. Vitaliano at 2, last revised: May 18, 2021.

***6** The continued failure to comply with Court Rules, despite direct orders specifying what was needed, in addition to the failure to provide adequate justification for the fees under the relevant statute, leaves this Court no choice but to recommend denial of plaintiffs' motion to vacate. The Court continues to maintain the earlier recommendation that plaintiffs' motion for approval of the fee application be denied, without prejudice to filing the proper paperwork. The circumstances that led the Court to recommend denial of plaintiffs' motion for attorney's fees in its prior Report and Recommendation remain unchanged.

## CONCLUSION

The Court respectfully recommends that plaintiffs' motion to vacate the February Report and Recommendation be denied.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a), (e) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. See, e.g., Caidor v. Onondaga Cty., 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a ... report [and recommendation] operates as a waiver of any further judicial review of the magistrate [judge's] decision").

A.M. v. City of New York, Not Reported in Fed. Supp. (2022)

**SO ORDERED.**

**All Citations**

Not Reported in Fed. Supp., 2022 WL 20472225

Footnotes

1 Citations to "Compl." refer to plaintiffs' Complaint, filed Sept. 17, 2021, ECF No. 1.

2 Citations to "R&R" refer to the Court's Report and Recommendation, entered Feb. 2, 2022, ECF No. 16.

3 Citations to "Vacate Mot." Refer to plaintiffs' motion to vacate the Court's R&R, filed June 10, 2022, ECF No. 21.

4 Citations to "Obj." refer to plaintiffs' objection to the Court's Report and Recommendation, filed Feb. 15, 2022, ECF No. 17.

5 At the time of plaintiff's first letter motion, it appears as though R.S. was an infant and thus the letter motion was brought seeking approval of the fee amount pursuant to Local Rule 83.2 which governs infant compromise orders.

6 Citations to "Pls.' First Ltr." refer to plaintiffs' letter submitting sealed documents, filed Feb. 15, 2022, ECF No. 18.

7 Citations to "Defs.' Ltr." refer to defendants' letter regarding the parties' settlement, filed Feb. 15, 2022, ECF No. 19.

8 Citations to "Pls.' Second Ltr." refer to plaintiffs' second letter submitting sealed documents, filed June 10, 2022, ECF No. 20.

9 Citations to "Vacate Mot." refer to plaintiffs' motion to vacate the Court's R&R, filed June 10, 2022, ECF No. 21.

10 Plaintiffs argue that the R.S. is no longer an infant, and "[Rule 83.2] does not require motion practice for an infant's compromise order where a minor is no longer underage[.]" (Vacate Mot. at 1 (citations omitted)). This argument fails to address the other issues in this case – the Rule 7.1 requirements, Judge Vitaliano's Individual Rule requirements, and the requirements of 20 U.S.C. § 1415(i)(3)(B). While plaintiffs' argument might provide support for the proposition that a Rule 83.2(a) infant compromise hearing is not necessary in this case, the Court recognized as much in its February Report and Recommendation. (R&R at 4). Thus, the fact that R.S. is no longer an infant is largely irrelevant to the issue at hand.

End of Document

© 2026 Thomson Reuters. No claim to original U.S. Government Works.