2022 WL 20472226
Only the Westlaw citation is currently available.
United States District Court, E.D. New York.

A.M., individually and as mother and natural guardian of R.S. and R.S., individually, Plaintiffs,
v.
The CITY OF NEW YORK and the New York City Department of Education, Defendants.

21 CV 5191 (ENV) (CLP)
|
Signed February 2, 2022

**Attorneys and Law Firms**

Erika Louise Hartley, Law Office of Erika L. Harltey, Brooklyn, NY, for Plaintiffs.

Howard S. Krebs, Peter Louis Germanakos, New York City Law Department, New York, NY, for Defendants.

**REPORT AND RECOMMENDATION**

POLLAK, Chief United States Magistrate Judge:

***1** On September 17, 2021, plaintiff A.M., the mother and natural guardian of R.S., and R.S., individually, commenced this action against the City of New York (the "City") and the New York City Department of Education ("DOE"), seeking to recover attorney's fees arising out of special education due process proceedings that were resolved in favor of the plaintiff by the Impartial Hearing Officer ("IHO") in a decision rendered on June 7, 2020. (See Compl.[1]).

On January 7, 2022, plaintiffs' counsel filed a letter motion requesting approval of the parties' settlement awarding prevailing attorney's fees for the legal representation of plaintiffs in this federal action and in the underlying administrative impartial hearing proceeding. (See First Mot.[2]). Plaintiffs' counsel subsequently filed two additional motions for settlement approval in addition to a document purportedly setting out counsel's contemporaneous billing records. (See Second Mot.[3]; Third Mot.[4]; Billing Recs.[5]).

For the reasons set forth below, the Court respectfully recommends that the settlement be denied without prejudice.

FACTUAL BACKGROUND

On August 19, 2019, plaintiff A.M. notified the DOE that she would be unilaterally placing R.S., or moving R.S. from public to private school. (Compl. ¶ 11). Thereafter, on September 4, 2019, an impartial hearing complaint was filed alleging that defendants failed to provide R.S. with Free Appropriate Public Education ("FAPE") as required by 34 C.F.R. § 300.101. (Id.) After an impartial hearing, the IHO found that the infant R.S. had been denied FAPE and that defendants were required to fund his unilateral placement for the 2019 – 2020 school year. (Id. ¶¶ 12-13). Defendants were also ordered to reimburse plaintiffs for R.S.' transportation costs to and from school and to fund five hundred hours of compensatory tutoring. (Id. ¶ 13).

Plaintiffs allege that they are prevailing parties in the underlying due process proceedings, pursuant to 20 U.S.C. § 1415(i)(3)(B), in that they obtained favorable results that were not occasioned by the defendants' voluntary change of conduct, but were obtained through the determinations made by IHO. (Id. ¶ 15). As prevailing parties, plaintiffs claim that they are entitled to an award of legal fees. (Id. ¶ 16). They further allege that prior to bringing this action, they exhausted all necessary administrative remedies. (Id. ¶ 14).

***2** By letter motion dated January 7, 2022, plaintiffs' counsel moved, pursuant to Local Civil Rule 83.2(a)(1), for court approval of a settlement between the parties regarding counsel's attorney's fees. (First Mot. at 1). In her letter, plaintiffs' counsel represents that the parties would submit a Stipulation of Settlement and Dismissal after approval of the fees request. (Id.) Plaintiffs contend that since the application does not involve any monetary recovery for the infant plaintiff and no such claims have been made in this case, the Court is not required to issue an infant compromise order. (Id. at 1-2).

