UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

ALYSSA MERCANTE,

Plaintiff,

v.

JEFF TARZIA,

Defendant.

---------------------------------------------------------------

**ORDER**
1:24-CV-08471 (MKB)

MARGO K. BRODIE, United States District Judge:

On October 2, 2026, the Court issued a Memorandum and Order (the "Oct. 2 Decision") denying Plaintiff's appeal of Magistrate Judge Lara K. Eshkenazi's decision which denied Plaintiff's requested order to show cause concerning Defendant's use of generative artificial intelligence ("AI") in filings in this case. (Oct. 2 Decision 2).[1] The Court found that Defendant had cited *A.M. v. City of New York* in a letter that he filed, ECF No. 88, and that *A.M. v. City of New York* is "an obvious hallucination," "a hallucination . . . [that] does not exist and is fictitious," and is "an entirely fabricated case and an AI hallucination." (Oct. 2 Decision 20, 23–24.) In the Oct. 2 Decision, the Court also included *A.M. v. City of New York* in a list of cases that it found "[t]he parties agree[d] . . . [were] mis-cit[ed]," (*id.* at 22), and noted that "Defendant

[1] (Citing Pl.'s Notice of Objs. and Appeal of Magistrate Judge's Denial to Issue an Order to Show Case ("Pl.'s OTSC Sanction Appeal"), Docket Entry No. 96; Pl.'s Mem. in Supp. of Pl.'s OTSC Sanction Appeal, appended to Pl.'s OTSC Sanction Appeal, Docket Entry No. 96-1; Decl. of J. Remy Green, Esq. in Supp. of Pl.'s OTSC Sanction Appeal, appended to Pl.'s OTSC Sanction Appeal, Docket Entry No. 96-2; Def.'s Mem. in Opp'n to Pl.'s OTSC Sanction Appeal ("Def.'s Opp'n"), Docket Entry No. 99; Pl.'s Reply in Supp. of Pl.'s OTSC Sanction Appeal, Docket Entry No. 103; Decl. of J. Remy Green, Esq. in Supp. of Pl.'s Reply, appended to Pl.'s Reply, Docket Entry No. 103-1).

d[id] not dispute" that *A.M. v. City of New York* was "a hallucination" that "does not exist and is fictitious." (*Id.* at 23.)

The Court also held that Defendant violated Rule 11 of the Federal Rules of Civil Procedure for two reasons. (*Id.* at 24.) First, that "defense counsel ha[d] violated Rule 11 by, at the very least citing to '*A.M. v. City of New York*, 2022 WL 17543173, at *1 (E.D.N.Y. 2022),' an entirely fabricated case and an AI hallucination." (*Id.* at 24.) Second, that "[d]efense counsel admit[ted] to using AI to identify cases without checking those propositions and citations to confirm their accuracy." (*Id.* at 25.) While the Court concluded that "[d]efense counsel should not have filed ECF No. 88 with the Court before cite-checking his own work; his improper citations [we]re unacceptable, and his admitted use of AI needs to comply with Rule 11" (*id.* at 25), the Court affirmed Judge Eshkenazi's decision declining to impose sanctions on defense counsel.[2] (*Id.* at 25–26.)

On October 5, 2026, Defendant filed a Letter Motion for Reconsideration ("Reconsideration Letter") seeking (1) a correction of the statement that the case *A.M. v. City of New York* does not exist and is a fabricated AI hallucination, and (2) reconsideration of the Court's Rule 11 determination to the extent that it rests on that citation. (Am. Ltr. Mot. for Recons. 2 ("Recons. Ltr."), Docket Entry No. 116).[3] For the reasons discussed below, the Court

---

[2] (*See id.* at 34) (While the Court denies Plaintiff's appeal, the Court makes clear its' decision is not an endorsement or approval of defense counsel's actions. Although Judge Eshkenazi declined to issue the OTSC or impose sanctions against Defendant or defense counsel, she very well could have done so, in her discretion, due to defense counsel's egregious mis-citations and obvious failure to conduct the diligence required of all attorneys.").

[3] The Court cites Defendant's Amended Letter Motion for Reconsideration at Docket Entry No. 116, which is identical in sum and substance to his Letter Motion for Reconsideration that appears at Docket Entry No. 115.

corrects the statements concerning *A.M. v. City of New York* which counsel incorrectly cited and declines to reconsider its Rule 11 determination.[4]

## I. Discussion

### a. Standards of review

#### i. Reconsideration

The standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Commerzbank AG v. U.S. Bank, N.A.*, 100 F.4th 362, 377 (2d Cir. 2024) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)); *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019) (quoting same); S.D.N.Y. &