On January 10, 2022, this Court issued an Order directing counsel to supplement her application, noting that "counsel has not provided the Court with any information regarding the amount to be paid, the fee rate to be charged, contemporaneous billing records, or anything else that would allow the court to determine if the amount agreed to was 'reasonable.' " (Electronic Order, dated Jan. 10, 2022). Thereafter, plaintiffs' counsel submitted a second letter

motion on January 11, 2022, in which counsel represented that she had spent a total of 37.7 hours on the underlying administrative proceedings and on this matter, billed at the rate of $400 per hour. (Second Mot. at 1). In her letters, plaintiffs' counsel indicated that she had rendered the following services in representing her clients: review of the Individualized Education Program, school records, evaluation reports, and defendants' evidence; preparing for and representing her clients at all impartial hearing proceedings; examining witnesses and lodging objections; preparing a closing brief; conducting research; and preparing the pleadings in this federal action. (First Mot. at 1; Second Mot. at 1). She also argued that the rate of $400 was reasonable in light of her "twenty-eight years of practice and the litigation of special education matters over fourteen years." (Second Mot. at 1).

On January 12, 2022, this Court issued another Order noting that plaintiffs had not provided contemporaneous billing records as required by New York State Association for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1139 (2d Cir. 1983), and giving plaintiffs time to supplement their motion. (See Electronic Order, dated Jan. 12, 2022). On January 13, 2022, plaintiffs' counsel submitted a third letter, attaching her legal bill which she submitted under seal. (See Third Mot. at 1; Billing Recs.). In this third letter, plaintiffs' counsel, for the first time, indicated that the amount agreedupon by the parties as reasonable attorney's fees was $15,202.00. (Third Mot. at 1).

DISCUSSION

Plaintiffs seek approval of this proposed settlement and agreed-upon fee amount pursuant to Local Civil Rule 83.2(a)(2). Rule 83.2(a) governs the settlement of actions by or on behalf of infants or incompetents and provides:

> (1) An action by or on behalf of an infant or incompetent shall not be settled or compromised, or voluntarily discontinued, dismissed or terminated, without leave of the Court embodied in an order, judgment or decree. The proceeding upon an application to settle or compromise such an action shall conform,
>
> as nearly as may be, to the New York State statutes and rules, but the Court, for cause shown, may dispense with any New York State requirement.
>
> (2) The Court shall authorize payment to counsel for the infant or incompetent of a reasonable attorney's fee and proper disbursements from the amount recovered in such an action, whether realized by settlement, execution or otherwise and shall determine the said fee and disbursements, after due inquiry as to all charges against the fund.
>
> ***3** (3) The Court shall order the balance of the proceeds of the recovery or settlement to be distributed as it deems may best protect the interest of the infant or incompetent.

Plaintiffs seek approval of $15,202.00, as a "reasonable attorney's fee" for the work performed in this action and in the underlying impartial hearing proceedings. (First Mot.; Second Mot.; Third Mot.). This amount was agreed to pursuant to a settlement reached between the parties and, as noted by plaintiffs' counsel, does not require the Court to conduct an Infant Compromise Hearing because the infant is not receiving any monetary award in this case. (Id.)

Although plaintiffs have been given two opportunities to correct the deficiencies in their application, they have not complied with the Local Rules of the Eastern District of New York in making this request, and therefore, the Court is constrained to recommend that the motion be denied without prejudice.

Local Rule 7.1(a), which governs the filing of motions, provides in pertinent part as follows:

> Except for letter-motions as permitted by Local Rule 7.1(d) or as otherwise permitted by the Court, all motions shall include the following motion papers:
>
> (1) A notice of motion, or an order to show cause signed by the Court, which shall specify the applicable rules or statutes pursuant to which the motion is brought, and shall specify the relief sought by the motion;
>
> (2) A memorandum of law, setting forth the cases and other authorities relied upon in support of the motion, and divided, under appropriate headings, into as many parts as there are issues to be determined; and
>
> (3) Supporting affidavits and exhibits thereto containing any factual information and portions of the record necessary for the decision of the motion.