---

[4] The Court is in receipt of Plaintiff's Response in Opposition to Defendant's Letter Motion (Docket Entry No. 117). Plaintiff argues that Defendant did not comply with Local Civil Rule 6.3 by failing to include a notice of motion and a memorandum of law with his letter motion for reconsideration and questions the Court's jurisdiction to review the request given its order to transfer the case to the Southern District of California. The Court notes that "[f]ailure to comply with [the] requirements [of Local Rule 6.3] warrants denial of the motion." *Melwani v. Kiss Nail Prods., Inc.*, 26-CV-3533, 2026 WL 2475418, at *1 (E.D.N.Y. Aug. 24, 2026). As in *Melwani*, Defendant's motion is timely but procedurally deficient. (*Id.* at *2) ("[T]he motion remains procedurally deficient as there is no notice of motion and only that of what appears to be a memorandum of law in support."). However, as in *Melwani*, the Court deems Defendant's filing proper solely for the instant application to readily resolve this case. (*Id.*) ("For purposes of efficiency and not delaying the filing of the pleadings further, the Court deems this procedurally proper solely for this application.").

As to the Court's jurisdiction, until a case has been physically transferred, the Court maintains jurisdiction. *In re Warrick*, 70 F.3d 736, 739 (2d Cir. 1995) ("[I]n general, 'when a motion to transfer under 28 U.S.C.A. § 1404(a) has been granted, and the papers lodged with the clerk of the transferee court, the transferor court . . . lose[es] all jurisdiction over the case . . ."); *Raghubir v. Cogan*, 21-CV-6705, 2022 WL 1085298, at *3 (E.D.N.Y. Apr. 11, 2022) ("Once the case was docketed in the [transferee court] . . . this Court was divested of its jurisdiction . . . ."); *Shenker v. Murasky*, 95-CV-4692, 95-CV-4739, 1996 WL 650974, at *1 n.1 (E.D.N.Y. Nov. 6, 1996) ("The general rule is that, absent an issue as to the court's power to transfer the case, physical transfer of the court file deprives the transferor court of jurisdiction."). As the clerk of the court has not yet transferred this case to the Southern District of California, the Court maintains jurisdiction to make modest corrections to the prior order.

E.D.N.Y. Local Civ. R. 6.3 (providing that the moving party must "set[] forth concisely the matters or controlling decisions which the moving party believes the court has overlooked"); *see also Est. of Lee v. Bryan Med. Ctr.*, No. 26-CV-559, 2026 WL 1893696, at *2 (S.D.N.Y. July 1, 2026) ("The standards governing motions under Local Rule 6.3 along with Fed. R. Civ. P. 59(e) and 60(b) are the same." (quoting *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 43 F. Supp. 3d 369, 373 (S.D.N.Y. 2014))); *Banister v. Davis*, 590 U.S. 504, 504 (2020) ("Federal Rule of Civil Procedure 59(e) . . . . enables a district court to 'rectify its own mistakes in the period immediately following' its decision, but not to address new arguments or evidence that the moving party could have raised before the decision." (quoting *White v. N.H. Dep't of Emp. Sec.*, 455 U.S. 445, 450 (1982))).

It is thus well-settled that a motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking [another] bite at the apple." *U.S. for Use & Benefit of Five Star Elec. Corp. v. Liberty Mut. Ins. Co.*, 758 F. App'x 97, 101 (2d Cir. 2018) (alteration in original) (quoting *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)). "A motion for reconsideration is not an opportunity for a [party] to 'relitigate an issue already decided' or present arguments that could have been made before the judgment was entered." *Ethridge v. Bell*, 49 F.4th 674, 688 (2d Cir. 2022) (quoting *Shrader*, 70 F.3d at 257); *see also In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, Nos. 14-MC-2542, 14-MD-2542, 2025 WL 1802952, at *1 (S.D.N.Y. June 30, 2025) ("A motion for reconsideration is 'neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced.'" (quoting *Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005))); *Salveson v. JP Morgan Chase & Co.*, 166 F. Supp. 3d

242, 248 (E.D.N.Y. 2016) (quoting *Simon v. Smith & Nephew, Inc.*, 18 F. Supp. 3d 423, 425 (S.D.N.Y. 2014)) (same), *aff'd*, 663 F. App'x 71 (2d Cir. 2016).

**ii. Rule 11 sanctions**

"Rule 11 imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact, [and] legally tenable." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990); *see also AJ Energy LLC v. Woori Bank*, 829 F. App'x 533, 535 (2d Cir. 2020) ("Rule 11 'explicitly and unambiguously imposes an affirmative duty on each attorney to conduct a reasonable inquiry into the viability of a pleading before it is signed." (quoting *Gutierrez v. Fox*, 141 F.3d 425, 427 (2d Cir. 1998))). "At the very least, the duties imposed by Rule 11 require that attorneys read, and thereby confirm the existence and validity of, the legal authorities on which they rely. Indeed, [the court] can think of no other way to ensure that the arguments made based on those are warranted by existing law, or otherwise legally tenable." *Park v. Kim*, 91 F.4th 610, 615 (2d Cir. 2024) (internal citations and quotation marks omitted); *see also Cooter & Gell*, 496 U.S. at 398 (explaining that Rule 11 creates an "incentive to stop, think and investigate more carefully before serving and filing papers.").