Local Rule 7.1(d) makes it clear that letter motions may *only* be filed when seeking non-dispositive relief:

> Applications for extensions or adjournments, applications for a pre-motion conference, and similar non-dispositive matters as permitted by the instructions regarding ECF published on the website of each respective Court and any pertinent Individual Judge's Practices, may be brought by letter-motion filed via ECF pursuant to Local Civil Rule 5.2(b).

The instant motion for approval of attorney's fees is a dispositive motion seeking approval of a settlement of the entire federal action. (See First Mot. (stating that the parties would file a stipulation of dismissal upon approval of the attorney's fee settlement)). Thus, under the Local Rules, the motion should be made in accordance with Local Rule 7.1(a), accompanied by a Notice of Motion, a Memorandum of Law, and supporting affidavits and exhibits. Plaintiffs have not provided this Court with a Memorandum of Law or supporting affidavits, and while they have attempted on several occasions to supplement their letter motion, the Court still has nothing, apart from counsel's letters, to determine whether the defendants in fact agree with the proposed award of attorney's fees. Plaintiffs have not even submitted the proposed Settlement Agreement for the Court's review which would demonstrate the agreement between the parties.

Additionally, Local Rule 83.2(b) requires the Court to make "due inquiry as to all charges" before it can award attorney's fees. The Court is unable to make due inquiry absent the settlement agreement, even with plaintiffs' counsel's supplementation of the billing records.[6] Nor has plaintiff provided any context for attorney's fees ordinarily awarded in actions such as this, as is usually required in requests for attorney's fees. See I.B. v. New York City Dep't of Educ., 336 F.3d 79, 80 (2d Cir. 2003) (noting courts ask "whether the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation" (citation omitted)); Petrisch v. JP Morgan Chase, 789 F. Supp. 2d 437, 457 (S.D.N.Y. 2011) (noting that a court must determine the "reasonable hourly rate" and "the number of hours reasonably expended" and considering, among other factors "awards in similar cases").

***4** Although the Court might have been willing to overlook the deficiencies in plaintiffs' application, the continued absence of certain critical information, despite suggestions from the Court as to what was needed, leaves this Court no choice but to respectfully recommend that plaintiffs' motion for approval of the fee award be denied without prejudice to plaintiffs filing a proper motion in accordance with Rule 7 of the Local Rules.

CONCLUSION

The Court respectfully recommends that the court deny plaintiffs' motion for attorney's fees without prejudice. Any objections to the Report and Recommendation portions must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. Failure to file objections within the specified time waives the right to appeal the District Court's Order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; Caidor v. Onondaga Cty., 517 F.3d 601, 604 (2d Cir. 2008).

**SO ORDERED.**

**All Citations**

Not Reported in Fed. Supp., 2022 WL 20472226

Footnotes

1 Citations to "Compl." refer to plaintiffs' Complaint filed in this action on September 17, 2021, ECF No. 1.

2 Citations to "First Mot." refer to plaintiffs' First Motion for Settlement Approval Pursuant to Local Civil Rule 83.2(a)(1), filed Jan. 7, 2022, ECF No. 12.

3 Citations to "Second Mot." refer to plaintiffs' Second Motion for Settlement Approval Pursuant to Local Civil Rule 83.2(a)(1), filed Jan. 11, 2022, ECF No. 13.

4 Citations to "Third Mot." refer to plaintiffs' Third Motion for Settlement Approval Pursuant to Local Civil Rule 83.2(a)(1), filed Jan. 13, 2022, ECF No. 14.

5 Citations to "Billing Recs." refer to the unredacted Billing Records filed under seal in support of plaintiffs' third motion for settlement approval, filed Jan. 13, 2022, ECF No. 15.

6 The Court also notes that counsel has listed rates of $00.00 and $40.00 for two of the billing entries. (See Billing Recs. at 5). The Court believes that these entries are typos as the entries list a total billed amount that equates to $400 per hour for the listed hours, however, counsel did not provide any explanation for the differences.

End of Document

© 2026 Thomson Reuters. No claim to original U.S. Government Works.