**b. *A.M. v. City of New York*, 21-CV-5191, 2022 WL 20472225 (E.D.N.Y. Aug. 8, 2022) is a genuine decision.**

Defendant argues that *A.M. v. City of New York* is a genuine decision and was included as Exhibit C to Defendant's Response in Opposition to Plaintiff's Motion for an Order to Show Cause ("Def. Opp'n to the OTSC"). (Recons. Ltr. 1) (citing Def. Opp'n to the OTSC, Docket Entry No. 90). The Court is in receipt of *A.M. v. City of New York*, 21-CV-5191, 2022 WL 20472225 (E.D.N.Y. Aug. 8, 2022) as Exhibit C to Def. Opp'n to the OTSC. (Def. Opp'n to OTSC 13). As this is "data that the [C]ourt overlooked" (*Commerzbank AG*, 100 F.4th at 377),

the Court corrects the October 2 Decision to the extent that it refers to the correctly identified *A.M. v. City of New York* decision as "an obvious hallucination," "a hallucination . . . [that] does not exist and is fictitious," or as "an entirely fabricated case and an AI hallucination" (Oct. 2 Decision 20, 23–24).[5] The Court also corrects any statement that Defendant did not dispute that the correctly identified decision was a hallucination. (*Id.* at 23). The Court notes that when Defendant cited *A.M. v. City of New York* in ECF No. 88, he cited to the incorrect database identifier of 2022 WL 17543173. (Ltr. Re: Rule 37 Fee Obj. 3, Docket Entry No. 88). Therefore, Defendant's inclusion of the case as Exhibit C to Def. Opp'n to the OTSC was necessary to correct his prior error and to prove the existence of *A.M. v. City of New York*. The Court is not required to track down incorrectly cited authorities.

**c. The Court declines to reconsider its Rule 11 determination.**

Defense counsel asks the Court to "reconsider its Rule 11 determination to the extent it rests on [the] citation [to *A.M. v. City of New York*].""). (Recons. Ltr. 2). The Court's determination that defense counsel violated Rule 11 did not rest solely on its finding that *A.M. v. City of New York* was hallucinated but was also premised on defense counsel's admission "to using AI to identify cases without checking those propositions and citations to confirm their accuracy." (Oct. 2 Decision 25) (citing Def.'s Opp'n 2); *see also* (Def.'s Opp'n 8) (defense counsel stated that he had "made no claim of having reviewed the decisions before filing."); (Oct. 2 Decision 34) ("defense counsel[ used] egregious mis-citations and obvious[ly] fail[ed] to conduct the diligence required of all attorneys."). Defense counsel's repeated admissions that he did not review opinions prior to citing them in his filings reveal his failure to abide by Rule 11's basic mandate that counsel "read, and thereby confirm the existence and validity of, the legal

[5] The Court does not alter any statement it made about the incorrectly identified decision.

authorities on which they rely." *Park*, 91 F.4th at 615; *Flycatcher Corp. Ltd. v. Affable Ave. LLC*, 24-CV-9429, 2026 WL 306683, at *13 (S.D.N.Y. Feb. 2026) ("By [counsel's] own telling, he did not check his citations but instead fed them through AI programs . . . . [counsel] violated Rule 11 by submitting cases without reading them."); *Tiekert v. Village of Mamaroneck*, 23-CV-8714, 2026 WL 2690037, at *6 (S.D.N.Y. Sep. 14, 2026) ("Rather than read each case he cited, [counsel] merely confirmed its existence, jurisdiction and general subject matter . . . . That demonstrates a failure to conduct . . . any review in the first instance of the authorities that he was advancing before the [c]ourt . . . . [and] clearly fail[s] the 'reasonably inquiry' requirement of Rule 11."). As such, the Court's corrections that (1) *A.M. v. City of New York* is a genuine decision although incorrectly cited by Defendant in ECF No. 88 and (2) that defense counsel did not dispute that it was hallucinated, cannot "reasonably be expected to alter the conclusion reached by the court." *Commerzbank AG*, 100 F.4th at 377. The Court denies Defendant's motion for reconsideration of the determination that he violated Rule 11.

## II. Conclusion

For the foregoing reasons, the Court corrects statements in its Oct. 2 Decision regarding *A.M. v. City of New York* and otherwise denies Defendant's Reconsideration Letter. The Court directs the Clerk of Court to transfer this case to the District Court for the Southern District of California. The Court waives the provision of Local Rule 83.1 which requires a seven-day stay due to the parties' consent to the transfer.[6]

Dated: October 15, 2026
Brooklyn, New York

SO ORDERED:

/s/ MKB
MARGO K. BRODIE
United States District Judge

[6] (Minute Entry dated July 24, 2026) ("ORDER granting 107 Consent Motion to Transfer Case. . . . The Court finds that . . . the parties have consented to . . . transfer [to the Southern District of California].").